# McCABE & MACK LLP

**ATTORNEYS AT LAW**

J. JOSEPH McGOWAN
DAVID L. POSNER
ELLEN L. BAKER
SCOTT D. BERGIN
RICHARD R. DuVALL
LANCE PORTMAN
RICHARD J. OLSON
MATTHEW V. MIRABILE
KIMBERLY HUNT LEE
KAREN FOLSTER LESPERANCE
REBECCA M. BLAHUT
IAN C. LINDARS
SEAN M. KEMP
NOELLE M. PECORA
LORENZO L. ANGELINO

63 WASHINGTON STREET
POST OFFICE BOX 509
POUGHKEEPSIE, NY 12602-0509
TELEPHONE: (845) 486-6800
FAX: (845) 486-7621

www.mccm.com

PHILLIP SHATZ
MICHAEL A. HAYES, JR.
HAROLD L. MANGOLD
ALBERT M. ROSENBLATT
THOMAS D. MAHAR, JR.
RALPH A. BEISNER
JESSICA L. VINALL

———

JOHN E. MACK
(1874-1958)

JOSEPH A. McCABE
(1890-1973)

EDWARD J. MACK
(1910-1998)

JOSEPH C. McCABE
(1925-1981)

DIRECT TELEPHONE: (845) 486-6874
E-MAIL: dposner@mccm.com

July 29, 2010

Honorable Cathy Seibel
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE:    Bozella v. DeMattio, et al
       10-CV-4917 (CS)
       Our File No. 8915-0048

*MEMO ENDORSED*

*Pre-motion conference to be held on:
September 8, 2010 @ 9:30 am*

**SO ORDERED:**

*Cathy Seibel*

Cathy Seibel, U.S.D.J.

Dated: 7/30/10

Dear Judge Seibel:

This office represents Robert DeMattio and I write on his behalf pursuant to Your Honor's rules governing pre-motion conferences. Mr. DeMattio wishes to file a pre-answer motion to dismiss under Rule F.R.Civ.P. 12(b)(6). We also request that DeMattio's time to answer be extended until the motion conference, the outcome of which will guide the Court and parties with respect to the timing of the answer.

This case challenges plaintiff's 1983 and 1990 convictions for the June 14, 1977 murder of Ms. Crapser and consequent 26 years of incarceration before release after filing a successful CPL §440 motion in 2009.

The complaint has four causes of action, only the last of which is against DeMattio, a retired Poughkeepsie police officer. This alleges a §1983 conspiracy with Assistant District Attorney William O'Neill. (Compl. ¶¶234-239). (The other claims are against Dutchess County and the City of Poughkeepsie under Monell (1st and 2nd) and against O'Neill (3rd)).

The fourth cause of action alleges O'Neill and DeMattio conspired to deprive plaintiff of several enumerated constitutional rights "including his right to due process and a fair trial." (¶ 235). It specifies they suppressed exculpatory information obtained from Saul Holland during his interview as a suspect in

July 29, 2010
Page 2

the 1978 King murder which allegedly should have led authorities to suspect a different individual, Donald Wise, rather than plaintiff, for the Crapser murder. (¶236).  It also refers to all other overt acts enumerated in the complaint as conduct in furtherance of the conspiracy despite the fact that almost none of them mention DeMattio. (¶237).

A review of the allegations that do involve DeMattio demonstrate they fail to state a claim against him.

## PLAINTIFF'S ARREST IN 1977 - ¶37

Plaintiff was initially arrested on June 30, 1977.  This arrest, as plaintiff alleges, was pursuant to a warrant. (¶37).  As such it is presumptively privileged and DeMattio did not violate plaintiff's rights by effectuating it.  The complaint contains no allegation that DeMattio played a role in obtaining the warrant or that the warrant was obtained through police misconduct, whether or not DeMattio's. Walczyk v. Rio, 496 F.3d 139, 155 (2d Cir., 2007); Gleis v. Buehler, 2010 US App. LEXIS 8569 *4-5 (2d Cir., April 26, 2010).  Moreover, the complaint further alleges that the Grand Jury "no-billed" the case and Mr. Bozella was thus released. (¶ 44).  (Mr. Bozella was re-arrested in 1983 and successfully prosecuted for the Crapser murder that year. (¶¶ 72, 120).  This conviction was overturned on Batson grounds. (¶¶ 121-22).  He was re-tried and convicted in 1990). (¶¶ 125, 142).

Any action based upon this alleged unlawful act is time barred as the three year statute of limitations for commencement of a §1983 action for false arrest or malicious prosecution ran in 1980. Wilson v. Garcia, 42 U.S. 261, 105 S.Ct. 1938 (1985); Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573 (1989).  The conspiracy allegations do not extend the limitations period as a claim based upon his 1977 arrest accrued when he knew or ought to have known of the wrong committed upon him and "the later awareness that the actionable wrong was part of a conspiracy does not extend the statutory time limit". Pinaud v. County of Suffolk, 52 F.3d 1139, 1156-57 (2d Cir., 1995); Singleton v. City of New York, 632 F.2d 185 (2d Cir., 1980), cert. den. 450 U.S. 920 (1981).

Thus, this allegation of conspiratorial misconduct falls on its lack of merit as the arrest was pursuant to a warrant and because it is time-barred.

## HOLLAND INTERVIEW - FEBRUARY 23, 1978 - ¶¶62-66

The only other allegation in this extensive complaint that involves DeMattio revolves around his presence during an interview with Saul Holland, a suspect in the February 20, 1978 King murder (see generally, Complaint Part I, ¶¶59-70) and the specific allegations that Holland gave DeMattio, O'Neill and Officer Grey (who but for personal bankruptcy would have been sued, ¶14) information that Donald Wise had told Holland he had committed a similar crime which plaintiff asserts was a reference to the Crapser murder the previous June. (¶¶63-64).

Plaintiff alleges DeMattio violated his constitutional rights by failing to investigate this lead and keep Holland talking on this subject - thereby "suppressing" this exculpatory evidence.  It is further generically alleged that "defendants" violated his rights by not turning the tape of the Holland interview over to him for use as Brady material when he was arrested in 1983 and re-tried in 1990. (¶¶67-70).

July 29, 2010
Page 3

None of this conduct violated plaintiff's constitutional rights.

### a)     Failure To Turn Over The Tape

Robert DeMattio had no obligation to provide a copy of the Holland tape to Mr. Bozella's defense - which did not even exist until five years later when he was arrested in 1983.  A police officer satisfies his/her obligations under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963) when he/she provides the information to the District Attorney.  In Walker v. New York City, 974 F.2d 293, 299 (2d Cir., 1992), cert. den. 507 U.S. 961 (1993), the Court held:

> It is appropriate that the prosecutors, who possess the requisite legal
> acumen, be charged with the task of determining which evidence
> constitutes Brady material that must be disclosed to the defense...Since
> [plaintiff] has alleged that the police shared all exculpatory evidence with
> the prosecutors, [plaintiff's] claim against the police relating to suppression
> of exculpatory evidence fails to state a claim upon which relief can be
> granted.

Here plaintiff alleges both that the police gave the prosecutor the Holland tape and that prosecutor was present when Holland made his statements.  (¶¶62 and 68).  Clearly, no claim is raised against DeMattio with respect to non-disclosure of the Holland tape  under these circumstances.

### b)     Failure to Investigate

It is further alleged that the police "suppressed" Holland's evidence by cutting him off when he began talking about Wise's admission and failed to further investigate Wise's role in the Crapser murder.  Neither of these allegations raise a constitutional claim on behalf of Mr. Bozella.

A person later charged with Crime A does not have a constitutional right to have the police, while earlier investigating Crime B, investigate a different individual whose involvement may have avoided his later arrest with respect to Crime A.

The police have no independent duty to investigate a particular lead or follow a specific trail of evidence in their efforts to solve a crime.  Their constitutional obligation to the defendant is satisfied when they make an arrest with probable cause or, as in this case, a grand jury indictment is obtained.  They have no duty to explore and eliminate opposing theories of the crime or investigate the defendant's version of it. Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir., 2001); Panetta v. Crowley, 60 F.3d 388, 397-98 (2d Cir., 2006); Koestler v. Lanfranchi, 288 Fed. Appx. 764, 766-767; 2008 U.S. App. LEXIS 17489* 4-5 (2d Cir., April 13, 2008); Gisondi v. Harrison, 72 N.Y.2d 280, 285, 532 N.Y.S.2d 234, 237 (1988). DeMattio is not alleged to have arrested plaintiff in 1983 or to have testified at the Grand Jury that indicted him.  And, in any event, there is no right to have exculpatory Brady material presented to the Grand Jury.  US v. Williams, 450 U.S. 36, 51-52, 112 S.Ct. 1735, 1744-45 (1992).

July 29, 2010
Page 4

Finally, DeMattio notes the comment which is alleged to have stopped Holland's exposition of Donald Wise's alleged confession to a crime similar to the Crapser murder was made by Officer Grey, not him. (¶66).

None of the above conduct or omissions alleged against DeMattio as his part of the conspiracy with O'Neill violated plaintiff's Fourth or Fourteenth Amendment rights and the fourth cause of action fails to state a claim against him.

As a result, defendant DeMattio seeks a conference to discuss these issues and an extension of time to answer the complaint until that conference.

Respectfully yours,

MᶜCABE & MACK LLP

DAVID L. POSNER

DLP/dmf

cc:     Wilmer, Cutler, Pickering, Hale & Dorr LLP
        Michael Burke, Esq./Burke, Miele & Golden
        Howard Protter, Esq./Jacobowitz & Gubits, LLP