# BURKE, MIELE & GOLDEN, LLP

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

DENNIS J. MAHONEY, III
KELLY M. NAUGHTON**
JENNIFER ECHEVARRIA***

JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS
*** ADMITTED IN NEW YORK, NEW JERSEY & CONNECTICUT

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

ROCKLAND COUNTY OFFICE:
100 WASHINGTON AVENUE
POST OFFICE BOX 397
SUFFERN, N.Y. 10901
(845) 357-7500
(845) 357-7321 (FAX)

REPLY TO:   ☐  ORANGE CO.
            ☐  ROCKLAND CO.

Respond to Post Office Box

September 1, 2010

Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      Re:  **Bozella v. County of Dutchess, et al**
          **No. 10 Civ. 4917 (S.D.N.Y.)**

Dear Judge Seibel,

  In order to clarify our earlier letter of July 30, 2010, I write to report to the Court that we intend to move under FRCP Rule 12(b)(6) to dismiss the plaintiff's complaint against both William O'Neill and Dutchess County. Essentially, we intend to show that the plaintiff's complaint, a 53 page, 239 paragraph tome, which reads more like a novel than a federal court pleading, cannot withstand scrutiny under a *Twombly-Iqbal* analysis.

  The plaintiff's complaint in *Twombly* – also a detailed, lengthy effort - was held insufficient, under Rule 8(a)(2), on the ground that: "[A] *formulaic recitation of the elements of a cause of action* will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,55. Amidst all the data in *Twombly's* complaint, as to the requisite allegations, all that was found were unsupported conclusions.

  Following *Twombly*, the *Iqbal* case held that the sufficiency of the complaint must rest solely on the sufficiency of the "factual allegations"; the "conclusions of law" alleged in a complaint could not serve to make the complaint sufficient. The *Iqbal* majority opinion stated: "Two working principles underlie our decision in *Twombly*: First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. 550 U.S. at 555. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, *we 'are not bound to accept*

*as true a legal conclusion couched as a factual allegation'* (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, *only a complaint that states a plausible claim for relief* survives a motion to dismiss. *Id.,* at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009).

Other precedence, on more specific topics, will also guide our analysis. For example, allegations pled "upon information and belief are inadequate, as a matter of law, to state a claim for relief unless accomplished by a statement of the facts upon which the belief is founded." *Prince v. Madison Square Garden*, 427 F.Supp. 372, 385 (S.D.N.Y. 2006). And, miscasting what a defendant or a witness has said by deleting from the report of an interview of that person important, relevant information is "objectively unreasonable" and a violation Rule 11(b)(3) of the Federal Rules of Civil Procedure. *In re Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices and Products Liability Litigation*, 09 MD 2102 (RPP). Both of these cases have resonance here.

Stripped of its unsupported conclusions and lyrical leaps of fancy the plaintiff's complaint fails to state a viable cause of action. To properly evaluate the plaintiff's complaint will, because of its inventive length, take more effort than can be reflected in this brief letter, but we shall try here to outline our general concerns about the plaintiff's complaint.

The general principles of liability in a §1983 case have, by now, been clearly enunciated. A § 1983 defendant's potential liability is framed by the rules governing both legal responsibility on the one hand and immunity from liability on the other. The Supreme Court has rejected *respondent superior* liability under § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Oklahoma City v. Tuttle*, 471 U.S. 808, reh'd denied, 473 U.S. 925 (19985). Thus, each defendant in a § 1983 case may be found liable only for that defendant's own conduct.

In our earlier letter to the Court, we touched lightly on some of the rules of immunity which surround the quasi-judicial actions of a prosecuting attorney such as our client William O'Neill who was, during the time frame of Dewey Bozella's complaint, the Dutchess County Assistant District Attorney who prosecuted Bozella's case before two Dutchess County juries, both of which found Bozella guilty of a most foul murder. Each of the plaintiff's allegations against Mr. O'Neill will have to be carefully parsed but, for the moment, it suffices, we trust, to say that the issue of absolute immunity looms large over the plaintiff's allegations such that those allegations need to be tested under Rule 12(b)(6).

In this context, the Supreme Court's decision in *VandeKamp v. Goldstein*, 129 S.Ct. 855 (2009) is particularly relevant. At the beginning of his analysis, Justice Breyer said:

> We here consider the scope of a prosecutor's absolute immunity from claims asserted under Rev. Stat. § 1979, 42 U.S.C. § 1983. See *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). We ask whether that immunity extends to claims that the prosecution failed to disclose impeachment material, see *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), due to: (1) a failure properly to train

prosecutors, (2) a failure properly to supervise prosecutors, or (3) a failure to establish an information system containing potential impeachment material about informants. We conclude that a prosecutor's absolute immunity extends to all these claims.

As for our client Dutchess County, its liability must be based upon the enforcement of a municipal policy or custom, and not upon the mere employment of Mr. O'Neill. There are four Causes of Action found in the plaintiff's complaint. Only the first – Count I – addresses the claimed liability of Dutchess County. (Paras. 186-197). It begins by incorporating by reference the allegations set forth in the 185 proceeding paragraphs even though few, if any, properly address questions of municipal liability. Then, it identifies three Dutchess County employees: District Attorney John King, District Attorney William Grady and Assistant District Attorney William O'Neill. King and Grady are called "(t)he County's policymakers" (para. 193) who had "delegated policymaking authority to assistant district attorneys." (Para 192). There is no factual basis for this allegation nor is there a valid factual basis for the contention that the "County maintained policies, customs, and/or practices of concealing, suppressing and/or withholding exculpatory and impeachment evidence and conducting constitutionally inadequate investigations and prosecutions" (para. 191) or that, with knowledge of "the risk of constitutional violations by assistant district attorneys" (para. 193), "(t)he County failed to adequately train and/or discipline assistant district attorneys." (para. 195). Dutchess County would be absolutely immunized from Bozella's claims in this regard because "(t)hose claims focus upon a certain kind of administrative obligation – a kind that is itself directly connected with the conduct of trial." 129 S.Ct at 862.

Subpart S of the plaintiff's complaint (paras. 157-169) is captioned: "The District Attorney's policies, customs and/or practices proximately and directly caused the violation of Mr. Bozella's constitutional rights." It then sets forth two general areas in which the conduct of the Assistant District Attorney O'Neill is said to have violated Bozella's constitutional rights: his failure to respond properly to *Brady* requests (para. 161) and, his "reprehensible" practice of not providing defense counsel with "*Rosario* material" until *"after"* (emphasis the pleader's) the witness had testified on direct examination. (para. 162). As to both of these contentions, Mr. O'Neill would be entitled to claim absolute immunity. Without conceding on Mr. O'Neill's behalf that *Brady* violations actually occurred here (numerous decisions hold that state officials sued in their individual capacities are not bound by determinations adverse to the state in prior criminal cases. *Walczyk v. Rio*, 496 F.3d 139, 151 fn. 13 (2d Cir. 2007); *Jenkins v. City of New York*, 478 F.3d 76, 85-86 (2d Cir. 2007) ) the leap from alleged *Brady* violations in Bozella's case to a municipal policy is one not adequately expressed in the plaintiff's complaint.

We return to *Iqbal*. Whether Bozella's complaint states "a plausible claim for relief" is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." We intend to file a Rule 12(b)(6) motion in order to begin that process.

Very respectfully,

Patrick T. Burke

PTB:vc

c:  Peter J. Macdonald, Esq.   **Via e-mail –** *peter.macdonald@wilmerhale.com*
    David Posner, Esq.         **Via e-mail –** *dposner@mccm.com*
    David Gaudin, Esq.         **Via e-mail –** *dgx@jacobowitz.com*