# BURKE, MIELE & GOLDEN, LLP

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

DENNIS J. MAHONEY, III
KELLY M. NAUGHTON**
JENNIFER S. ECHEVARRIA***
PHYLLIS A. INGRAM ****

JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS
*** ADMITTED IN NEW YORK, NEW JERSEY & CONNECTICUT
**** ADMITTED IN NEW YORK & CONNECTICUT

ROCKLAND COUNTY OFFICE:

499 ROUTE 304
NEW CITY NY 10956

PLEASE REPLY TO
GOSHEN OFFICE

MEMO ENDORSED

February 15, 2012

Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Via Fax – 914-390-4278
and Mail

Re: Bozella v. County of Dutchess, et al
No. 10 Civ. 4917 (S.D.N.Y)

Dear Judge Seibel:

We write to seek a Pre-Motion Conference in the subject matter in accordance with the Court's Individual Practices. The plaintiff's claims in his original complaint dated June 24, 2010 against our client Dutchess County were dismissed in its entirety in a Decision and Order dated September 24, 2011 and, with the exception of a due process claim, the plaintiff's claims against our client William O'Neill were also dismissed. Thereafter, despite Your Honor's directive denying him the right to do so, the plaintiff sought, by way of a motion for reconsideration pursuant to Local Rule 6.3, to amend his complaint to cure the deficiencies identified by the Court's September Decision and Order. He also sought to add new claims against the County and to add a new individual party.

On January 6, 2012, Your Honor denied the bulk of the plaintiff's application to amend but granted him the limited right to file an amended complaint to advance one claim against Dutchess County based upon an unconstitutional *Brady* disclosure policy and a 42 U.S.C. §1983 claim against William O'Neill based upon an alleged violation of Mr. Bozella's 5th and/or 14th Amendment rights based upon coercion of a witness and suppression of *Brady* evidence as alleged in his original complaint. The plaintiff was to file an Amended Complaint that conforms with Your Honor's Decision. (See Jan. 6 transcript @ pg. 28, line 7-8). We respectfully seek the court's intervention because the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Plaintiff's New Amended Complaint ("NAC") exceeds the permission Your Honor granted him and is in violation of Rule 8.[1]

To put our contentions in appropriate context, we point out that, in support of his reconsideration motion, the plaintiff cited paragraphs 179 to 190 of his Proposed Amended Complaint ("PAC") to support a cause of action based upon a claimed unconstitutional disclosure policy on Dutchess County's part. The Court, referred to those paragraphs, and additionally to paragraphs 218 to 228 of the plaintiff's PAC in support of the plausibility of the claimed unconstitutional disclosure policy. These were the sole allegations which the Court permitted the plaintiffs to make against Dutchess County. Plaintiff was instructed to file an Amended Complaint that conforms with the Court's Decision. (See, Jan. 6 transcript, pg. 28, 1. 7-8).

Rather than do as instructed, the plaintiff, without leave of court, drafted a New Amended Complaint (NAC) (i.e., Second Amended Complaint) that contains factual allegations not contained in his Original Complaint or in his Proposed Amended Complaint (PAC), and which continues to contain allegations in support of claim which the Court had dismissed.[2] We do not believe that the Plaintiff was given free reign to create a NAC replete with additional allegations and allegations in support of previously dismissed claims.

Finally, simply by way of a footnote found on page three of the New Amended Complaint, plaintiff seeks to "incorporate by reference" all claims in his Original Complaint of June 24, 2010 and in his Proposed Amended Complaint dated October 14, 2011 "for the sole purpose of preserving such claims for appeal if an appeal is necessary." (See page 3, NAC). In other words, plaintiff is attempting to extend to the end of this litigation his time to appeal the Court's previous final decisions which dismissed certain of his claims against our clients (and presumably against the original defendants as well). There is no basis for this procedure.

The Defendants will ultimately seek to request that Your Honor direct the Plaintiff to file an Amended Complaint that comports with the pleading requirements of Rule 8 and which complies with Your Decision of January 6, 2012, i.e., one that contains only allegations in support of the two permitted claims against the respective Defendants without additional allegations or conclusory, speculative or opinion laced language. The Plaintiff's complaint should not contain any incorporation, by reference or otherwise, the claims contained in his prior complaints which have been dismissed by this Court.

---

[1] By way of sampling, only, paragraphs 11, 13, 14, 20, 46, 51, 62, 64, 65, 78, 82, 84, 93, 111, 134, 177 are speculative, conclusory and/or do not contain a plain and concise statement as is required.

[2] (See for example, Retitled Section J. paragraphs 69 – 87 formerly PAC Section J. paragraphs 78 – 96, Original Complaint Section J. paragraphs 71-89; and, NAC paragraphs 126 – 148, PAC paragraphs 141-162, Original complaint 125 – 162). Examples of the newly added paragraphs are found at paragraphs 23 (in part), 27, 28, 29, 30 (in part), 33, 36 (in part), 53 (in part), 68, 134, 159, 161 (in part), 169, 170, 179 (in part), 181, 182, 183, 186, 187(in part).

2

We seek permission to file a motion to achieve these ends.

Respectfully submitted,

*Patrick T. Burke*

Patrick T. Burke

c: Peter J. Macdonald, Esq.   Via e-mail *peter.macdonald@wilmerhale.com* and mail

Pre-motion conference to be held on: 3/20/12 2:00 pm

~~Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.~~

So ordered.

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 2/04 22/12