**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DEWEY R. BOZELLA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 10 Civ. 4917 (CS)** |
| ) | |
| **THE COUNTY OF DUTCHESS and** ) | |
| **WILLIAM J. O'NEILL,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**PLAINTIFF DEWEY R. BOZELLA'S RESPONSE TO THE COUNTY'S OBJECTIONS**
**TO THE MARCH 13, 2012 DECISION OF MAGISTRATE JUDGE YANTHIS**
**GRANTING DISCLOSURE OF CASE FILES CONTAINED IN**
**PLAINTIFF'S AMENDED COMPLAINT**

WILMER CUTLER PICKERING
HALE AND DORR LLP

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
Craig R. Heeren
Somil Trivedi
399 Park Avenue
New York, New York 10022
Tel.: (212) 230-8800
Fax: (212) 230-8888
*Attorneys for Plaintiff Dewey R. Bozella*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....................................................................................1

FACTUAL BACKGROUND ........................................................................................4

    A.    The Original Complaint ................................................................4

    B.    The Proposed Amended Complaint and Amended Complaint...................5

    C.    Judge Yanthis' Order Granting Discovery of the Case Files...................6

STANDARD OF REVIEW ...........................................................................................7

ARGUMENT .................................................................................................................8

I.      Judge Yanthis Correctly Concluded that All Non-Privileged
       Documents in the Case Files are Discoverable ...................................8

II.     The County Fails To Identify How Judge Yanthis' Ruling Was
       an Abuse of Discretion..........................................................10

    A.    The County Has Not Established that Judge Yanthis' Order
       Was "Contrary to Law" or "Clearly Erroneous" ..................................10

    B.    Judge Yanthis' Order Is Consistent with Supreme Court
       Precedent and the Federal Rules ...................................................11

    C.    Judge Yanthis' Order Is Consistent with His
       Previous Discovery Rulings.........................................................13

    D.    Judge Yanthis Appropriately Disregarded the
       County's "Merits" Arguments .....................................................14

III.    Judge Yanthis' Order Adequately Addresses Other
       Discovery Considerations ..........................................................16

CONCLUSION.............................................................................................................17

# TABLE OF AUTHORITIES

Page

## CASES

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .......................................................................................11, 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 .......................................................................................................11, 12

*Catskill Development, L.L.C v. Park Place Entertainment Corp.*,
206 F.R.D. 78 (S.D.N.Y. 2002) ...............................................................................11

*Collens v. City of New York*,
222 F.R.D. 249 (S.D.N.Y. 2004) .............................................................................11

*DiPilato v. 7-Eleven, Inc.*,
662 F. Supp. 2d 333 (S.D.N.Y. 2009) ...............................................................7, 11

*Edmonds v. Seavey*,
No. 08 Civ 5646,  2009 WL 2150971 (S.D.N.Y. July 20, 2009),
*aff'd*, 379 F. App'x 62 (2d Cir. 2010) ......................................................................8

*Highland Capital Management, L.P. v. Schneider*,
551 F. Supp. 2d 173 (S.D.N.Y. 2008).................................................................7, 8

*Kiobel v. Millson*,
592 F.3d 78 (2d Cir. 2010)........................................................................................7

*In re Agent Orange Prod. Liability Litigation*,
517 F.3d 76 (2d Cir. 2008).....................................................................................8, 9

*In re Flag Telecom Holdings, Ltd. Securities Litigation*,
236 F.R.D. 177 (S.D.N.Y. 2006) ..........................................................................8, 12

*In re Subpoena Issued to Dennis Friedman*,
350 F.3d 65 (2d Cir. 2003).......................................................................................15

*Long Island Lighting Co. v. Barbash*,
779 F.2d 793 (2d Cir. 1985).................................................................................8, 9

*McConnell v. Canadian Pacific Realty Co.*,
No. 11-CV-972, 2011 WL 5520322 (M.D. Pa. Nov. 14, 2011) ............................13

*Moore v. Publicis Groupe SA*,
No. 11 Civ. 1279, 2012 WL 517207 (S.D.N.Y Feb. 14, 2012) ..............................10

*New York District Council of Carpenters Pension Fund v. Pitcohn Construction Enterprises, Inc.*,
   No. 06 Civ. 6531, 2010 WL 4668800 (S.D.N.Y. Nov. 15, 2010) ......................................7, 15

*Pippins v. KPMG LLP*,
   No. 11 Civ. 377, 2012 WL 370321 (S.D.N.Y. Feb. 3, 2012) ....................................................8

*Sedona Corp. v. Open Solutions, Inc.*,
   249 F.R.D. 19 (D. Conn. 2008).......................................................................................12, 13

*Spina v. Our Lady of Mercy Medical Center*,
   No. 97 Civ. 4661, 2001 WL 630481 (S.D.N.Y. June 7, 2001)................................................11

*Surles v. Air France*,
   No. 00 Civ. 5004, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001)..........................................11

*Tompkins v. R.J. Reynolds Tobacco Co.*,
   92 F. Supp. 2d 70 (N.D.N.Y. 2000).....................................................................................11

*Tottenham v. Trans World Gaming Corp.*,
   No. 00 Civ. 7697, 2002 WL 1967023 (S.D.N.Y. June 21, 2002)............................................11

## STATUTES , CODES & RULES

28 U.S.C. § 636(b)(1) ......................................................................................................................7

Fed. R. Civ. P. 26(b), Advisory Committee Notes to the 2000 Amendment ..........................2, 13

Fed. R. Civ. P. 26(b)(1).............................................................................................................8, 12

Fed. R. Civ. P. 72(a) .............................................................................................................1, 7, 10

## OTHER AUTHORITIES

12 Charles Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure*, § 3069 (2d ed. 1997) ..............................................................................................8

## PRELIMINARY STATEMENT

After reviewing pre-motion letters submitted by the parties and presiding over approximately an hour of oral argument concerning this dispute, Judge Yanthis ordered defendant County of Dutchess ("County") to produce six case files (the "Case Files")[1] to Plaintiff Dewey R. Bozella because such case files are reasonably likely to include information relevant to Mr. Bozella's *Monell* claim against the County—a claim that this Court has already held satisfies Rule 12(b)(6). Judge Yanthis properly exercised his broad discretion in concluding that, subject to any privilege concerns, the six Case Files should "be made available for inspection" because "I think that's the only way you can do a case like this." Decl. of Michael K. Burke in Supp. of Def.'s Objections to Mar. 13, 2012 Decision of Mag. J. Yanthis Granting Pl. Access to the Complete Case Files of Nine Cases Included in Pl.'s Am. Compl. ("Burke Decl.") Ex. A at 33:7-19.

The County objects to Judge Yanthis' ruling and asks this Court to overturn his decision pursuant to Rule 72(a), even though the resolution of discovery disputes is traditionally within a Magistrate Judge's authority, and a Magistrate Judge's discovery ruling may not be disturbed unless it is "clearly erroneous" or "contrary to law" such that it amounts to an "abuse of discretion." The County has not met this exacting standard of review for at least three reasons.

*First*, the Case Files are relevant to Mr. Bozella's unconstitutional policy claim and it was not an abuse of discretion for Judge Yanthis to order the County to allow inspection of all non-

---

[1] The order from which the County appeals (the "Order") grants Mr. Bozella the right to inspect six case files. *See* Decl. of Michael K. Burke in Supp. of Def.'s Objections to Mar. 13, 2012 Decision of Mag. J. Yanthis Granting Pl. Access to the Complete Case Files of Nine Cases Included In Pl.'s Am. Compl. ("Burke Decl.") Ex. A at 33:7-19. As Mr. Burke's declaration acknowledges, Judge Yanthis has subsequently extended the scope of the Order such that the Order now applies to three additional files for cases identified in the Amended Complaint. *See* Burke Decl. (title referring to "the Complete Case Files of Nine Cases").

privileged material in the Case Files.  Relevance is broadly construed for purposes of discovery, and Rule 26(b) allows the discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence."  Judge Yanthis explicitly relied on this broad standard, and reasonably concluded that the Case Files contain discoverable information because the Amended Complaint alleges that a County Assistant District Attorney ("ADA") in each of these cases articulated an unconstitutional *Brady* policy and this Court has held that those allegations "render . . . plausible" a claim that satisfies Rule 12(b)(6).  Burke Decl. Ex. K at 23:13-16.  That determination was consistent with the logical conclusion that relevant information could be found in various places in the Case Files—including police reports, grand jury transcripts, and other items for which the County "resist[s] disclosure."  *See* Burke Decl. ¶ 29.  As this Court aptly put it, Mr. Bozella appropriately seeks evidence of "not just what was asked for and what was turned over[,] but what else was in the files that should have been turned over."  *See* Declaration of Craig R. Heeren in Supp. of Pl. Dewey R. Bozella's Resp. to Cnty.'s Objections to Mar. 13, 2012 Decision of Magistrate Judge Yanthis Granting Disclosure of Case Files Contained in Pl.'s Am. Compl. ("Heeren Decl.") Ex. 1 at 17:6-8.

*Second*, the County fails to demonstrate how Judge Yanthis' decision amounts to an abuse of discretion.  It does not explain how the Order is purportedly "clearly erroneous" or "contrary to law."  It cites no cases where a District Court has overturned a Magistrate Judge's decision to grant discovery of non-privileged documents.  It inappropriately relies on Supreme Court precedent and Rule 26, even though that precedent promotes broad discovery where, as here, a claim has survived Rule 12(b)(6) and where the evidence sought in discovery is of "other incidents of the same type."  *See* Adv. Comm. Note to the 2000 Amendment to Rule 26(b)(1). The County also claims that the Order is inconsistent with Judge Yanthis' prior discovery

rulings.  But the Order is perfectly consistent with his prior discovery ruling ordering the County, over the County's objection, to make available for inspection its entire case files for the Crapser and King murders (an order that the County fails to mention in its appellate papers), and is easily reconcilable with his rulings concerning discovery requests in connection with different claims alleged in the original Complaint—a pleading that, unlike the Amended Complaint, had not been held to satisfy Rule 12(b)(6).  And the County improperly argues the merits of Mr. Bozella's *Monell* claim as a reason to prohibit discovery, arguing contrary to the plain language of the Federal Rules that Mr. Bozella must "prove" the existence of the unconstitutional *Brady* policy before discovery is permitted.  Judge Yanthis considered and correctly disregarded each of these frivolous arguments.

*Third*, Judge Yanthis' Order considered the County's arguments concerning privilege, burden, and confidentiality, and addressed any potential concerns regarding such matters.  He allowed the County to withhold privileged documents from the Case Files (subject, of course, to logging them in a privilege log), ordered Mr. Bozella to inspect onsite and pay to copy documents from the Case Files, and required Mr. Bozella to accept the documents pursuant to a protective order, which will protect confidential material (if any) in the Case Files and include a clawback provision for inadvertently produced privilege documents.

In short, the County has failed to demonstrate how Judge Yanthis' Order falls outside his broad discretion to rule on discovery disputes.  Accordingly, the Court should deny the County's appeal, affirm Judge Yanthis' Order, and allow discovery of the Case Files to proceed expeditiously.

## FACTUAL BACKGROUND

A.    The Original Complaint

Mr. Bozella filed the original Complaint on June 24, 2010 against the County and certain other defendants. The Complaint asserted a *Monell* claim against the County based on a "failure to train" theory. Compl. ¶¶ 157-72 [Dkt. 1]. The County moved to dismiss that claim, attached thousands of pages from its file for the Crapser Murder (the "Crapser File") to its motion as exhibits, and later filed additional papers with the Court in support of dismissal attaching additional documents from the Crapser File that it believed was favorable to its defense.

After this Court ordered document discovery to proceed while the County's motion to dismiss was pending, Mr. Bozella requested that the County produce the entire Crapser File and its entire file for the related King Murder (the "King File"). The County produced only a limited number of documents from the Crapser File and refused to turn over any documents from the King File. *See* Heeren Decl. Ex. 2, Nos. 1, 5-6, 9-10. Mr. Bozella moved to compel the County to produce the Crapser File and King File, and Magistrate Judge Yanthis ordered the County to produce "all boxes in the Crapser file" by making them "available for inspection," (Heeren Decl. Ex. 3 at 13:23-25) and to make "the King file . . . available for inspection" as well (*id.* at 34:17-35:6).

While the County's motion to dismiss was still pending, Mr. Bozella requested that the County produce files from other cases that were relevant to his "failure to train" claims against the County and the City of Poughkeepsie ("City"). The County refused to turn over any documents from these files, and Mr. Bozella again moved to compel production. *See* Burke Decl. Ex. E at Nos. 34-47; Ex. F at 16:24-17:1. At a September 20, 2011 conference, Judge Yanthis ordered the County to produce documents related to Mr. Bozella's allegations of note-destruction from certain case files, and denied Mr. Bozella's motion as to other case files without

prejudice to Mr. Bozella renewing his motion if he obtained information that would evidence such files were reasonably likely to lead to admissible evidence. *See* Burke Decl. Ex. F at 53:3-10; 64:19-22. Less than two weeks later, this Court issued an Order and Decision dismissing Mr. Bozella's claims against both the County and City, and denying leave to amend. *See* Order and Decision, Sept. 29, 2011 [Dkt. 65].

  B. <u>The Proposed Amended Complaint and Amended Complaint</u>

  On October 14, 2011, Mr. Bozella moved this Court to reconsider its order denying leave to amend. In support, Mr. Bozella submitted a Proposed Amended Complaint that asserted, among other claims, a *Monell* claim against the County based on the County's unconstitutionally narrow *Brady* policy of disclosing only exculpatory evidence and not impeachment or other favorable evidence. *See* Pl.'s Mem. of Law in Supp. of Mot. for Reconsideration, App'x A ("Proposed Amended Complaint" or "PAC") [Dkt. 67-1]. The Proposed Amended Complaint included specific factual allegations from the six cases at issue. Specifically, it alleged that an ADA in each case asserted in an affidavit to the Dutchess County Court that, despite requests by defendants for all favorable evidence pursuant to *Brady*, the County was only required to disclose exculpatory—but not other favorable—evidence. *See* PAC ¶¶ 179-90. The Proposed Amended Complaint also included allegations of *Brady* violations in certain of these cases as well. *Id.* ¶¶ 225-29. On January 6, 2012, this Court granted Mr. Bozella's motion for reconsideration with respect to this unconstitutional *Brady* policy claim and held that, as to this claim, the Proposed Amended Complaint satisfied Rule 12(b)(6). *See* Burke Decl. Ex. K at 16:5-12. The Court specifically cited, among other allegations, the allegations related to the Case Files as "sufficient to render such a policy plausible." *Id.* at 23:13-19.

  On January 30, 2012, Mr. Bozella filed an Amended Complaint that, in relevant part, asserts a *Monell* claim against the County for an unconstitutionally narrow *Brady* policy that

caused the violation of Mr. Bozella's rights.  Am. Compl. ¶¶ 205-13 [Dkt. 80].  The Amended

Complaint cites affidavits and other documents from the six cases referenced in the Proposed

Amended Complaint that plausibly support the unconstitutional *Brady* policy claim, and includes

allegations referencing similar documents from three additional cases.  *Id.* ¶¶ 166-87.

       C.       <u>Judge Yanthis' Order Granting Discovery of the Case Files</u>

       After the Court concluded that Mr. Bozella's unconstitutional policy claim against the

County satisfies Rule 12(b)(6), Mr. Bozella sought from the County the production of the Case

Files.  *See* Burke Decl. Ex. H (Document Request Nos. 48-51); Heeren Decl. Ex. 5 at 3-4.  The

County refused to produce any documents from five of the six Case Files.  It offered to produce

certain documents from the sixth Case File, but would not include any documents from the Case

Files that the County had failed to disclose to the criminal defendant in that case.  *See, e.g.*,

Heeren Decl. Ex. 4 Nos. 48-51.

       Mr. Bozella again moved to compel this discovery.  After the parties submitted pre-

motion letters to Judge Yanthis, Judge Yanthis held a discovery conference that lasted more than

an hour, with the majority of time devoted to a determination of the discoverability of the Case

Files.  Judge Yanthis concluded that, consistent with the broad rules of discovery in federal civil

litigation, Mr. Bozella was entitled to inspect the entire Case Files, except for any privileged

documents that the County would withhold and describe in a privilege log.  *See* Burke Decl. Ex.

A at 33:11-19.  In reaching this conclusion, he specifically rejected many of the County's

arguments presented on appeal.  In response to the County's claim that discovery of the entire

Case Files was inconsistent with his prior discovery rulings, Judge Yanthis concluded: "Okay,

now we're talking about a different request here, so I'm not quite sure how the rulings I made

back in September . . . ." *Id.* at 29:17-23.[2]  In response to the County's claim that Mr. Bozella

should be precluded from "play[ing] Assistant District Attorney" (*id.* at 28:21-24), Judge Yanthis

explained that "[w]e're in discovery.  We have a broad, liberal federal discovery standard.  They

look at these materials, they can make their case . . . at trial or motion . . . . It may never get into

evidence. . . .  But as far as discovery goes, I just don't see what the problem is in going through

the six files . . . ." (*id.* at 32:9-21).  And in response to the County's claim that discovery should

be limited to certain documents identified by the County, Judge Yanthis concluded that the six

Case Files should "be made available for inspection" because "I think that's the only way you

can do a case like this."  *Id.* at 33:11-19.

## STANDARD OF REVIEW

        Pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1), this Court may not disturb an order by

Judge Yanthis regarding a non-dispositive matter—such as the Order at issue on this appeal—

unless the order is "clearly erroneous" or "contrary to law." *See, e.g., DiPilato v. 7-Eleven, Inc.*,

662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (Seibel, J.) (affirming Judge Yanthis' ruling on non-

dispositive matter).  This high level of deference is appropriate because "[c]onducting pretrial

and discovery proceedings has been a core component of a magistrate judge's role in civil cases

since Congress created the position of magistrate judge."  *Kiobel v. Millson*, 592 F.3d 78, 88 (2d

Cir. 2010) (Cabranes, J., concurring); *see New York Dist. Council of Carpenters Pension Fund v.*

*Pitcohn Constr. Enters., Inc.*, No. 06 Civ. 6531, 2010 WL 4668800, at *3 (S.D.N.Y. Nov. 15,

2010) (a magistrate judge's resolution of discovery disputes "is afforded broad discretion, which

will be overruled only if abused") (internal quotations and citations omitted); *Highland Capital*

*Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) ("Given such a highly

---

[2] The transcript makes clear that Counsel for the County interrupted Judge Yanthis as he was
responding to, and rejecting, the County's argument.  *See* Burke Decl. Ex. A at 29:17-24.

deferential standard of review, magistrate judges are afforded broad discretion and reversal is appropriate only if that discretion is abused.") (internal quotations and citations omitted). Accordingly, the County, in seeking to overturn Judge Yanthis' order, "bear[s] a heavy burden." *Schneider*, 551 F. Supp. 2d at 177 (quoting, *inter alia*, 12 Charles Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure*, § 3069, at 350-51 (2d ed. 1997)). Indeed, "[a] showing that reasonable minds may differ on the wisdom of granting the [party]'s motion is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (internal quotations and citation omitted), *aff'd*, 379 F. App'x 62 (2d Cir. 2010).

**ARGUMENT**

**I.      Judge Yanthis Correctly Concluded that All Non-Privileged Documents in the Case Files are Discoverable**

Judge Yanthis did not abuse his discretion when he determined that the entire Case Files are likely to contain relevant information and are therefore discoverable. For discovery purposes, "[r]elevance 'is to be interpreted broadly' and includes 'any matter that bears on, or that . . . reasonably could lead to other [information] that could bear on, any issue that is or may be in the case.'" *Pippins v. KPMG LLP*, No. 11 Civ. 377, 2012 WL 370321, at *10 (S.D.N.Y. Feb. 3, 2012) (quoting *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 183 (S.D.N.Y. 2006) (internal quotations omitted)); *see also* Fed. R. Civ. P. 26(b)(1) (a party may obtain discovery "regarding *any* nonprivileged matter that is relevant to any party's claim or defense," which includes information that may not be admissible as evidence but "appears reasonable calculated to lead to the discovery of admissible evidence.") (emphasis added). "A party must be afforded a meaningful opportunity to establish the facts necessary to support his claim," *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (citing *Long*

- 8 -

*Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985)), and a court "abuses its discretion when the discovery is so limited as to affect a party's substantial rights," *Barbash*, 779 F.2d at 795.

Here, there were ample grounds for Judge Yanthis to conclude that all non-privileged documents in the Case Files are discoverable.  The Amended Complaint alleges that an ADA, in each of the six cases at issue, asserted in an affidavit that he or she would only produce to the defendant evidence that was "truly exculpatory" or "tends to exculpate" pursuant to *Brady*, but not other favorable evidence.  Am. Compl. ¶¶ 167-87.  This Court has held that those alleged statements and other related allegations, "are sufficient to render [an unconstitutionally narrow *Brady*] policy plausible," and that "the complaint shows that suppression of just such information, in other words information that was not directly exculpatory but was favorable, led to the violation of [Mr. Bozella]'s rights in the Crapser murder case."  Burke Decl. Ex. K at 23:13-23.  Indeed, the County now concedes that at least *some* discovery from each of the Case Files is appropriate.  *See, e.g.*, Def.'s Mem. of Law in Supp. of Objections to Mar. 13, 2012 Decision of Mag. J. Yanthis Granting Disclosure of Case Files Contained in Pl.'s Am. Compl. ("Cnty. Br.") at 11.

It was equally within Judge Yanthis' discretion to order the County to make available for inspection all non-privileged documents from the Case Files.  Given that the Amended Complaint specifically alleges that the ADAs articulated an unconstitutional *Brady* policy in these cases, the Case Files are reasonably likely to contain one or more of the following types of evidence:  additional statements by those prosecutors that shed light on that policy, statements made to such prosecutors (by defense lawyers, the Dutchess County Court, or others) about the County's policy, evidence of the County's application of its *Brady* policy, or evidence of others

employed by the County who were aware of the policy (including the District Attorney himself).

Further, the Case Files may very well contain evidence of the County's failure to produce

favorable material to the defense—evidence that is not necessary to satisfy Plaintiff's burden of

proof in this case, but that is most certainly relevant to Plaintiff's unconstitutional *Brady* policy

claim.  *See* Heeren Decl. Ex. 1 at 17:6-8 (THE COURT:  "Your argument is you need to know

not just what was asked for and what was turned over[,] but what else was in the files that should

have been turned over.").

   These categories of evidence may be found in various types of documents that the County

refuses to produce: in police reports, grand jury testimony, eyewitness statements, prosecutors'

notes, transcripts of pre-trial hearings, and internal memoranda that evidence or apply the

County's policy.  Indeed, the *Brady* material in the Crapser case itself took the form of

statements documented in police reports and recorded on a cassette tape during a police

interrogation, evidencing why these kinds of materials are reasonably likely to contain relevant

information and why Judge Yanthis was well within his discretion to order the production of

such documents for inspection.  *See* Am. Compl. ¶¶ 26-33 (Regula Police Report); 41-47 (Dobler

Police Report); 55-67 (Cassette Tape of Saul Holland Interview).

## II. The County Fails To Identify How Judge Yanthis' Ruling Was an Abuse of Discretion

   The County raises a hodgepodge of objections to Judge Yanthis' Order.  None meet the

elevated standard of review for an appeal under Rule 72(a).

### A. The County Has Not Established that Judge Yanthis' Order Was "Contrary to Law" or "Clearly Erroneous"

   The County's objection fails to explain how Judge Yanthis' decision is an abuse of

discretion that requires reversal.  *See, e.g., Moore v. Publicis Groupe SA*, No. 11 Civ. 1279, 2012

WL 517207, at *1 (S.D.N.Y Feb. 14, 2012).  While the County asserts that Judge Yanthis'

decision is "contrary to law" (Cnty. Br. at 10, 11), it fails to cite any legal authority that supports

its conclusory accusation.  Nor does the County point to any erroneous factual statement by

Judge Yanthis.  *See, e.g.*, *DiPilato*, 662 F. Supp. 2d at 341 (on Rule 72 appeal, affirming denial

of motion to amend because "[t]here is no indication that Judge Yanthis overlooked . . .

allegation[s] made by Plaintiff").

Indeed, the County fails to cite a single case where a Magistrate Judge was reversed for

abusing his or her discretion by granting discovery of non-privileged documents.  Three cases

cited in the County's brief actually *affirm* discovery rulings by a magistrate.  *See* Cnty. Br. at 5-6

(relying on *Catskill Dev., L.L.C v. Park Place Entm't Corp.*, 206 F.R.D. 78 (S.D.N.Y. 2002);

*Surles v. Air France*, No. 00 Civ. 5004, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001); and

*Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70 (N.D.N.Y. 2000)).  These cases

highlight the extraordinary deference afforded to magistrate judges on such issues.  *See, e.g.*,

*Tompkins*, 92 F. Supp. 2d at 79 ("[R]emembering that magistrate judges are afforded much

discretion in making pre-trial discovery determinations, this Court can find no basis for believing

that Magistrate Judge DiBianco abused his discretion such as to warrant a reversal.").[3]

    B.    <u>Judge Yanthis' Order Is Consistent With Supreme Court Precedent and the<br>Federal Rules</u>

Facing overwhelming case law permitting, and indeed requiring, broad discovery, the

County invokes *Twombly* and *Iqbal* as a purported basis for reversing Judge Yanthis' Order.

Cnty. Br. at 7-8, 9.  But those cases actually demonstrate the breadth of discoverable information

---

[3] The other cases on which the County relies are readily distinguishable.  *See Collens v. City of New York*, 222 F.R.D. 249, 254-55 (S.D.N.Y. 2004) (reversing magistrate judge where magistrate ordered discovery of privileged information); *Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) (not a Rule 72 case); *Spina v. Our Lady of Mercy Med. Ctr.*, No. 97 Civ. 4661, 2001 WL 630481, at *2-3 (S.D.N.Y. June 7, 2001) (same).

under the Federal Rules and why the Case Files fit comfortably within that standard.  To be sure, in *Twombly* and *Iqbal* the Supreme Court elevated the pleading standard applicable to satisfy Rule 12(b)(6) to a standard of "plausibility."  But the very reason the Supreme Court did so was because it recognized the broad scope of discovery to which plaintiffs are entitled if they satisfy Rule 12(b)(6).  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 ("[I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence . . . .") (internal quotations, citations and brackets omitted).  Here, this Court has determined that Mr. Bozella's claim against the County has *already satisfied* the exacting plausibility standard set forth in *Iqbal* and *Twombly*.  Thus, Mr. Bozella is entitled to broad discovery of "any" matter relevant to the claim against the County accorded by the Federal Rules.  *See* Fed. R. Civ. P. 26(b)(1).

The County also incorrectly suggests that the 2000 revision to Rule 26 somehow renders the Case Files not discoverable.  *See* Cnty. Br. at 6.  Rule 26 was revised in 2000 such that discovery is now permitted of anything "relevant to any party's claims or defense."  But this amendment did not change the fact that a party may seek and obtain information through discovery that is far broader than the specific items described in the complaint.  *See, e.g.*, *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 183 (S.D.N.Y. 2006) ("discovery is not limited to the issues raised in the pleadings"); *Sedona Corp. v. Open Solutions, Inc.*, 249 F.R.D. 19, 23 (D. Conn. 2008) (granting plaintiff's motion to compel production of documents related to contract dispute, despite defendant's argument that the specific issue was "not raised in

- 12 -

the amended complaint").  As this Court recently recognized in this case, "[t]he plaintiff could still prove up at trial fifteen [examples of an unconstitutional policy] if it had them, even if they weren't all named in the complaint."  Heeren Decl. Ex. 1 at 2:25-3:1.

Indeed, the revisions to the Federal Rules specifically considered whether evidence of "other incidents of the same type"—one category of relevant evidence likely to be found in the Case Files—is discoverable and concluded that such evidence is "properly discoverable under the revised standard."  *See* Adv. Comm. Note to the 2000 Amendment to Rule 26(b)(1).  Here, Judge Yanthis properly exercised his discretion in concluding that such evidence—whether in the form of additional instances of the articulation or application of the County's unconstitutional *Brady* policy—is reasonably likely to be found in the Case Files and thus discoverable.  *See, e.g.*, *McConnell v. Canadian Pac. Realty Co.*, No. 11-CV-972, 2011 WL 5520322, at *7 (M. D. Pa. Nov. 14, 2011) ("[C]ivil discovery is not narrowly cabined solely to a search for admissible evidence directly relating to known, and specific, allegations set forth in the plaintiff's complaint.").

C.     Judge Yanthis' Order is Consistent with His Previous Discovery Rulings

The County also suggests that Judge Yanthis' Order should be overruled because it is supposedly inconsistent with his previous discovery rulings.  *See* Cnty. Br. at 2.  The County raised this argument directly with Judge Yanthis and he considered that accusation and made clear that he believed that there was nothing inconsistent about his decisions.  *See* Burke Decl. Ex. A at 29:17-23 ("we're talking about a different request here").  Judge Yanthis was correct for several reasons.

First, the County noticeably omits from its papers Judge Yanthis' prior discovery ruling in which he granted Mr. Bozella's motion to compel production of the Crapser File and King File and ordered the County to produce those files in their entirety for inspection.  *See* Heeren

- 13 -

Decl. Ex. 3 at 13:23-25, 34:17-35:6.  The Order on appeal here is entirely consistent with this prior ruling insofar as both grant Mr. Bozella access to the entire case files referenced with specificity in the operative pleading at the time of the discovery dispute.

Second, the County argues that Judge Yanthis' denial of Mr. Bozella's request for production of certain of the Case Files in connection with claims in the original Complaint somehow forecloses Judge Yanthis' ruling in the Order with respect to Mr. Bozella's unconstitutional policy claim in the Amended Complaint.  *See* Cnty. Br. at 4, 10; Burke Decl. ¶ 29.  The County simply ignores both the procedural posture of the case at the time the two rulings were made and the different claims against which Judge Yanthis assessed the relevance of the Case Files.  When Judge Yanthis rendered his September 20, 2011 decision, this Court had not yet ruled on whether the Complaint satisfied Rule 12(b)(6).  Accordingly, Judge Yanthis properly exercised his discretion to limit discovery to only those case files specifically referenced in the Complaint (the Crapser File and King File), as well as evidence of actual misconduct alleged in the Complaint (e.g., destruction of police notebooks and *Brady* violations). Here, in contrast, Judge Yanthis made his relevance determination with respect to a different claim—an unconstitutional policy claim—in a pleading that this Court already has determined satisfies Rule 12(b)(6).  Accordingly, it was well within Judge Yanthis' discretion to determine that, having satisfied Rule 12(b)(6), Mr. Bozella is now entitled to inspect the Case Files identified in the Amended Complaint for additional evidence of that policy, including but not limited to evidence of *Brady* violations beyond those already alleged in the Amended Complaint that may have occurred as a result of that policy.

D.     Judge Yanthis Appropriately Disregarded the County's "Merits" Arguments

The County also claims that Judge Yanthis erred in granting discovery because Mr. Bozella has not yet *proven* that the County had an unconstitutional disclosure policy under

*Brady*.  *See* Burke Decl. ¶¶ 21, 31 (arguing that Plaintiff has "actually only asserted '<u>allegations</u>' that relate to a claimed unconstitutional policy" but "needs to establish the *existence* of a policy") (underlining and italics in original).  Judge Yanthis properly concluded that this kind of argument is a flawed attempt to flip the Federal Rules on their head.  *See* Burke Decl. Ex. A at 32:9-21 ("We're in discovery.  We have a broad, liberal federal discovery standard . . . You may be correct that none of this is really going to prove any type of *Monell-Brady* violation at all. But as far as discovery goes, I just don't see what the problem is in going through the six files . . .").  Contrary to the County's assertion, the Second Circuit has made clear that "[t]he rules generally do not place *any initial burden* on parties to justify their deposition and discovery requests."  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (emphasis added); *see also New York Dist. Council of Carpenters Pension Fund v. Pitcohn Constr. Enters., Inc.*, No. 06 Civ. 6531, 2010 WL 4668800, at *4 (S.D.N.Y. Nov. 15, 2010) ("The factual showing required to permit discovery is minimal . . . . Parties can satisfy this showing by merely showing some facts that support their claims or defenses . . . . [P]arties are not required to prove their factual premises as if they were at trial.").  As noted, *supra*, Rule 26's only requirement is that the information is reasonably likely to lead to the discoverability of information relevant to a claim or defense.[4]

---

[4] Similarly, the County improperly attempts to argue the ultimate merits of the case in claiming that the Order was improper because a policy of only disclosing exculpatory evidence is not, in fact, unconstitutional.  *See* Cnty. Br. at 9.  The County cannot argue the merits of the case as a way to short-circuit the discovery process.  As both this Court and Judge Yanthis have repeatedly explained, the County will have every opportunity, once discovery has been completed, to argue the merits of this case at trial.  *See, e.g.,* Burke Decl. Ex. A at 30:22-23 ("[W]e're talking discovery here, we're not talking admissibility at any trial . . . ."); Heeren Decl. Ex. 1 at 6:2-3 ("It's all going to be the subject of proof at trial whether it's in the complaint or not.").

**III.     Judge Yanthis' Order Adequately Addresses Other Discovery Considerations**

The County also argues that the "unfettered" discovery ordered by Judge Yanthis would be unduly burdensome to the County.  *See* Burke Decl. ¶ 30.  Judge Yanthis considered this argument and crafted his Order to minimize the burden on the County.  Specifically, Judge Yanthis instructed Mr. Bozella to review and inspect the entire Case Files, and he issued the Order with the understanding that Mr. Bozella would pay for the materials from the Case Files that Mr. Bozella elects to copy (*see* Burke Decl. Ex. A. at 17:12-13; 33:20-22)—a process that the County agreed to with respect to Judge Yanthis' prior order providing the same procedures for Mr. Bozella's review of the Crapser File and King File.  Judge Yanthis also limited Mr. Bozella's review of the Case Files to non-privileged items; the County can remove items that are privileged and log those items in a privilege log.  *See* Burke Decl. Ex. A at 33:11-19.[5]  And Judge Yanthis also provided ample protection to the County by ordering that the parties enter into a protective order.  *Id.* at 33:22-24.  Such an order would permit the County to initially designate (without individual review of documents) all items in the Case Files as confidential (subject, of course, to later de-designation of documents that are not, in fact, confidential under the Federal Rules), and would include a claw-back provision for privileged documents.  Judge Yanthis appropriately rejected the County's additional "burden" arguments relating to trial (*see* Burke Decl. ¶ 30) as premature since the Order relates only to discovery and not to trial (*see id.*, Ex. A at 30:22-24).

---

[5] The County implies that Judge Yanthis' Order limited inspection to documents the County deemed relevant.  *See* Cnty. Br. at 2.  This is not correct.  As the County's declaration in support of their motion accurately notes, Judge Yanthis made clear that the parties were welcome to come to an agreement about documents that are "totally irrelevant," but if counsel could not agree about the relevance of a particular document in the Case File, the County would be obligated to produce the document if desired by Mr. Bozella.  *See* Burke Decl. ¶ 28; *id.* Ex. A at 33:11-19 ("[U]nless you reach agreement, other than privileged matters, I'm going to direct that these files be made available for inspection.")

**CONCLUSION**

For the foregoing reasons, Mr. Bozella respectfully requests that the Court deny the

County's appeal and affirm Judge Yanthis' Order.


Dated: New York, New York                    Respectfully submitted,
       April 5, 2012


                                        WILMER CUTLER PICKERING
                                          HALE AND DORR LLP


                                By: /s/ Peter J. Macdonald
                                   Peter J. Macdonald
                                   Ross E. Firsenbaum
                                   Shauna K. Friedman
                                   Craig R. Heeren
                                   Somil Trivedi
                                   399 Park Avenue
                                   New York, NY 10022
                                   Tel.: (212) 230-8800
                                   Fax: (212) 230-8888

                                   *Attorneys for Plaintiff Dewey R. Bozella*