UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DEWEY BOZELLA,

                                  Plaintiff,

              -against-

THE COUNTY OF DUTCHESS AND
WILLIAM J. O'NEILL,
                                Defendants.
-----------------------------------------------------------------x

10 CIV 4917 (CS)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' OBJECTIONS TO THE MARCH 13, 2012 DECISION OF MAGISTRATE JUDGE YANTHIS GRANTING DISCLOSURE OF CASE FILES CONTAINED IN PLAINTIFF'S AMENDED COMPLAINT

Burke, Miele & Golden, LLP
*Attorneys for Defendants Dutchess
County and William J. O'Neill*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

PRELIMINARY STATEMENT

The arguments raised in the Plaintiff's Response to the Defendants' objections to the March 13, 2012 decision of Magistrate Judge Yanthis which granted Plaintiff access to the complete Case Files of nine cases mentioned in plaintiff's amended complaint are insufficient to defeat Defendants' request to this Court that it simply limit the parameters of discovery of those Case Files so as to be consistent with Judge Yanthis' original ruling as set forth in his September 20, 2011 decision, a copy of which is Exhibit "F" to the Burke Decl.

Defendant County does not completely object to the discovery of those nine Case Files. Defendants' objection is to Judge Yanthis' ruling that allowed discovery of the entirety of those files based upon plaintiff's vague assertion that "just about the entire file" might be relevant to a claimed defective *Brady* policy. (Ex. "A" to Burke. Decl. p. 25 line 25). In each of the Case Files, the issue of what documents were required to be turned over pursuant to *Brady* were the subjects of disclosure motions, court decisions and rulings and, in some cases, appeals. Defendants do not object to the production of documents from those Case Files relating to *Brady* disclosure, trial transcripts, demands for disclosures, responses to document demand requests, notices of omnibus motions, affirmations in support and in oppositions, court decisions, orders, appellate briefs and appellate division decisions with regard to Brady violations.

Judge Yanthis' decision to allow discovery of the entirety of the Case Files is inconsistent with his prior ruling of September 20, 2011 and is contrary to established law governing discovery which provides for broad discovery, but which does not allow for speculation based discovery. "Conjecture is not enough to grant discovery." *See, In Re Rockefeller Center Properties*, 26 BR 52, 61 (S.D.N.Y. 2001). This is precisely the nature of Plaintiff's request and the basis upon which Judge Yanthis made his ruling. It is contrary to law.

1

ARGUMENT

POINT I

PLAINTIFF FAILS TO ADDRESS HOW UNFETTERED DISCOVERY OF THE CASE FILES WILL NOT RESULT IN THIS COURT CONDUCTING NINE MINI TRIALS BASED UPON NOTHING MORE THAN PLAINTIFF'S SPECULATION THAT THERE EXISTS UNDISCLOSED DATA FAVORABLE TO THE ACCUSED WHICH SHOULD HAVE BEEN DISCLOSED

Plaintiff has failed to address, never mind refute, the suggestion that any determination as to the materiality of any evidence counsel may now discover in those Case Files which counsel thinks should have been turned over as "favorable" but wasn't, will require this Court to conduct nine – or more – mini-trials to determine whether a *Brady* violation occurred i.e., whether any such failure was "material" to the outcome of the case. And, that issue is just a starting point. Before any such mini-trials can be conducted (indeed, before depositions can be conducted), Defendants will also need to conduct discovery of the defense Case Files for each of the nine cases and the investigative files of the investigator hired by Defense counsel in each of these cases so that Defendants may "test" what documents defense counsel had available and to understand the "entire case". In fact, pursuant to plaintiff's rationale, discovery of the Judge's files may also be necessary because such files "might" contain statements of prosecutors that reflect their understanding of *Brady*. Judge Yanthis' ruling allowing unfettered discovery of the Case Files based on nothing more than a vague assertion by counsel that the "entirety of the file" might be relevant to *Brady* violations, where the issue of *Brady* disclosure has already been the subject of judicial determinations by the trial courts and appellate courts, so as to permit the Plaintiff to supplant the discretionary decision of the prosecutor, warrants a modification of Judge Yanthis' order.

2

POINT II

JUDGE YANTHIS' RULING DOES NOT PROVIDE ADEQUATE MEASURES DESIGNED TO ADDRESS DISCOVERY BURDENS

On March 13, 2012, Judge Yanthis directed discovery of all documents, other than those that the County believes are privileged and those that are deemed "totally irrelevant" based upon an agreement with counsel. (Exh. A to Burke Decl., p. 33, line 16-18). Judge Yanthis' limit upon discovery of the entirety of the Case Files is not adequate. According to Judge Yanthis' ruling, before complete discovery of the entirety of the Case Files can be made available, defense counsel must sift through each document contained in the nine case files (the Belot case alone is 7-8 boxes), determine which documents are privileged and create an appropriate privilege log. Defendants must also determine which documents in those files it believes are totally irrelevant and confer with plaintiff's counsel regarding these documents. Then, an agreement or disagreement as to the "totally relevant" nature of those documents will occur. Although we have every intention of conducting good faith discussions to reach a consensus with counsel regarding what documents are "totally irrelevant," based upon our limited discussion with counsel regarding the relevancy of copies of case law found in the files, and based upon Plaintiff's explicit articulation that just about the entire case file is relevant, it is unlikely that Judge Yanthis' "protective" measure is adequate to ensure that anything less than unfettered discovery of the Case Files and the voluminous unnecessary production of documents will be required. Plaintiff wants, on the one hand, an expedited discovery schedule but, on the other, seeks to conduct discovery in a manner that will undoubtedly result in a prolonged process.

3

POINT III

## DISCOVERY OF THE CASE FILES ACCORDING TO JUDGE YANTHIS' SEPTEMBER 20, 2011 RULING IS A MORE SENSIBLE AND PRACTICAL APPROACH

This Court may modify Judge Yanthis' ruling after considering any objections by the parties. *See, Bridgewater, supra; see also, DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (1994). As set forth in Defendant's moving papers, and at the prior discovery conferences, Defendants are willing to produce documents from the Case Files that relate to *Brady* disclosure. Defendants' objection is to the open file discovery of the nine Case Files for the purpose of permitting the plaintiff to conduct a search in the hope that something might show up. It is respectfully submitted that plaintiff actually seeks the discovery in dispute because he fears that the piecemeal phrases culled from the documents relied on his Amended Complaint used to support the claimed existence of an unconstitutional Brady disclosure policy do not actually support such a theory. The law does not permit speculative discovery. *See, In Re Rockefeller Center, supra*. This is especially so when the burden it will impose on the defendants and on the court will be great and the articulated reason for its need is nebulous at best. Accordingly, although Judge Yanthis' ruling attempted to provide measures to ensure that practical parameters of disclosure from these Case Files could be agreed upon, Judge Yanthis' ruling ultimately granted to the Plaintiff the right to decide what is and is not "totally irrelevant" (Exh. A to Burke Decl., p. 33, line 16-18) and it is evident from counsel's articulated position thus far that the plaintiff deems just about everything in the file to be relevant. Judge Yanthis' ruling although well-intended, effectively opens the flood gates to limitless discovery and will require this Court to conduct mini trials in each of the Case Files to determine the materiality of any evidence deemed by Plaintiffs' counsel to have been favorable evidence that was not disclosed. Plaintiff does not refute this eventuality.

Defendants resist disclosure based upon nothing more than a vaguely articulated need for just about everything in the files so that Plaintiff may "test" what was disclosed and what was not. It is respectfully submitted that the parties, their attorneys and the courts have already conducted such a test in each in those Case Files. The Defendants are willing to provide documents that reflect Brady disclosures as set forth herein, in our moving papers and at the March 13, 2012 conference.

## CONCLUSION

For the foregoing reasons together with those previously set forth in Defendants' moving papers, Defendants respectfully request that this Court limit Judge Yanthis' ruling to the guidelines established by Judge Yanthis on September 20, 2011 and as agreed to herein by the Defendants.

Dated: April 12, 2012
Goshen, New York

*[signature]*

Michael K. Burke, Esq. (MB 7554)
Burke, Miele & Golden, LLP
*Attorneys for County of Dutchess and William J. O'Neill*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

5