UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEWEY R. BOZELLA,

                                 Plaintiff,

        - against -

THE COUNTY OF DUTCHESS and WILLIAM J.
O'NEILL,

                                 Defendants.
------------------------------------------------------------------x

**ORDER**

10 Civ. 4917 (CS)

Appearances:
Peter J. Macdonald
Ross E. Firsenbaum
Craig R. Heeren
Somil Trivedi
Wilmer Cutler Pickering Hale and Dorr LLP
New York, New York
*Counsel for Plaintiff*

Michael K. Burke
Burke, Miele & Golden, LLP
Goshen, New York
*Counsel for Defendants William O'Neill and County of Dutchess*

Seibel, J.

    Before the Court is Defendant County of Dutchess's appeal, (Doc. 84), pursuant to Fed. R. Civ. P. 72(a), of an oral ruling of Magistrate Judge George A. Yanthis requiring the County to produce for inspection all non-privileged material within specified criminal case files maintained by the County. (*See* Doc. 85 Ex. A.) For the reasons stated below, Judge Yanthis's ruling is AFFIRMED.

    Familiarity with prior proceedings, the procedural posture of the case, and the factual backdrop of the instant appeal is presumed.

When reviewing a pretrial order regarding non-dispositive issues, a district court judge may only reconsider the order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). An order is clearly erroneous when the reviewing court on the entire evidence "is left with the definite and firm conviction that a mistake has been committed," and "an order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) (internal quotation marks omitted).

Pursuant to this "highly deferential" standard of review, magistrate judges have "broad discretion" to make rulings in non-dispositive discovery matters. *Garcia v. Benjamin Gp. Enter., Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011); *see Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 477 (S.D.N.Y. 2007) (magistrate judge's ruling that plaintiff waived attorney client privilege not clearly erroneous where there were cases supporting ruling as well as cases supporting plaintiff's position of no waiver). Thus, "a party seeking to overturn a discovery ruling [by a magistrate judge] generally bears a heavy burden." *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (internal quotation marks omitted).

The permissible scope of discovery is governed by Fed. R. Civ. P. 26(b)(1), which provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

> evidence. All discovery is subject to the limitations imposed by
> Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Relevance is assessed in light of the "specific circumstances of each case," *Ramsey v. NYP Holdings, Inc.*, No. 00-CV-3478, 2002 WL 1402055, at *3 (S.D.N.Y. June 27, 2002), and "on the basis of the 'claims and defenses' rather than the 'subject matter' of the action," *id.* (quoting Fed. R. Civ. P. 26(b)(1)); *see* Fed. R. Civ. P. 26(b)(1) *Advisory Committee's Note* at 158 (West 2002) ("The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision. . . . In each instance, the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action.").

Judge Yanthis's ruling that the specified case files be made available was neither clearly erroneous nor contrary to law. The existence within those files of favorable or impeachment materials that were not turned over to defense counsel could be evidence of the alleged unconstitutional policy of construing *Brady* to apply only to truly exculpatory information -- as opposed to merely favorable or impeaching evidence -- and this would be so even if the withheld information ultimately was not material such that reversal of a conviction would be required in the given case.[1] Limiting discovery as the County proposes would reveal what was requested

---

[1] In any event, even if materiality were required for the evidence ultimately to be relevant on summary judgment or at trial, Plaintiff would need the case file to assess materiality. Because the determination of materiality turns on whether the suppression of information undermines confidence in the outcome of the trial, *see United States v. Coppa*, 267 F.3d 132, 141-42 (2d Cir. 2001), assessment of materiality would involve analyzing what was withheld in comparison to the universe of evidence. The case files presumably would reveal both of these things.

and what was turned over, but would not reveal what else, if anything, was in the files that should have been turned over. Such discovery of the specified files would not constitute a fishing expedition (as would discovery of all files or of random files) because the statements of the Assistant District Attorneys ("ADA"s) in those cases, at least as set forth in the Amended Complaint, suggest an improperly narrow interpretation of *Brady*.[2] Discovery of the specified files might or might not lead to mini-trials with respect to one or more of the cases, but the possibility that it might does not mean that Judge Yanthis abused his discretion in concluding that the liberal standards applicable to federal discovery, *see Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003), warranted disclosure of the material.[3]

Defendants cite to the burdens of discovery recognized by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-60 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2008), but those burdens were cited as reasons for dismissing claims that were not plausible. Those cases do not suggest that discovery ought to be limited where, as here, a plausible claim is stated.

---

[2] That the relevant ADAs did not use the term "truly exculpatory" in their affidavits would not necessarily mean that the interpretation of *Brady* by the Office of the District Attorney (the "DA's Office") was correct. The County has provided several affidavits, (Doc. 88 Ex. J), in which ADAs state that *Brady* covers only evidence that "tends to exculpate the defendant, or reduce the penalty which might be imposed." The affiants' interpretation of *Brady* (which seems to be the DA's Office policy, as the same language is repeated in multiple affidavits) does not include evidence that is favorable to the defendant or which contradicts or impeaches the People's witnesses. Accordingly, even without using the term "truly exculpatory," the affidavits support the allegation that the DA's Office had a policy of construing *Brady* too narrowly.

[3] Whether *Brady* material was withheld, or whether the County DA's Office unconstitutionally construed *Brady*, has not necessarily already been litigated in the underlying cases, because it seems that in those cases only the ADA knew what was in the DA's Office file, and it is precisely because the ADAs may have been following an unconstitutionally restrictive policy with respect to *Brady* that inspection is necessary.

With respect to the County's argument that the discovery will be burdensome, I find that the nine or ten cases at issue here will not create an unreasonable burden. While the County will indeed have to review the case files for privileged materials – actually, it does not have to, but presumably it will choose to do so – such review is par for the course in litigation, and will not require an unreasonable investment of resources given the limited number of files at issue. With respect to Judge Yanthis's suggestion that the County attempt to see if Plaintiff would agree to the exclusion of "totally irrelevant" material, the County is under no obligation to undertake such discussions with Plaintiff if it believes they would be a waste of time. Whether it chooses to have such discussions or not, the absence of agreement will not be burdensome; it will simply mean that possibly irrelevant items within the files will remain there while Plaintiff's counsel reviews the files.

Finally, with respect to the County's argument that Judge Yanthis's ruling is inconsistent with his earlier ruling, I do not regard the rulings as inconsistent, given the differences in the claims then under consideration, but even if the rulings were inconsistent, a Magistrate Judge can change his mind without it being an abuse of discretion. *Cf. Edmonds v. Seavey*, No. 08-CV-5646, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (no abuse of discretion where reasonable minds might differ), *aff'd*, 379 F. App'x 62 (2d Cir. 2010).

Accordingly, Judge Yanthis's oral discovery ruling of March 13, 2012 is AFFIRMED.

Dated: April 19, 2012
White Plains, New York

_Cathy Seibel_
CATHY SEIBEL, U.S.D.J.