UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DEWEY R. BOZELLA,

    Plaintiff,

v.

THE COUNTY OF DUTCHESS and
WILLIAM J. O'NEILL

    Defendants.

---

No. 10 Civ. 4917 (CS) (GAY)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/27/12

## STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND OTHER INFORMATION PRODUCED IN DISCOVERY

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff Dewey R. Bozella ("Plaintiff"), Defendant County of Dutchess ("County") and Defendant William J. O'Neill ("O'Neill") (collectively, the "Parties"), through their respective counsel, that this Protective Order (the "Order") shall govern disclosure and use by the Parties of certain documents in case files in the possession of the Dutchess County District Attorney ("District Attorney") in the above-captioned action (the "Action"). The Parties hereby stipulate and agree to the procedures set forth below governing the disclosure of such documents as follows:

    1.    Documents in the District Attorney's files for the following cases are hereby designated "Case File Documents" and shall be treated as "Confidential" in accordance with the terms of this Order:

        (a)    *People v. West*, Indictment No. 106/85

        (b)    *People v. Britton*, Index No. 1493/1989, Indictment No. 29/89

        (c)    *People v. Wood*, Indictment No. 52/79

(d)   *People v. Belot*, Index No. 1378/1994, Indictment No. 47/94

(e)   *People v. Mahoney*, Index No. 4788/1996, Indictment No. 92/96

(f)   *People v. Taylor*, App. Div. Index No. 90-04037

(g)   *People v. Williams*, Index No. 94-02485, Indictment No. 112/93

(h)   *People v. Samuel Walker*, Index No. 1985-3640, Indictment No. 90/85

(i)   *People v. Amos Whitted*, Index No. 1984-5597, Indictment No. 136/84

(j)   *People v. Brian K. Whittaker*, Index. No. 1981-5680

(k)   Any other documents from case files produced by the County on or after the date of this Order.

2.   Case File Documents designated "Confidential" shall be referred to herein as "Confidential Case File Documents." The Parties agree that to expedite the County's production of the Case File Documents to Plaintiff, the County shall not be required to assess whether a specific document within the Case File Documents should be designated as "Confidential" at or prior to the time such document is made available to Plaintiff. The County will instead designate all documents identified in paragraph 1, *supra*, as "Confidential."

3.   All Confidential Case File Documents produced in the Action shall be used solely in the Action and shall not be used in any way for any other purpose, including any business purpose.

4.   Any Party receiving Confidential Case File Documents may disclose or make available such information only to (a) Parties in this Action to the extent that such Party has a need to review the Confidential Case File Documents in connection with the prosecution or defense of this Action, (b) counsel for any Party to whom the Confidential Case File Documents are produced including all partners, counsel and associate attorneys of said counsel, and any

legal assistants, clerical secretarial or other support staff thereof operating under the supervision of such counsel of record, (c) any court with jurisdiction over the Action or a dispute concerning the Action, (d) necessary court personnel, professional court reporters/stenographers/video operators and necessary staff for deposition or trial testimony, (e) experts and consultants retained by a Party in connection with the prosecution or defense of this Action, to the extent that such person has a need to review the Confidential Case File Documents produced in this Action in connection with the prosecution or defense of this Action, (f) any witness or potential witness in this Action in the course of the witness' deposition or trial testimony conducted in this Action to the extent reasonably deemed necessary by counsel for a Party in order to examine such witness or preparation of such witness for such deposition or trial testimony, (g) support personnel retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this Action such as those involved in copying, graphic production, non-technical jury, trial consulting services or investigation in this Action retained by counsel for a Party, (h) jurors in this Action, and (i) any other person after notice to all Parties and upon order of the Court or upon written consent of the County.

  5. The Confidential designation set forth in paragraph 2 of this Order shall be made by stamping the Case File Documents as "Confidential pursuant to Protective Order" on each page of the Case File Documents to be deemed Confidential.

  6. Any inadvertent or mistaken production of material by a Party to the other from the Confidential Case File Documents that the County claims is subject to the attorney-client privilege or the work-product doctrine or any other applicable privilege or protection from disclosure shall not operate to waive such protection from disclosure. Upon written request made promptly by the producing party to the other party after the producing party discovers such

inadvertent production, the other party shall promptly return the information for which a claim of inadvertent production is made and destroy all copies thereof. This paragraph shall also apply to documents previously produced in the Action from the District Attorney's files for the cases captioned *People v. Dewey Bozella* and *People v. Donald Wise*.

7. The Plaintiff shall not be obligated to challenge the propriety of a designation of Case File Documents as Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.

8. In the event of a dispute that requires the Court's attention regarding the propriety of the County's (a) designation of particular Case File Document as "Confidential" or (b) assertion of a privilege with respect to an inadvertently produced document, the dispute shall be submitted to the Court for resolution pursuant to the Court's individual practices for discovery-related motion practice and a determination shall be made under and pursuant to the Federal Rules of Civil Procedure and the legal authorities applicable hereto as the same may then be in effect. Until said dispute is resolved by the Court, the documents or information shall retain their designation as Confidential and thereafter shall be designated as the Court may direct, provided that nothing contained herein shall be deemed to waive or otherwise limit the right of any Party to appeal from, or seek review of, the determination by the Court of any such dispute.

9. No person receiving discovery materials designated Confidential shall disclose such discovery materials or any information contained therein to any person who is not entitled to receive such discovery materials under paragraph 4. Each person to whom discovery materials designated Confidential are disclosed pursuant to this Order shall be advised that such information is being disclosed pursuant to, and subject to the terms of, an Order of the Court and that the sanctions for any violations of the Order may include penalties which may be imposed

by the Court for contempt. Further, any Party wishing to disclose Confidential Case File Documents to any person in paragraph 4(e)-(g) shall ensure that such person executes an Undertaking in the form attached hereto before gaining access to any such material. Each Party shall maintain a copy of such undertakings and shall make such copies available to the other Party upon request or order of the Court.

10. The Parties shall take all steps reasonably required to protect the Confidential Case File Documents produced in this Action. In the event that Confidential information is inadvertently disclosed to any unauthorized person or entity, such material shall not lose its confidentiality status by reason of such inadvertent disclosure.

11. This Order shall not prejudice in any way the rights of any Party from using discovery material deemed "Confidential" from Confidential Case Files, or from referring to or reciting any information contained in such materials, in proceedings before this Court, including motion papers, affidavits, briefs, or other papers and depositions filed with Court or at any deposition, or at any hearing conference or trial before the Court. All material designated Confidential filed with the Court, and any portion of any pleading, motion paper, affidavit, brief, deposition transcript, memorandum or other paper filed with the Court disclosing such material shall be identified as Confidential, filed under seal and kept under seal until further order of the Court. Nothing herein shall prevent any Party from filing redacted papers on the public docket that excludes only the portions of such papers that disclose Confidential information.

12. Within 30 days after this Action is finally terminated and all available appellate remedies have been exhausted, all Confidential Case File Documents produced in this Action, shall be returned to Counsel for the County. This paragraph shall not apply to Confidential Case File Documents that have been previously permanently discarded or then so discarded, provided

that Counsel for the Plaintiff certifies in writing to Counsel for the County within the applicable time period that such materials have been permanently discarded.

13. Documents previously produced in the Action from the District Attorney's files for the cases captioned *People v. Dewey Bozella* and *People v. Donald Wise* have not been designated as Confidential. The County may seek to designate any document (or portion thereof) produced in the Action from such files as "Confidential," but only to the extent the County has a good faith basis for a claim that such document (or portion thereof) contains confidential or proprietary material protected under the Federal Rules of Civil Procedure or other applicable law. If the County seeks to designate any such document (or portion thereof) as "Confidential," the County shall identify to counsel for Plaintiff the specific document (or portion thereof) that the County seeks to designate and the specific legal basis for such designation. Any document (or portion thereof) that the County seeks to designate as "Confidential" pursuant to this paragraph shall not be deemed "Confidential" unless and until either Plaintiff agrees to such designation or the Court orders such designation. Plaintiff shall exercise good faith when responding to any request by the County for the designation of any document (or portion thereof) pursuant to this paragraph.

14. If Plaintiff has disseminated any materials obtained in discovery of the Action to any third parties for non-litigation purposes Plaintiff shall, within 30 days of the date of the Order, identify which documents or discovery materials have been disseminated for the County to determine whether it may seek to designate any document (or portion thereof) as "Confidential." No further disclosure or dissemination of documents previously produced in the Action from the District Attorney's files for the cases captioned *People v. Dewey Bozella* and *People v. Donald Wise* shall be permitted to any third parties for non-litigation purposes from the

date of the Order without notice to the County to determine if the materials are confidential. The County, after receiving such notice, shall within 14 days of receipt of such notice identify which documents (or portion thereof), if any, it seeks to designate as "Confidential" and the specific legal basis for such designation in accordance with the terms of this Paragraph. Plaintiff shall exercise good faith when responding to the request by the County for such designation in accordance with the terms of this Paragraph. If Plaintiff and the County are unable to agree as to the designation of confidentiality of the identified materials, the County shall have the burden of bringing the matter forward for a judicial determination, and must file any motion seeking confidential treatment within 10 days of receipt of notice from counsel for Plaintiff that it disputes the County's "Confidential" designation of such materials and the good faith basis for its response.

15. This Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Order, for relief from this Order, or from agreeing with the other Parties to modify this Order subject to approval of the Court.

| BURKE, MIELE & GOLDEN, LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
|---|---|
| By: _/s/ Michael K. Burke_  Patrick Burke  Michael Burke  40 Matthews Street, Suite 209  Goshen, New York 10924  Tel: (845) 294-4080 | By: _/s/_  Peter J. Macdonald  Ross E. Firsenbaum  399 Park Avenue  New York, New York 10022  Tel: (212) 295-6323 |

So ORDERED this 27th day of June, 2012.

_____
George A. Yanthis
United States Magistrate Judge