UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _10/17/12_

DEWEY R. BOZELLA,

                Plaintiff,

**DECISION AND ORDER**

10 Civ. 4917 (CS)(GAY)

      -against-

THE COUNTY OF DUTCHESS and
WILLIAM J. O'NEILL,

                Defendants.

-------------------------------------------------------------------------x

I. Background

    Defendants have sought certain documents related to this case pursuant to a subpoena served upon Mickey Steiman, Esq. The subpoena seeks the production of documents from attorney Steiman relating to the investigation of the murder of Emma Crasper, documents relating to the arrest and prosecution of the plaintiff herein in connection with said murder, and other documents relating to the litigation of that matter.

    Attorney Steiman claimed "attorney client privilege" and "attorney work product privilege" in a privilege log and cover letter sent to defendants. Plaintiff also claims said documents are privileged by the attorney-client or work- product privilege. The Court has reviewed the submissions of counsel as rules as follows.

II. Legal Standards

    In order for a person to withhold a discovery request based on attorney-client privilege, said party bears the burden to show that the subject document (1) was a communication between client and counsel; (2) was intended to be and was in fact kept confidential; and (3) was made for the purpose of obtaining or providing legal advice. United States v. Construction Prods. Res., Inc., 73 F.3d 464, 473 (2d Cir. 1996). The person seeking to invoke the privilege must submit more than conclusory evidence to support its contention. Von Bulow v Von Bulow, 811 F.2d 136, 146 (2d Cir. 1996).

    The work product doctrine prohibits the discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed.R.Civ.P. 26(b)(3)(A). The party seeking work product protection

has the burden to prove the documents at issue are eligible for such protection. Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp., No. 00 Civ. 9212, 2002 WL 31729693 at *5 (S.D.N.Y. Dec. 5, 2002). However, such work product is discoverable if (1) it is otherwise discoverable pursuant to a court order, or (2) the party seeking the materials "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Fed.R.Civ.P. 26(b)(3)(A)(I)-(ii).

The mere "possibility of litigation is insufficient to "obtain work-product protection and the party seeking such protection must demonstrate that, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." Gucci America, Inc. v. Guess?, Inc., 271 F.R.D. 58, 74 (S.D.N.Y. 2010)(citations and internal quotations omitted). Documents prepared in the ordinary course of business, or that otherwise would have been prepared absent the prospect of litigation, do not receive work product protection. Id. (citations omitted). The work product doctrine does not require the documents be prepared at the behest of counsel, but only that they be prepared "because of" the prospect of litigation. United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998).

III. Discussion

   A. 135 Emails Between Attorney Steiman and Wilmer Hare

Attorney Steiman represented the plaintiff Bozella in the criminal case related to this civil action. The Wilmer Hale firm represents plaintiff in the civil action herein. As pointed out by plaintiff, communications between counsel who share the same client would be covered by the attorney client privilege. In re Copper Mkt. Antitrust Litig., 200 F.R.D. 213, 219 (S.D.N.Y. 2001). In any event, the Court also agrees that any communications between Steiman and the Wilmer Hale firm concerning this matter would clearly constitute communications with a third party agent to assist in providing legal advise to the client. United States v. Koval, 296 F.2d 918, 922 (2d Cir. 1961); Gucci, 271 F.R.D. at 70-71. As such, the communications would be privileged. There is nothing to show on this record that attorney Steiman did not continue to have an attorney client relationship with Bozella.

Moreover, the email would also be protected pursuant to the work product privilege. The emails between Steiman and the Wilmer Hare firm prior to the filing of the civil action herein would have been prepared "*because of* the prospect of litigation." United States v. Adlman at 1202. Defendants have not demonstrated a substantial need for the materials. In fact, attorney Steiman is available to be deposed in this matter.

As such, plaintiff's and attorney Steiman's objections to producing the subject emails on the grounds of attorney client privilege and attorney work product are sustained. The Court does not see any need for an *in camera* review of the emails given the privileges

claimed and the challenges advanced by defendants.

B. <u>97 Emails Between Attorney Steinberg and Attorney Steiman</u>

Attorneys Steinberg and Steiman were law partners who served as Bozella's counsel in the criminal matter. The privileges set forth above would apply for the same reasons.

C. <u>2 Emails From Michael Benvie to Attorney Steiman</u>

Communications between Benvie, an investigator with the Wilmer Hale firm, and attorney Steiman concerning the case herein would also be privileged as set forth above. See <u>Koval</u>, <u>Gucci</u>.

D. <u>3 Letters From Bozella to Attorney Steiman</u>

The Court directs that the 3 letters be provided to chambers for *in camera* review.

SO ORDERED:

Dated: October 17, 2012
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.

3