# BURKE, MIELE & GOLDEN, LLP

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

DENNIS J. MAHONEY, III
KELLY M. NAUGHTON**
JENNIFER S. ECHEVARRIA***
PHYLLIS A. INGRAM ****

JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS
*** ADMITTED IN NEW YORK, NEW JERSEY & CONNECTICUT
**** ADMITTED IN NEW YORK & CONNECTICUT

ROCKLAND COUNTY OFFICE:

499 ROUTE 304
NEW CITY NY 10956

PLEASE REPLY TO
GOSHEN OFFICE

March 28, 2013

Hon. Cathy Seibel
United States District Court
for the Southern District of New York
The Hon. Charles L. Brieant, Jr. Federal
Building and United States Courthouse
300 Quarropas Street – Room 218
White Plains, New York 10601-4150

**Via Fax – 914-390-4278
and Regular Mail**

Re:   Bozella v. County of Dutchess, et al
      No. 10 Civ. 4917 (S.D.N.Y.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/13

Dear Judge Seibel,

This is in reply to the letter to the Court of March 25, 2013 from Peter J. Macdonald, Esq. in which Mr. Macdonald seeks "to expand the scope of Dewey Bozella's motion for partial summary judgment to add an alternative basis for summary judgment."

There are entirely too many statements (both of fact and of law) found in Mr. Macdonald's letter with which we disagree to properly address in this brief letter. While we do not concede for a moment that any part of Bozella's "alternative basis" for summary judgment has merit, to fully appreciate our arguments the Court would need a full record the likes of which no court which has considered Bozella's claims of *Brady* violations has ever had. So, while we dispute Dewey Bozella's claims that his constitutional rights were violated, we do not oppose Mr. Macdonald's desire to "expand the scope" of Bozella's motion for partial summary judgment.

Before we end our discussion of Mr. Macdonald's letter, we would like to tersely state:

- Dewey Bozella received all the *Brady* material to which he was entitled prior to his first and second trial for the murder of Emma Crapser;

- The flawed decision of the Dutchess County Court does not change that reality;

- The Holland tape and the Dobler report are not *Brady* material in the Crapser murder case.

If Wilmer-Hale's request is granted, we will need to adjust the currently structured summary judgment schedule. The volume of documents necessary to be presented in order to respond to the plaintiff's motions and to present our own motion is quite extensive. We will confer with Mr. Macdonald and his associates to discuss an altered schedule which we would like to propose to the Court. Failing an agreement among us, I would request a scheduling conference by the end of April.

Finally, we should not forget that all of the estoppel arguments that Mr. Macdonald is making on behalf of his client in his case against Dutchess County do not apply in William O'Neill's case.

Very respectfully,

Patrick T. Burke

PTB:vc
c:  Peter J. Macdonald, Esq.,
    Via e-mail – peter.macdonald@wilmerhale.com and Mail
    Ross E. Firsenbaum, Esq.
    Via e-mail – ross.firsenbaum@wilmerhale.com and Mail