# BURKE, MIELE & GOLDEN, LLP

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

KELLY M. NAUGHTON**
JENNIFER S. ECHEVARRIA***
PHYLLIS A. INGRAM****
ASHLEY N. TORRE

JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS
*** ADMITTED IN NEW YORK, NEW JERSEY & CONNECTICUT
**** ADMITTED IN NEW YORK & CONNECTICUT

ROCKLAND COUNTY OFFICE:

499 ROUTE 304
NEW CITY NY 10956

PLEASE REPLY TO
GOSHEN OFFICE

July 12, 2013

Honorable Cathy Seibel
District Court Judge
300 Quarropas Street
White Plains, NY 10601-4150

Via Fax – 914-390-4278
**REVISED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/13

Re: Bozella v. County of Dutchess, et al
    10 Civ. 4917 (SDNY)

Dear Judge Seibel:

    I write in order to apprise the Court and plaintiff's counsel of our intention to file a motion *in limine* under Federal Rule of Evidence 702 should the plaintiff present an argument in opposition to our scheduled motion for summary judgment based upon an opinion of Professor Bennett L. Gershman of the Pace University School of Law.

### a. Procedural Status

    In accordance with a so-ordered stipulation in this case, on June 14, 2013 the plaintiff served upon us a motion for partial summary judgment against Dutchess County. We are scheduled to file our response to the plaintiff's motion by August 14, 2013. At that time we shall also file a motion for summary judgment on behalf of both defendants, William J. O'Neill and Dutchess County. By October 15, 2013, the plaintiff is required to file his reply to our opposition to his motion for partial summary judgment and his answer to our motion for summary judgment. Finally, by November 15, 2013, we are to reply the plaintiff's answer to our summary judgment motion.

### b.) Professor Gershman's opinions and his stated bases.

    We have received an Expert Report of Bennett L. Gershman, Esq., a professor at the Pace University School of Law in White Plains. (A copy is annexed.) We have conducted a deposition of Mr. Gershman on April 25, 2013.

    The Court's Individual Practices require that "motions addressing any evidentiary . . . issue [ ] should be resolved *in limine*." We desire to move under Federal Rule of Evidence 702 to strike Mr. Gershman's opinion testimony.

Professor Gershman's report is the proper subject of preclusion because, among other reasons, it attempts to instruct us on matters of law, an area in the exclusive province of this Court, and it also seeks to usurp the function of the trier of facts as the assessor of credibility. It is also based on flawed factual findings and legal conclusions. Addressing this issue is best done in the context of our current motion schedule because a resolution of it will involve factual determinations for which a full record would be necessary.

Mr. Gershman has posited three opinions:

1.) The Dutchess County District Attorney's Office's (DCDAO) interpretation of *Brady* was "unduly narrow, restrictive and erroneous".
2.) The *Brady* evidence not disclosed to Dewey Bozella before his trial for the murder of Emma Crapser is consistent with the DCDAO's unduly narrow, restrictive and erroneous interpretation.
3.) A lack of reported decisions identifying DCDAO *Brady* violations is not evidence that DCDAO prosecutors understood *Brady* – *Brady* violations are nearly impossible to discover. (Gershman Report, p. 3).

To arrive at his conclusion that the DCDAO's interpretation of *Brady* was "unduly narrow, restrictive and erroneous" Mr. Gershman reviewed portions of 52 DCDAO criminal case files. These included portions of Dewey Bozella's criminal case file, and documents carefully selected by Mr. Bozella's current counsel from "case file documents" in 51 other criminal cases tried by the DCDAO.[1]

From Dewey Bozella's current civil case before this Court, Mr. Gershman reviewed the Amended Complaint and Dutchess County's responses to the plaintiff's First and Second Interrogatories and to his Fourth Document Requests and, the EBT transcripts of: DA Grady, ADAs Whitesell, O'Neill, Steller, Chase and those of Mickey Steiman and David Steinberg (Bozella's trial attorneys), and former County Court Judge and DCADA Thomas Dolan, and, former attorneys former Public Defender and City of Poughkeepsie Judge John Garrity. He also reviewed the affirmations of Steiman and Ross Firsenbaum submitted to the Dutchess County Court on 3/31/09 as part of Bozella's CPL 440 Motion for a New Trial and an e-mail from Wayne Moseley to Mr. Firsenbaum of 4/23/12. He said that he also "obviously" reviewed County Court Judge Rooney's decision on Bozella's 440 Motion. (EBT 60:10-24.) He did not review the deposition testimony of Det. Arthur Regula.

In that portion of his report where Professor Gershman discusses the difficulty of discovering *Brady* violations, (pp. 23-27) he states: (p. 25)

---

[1] Currently pending before this Court is Defendants' Objection to Judge Yanthis' Decision to preclude Defendants' Supplemental Disclosure made prior to the close of discovery which included discovery documents from the same case files reviewed by Professor Gershman but not selected for his review by Mr. Bozella's counsel.

2

*The role of Detective Art Regula.* One of the *Brady* violations identified by Judge Rooney was found in an affidavit submitted by the lead detective from the investigation of Ms. Crapser's murder in support of Mr. Bozella's motion to vacate his conviction. To state the obvious, it is rare that a lead detective from an investigation – one who testified for the prosecution no less – would years later be willing to meet with the defendant's post-conviction counsel, disclose to them evidence that defense counsel recognized to be a *Brady* violation, and submit an affidavit in support of a motion to vacate the conviction.

However, as stated, among those materials Mr. Gershman did not review was the testimony of Det. Regula. Mr. Gershman testified that he was not given Detective Regula's deposition by Wilmer Hale to review (62:6-18). This is, we believe, a significant ellipsis best appreciated in the context of a full record.

Mr. Gershman grounds his opinion that "... *Brady* evidence ... was not disclosed to Mr. Bozella" on what we urge is the flawed decision of County Court Judge James Rooney on Dewey Bozella's CPL 440 Motion. Mr. Gershman adopts Judge Rooney's findings of fact and his conclusions of law, both of which are contested in this litigation by William J. O'Neill and Dutchess County. (id., pp. 17-18). To appreciate our argument that Judge Rooney's decision is an improper basis for Mr. Gershman's opinion the Court will need a complete record which will be provided with our scheduled Summary Judgment motion.

Mr. Gershman testified during his deposition that a "prosecutor is under a constitutional duty to disclose to the defense evidence that is materially favorable" (121:9-14). However, a prosecutor is not "required to disclose his entire case file to the defense ... (nor) is a prosecutor required to disclose information that may be extremely helpful, but is not favorable." "Neutral evidence is evidence that doesn't point in any direction ... for example ... a crime scene where no prints are found." (128:14-23). He said that he cannot explain this concept well in the abstract and out of context. (128:9-14). In this, we believe Mr. Gershman is correct. We need a full record.

We believe that Mr. Gershman's opinions should be stricken and we desire to express our rationale upon a full record that will be available after both sides have presented their argument for and against our summary judgment motion.

Very respectfully,

*Patrick T. Burke*
Patrick T. Burke

PTB:vc
cc: Ross Firsenbaum, Esq. (via e-mail *ross.firsenbaum@wilmerhale.com* and regular mail)
    Peter Macdonald, Esq. (via e-mail *peter.macdonald@wilmerhale.com* and regular mail)

# BURKE, MIELE & GOLDEN, LLP

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

Fax (845) 294-7673

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

KELLY M. NAUGHTON**
JENNIFER S. ECHEVARRIA***
PHYLLIS A. INGRAM ****
ASHLEY N. TORRE

JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS
*** ADMITTED IN NEW YORK, NEW JERSEY & CONNECTICUT
**** ADMITTED IN NEW YORK & CONNECTICUT

ROCKLAND COUNTY OFFICE:

499 ROUTE 304
NEW CITY NY 10956

PLEASE REPLY TO
GOSHEN OFFICE

July 15, 2013

Honorable Cathy Seibel
District Court Judge
300 Quarropas Street
White Plains, NY 10601-4150

Via Fax – 914-390-4278
(w/o enclosure)
Enclosure via Federal Express

Re: Bozella v. County of Dutchess, et al
   10 Civ. 4917 (SDNY)

Dear Judge Seibel:

Further to our correspondence of July 12, 2013 enclosed herewith please find a copy of the expert report of Bennett Gershman referenced therein which was inadvertently not enclosed. We apologize for any inconvenience caused to the Court.

Respectfully,

Patrick T. Burke /vc

Patrick T. Burke

PTB:vc
Enc.
cc: Ross Firsenbaum, Esq. (via e-mail ross.firsenbaum@wilmerhale.com and regular mail)
    Peter Macdonald, Esq. (via e-mail peter.macdonald@wilmerhale.com and regular mail)