> Should Plaintiff rely on Prof. Gershman's report, either in reply on its motion or in opposition to Plaintiff's, Defendants may move to strike it at the same time as they file their reply on their motion. Plaintiff may oppose 30 days thereafter.

**WILMERHALE**

July 17, 2013

Peter J. Macdonald

+1 212 937 7223 (t)
+1 212 230 8888 (f)
peter.macdonald@wilmerhale.com

**VIA FACSIMILE**

Honorable Cathy Seibel
United States District Court for the
  Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and
  United States Courthouse
Room 218
300 Quarropas Street
White Plains, NY 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/13

So Ordered.

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 7/17/13

Re:   *Bozella v. County of Dutchess, et al.*, No. 10 Civ. 4917 (S.D.N.Y.)

Dear Judge Seibel:

I write on behalf of Plaintiff Dewey R. Bozella to respond to Mr. Burke's July 12, 2013 letter. Mr. Burke's letter seeks no relief from the Court, but instead advises that at some future date, after the currently scheduled (and on-going) summary judgment briefing is concluded, Defendants will move *in limine* to strike the expert testimony of Professor Gershman from the summary judgment record. *See* Burke Letter at 1, 3 (noting Defendants' intent to file a motion *in limine* "*after* both sides have presented their argument for and against [Defendants'] summary judgment motion.") (emphasis added). We write to propose a schedule to address the anticipated motion in an orderly manner, and to respond to and correct a misleading footnote in Mr. Burke's letter concerning Defendants' pending appeal of Judge Yanthis' May 16, 2013 Order striking Defendants' untimely disclosures.

While forecasting motion practice pertaining to Professor Gershman, Defendants propose no start date for such additional briefing, other than to assert that it should happen after summary judgment briefing is completed. However, if Defendants assert that Professor Gershman's testimony should be stricken in connection with their motion for summary judgment, that issue should logically be addressed in conjunction with the summary judgment briefing (which is already scheduled). Defendants' approach (*i.e.* complete all summary judgment briefing and thereafter, at some undetermined time, commence additional rounds of briefing) would unnecessarily delay adjudication of the summary judgment motions. Mr. Bozella respectfully submits that *if* Mr. Bozella relies on Professor Gershman's testimony in opposing Defendants' summary judgment motion,[1] any motion to strike that testimony from the summary judgment

---

[1] Mr. Bozella's opening motion for partial summary judgment, served (but not filed, pursuant to the Court's instruction) on June 14, 2013, did *not* rely on Professor Gershman' testimony. Whether Mr. Bozella will rely on Professor Gershman's testimony during summary judgment is

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Honorable Cathy Seibel
July 17, 2013
Page 2

record be made when Defendants serve their reply brief on November 15, 2013. Should Defendants so move, Mr. Bozella will respond 30 days later.

Defendants' contention regarding the admissibility of Professor Gershman's testimony is unfounded. Expert testimony is admissible where it will "help the jury understand concepts it need[s] to know to render a verdict despite the fact that the opinions may encroach on matters of law." *See, e.g., Cary Oil Co. v. MG Ref. & Mktg., Inc.,* No. 99 Civ. 1725, 2003 WL 1878246 at *5 (S.D.N.Y. Apr. 11, 2003) (citing Fed. R. Evid. 704); *see also Fiataruolo v. U.S.*, 8 F.3d 930, 941-42 (2d Cir. 1993) (holding that experts may testify on "mixed questions of fact and law" and affirming admissibility of expert testimony regarding whether taxpayer satisfied the legal standard of a "responsible person" in tax statute). Professor Gershman's opinions are explicitly based on both his own experience and the evidentiary record in this case, and "mirror an example offered by the Advisory Committee to the Federal Rules[2] when distinguishing permissible opinions on ultimate facts from inadmissible legal conclusions." *See, e.g., Cary Oil,* 2003 WL 1878246 at *5 (law professor's expert testimony regarding corporate governance principles and veil-piercing admissible where such testimony was "crucial" for jury "to understand fully the complex issues in th[e] matter").[3]

If permitted to testify, Professor Gershman would offer just such testimony, explaining, for example, pre-trial procedure in criminal cases, omnibus motion practice and the relationship between a prosecutor's multiple disclosure obligations. Such testimony will provide the jury with context for the statements and communications at issue in this case. It will also aid the jury's evaluation of evidence regarding disclosures, and the disclosure policy, of the Dutchess County District Attorney's office. Professor Gershman can also properly address why *Brady* violations often go undetected, thus responding directly to Defendants' assertion that a lack of reported decisions finding *Brady* violations in Dutchess County exonerates them for the conduct at issue in this case.

---

uncertain (Defendants' motion will not be filed until August 15, 2013), and the issue raised in Mr. Burke's letter may ultimately be moot.

[2] The Advisory Committee stated that "the question, 'Did T have capacity to make a will?' would be excluded, while the question, 'Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?' would be allowed." Fed. R. Evid. 704, Advisory Committee Notes (1972 Proposed Rules) (West 2001).

[3] Mr. Burke's suggestion at page 2 of his letter that Professor Gershman seeks to "usurp the function of the trier facts as the assessor of credibility" is also premature, and in any event unfounded (as are the balance of Mr. Burke's criticisms which are at best fodder for cross examination, but not a basis to strike.)

WILMERHALE

Honorable Cathy Seibel
July 17, 2013
Page 3

Finally, Mr. Burke's letter distorts the record regarding Defendants' appeal of Judge Yanthis' May 16, 2013 Order striking Defendants' untimely disclosures, which is *sub judice*. Mr. Burke's statement that the documents at issue in Defendants' appeal are "from the same case files reviewed by Professor Gershman but not selected for his review by Mr. Bozella's counsel" incorrectly suggests that Mr. Bozella's counsel and Professor Gershman were provided access to the Dutchess County District Attorney's office's case files for the 25 cases from which Defendant Dutchess County made the untimely disclosures. To the contrary, Defendants never gave Mr. Bozella access to the Dutchess County District Attorney's case files for 23 of the 25 cases. Judge Yanthis knew this and acted within his discretion to strike Defendants' untimely disclosures. *See, e.g.*, Decl. of Phyllis Ingram, dated May 30, 2013 [Dkt. No. 121] Ex. A at 19:25-22:6.

Accordingly, Mr. Bozella asks that any motion to strike Professor Gershman's testimony from the summary judgment record be filed on the currently scheduled date for the Defendants' reply brief (November 15, 2013), and that Plaintiff's opposition be submitted no later than December 16, 2013.

Respectfully submitted,

Peter J. Macdonald

cc:   Patrick T. Burke, Esq. (*via email*)

# WILMERHALE 

**FACSIMILE**

+1 212 937 7223 (t)
+1 212 230 8888 (f)
peter.macdonald@wilmerhale.com

Date  July 17, 2013

To  Honorable Cathy Seibel                Fax  914-390-4278
                                          Tel

United States District Court for the
Southern District of New York

The Honorable Charles L. Brieant Jr.
Federal Building and United States
Courthouse Room 218
300 Quarropas Street
White Plains, NY 10601-4150

From  Peter J. Macdonald            Pages  4 (including cover)

Re  *Bozella v. County of Dutchess et al.*, No. 10 Civ. 4917 (S.D.N.Y.)

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

This facsimile transmission is confidential and may be privileged. If you are not the intended recipient, please immediately call the sender or, if the sender is not available, call +1 212 230 8800 and destroy all copies of this transmission. If the transmission is incomplete or illegible, please call the sender or, if the sender is not available, call +1 212 230 8800. Thank you.