# BURKE, MIELE & GOLDEN, LLP

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

KELLY M. NAUGHTON**
JENNIFER S. ECHEVARRIA***
PHYLLIS A. INGRAM****
ASHLEY N. TORRE

JOSEPH P. MCGLINN (1941-2000)

\* ADMITTED IN NEW YORK & NEW JERSEY
\** ADMITTED IN NEW YORK & MASSACHUSETTS
\*** ADMITTED IN NEW YORK, NEW JERSEY & CONNECTICUT
\**** ADMITTED IN NEW YORK & CONNECTICUT

ROCKLAND COUNTY OFFICE:

499 ROUTE 304
NEW CITY NY 10956

PLEASE REPLY TO
GOSHEN OFFICE

July 19, 2013

Hon. Cathy Siebel
United States District Court
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Via Facsimile Transmission
914-390-4278

Re: Bozella v. County of Dutchess, et al (10 CIV 4917 (CS))

Dear Judge Siebel:

    I write to respond – briefly, I trust – to Peter MacDonald's letter to the Court of July17th. There are two basic concerns:

    First, Mr. MacDonald has apparently misunderstood the thrust of my July 12th letter to the Court in which we advised the Court and counsel that, if the Plaintiff should oppose our motion for summary judgment based upon the opinions of Bennett Gershman, Esq., we would move to strike that testimony. We did not intend to say that we would make that motion "after" the summary judgment motion process had been completed, but that we intended to do so *within* the parameters of that process, *i.e.*, within our reply papers to the Plaintiff's answer to our motion. We apologize if we confused Mr. MacDonald.

    In a number of places in my July 12th letter, I thought I had made our position clear that "(a)ddressing this issue (*i.e.*, the preclusion of Mr. Gershman's expert opinion) is best done with the context of our current motion schedule because a resolution of it will involve factual determinations for which a full record would be necessary." (PTB July 12, 2013 letter to the Court at 2. See, also, at p.3: "To appreciate our argument ... the Court will need a complete record which will be provided with our scheduled Summary Judgment motion.") We did not intend to state - and did not intend to imply – that our motion *in limine* will be made "after both sides have presented their argument for and against our summary judgment motion" It will be done – if necessitated by Plaintiff's position in his opposition to our summary judgment motion -- within the current briefing schedule. Thus, there is no need to adjust the motion schedule and no need for the Plaintiff to have an additional 30 days to file a sureply.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/2013

    Second, we dispute counsel's assertion that that our letter "distorts the record" with regard to Plaintiff's review of documents from certain "case" files. The identification of these "case" files, which are referred to in our motion papers currently before the Court, relates to documents from Dutchess County Court "case" files on file with the County Clerk's office. They were either reviewed and accessed or available for review and access at all times by both Plaintiff's counsel and Professor Gershman. They were also timely disclosed by Defendants on April 24, 2013.

    If the Court desires, we shall be glad to appear in person for a conference on these issues.

                                      Very truly yours,

                                      PATRICK T. BURKE

Cc:    Peter MacDonald, Esq. (peter.macdonald@wilmerhale.com)
          Ross Firsenbaum, Esq. (ross.firsenbaum@wilmerhale.com)