> I gave Mr. Burke the two weeks, with no further extensions, but Mr. MacDonald is correct that he should have his full 60 days to respond ~~to~~ and Defendants should ~~not get~~ extra time to reply. (exact)
>
> I would appreciate it if the parties would confer on ~~a~~ date and send a letter with the new schedule.
>
> So Ordered.
>
> Cathy Seibel, U.S.D.J.
>
> Dated: 9/4/13

# WILMERHALE

September 3, 2013

Peter J. Macdonald
+1 212 937 7223 (t)
+1 212 230 8888 (f)
peter.macdonald@wilmerhale.com

**VIA FACSIMILE**

Honorable Cathy Seibel
United States District Court
 for the Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and
 United States Courthouse
Room 218
300 Quarropas Street
White Plains, NY 10601-4150

Re:   *Bozella v. County of Dutchess, et al.*, No. 10 Civ. 4917 (S.D.N.Y.)

Dear Judge Seibel:

I write on behalf of Plaintiff Dewey R. Bozella to respond to Mr. Burke's letter.

Defendants offer no explanation for their failure to comply with the Court's deadline. *See* Sept. 3, 2013 Letter from Patrick Burke to Judge Seibel (attaching Aug. 30, 2013 letter from Patrick Burke to Peter Macdonald). Nor do they explain how, only four hours before the deadline, they realized for the first time that they would need two more weeks (in addition to a prior two-week extension). Nothing remotely approaching "excusable neglect" under Rule 6(b) is provided. *See Shorette v. Harrington*, 234 F. App'x 3, 5 (2d Cir. 2007) (failure to comply with summary judgment filing deadline or request extension within proscribed time because of attorney error "does not constitute excusable neglect"); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect").

The Second Circuit has routinely affirmed rulings precluding untimely opposition to a motion for summary judgment. *See Deng v. Compass Group USA, Inc.*, 481 Fed. App'x 28, 29 (2d Cir. 2012) (affirming summary judgment and denial of Rule 60(b) motion where plaintiff failed to request extension of time to respond to summary judgment motion prior to deadline to file opposition brief); *Canfield*, 127 F.3d at 250-51 (affirming dismissal where plaintiff failed to respond to defendant's motion for summary judgment by unambiguous court-ordered deadline). Under the same principle, courts have precluded parties from filing summary judgment papers after missed deadlines absent excusable neglect. *See, e.g., NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.*, 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003) ("The failure to abide by the Court's scheduling order without any showing of good cause is sufficient grounds to deny the plaintiffs' motion for summary judgment"); *Paige v. City of New York Correction Dep't*, 798 F. Supp. 2d 508, 510 (S.D.N.Y. 2011) (deeming motion for summary judgment unopposed, and factual statements made therein as admitted, where *pro se* litigant failed to respond to the motion

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-4-13

WILMERHALE

Honorable Cathy Seibel
September 3, 2013
Page 2

by deadline); *see also* Local Rule 56.1(a) ("[f]ailure to submit [a statement of material facts] may constitute grounds for denial of the motion"); *cf. RLI Ins. Co. v. JDJ Marine Inc.*, 716 F.3d 41, 44 (2d Cir. 2013) (denying motion to extend deadline to file appellant's brief after appellant had already received one extension and requested second extension three days before the brief was due).

The Court should enforce its deadline. Defendants have had ample time to prepare both sets of papers. Indeed, *eight months* have passed since the final deposition of a fact witness and *four months* have passed since the completion of expert discovery. Defendants have also flouted other deadlines in this case. *See, e.g.*, Dkt. No. 121, Ex. A (Judge Yanthis' order striking Defendants' untimely disclosures); *see also e.g.*, Sept. 3, 2013 letter from Peter Macdonald to Patrick Burke, attached to Mr. Burke's letter (citing the Dutchess County Court's reference to the Dutchess County District Attorney's "tortured history of postponements" in the underlying 440 action). While Mr. Bozella previously agreed to a requested extension as a matter of courtesy, there is no basis to disregard the new deadline, particularly given the circumstances of this case.

For these reasons, we respectfully ask that the Court enforce the scheduled dates, and deny the Defendants' application. Mr. Bozella's motion for partial summary judgment, which has been timely served on the Defendants, but not filed pursuant to the Court's procedures, can thereafter be filed promptly.[1]

Respectfully submitted,

*/s/ Peter J. Macdonald*

Peter J. Macdonald

cc: Patrick T. Burke, Esq. (*via email*)

---

[1] Presumably through error, Mr. Burke's letter to the Court requests entry of a new schedule that not only grants Defendants an additional two weeks to file their overdue papers, but actually *reduces* the time period for Mr. Bozella to respond to those papers, and *increases* the time period for Defendants to reply. *Compare* Sept. 3, 2013 Letter from Patrick Burke to Judge Seibel (proposing that Mr. Bozella have 55 days instead of 60 days to respond and Defendants have 53 days instead of 46 days to respond) with Dkt. No. 129. In any event, Mr. Burke never requested such a change to the agreed upon deadlines, which Mr. Bozella would oppose.

# WILMERHALE 

**FACSIMILE**

+1 212 937 7223 (t)
+1 212 230 8888 (f)
peter.macdonald@wilmerhale.com

Date  September 3, 2013

To  Honorable Cathy Seibel                   Fax  914-390-4278
The Hon. Charles L. Brieant Jr. Federal       Tel
Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

From  Peter J. Macdonald                     Pages  3 (including cover)

Re  **Bozella v. County of Dutchess, et al. (10-4917)**

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

This facsimile transmission is confidential and may be privileged. If you are not the intended recipient, please immediately call the sender or, if the sender is not available, call +1 212 230 8800 and destroy all copies of this transmission. If the transmission is incomplete or illegible, please call the sender or, if the sender is not available, call +1 212 230 8800. Thank you.