UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DEWEY R. BOZELLA,

                              Plaintiff,

      - against -

THE COUNTY OF DUTCHESS and WILLIAM J.
O'NEILL,

                            Defendants.
-----------------------------------------------------------------x

**ORDER**

10-CV-4917 (CS)

Appearances:
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Freeman
Craig R. Heeren
Christine Ely
Wilmer Cutler Pickering Hale and Dorr LLP
New York, New York
*Counsel for Plaintiff*

Phyllis A. Ingram
Burke, Miele & Golden, LLP
Goshen, New York
*Counsel for Defendants William O'Neill and County of Dutchess*

Seibel, J.

      Before the Court are the Objections of Defendant County of Dutchess, (Docs. 121-122), pursuant to Fed. R. Civ. P. 72(a), to a May 16, 2013 oral ruling of Magistrate Judge George A. Yanthis. In that ruling he struck, pursuant to Fed. R. Civ. P. 37, 591 pages of documents and a cassette tape[1] disclosed by the County on April 29, 2013. (*See* Doc. 121 Ex. A.) For the reasons stated below, Judge Yanthis's ruling is AFFIRMED.

---

      [1] For convenience, I will henceforth refer simply to "the 4/29 Documents" when referring to the documents and tape disclosed on April 29, 2013. The 4/29 Documents apparently come largely from the files of the District Attorney ("DA") of Dutchess County, but some of them apparently come from the files of the Dutchess County Clerk. (Doc. 121 ¶ 8.)

Familiarity with prior proceedings, the procedural posture of the case, and the factual backdrop of the instant appeal is presumed.

When reviewing a pretrial order regarding non-dispositive issues, a district court judge may only reconsider the order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).  An order is clearly erroneous when the reviewing court on the entire evidence "is left with the definite and firm conviction that a mistake has been committed," and "an order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) (internal quotation marks omitted).

Pursuant to this "highly deferential" standard of review, magistrate judges have "broad discretion" to make rulings in non-dispositive discovery matters.  *Garcia v. Benjamin Grp. Enter., Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011); *see Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 477-78 (S.D.N.Y. 2007) (magistrate judge's ruling that plaintiff waived attorney client privilege not clearly erroneous where there were cases supporting ruling as well as cases supporting plaintiff's position of no waiver).  Thus, "a party seeking to overturn a discovery ruling [by a magistrate judge] generally bears a heavy burden."  *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (internal quotation marks omitted).

Essentially for the reasons articulated by Defendants, (*see* Docs. 124-25), I find that Judge Yanthis's ruling is neither clearly erroneous nor contrary to law.

Rule 26 placed on Defendants an obligation, at the beginning of the case and in a timely fashion thereafter, to specify which documents and things they might use at trial.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), 26(e)(1)(A).  Defendants had this obligation whether or not Plaintiffs

2

were generally aware of the cases to which the 4/29 Documents related, or had possession of other documents related to those cases, or could have gone out themselves to obtain some or even all of the documents from the files of the County Court.  Rule 26 is not designed simply to require one party to alert the other party of the existence of witnesses or documents, but to also ensure that the other party knows that the first party intends to rely on the witnesses or documents.  *See Pal v. N.Y. Univ.*, No. 06-CV-5892, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (even if plaintiff aware of witness, Rule 26 not met unless defendant tells plaintiff of its intention to rely on that witness); *Alfano v. Nat'l Geographic Channel*, No. 06-CV-3511, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) (merely alerting adversary of possible source of information does not meet Rule 26 because adversary entitled to know that party intends to call upon that source of information).  It does not require the Plaintiff to divine what the Defendants might think is important and round up that information himself.  *See Kullman v. New York*, No. 07-CV-716, 2009 WL 1562840, at *6 (N.D.N.Y. May 20, 2009) (Rule 26 violated where party required to guess at intentions of other party).  If the 4/29 Documents were helpful to Defendants, they should have been disclosed initially or via a timely supplement, not a few days before discovery closed.  If the respect in which the 4/29 Documents are helpful is that they show an arguably proper understanding of *Brady* – of which I am not sure because no specifics regarding the 4/29 Documents have been provided – Defendants also should not have represented, as they did via an interrogatory response on May 4, 2012, (Doc. 125 Ex. 1, at 3), that they were not going to rely on any documents to evidence the County's *Brady* policy.[2]

---

[2] Defendants may have meant that they were unaware of any written document setting forth the District Attorney's *Brady* policy, but the question was much broader.  It asked for identification of any documents that the County contended were *evidence* of the District Attorney's *Brady* policy. (Doc. 125 Ex. 1 at 3

Plaintiff was entitled to rely on Defendants' Rule 26 disclosures and on that representation in pursuing fact and expert discovery, without having Defendants change their position at the eleventh hour when important deadlines – including those for fact witness depositions and expert disclosures – had passed and when as a practical matter no use could be made of the information. Even if Plaintiff knew about the cases to which the 4/29 Documents relate, or had some documents relating to those cases, Plaintiff's discovery was hamstrung by not having all of the 4/29 Documents and knowing that the Defendants intended to rely on them.  For example, had Plaintiff received timely disclosure he might have deposed the authors of some of the documents, obtained additional documents from the cases beyond those disclosed, or provided additional material to his expert.

In short, if Defendants were going to rely on documents beyond what Plaintiff had produced, it was obligated to identify them in a timely fashion – which surely must mean during fact discovery and before expert reports are due, at least where (as here) there is no impediment to their doing so.  It would encourage sandbagging if it could be considered timely to make disclosure at the end of discovery, after fact depositions and expert disclosures are done and right before expert depositions were to conclude.  While Defendants suggest that they did not focus on these documents until they received Plaintiff's expert report on January 17, 2013 and Plaintiff's February 8, 2013 request to admit to authenticity of various documents from the DA's files, such an argument turns Rule 26 on its head.  The Rule requires parties, *at the beginning of the case*, to start thinking about what documents they may want to use.  A party may not evade the Rule's strictures by neglecting or postponing that thought process until late in the game. Further, Defendants did not make the required disclosures until months after the Plaintiff's actions apparently prodded them to focus.

Judge Yanthis thus did not clearly err in concluding that Rule 26 was violated by the untimely disclosure. He likewise acted well within his discretion in concluding under Rule 37 that the violation was not substantially justified or harmless.[3] Finally, Judge Yanthis acted well within his discretion in concluding that the sanction of preclusion under Rule 37 was appropriate. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (in determining whether to strike evidence, court is to consider explanation for failure to disclose, importance of evidence, prejudice if evidence not precluded, and possibility of continuance). Defendants provided no reasonable explanation for the untimely disclosure. Nor did they make any showing (either before Judge Yanthis or before me) as to the importance of the evidence, saying only that it puts other documents "into context" and "present[s] . . . a complete picture." (Doc. 122, at 13.) These generalities are too vague for one to discern what is so important about the 4/29 Documents.[4] Plaintiff would be prejudiced if the documents were not stricken, because he would either be deprived of discovery relating to them or would have to endure a lengthy re-

---

[3] The absence of substantial justification and presence of harm to Plaintiff are discussed above in connection with whether Rule 26 was violated and below in connection with whether preclusion was an appropriate sanction.

[4] Nor have Defendants stated exactly what the 4/29 Documents are, beyond stating that they are discovery pleadings, motion papers and court orders and decisions. (*See* Doc. 122, at 2; Doc. 121 Ex. E, at 3.) If they include documents prepared by Assistant DAs ("ADAs") using language that suggests a proper understanding of *Brady*, the failure to identify them sooner is truly baffling. As evidence of the DA's alleged unconstitutionally narrow *Brady* policy, the Amended Complaint cites specific language used in the responses of ADAs to *Brady* requests. (*See* Doc. 80 ¶¶ 168-78.) Given that fact, one would think that Defendants would have immediately set out to identify cases where ADAs used language consistent with a broader understanding of *Brady*, would have promptly disclosed the documents evidencing that language under Rule 26, and would have promptly identified those documents when asked to specify the documents on which they intended to rely as evidencing the DA's *Brady* policy. But as noted, I am not sure if the 4/29 Documents contain such documents.

opening of what has already been a lengthy discovery process.  A continuance was not feasible given the length of the discovery process that had already occurred, the age of the case and the motion schedule already in place.

     Accordingly, Judge Yanthis's oral discovery ruling of May 16, 2013 is AFFIRMED.[5]

Dated: September 24, 2013
       White Plains, New York

                                                    *Cathy Seibel*
                                                    CATHY SEIBEL, U.S.D.J.

---

[5] Given that Rule 26(a)(1)(A)(ii) does not require disclosure of documents or things that would be used solely for impeachment, Defendants are not precluded from using the 4/29 Documents solely for that purpose.