# BURKE, MIELE & GOLDEN, LLP
### 40 MATTHEWS STREET
### SUITE 209

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

ROCKLAND COUNTY OFFICE:

499 ROUTE 304
NEW CITY NY 10956

KELLY M. NAUGHTON **
JENNIFER S. ECHEVARRIA ***
PHYLLIS A. INGRAM ****
ASHLEY N. TORRE *

FAX (845) 294-7673

PLEASE REPLY TO
GOSHEN OFFICE

JOSEPH P. MCGLINN (1941-2000)

\* ADMITTED IN NEW YORK & NEW JERSEY
\*\* ADMITTED IN NEW YORK & MASSACHUSETTS
\*\*\* ADMITTED IN NEW YORK, NEW JERSEY & CONNECTICUT
\*\*\*\* ADMITTED IN NEW YORK & CONNECTICUT

January 13, 2014

Hon. Cathy Seibel
United States District Court
300 Quarropas Street – Room 218
White Plains, New York 10601-4150

Via Fax – 914-390-4278  - 3 pgs.

Re:  Bozella v. County of Dutchess, et al – 10 Civ. 4917 (SDNY)

Dear Judge Seibel:

      I write to respond to the letter request of plaintiff's counsel for a pre-motion conference to discuss the plaintiff's desire to file a "motion to strike Defendants *amendments* to their Rule 56.1 statement or, in the alternative, to file a response to those *amendments*." I have placed an emphasis on the word "amendments" because, as the record will reflect, the defendants have made no "amendments" to the statement of material facts (SOMF) found in their 56.1 statement.

      Local Rule 56.1 is captioned "Statements of a Material Facts on Motion for Summary Judgment," ("SOMF") This rule requires a movant to annex to the motion a "separate, short and concise statement . . . of the material facts as to which the moving party contends there is no genuine issue to be tried." There have been no amendments, changes or corrections to any SOMF found in the defendants Local Rule 56.1 Statement. Fed. R. Civ. P. 56(c)(1)(A) states that a party asserting that a fact cannot be genuinely disputed must support that assertion by "citing to particular parts of materials in the <u>record</u> . . ."

      The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001) Here, it is undisputed that all the evidence in the defendants SOMF is part of the record. The plaintiff does not claim that the full record before this Court does not support the facts asserted, but that the specific portion of the record cited by the defendants does not do so. The defendants have corrected their 56.1 statement simply to cite the appropriate portion of the record to support the fact asserted.

      Two examples of the defendants' corrections:

      **56.1 Paragraph 1.)** The Plaintiff's response to paragraph 1 of the Defendants' 56.1 Statement notes that the exhibit which the Defendants have cited "does not support the

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-13-14

proposition that Evelyn Petterson went to 15 North Hamilton Street '[a]t about 9:30 in the morning'; that she went 'to check on [Ms. Crapser], as was her custom'; that she was upset; or that she called the police." That is correct. Exhibit A, the exhibit cited by the Defendants at this point, is a two page COP PD Complaint Report of Officers Sauter and Lillis dated June 15, 1977, which supports that portion of this paragraph which reports that the officers had been sent to Ms. Crapser's apartment on the morning of that day, that when they got there they found Emma Crapser dead, and that they relayed this information to their headquarters. Burke Aff. Ex. A. at WH 5544-45. Support for Mrs. Petterson's actions and reactions on June 15, 1977 is found in the next exhibit, Exhibit B, the COP PD Complaint Report of Detective Bureau of Detectives Shelly and Murphy. Burke Aff. Ex. B at WH-6560. The defendants' correction points this out.

   **56.1 Paragraph 104.)** This portion of the Defendants' 56.1 Statement states: "At the conclusion of their Disclosure Demands, Bozella's lawyers made two general requests. At paragraph (29) they sought '(a)ny evidence exculpating the defendant', to which the prosecutor responded: As the People have already stated, there are numerous items of exculpatory evidence which the People consent to turning over to the defendant as soon as possible. (Ex. TT)" The Plaintiff's response states that "(t)he evidence cited does not contain the quoted prosecutor's response." That is correct. Our correction said: "(t)he evidence cited, Exhibit TT, are the Defendant's Disclosure Demands. The prosecutor's response is found at Exhibit UU, Bates Numbers WH 6276-6278 at 6278." These corrections are made not solely to advance the defendants' cause but also to assist the Court in its analysis of the defendants' 56.1 statement. The defendants have proposed no additional facts different from those set forth in the defendants' original 56.1 statement.

   The plaintiff's application to strike or respond further to the defendants' site corrections provides no details concerning prejudice. At page 2 of counsel's current letter, the plaintiff states, without elaboration, that the defendants' correction of the record citation in paragraph 121 seeks to "add descriptions of the evidence or otherwise amend the defendants' . . . statement of undisputed facts." It does not do so.

   **56.1 Paragraph 121** states: "The detectives' report (People's Exhibit 1 for the hearing) is found at Ex. J, Bates Nos. WH 6521 to 6529. It is referred to on ADA O'Neill's *Rosario* list dated November 22, 1983 as "Regula 6/15/77, 9 pages" (See, paras. 117-121, below). Steiman has conceded that he received a copy of this report prior to trial. (See, Ex. QQ, Steiman dep. at 165:22-167:17; 168:11-16, 169:8-10)."

   The defendants corrected this entry by stating: **"56.1 Paragraph 121.)** The Plaintiff is correct that the report being discussed at Ex. QQ, Steiman dep. at 165:22-167:17 is not the same report as the one identified on ADA O'Neill's *Rosario* list dated November 22, 1983 as 'Regula 6/15/77, 9 pages' (Ex. EEE at 2016). The report being discussed at Ex. QQ, 165:22-167:17 is Detective Shelly's report found under Ex. B at WH 6560-6568. It is also found under Ex. EEE, ADA O'Neill's 'Rosario list' where it is identified as: 'Shelly 6/15/77 8 pages.' The fact that this correction is a non-issue is found at the plaintiff's further response to Para. 121 SOMF where the plaintiff states that "neither (he) nor Mr. Steiman (Bozella's trial attorney) claimed during the 440 proceeding or in this action that the Regula/Groth report or the 8 page Shelly report cited in this paragraph is among the undisclosed *Brady* evidence." (Response 121c.ii).

   Bozella's claim that the defendants' corrections "prejudice Mr. Bozella" (p.2) is unsupported and the examples given do not support such a claim. Plaintiff's counsel's letter states: "For example, paragraph 221 of Defendants' 56.1 statement stated that Detective Regula testified that the information in *paragraph 211* of the 56.1 statement was evidence implicating

Mr. Bozella for the Crapser Murder. Mr. Bozella disputed that statement because Detective Regula had not testified to the information in paragraph 211. The Amendments alter paragraph 221 to refer to paragraph 220 rather than 211, but Mr. Bozella's response to paragraph 221 does not address the information in paragraph 220. Similarly, Mr. Bozella's response to paragraph 121 does not respond to the new information (described *supra*, at 2) that Defendants seek to add to that paragraph. (emphasis the original's)

**Paragraph 221** originally stated: "221.) Regula testified at his recent deposition that the information set forth in para. 211, supra, still further evidence implicating Dewey Bozella in the murder of Emma Crapser "(s)o that (his) statement to the 440 Court that the only evidence implicating Mr. Bozella was the testimony of Wayne Moseley and Lamar Smith is not quite correct.". (Ex. H at 87:5-9; 88:24). The preceding SOMF states: **Paragraph 220.)** Regula also testified at his deposition that Gray gave a sworn statement to Detective Regula and his partner Enno Groth in which Gray described a conversation he had had with Moseley. (Ex. H at 85:9-86:2, discussing Ex. T, Bates No. 3778). Gray told the detectives that he and Moseley encountered Pittman in Mansion Square Park, but that Moseley refused to acknowledge Pittman because, Gray said, Moseley said Pittman "is the mother fucker who squealed on me." (Ex. T) Gray also told Detectives Regula and Groth that he continued his conversation with Moseley after Pittman passed by. Gray said that Moseley told him that "(he), Slobo (Bozella) and Sweet Pea (Pittman) had pulled the job on the old lady on Hamilton Street and that Sweet Pea had been the lookout, but that he ratted them out." (Ex. T, discussed at Ex. H at 86:10-20). Any fair reading of these two paragraphs would indicate that the information set forth in paragraph 220 is the information to which paragraph 221 refers – not the information in paragraph 211. Our correction points this out. Paragraph 211 sets forth the portion of Steiman's deposition where he acknowledges that he did not tell the CPL 440 Court about the disclosures he had received from the DCDAO prior to Bozella's 1983 trial. It has no conceivable relation to paragraph 221.

Courts in this Circuit disfavor motions to strike and require that the moving party bear a heavy burden in seeking such relief. *Morse v. Weingarten*, 777 F. Supp. 312, 319 S.D.N.Y.1991) The complete record served with defendants' 56.1 now contains the corrected cited references. Nothing new has been added to the defendants SOMF. There is no basis for relief here.

Very truly yours,

Patrick T. Burke

PTB:vc
c: Ross Firsenbaum, Esq.
   Peter J. Macdonald, Esq.