MEMO ENDORSED

**WILMERHALE**

January 8, 2014

**VIA ECF**

Honorable Cathy Seibel
United States District Court
  for the Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and
  United States Courthouse, Room 218
300 Quarropas Street
White Plains, NY 10601-4150

Peter J. Macdonald

Pre-motion conference to be held on: Jan. 24, 2014 at 4:30 pm. Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.

So ordered.

Cathy Seibel, U.S.D.J.

Dated: 1/14/14

Re:   *Bozella v. County of Dutchess, et al.*, No. 10 Civ. 4917 (S.D.N.Y.)

Dear Judge Seibel:

I write on behalf of Plaintiff Dewey R. Bozella pursuant to Section 2(A) of the Court's Individual Practices to request a pre-motion conference regarding Mr. Bozella's motion to strike Defendants' amendments to their Rule 56.1 statement or, in the alternative, to file a response to those amendments. Defendants refuse to withdraw their amendments and have declined to consent to Mr. Bozella's filing supplemental responses. *See* Exs. A-B.

The Court ordered Defendants to serve their motion for summary judgment (and all related papers, including their Rule 56.1 statement) on September 13, 2013. *See* Dkt. No. 136 (the "Scheduling Order"). Defendants thereafter served a 128-page, 458-paragraph Rule 56.1 statement (which was actually served on September 14, 2013 at 1:28 a.m.). Mr. Bozella then timely served his opposition papers on November 12, 2013, which included his response to Defendants' 56.1 statement and his counterstatement. On December 30, 2013, Defendants served a response to Mr. Bozella's counterstatement (the "Response"), which included sections styled "Introductory Procedural Statement Concerning Plaintiff's Response to Defendants' Rule 56.1 Statement" (the "Introductory Procedural Statement") and "Corrections to Certain Citations to the Record in Defendants' Rule 56.1 Statement" (the "Corrections").

Paragraph 2 of the Introductory Procedural Statement and all of the Corrections (collectively, the "Amendments")[1] improperly attempt to amend Defendants' original 56.1 statement more than three months after it was served and more than 45 days after Mr. Bozella

---

[1] Defendants mistakenly contend that their "corrections" are not "amendments." *Compare* Ex. B (Defendants' Jan. 7, 2014 letter) *with* Black's Law Dictionary (9th ed. 2009) (defining "*amendment*" as "1. A formal revision or addition proposed or made to a statute, constitution, pleading, order, or other instrument; specif., a change made by addition, deletion, *or correction*; esp., an alteration in wording.") (emphasis added).

USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/14

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

Honorable Cathy Seibel
January 8, 2014
Page 2

responded to it. For example, Mr. Bozella disputed paragraph 104 of Defendants' original 56.1 statement because Defendants did not cite evidence supporting the stated proposition. Defendants admit in their Response that Mr. Bozella "is correct" but attempt to amend paragraph 104 by pointing in their Response to different evidence that was not originally cited. Defendants applied the same approach, or a variation on it, to paragraphs 1-2, 104-05, 111, 114, 121, 124, 153, 169, 195, 221, 223, 247, 260-63, 266, and 451 of Defendants' Rule 56.1 statement. Some Amendments also purport to add descriptions of the evidence or otherwise amend Defendants' claimed statement of undisputed fact. *Compare, e.g.*, Amendment to ¶ 121 (stating that Officer Shelley's report "is also found under Ex. EEE, ADA O'Neill's Rosario list, where it is identified as 'Shelly 6/15/77 8 pages'") *with* Defs.' Rule 56.1 statement ¶ 121 (making no connection between Detective Shelley's report and the so-called "Rosario list"). And one Amendment seeks to undo Defendants' improper reliance on evidence struck by Judge Yanthis (*see* Order, dated May 16, 2013 [Dkt. No. 121-A]) and this Court (*see* Order, dated Sept. 24, 2013 [Dkt. No. 137]) by replacing an exhibit (that was struck by the Court) with a different document (two non-consecutive pages of a multi-page document) that Defendants did not originally include in the summary judgment record.[2]

We are aware of no rule or procedure authorizing the Amendments, and Defendants have cited nothing in response to our request for any relevant legal authority. *See* Exs. A-B. Defendants' Rule 56.1 statement was due on September 13, 2013. *See* Dkt. No. 136; Local Rule 56.1(a) (requiring the statement to be "annexed to the notice of motion"). The Amendments, coming two and a half months later, result in a Defendants' Rule 56.1 statement that must be pieced together from two different documents. They also reflect an abuse of the Court's bundling process—had Defendants filed their opening papers on September 13, 2013, there would be no question that an amendment two and a half months later without authorization was improper.

Moreover, the Amendments prejudice Mr. Bozella. Mr. Bozella's response to Defendants' Rule 56.1 statement addressed the statements and evidence in Defendants' original 56.1 statement. If the Amendments were permitted, Mr. Bozella's responses would not fully respond to Defendants' modified statements. For example, paragraph 221 of Defendants' 56.1

---

[2] Defendants previously informed Mr. Bozella that they intended to amend their opening summary judgment papers to ensure that all evidence struck by the Court (and references thereto) were removed from their papers. *See* Ex. C. Mr. Bozella responded that he had no objection to the *removal* of such evidence (and references thereto), but objected to the *addition* of any evidence to the summary judgment record or other modification to Defendants' opening papers. *See* Ex. D. Hoping to avoid burdening the Court, Mr. Bozella asked Defendants on multiple occasions to provide him with a set of the actual papers Defendants proposed to file. *See* Exs. D-I. Defendants have not done so. *See id.*

WILMERHALE

Honorable Cathy Seibel
January 8, 2014
Page 3

statement stated that Detective Regula testified that the information in *paragraph 211* of the 56.1 statement was evidence implicating Mr. Bozella for the Crapser Murder. Mr. Bozella disputed that statement because Detective Regula had not testified to the information in paragraph 211. The Amendments alter paragraph 221 to refer to paragraph 220 rather than 211, but Mr. Bozella's response to paragraph 221 does not address the information in paragraph 220. Similarly, Mr. Bozella's response to paragraph 121 does not respond to the new information (described *supra*, at 2) that Defendants seek to add to that paragraph. These confusing circumstances result directly from Defendants' improper submission, and in these and other instances, Mr. Bozella would raise responses disputing the amended paragraphs.

The appropriate sanction is to strike the Amendments. *See* Fed. R. Civ. P. 56(e)(4). Defendants cannot claim that the Amendments are substantially justified. *See* Order, dated Sept. 24, 2013 [Dkt. No. 137] at 5-6 (holding that the County's untimely disclosures were not substantially justified and citing cases). Defendants had more than *eight months* after the final fact deposition and more than *four months* after the close of all discovery to prepare and serve their Rule 56.1 statement. Permitting the Amendments and inviting additional submissions would further extend the summary judgment schedule, which is relief that Defendants have previously sought and the Court rejected. *See* Order, dated Sept. 4, 2013 [Dkt. No. 130] (ordering "no further extensions"); Order, dated Sept. 13, 2013 [Dkt. No. 136] (rejecting Defendants' request to further extend deadlines).

While Defendants' summary judgment briefs exceeded the Court's page limitations and were served just after the relevant deadlines, Mr. Bozella did not object because those issues did not cause substantial prejudice. But the Amendments do. Moreover, Defendants have refused to consent to Mr. Bozella's being permitted to respond to the Amendments, *see* Ex. B, leaving Mr. Bozella no choice but to seek the requested relief. Accordingly, Mr. Bozella asks that the Court strike the Amendments or, if the Amendments are to be permitted, in the alternative allow Mr. Bozella to respond to them.

Respectfully submitted,

*Peter Macdonald*

Peter J. Macdonald

Cc:   Defendants' Counsel
Encls.