# BURKE, MIELE & GOLDEN, LLP

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

KELLY M. NAUGHTON **
JENNIFER S. ECHEVARRIA ***
PHYLLIS A. INGRAM ****
ASHLEY N. TORRE *

JOSEPH P. MCGLINN (1941-2000)

\* ADMITTED IN NEW YORK & NEW JERSEY
\*\* ADMITTED IN NEW YORK & MASSACHUSETTS
\*\*\* ADMITTED IN NEW YORK, NEW JERSEY & CONNECTICUT
\*\*\*\* ADMITTED IN NEW YORK & CONNECTICUT

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

ROCKLAND COUNTY OFFICE:

499 ROUTE 304
NEW CITY NY 10956

PLEASE REPLY TO
GOSHEN OFFICE

January 17, 2014

**VIA ELECTRONIC MAIL**
Honorable Cathy Seibel
United States District Court, Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and
  United States Courthouse, Room 218
300 Quarropas Street
White Plains, New York 10601-4150

Re: Bozella v. County of Dutchess, et al.
    10 CIV 4917 (CS)

Dear Judge Seibel:

Defendants submit this correspondence in accordance with the Court's Order of January 10, 2014. The two Court opinions cited in Plaintiff's January 8, 2014 letter support Defendants arguments expressed in their summary judgment papers and in opposition to Plaintiff's. Neither case expresses a change in the law that would warrant Plaintiff's submission of his 3 page letter sur-reply.

*Matusick v. Erie County Water Authority*, ("ECWA") 2014 WL 30694 (2d Cir. January 6, 2014), supports a determination that preclusion is not warranted here. The *Matusick* Court applied the well-established collateral estoppel standard i.e., the existence of the identicality of issues, finality, and a full a fair opportunity to be heard. *Id* at 9 -11.

Unlike *Matusick*, in the present case, the Defendant County did not have a full and fair opportunity to litigate the factual issue present in the 440 proceeding. Neither Dutchess County or Defendant O'Neill was a party to the 440 Court proceeding nor was it in privity with the DCDAO. See, Defendants OMOL at 12-17. In addition, the County Court did not finally and actually render factual findings on the issue identical to the issue in the present case; to wit: whether Plaintiff's constitutional rights to due process were violated as a result of a custom, policy or practice of the County of Dutchess in disclosing only truly exculpatory *Brady* material nor was the County Court's decision to vacate Mr. Bozella's judgment of conviction "adopted"

by Dutchess County. See Defs. OMOL at 9-12. Rather, the DCDAO made a prosecutorial determination, after the County Court's decision, not to pursue an appeal of the decision or to retry Mr. Bozella. See Burke Aff. Exh TTTTT 230-231, 233-236. Moreover, the standard and legal framework within which Judge Rooney evaluated the evidence in the 440 proceeding (a reasonable possibility standard) and the standard to be applied to the evidence in this federal court constitutional action (a reasonable probability standard) are different. See, *People v. Vilardi*, 76 N.Y.2d 67 (1990) and *U.S. v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1985). Thus, the Court's decision in *Matusick* is further support for a denial of Plaintiff's motion for partial summary judgment.

The Court's holding in *Matusick* finding that a reasonable jury could hold the defendant ECWA liable on Plaintiff's *Monell* claim is also inapplicable in this action. Here, unlike in *Matusick*, there is no allegation let alone proof in the record to establish the presence of "frequent and severe" *Brady* violations, or even of complaints that DCADAs failed to understand their *Brady* disclosure obligations when they exercised their legal judgment in deciding what, when and whether to disclose *Brady* information that could constitute the County's acquiescence in or constructive knowledge of, such action or constitute the need for supervision or specialized training. Of significance, Plaintiff's Amended Complaint does not allege any supervisory failure to act, any deliberate indifference to the need to act, or conduct amounting to tacit acquiescence in misconduct, or any failure to train in the face of any misconduct. Accordingly, the *Matusick* holding is of no import to Plaintiff's *Monell* claim.

The Court's decision in *Jones v. City of New York*, 2013 WL 6814796 (EDNY December 20, 2013) lends further support to the Defendants' motion for summary judgment. In *Jones*, the Plaintiff alleged his constitutional rights were violated "because the conduct complained of resulted from 'customs, policies, usages, practices, procedures, and rules of the City and District Attorney.'" *Id.* at 1. There, the court found the misconduct alleged dealt with the function of prosecutorial decision making in making *Brady* determinations that were "exercises of legal judgment undertaken in preparation for trial" and were "prosecutorial in nature." *Id.* at 4, 9. It noted that in making prosecutorial decisions, the independence of district attorneys is essential, that they "necessitate the exercise of completely impartial judgment and discretion" and in such instances the district attorney "represents the State not the County." *Id.* at 3, 6 and cases cited to therein. The Court further noted that the case at bar did not deal with an administrative municipal policy or custom that would allow for the district attorney to be treated as a municipal policy maker such as "building management, maintenance decisions, or discrimination against employees." Id. at 8. Accordingly, because the nature of the function of the alleged misconduct involved prosecutorial decision making by the ADAs (as is the case herein), the Court in *Jones* found the individual ADAs were entitled to both absolute prosecutorial immunity and sovereign immunity. The Court also dismissed Plaintiff's *Monell* custom and policy claim based on a failure to train theory (as did the Court in this case) as he had failed to allege the requisite pattern of similarity of misconduct. The Court further found that as a matter of law, the City could not be responsible for District Attorney training policies or practice noting that "the City cannot control or intervene in training in any way" *Id.* at 6.

The nature of the function at issue here is the same as in the *Jones* case. It does not deal with an administrative policy or custom such as building management, maintenance decisions, or

discrimination against employees or workplace hiring, payroll administration and the like. Rather as was the case in *Jones*, the nature of the tasks involved herein (the *Brady* disclosure decision making process) are "tasks directly connected with the prosecutor's basic trial advocacy and prosecutorial duties – including Brady decisions-should under *Van de Kamp* be treated as "prosecutorial conduct." *Id.* at 9 citing cf., *McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997).

At issue here, like in *Jones,* is whether DC ADAs exercised proper legal judgment as required by law when making *Brady* disclosures; a function "inextricably connected with prosecution of criminal cases. It involves 'legal knowledge and the exercise of discretion.' *Van de Kamp*, 555 U.S. at 345. It is prosecutorial in nature." *Jones*, supra at 9.

Indeed, despite unfettered access to the DCDAO criminal case files and the Dutchess County Clerk files, Plaintiff failed to discover any evidence that wasn't turned over in any of those cases that should have been turned over, evidence Plaintiff's counsel represented to this Court was necessary to establish his claim. See, 3/13/12 transcript at p. 24 annexed to the Ingram Reply affirmation as Exhibit A.

Neither of the court's holdings in the *Matusick* or *Jones* case effect the legal contentions set forth by the Defendant in their motion papers other than to lend further support for the propositions expressed therein and the appropriateness of an order from this court granting summary judgment in favor of the Defendants and against the Plaintiff.

Respectfully submitted,

Phyllis A. Ingram

Cc: Peter Macdonald, Esq.
Ross Firsenbaum, Esq.
Patrick T. Burke, Esq.
Michael K. Burke, Esq.