UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE COUNTY OF DUTCHESS, | ) No. 10 Civ. 4917 (CS) |
| Defendant. | ) |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND TO REARGUE**

WILMER CUTLER PICKERING
HALE AND DORR LLP

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
Christine D. Ely
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

**TABLE OF CONTENTS**

Page

ARGUMENT ...................................................................................................................................1

I.   The Court Considered All Material Facts And Controlling Law Regarding The County's Unconstitutional *Brady* Disclosure Policy. ............................................................2

II.  The Court Considered All Material Facts And Controlling Law Regarding District Attorney Grady's Role as the County's Final Policymaker. ................................................4

III. The Court Correctly Concluded That The Amended Complaint States a *Monell* Claim Against The County. ..................................................................................................5

IV.  The County's "Factual Errata" Are Improper And Irrelevant. ............................................7

CONCLUSION ..............................................................................................................................10

i

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*American Nat'l Fire Ins. Co. v. Mirasco, Inc.*,
   No. 99 Civ. 12405, 2001 WL 62896 (S.D.N.Y. Jan. 26, 2001).................................................1

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).................................................................................................................3

*Berry v. Baca*,
   379 F.3d 764 (9th Cir. 2004) ...................................................................................................7

*Finkelstein v. Mardkha*,
   518 F. Supp. 2d 609 (S.D.N.Y. 2007)..................................................................................1, 2

*Henderson v. Metro. Bank & Trust Co.*,
   502 F. Supp. 2d 372 (S.D.N.Y. 2007)..................................................................................1, 2

*In re World Trade Ctr. Disaster Site Litig.*,
   No. 21 MC 100, 2008 WL 2704317 (S.D.N.Y. July 10, 2008).................................................2

*Jett v. Dallas Independent School Dist.*,
   491 U.S. 701 (1989).................................................................................................................7

*Jones v. City of New York*,
   988 F. Supp. 2d 305 (E.D.N.Y. 2013) .....................................................................................4

*Logan v. Matveevskii*,
   No. 10 Civ. 9247, 2014 WL 5025953 (S.D.N.Y. Sept. 29, 2014) ...........................................8

*Miller v. Cnty. of Nassau*,
   467 F. Supp. 2d 308 (E.D.N.Y. 2006) .....................................................................................4

*Myers v. Cnty. of Orange*,
   157 F.3d 66 (2d Cir. 1998)...................................................................................................4, 5

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013).....................................................................................................5

*Psihoyos v. John Wiley & Sons, Inc.*,
   No. 11 Civ. 1416, 2011 WL 5980423 (S.D.N.Y. Nov. 29, 2011) .......................................4, 7

*Rockland Exposition, Inc. v. Alliance of Automotive Service Providers of New Jersey*,
   894 F. Supp. 2d 288 (S.D.N.Y. 2012).....................................................................................6

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995)..................................................................................2

*Sorlucco v. New York City Police Dep't*,
  971 F.2d 864 (2d Cir. 1992)..................................................................................7

*United States v. Grossman*,
  843 F.2d 78 (2d Cir. 1988)..................................................................................8, 9

*United States v. Volpe*,
  42 F. Supp. 2d 204 (E.D.N.Y. 1999) ..................................................................8, 9

*USA Certified Merchants, LLC v. Koebel*,
  273 F. Supp. 2d 501 (S.D.N.Y. 2003)..................................................................1

*Walker v. City of New York*,
  974 F.2d 293 (2d Cir. 1992)..................................................................................4

**STATE CASES**

*Ramos v. City of New York*,
  285 A.D.2d 284 (N.Y. App. Div. 2001) ..............................................................4

**RULES**

Fed. R. Civ. P. 8..................................................................................................5

Fed. R. Civ. P. 15(b) ...........................................................................................6

S.D.N.Y. Local Rule 6.1(a)..................................................................................1

S.D.N.Y. Local Rule 6.1(b)..................................................................................1

Plaintiff Dewey R. Bozella respectfully submits this memorandum of law in opposition to the Defendant's Motion for Reconsideration and to Reargue, dated October 7, 2014 (the "Motion").[1] The County's[2] Motion merely re-asserts arguments previously made in its summary judgment motion and that the Court considered and rejected in its detailed September 23, 2014 Order. The Court should deny the Motion.

## ARGUMENT

A motion for reconsideration is "an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources,'" *USA Certified Merchants, LLC v. Koebel*, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)), and must be construed narrowly and strictly "so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt," *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).[3] It cannot be used to re-argue issues already raised, considered, and rejected. *Finkelstein v.*

---

[1] The County both disregarded the Court's instruction to attempt to "agree upon a scheduling order" for this Motion with Mr. Bozella, *see* Hr'g Tr. 56, Sept. 23, 2014 (attached as Exhibit A to Aff. of Patrick Burke in Support of Def.'s Mot. for Reconsideration and to Reargue, Oct. 7, 2014 [Dkt. No. 194]) (the "Order"), and unilaterally imposed the wrong briefing schedule for this Motion, *see* Def.'s Notice of Motion for Reconsideration and to Reargue, Oct. 7, 2014 [Dkt. No. 193] (imposing (without consulting Mr. Bozella) seven days for Mr. Bozella to oppose the Motion pursuant to Local Rule 6.1(a) when Local Rule 6.1(b)'s 14-day deadline applies to a motion for reconsideration of a summary judgment decision).

[2] Capitalized terms not defined in this memorandum shall have the meaning set forth in the Rule 56.1 Statement in Support of Pl.'s Mot, for Partial Summ. J., June 14, 2013 (the "Rule 56.1 Statement" or "Pl. SOF") [Dkt. No. 158] or Pl. Dewey R. Bozella's Am. Resp. to Defs.' Rule 56.1 Statement (with Corrections) and Counter-Statement of Additional Material Facts, Feb. 7, 2014 ("Pl. CSOF") [Dkt. No. 188].

[3] The standard for a motion to reargue is the same. *See, e.g., American Nat'l Fire Ins. Co. v. Mirasco, Inc.,* No. 99 Civ. 12405, 2001 WL 62896, at *1 (S.D.N.Y. Jan. 26, 2001) ("to be entitled to ***reargument and reconsideration***, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (internal citations omitted and emphasis added)).

*Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007) ("[A] motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." (internal quotation marks omitted)); *see In re World Trade Ctr. Disaster Site Litig.*, No. 21 MC 100, 2008 WL 2704317, at *1 (S.D.N.Y. July 10, 2008) ("A motion for reconsideration does not provide the parties with an opportunity to reargue issues that have already been decided just because a party is displeased with the original outcome."). To merit reconsideration, the County must demonstrate (i) that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion; (ii) an intervening change in controlling law; (iii) the availability of new evidence; or (iv) the need to correct a clear error or prevent manifest injustice. *See, e.g.*, *Henderson*, 502 F. Supp. at 376; *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

The County's Motion ignores this high standard. The County does not contend that an "intervening change in controlling law" or "new evidence" justifies reconsideration. *See, e.g.*, *Henderson*, 502 F. Supp. at 376. Nor does it contend that reconsideration is necessary to "correct a clear error or prevent manifest injustice." *See id.* At best, the Motion attempts to argue that the Court overlooked controlling law or material facts.

The Court did not.

**I.      The Court Considered All Material Facts And Controlling Law Regarding The County's Unconstitutional *Brady* Disclosure Policy.**

The County admits that it contended in its summary judgment motion that no disputed facts exist about whether the County had an unconstitutional *Brady* disclosure policy. *See* Mem. of Law in Support of Def.'s Mot. for Reconsideration and to Reargue, Oct. 7, 2014 ("the

Memorandum" or "Def.'s Mem.") [Dkt. No. 195] at 6 ("In its motion for summary judgment Defendant contended that the Plaintiff had failed to establish a question of fact as to the existence of a long-standing custom, practice, or policy that the County did not adhere to . . ."). The County's Motion rehashes the same argument that this Court considered and rejected. *See id.* at 5-8; *see also* Order at 44 ("[t]here is some evidence of an unduly narrow reading of *Brady* and some evidence suggesting the contrary," which creates "a classic factual dispute" precluding summary judgment).[4] The County does not identify any controlling law or material facts that the Court overlooked. The summary judgment record contains ample evidence showing, at minimum, the existence of a disputed fact on this issue. *See, e.g.*, Pl. CSOF ¶¶ 475-500 (evidence showing that the Template Language was the DCDAO's "form," "template," "standard," "standardized," or "generic response" to defendants' requests for *Brady* material; that at least 13 ADAs in an office of roughly 15 prosecutors used the Template Language on occasions spanning more than two decades; that the Template Language reflected the understanding of *Brady* disclosure obligations of several former and current ADAs; and that District Attorney Grady was aware of and ratified the ADAs' use of the Template Language, and considered the Template Language a proper articulation of the DCDAO response to defense omnibus motions for *Brady* material).

---

[4] The County's claim that this "finding . . . should have, as a matter of law, provided a basis for the court to find summary judgment," *see* Def.'s Mem. at 7, flips the law on its head. The existence of conflicting evidence requires **denial** of summary judgment. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[D]isputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

**II.     The Court Considered All Material Facts And Controlling Law Regarding District Attorney Grady's Role as the County's Final Policymaker.**

The County also attempts to re-litigate the Court's conclusion that the Dutchess County District Attorney is the County's final policymaker.  *See* Def.'s Mem. at 9-13; Order at 23, 41.  Here, too, the County does not, and cannot, identify any controlling law or material facts that the Court overlooked in reaching its decision.  Instead, the County relies on two district court decisions that (i) are not controlling on this Court, *see Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2011 WL 5980423, at *1 (S.D.N.Y. Nov. 29, 2011) ("controlling" under Local Rule 6.3 requires Second Circuit or United States Supreme Court authority); and (ii) the Court expressly considered and rejected in its Order, *compare* Def.'s Mem. at 9-12 (addressing *Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) and *Jones v. City of New York*, 988 F. Supp. 2d 305 (E.D.N.Y. 2013)) with Order at 42-43, 47 (distinguishing *Miller* and *Jones*).  The Court reasonably (and properly) relied on ***controlling*** Second Circuit authority that "[u]nder New York law, D.A.s and A.D.A.s are presumed to be local county officers, not state officers," Order at 39, in concluding that "plaintiff's claim that the D.A. managed his office with an unconstitutional Brady policy . . . constitutes an allegation that fits within the realm of Walker and Myers, *id.* at 41.  *See Myers v. Cnty. of Orange*, 157 F.3d 66, 76 (2d Cir. 1998) ("Under New York law, DAs and ADAs are generally presumed to be local county officers, not state officers" (internal citations omitted and emphasis added)); *Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992) ("[w]here a district attorney acts as the manager of the district attorney's office, the District Attorney acts as a county policymaker"); *see also Ramos v. City of New York*, 285 A.D.2d 284, 303 (N.Y. App. Div. 2001) ("where prosecutors, pursuant to policy or custom,

conceal exculpatory evidence and commit other wrongs in order to secure a conviction, liability rests with the county . . . rather than with the State . . . .").[5]

### III. The Court Correctly Concluded That The Amended Complaint States a *Monell* Claim Against The County.

Next, the County argues that the Amended Complaint does not allege that District Attorneys John King and William Grady "'managed,' 'implemented,' 'supervised,' or even 'acquiesced in' an unconstitutional policy," and that such claimed defects defeat Mr. Bozella's *Monell* claim. Def.'s Mem. at 1-5. The County is wrong as a matter of fact and law.

The clear thrust of the Amended Complaint is that the Dutchess County District Attorney's office, through its policymaker, the Dutchess County District Attorney (John King, and then William Grady), maintained an unconstitutionally narrow *Brady* disclosure policy that caused the *Brady* violations in Mr. Bozella's criminal case. *See, e.g.*, Am. Compl. [Dkt. No. 80] ¶¶ 6, 166, 167-200, 205-13. These allegations obviously provided the requisite "notice" required by Fed. R. of Civ. P. 8 as to the nature of Mr. Bozella's *Monell* claim. *See, e.g.*, *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 734 (2d Cir. 2013) ("Rule 8 permits a plaintiff to pursue a claim based on allegations which only indirectly show plausibly unlawful behavior, so long as the facts pleaded give the defendant fair notice of the claim . . . ." (internal citations omitted)). Indeed, the Amended Complaint includes what the County claims is missing, alleging that "the County, ***by and through its final policymakers***, ***maintained*** an unconstitutional policy, custom, and practice that disregarded criminal defendants' *Brady* rights," Am. Compl. ¶ 166 (emphasis added), and

---

[5] The Court also correctly recognized that New York courts recognize only a "**narrow** exception" to this "general rule" when "a prosecutor makes individual determinations about whether to prosecute violations of the state penal laws." Order at 39, citing *Myers*, 157 F.3d at 76.

5

identifying the "final policymakers" who "maintained" such policy as District Attorneys "John King and William Grady," *see id.* ¶ 6 (alleging that "final policymaking authority for the supervision and control of the Dutchess County District Attorney's office" was delegated to "the duly elected Dutchess County District Attorney (for the relevant time period, John King and William Grady)."). And even if there were doubt about what the Amended Complaint alleged, pleadings can be conformed pursuant to Fed. R. Civ. P. 15(b) to the proof offered at summary judgment, *see Rockland Exposition, Inc. v. Alliance of Automotive Service Providers of New Jersey*, 894 F. Supp. 2d 288, 336 n.44 (S.D.N.Y. 2012) (listing cases), and the summary judgment record contains ample evidence that District Attorney Grady implemented and ratified the DCDAO's unconstitutionally narrow *Brady* disclosure policy. *See, e.g.*, Pl. CSOF ¶¶ 484-86, 494-97, 526-38 (evidence showing that, according to DA Grady, the Template Language was the DCDAO's "generic response" to defense requests for *Brady* material and "properly articulates our response to the defense omnibus motion for Brady material;" that DA Grady knew about and never objected to ADAs' use of the Template Language; and that DA Grady did not change the Template Language even after a staff meeting to discuss a case in which an ADA did not disclose favorable evidence because the ADA did not believe the evidence was exculpatory); Rule 56.1 Statement in Support of the Defs., Dutchess County and William J. O'Neill's Mot. for Summ. J., Sept. 13, 2013 [Dkt. No.147] ¶ 330 ("[William Grady] is responsible for setting office policies.").

The County's suggestion that the terms "implemented," *see* Def.'s Mem. at 8, and "maintained," *see* Am. Compl. ¶ 166, materially differ is unfounded. Not only does the County fail to cite any controlling law overlooked by this Court mandating the pleading of particular magic words such as "implemented" or "managed," the controlling case law reflects the

6

opposite. A plaintiff need only allege that the policymaker *acquiesced in* unlawful conduct. *See, e.g., Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989) ("Once those officials who have the power to make official policy on a particular issue have been identified, it is for the jury to determine whether their decisions have caused the deprivation of rights at issue . . . *by acquiescence* in a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." (emphasis added)); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992) (rejecting district court finding that policymaker's active engagement in policy was necessary for § 1983 municipal liability, and holding instead that plaintiff could establish liability by "demonstrating that the actions of subordinate officers are sufficiently widespread to constitute the *constructive acquiescence* of senior policymakers." (emphasis added)). Both the Amended Complaint and the summary judgment record comfortably satisfy this standard. *See*, *supra*, at 5-6.[6]

**IV.    The County's "Factual Errata" Are Improper And Irrelevant.**

The County does not even attempt to articulate how the two claimed "factual errata" in its Memorandum, *see* Def.'s Mem. at 14, warrant reconsideration of any issue in the Court's Order. Neither "errata" helps the County.

First, the County challenges the Court's description of Cynthia Murphy's location as "on a park bench *near* the front of [Emma Crapser's] building," Order at 3 (emphasis added), as inaccurate because Ms. Murphy was, in the County's view, "*some distance* away," Def.'s Mem. at 14 (emphasis added), at the corner of Main Street and North Hamilton Street, *see* Pl. SOF ¶

---

[6] The Ninth Circuit decision in *Berry v. Baca*, 379 F.3d 764 (9th Cir. 2004), *see* Def's Mem. at 8, is not controlling and therefore does not constitute a basis for reconsideration. *See Psihoyos*, 2011 WL 5980423, at *1. In any event, *Berry* shows that a plaintiff can prove § 1983 liability either by demonstrating that a municipal policy itself is unconstitutional, or by challenging the unconstitutional implementation of a facially lawful policy, 379 F.3d at 768-69, and thus offers no support to the County.

27.[7]  The difference (if any) between Ms. Murphy being "near" or "some distance away" from Ms. Crapser's residence does not alter the Court's favorability analysis. *See* Order at 35 (concluding that "Witness Murphy said she knew Lamar Smith, was in the vicinity [of Ms. Crapser's home] all evening, and did not see him or the activity he described.").

Second, the County appears to suggest that this Court should find that the Upstairs Neighbors Statements were disclosed to Mr. Steiman as a matter of law, reasoning that this case is not unlike *United States v. Grossman*, 843 F.2d 78 (2d Cir. 1988) and *United States v. Volpe*, 42 F. Supp. 2d 204 (E.D.N.Y. 1999) because the Shelly Report and June 14, 1983 Letter disclosed the identities of certain of the Upstairs Neighbors. Def.'s Mem. at 14. But the Court considered both documents and properly concluded that, at minimum, a disputed fact remains as to whether the disclosure of these documents constituted adequate disclosure of the favorable information found in the undisclosed portions of the Regula Report and in the Voluntary Statements. *See* Order at 28-29 (discussing Shelly Report); *id.* at 28 (discussing June 14, 1983 Letter).

As the Court correctly concluded, there is no evidence in the summary judgment record showing that the Voluntary Statements were attached to the version of the Shelly Report provided to Mr. Steiman. Order at 28. Although certain of the Upstairs Neighbors were mentioned by name in the Shelly Report, the report summarized their Voluntary Statements as showing that "they did not hear or see anything relative to the homicide that would have any bearing whatsoever on it at the present time." Burke Aff. in Opp. to Pl.'s Partial for Summ. J. and in Support of Defs.' Mot. for Summ. J., Sept. 13, 2013 [Dkt. No. 149] ("Burke SJ Aff."), Ex.

---

[7]  The Court may take judicial notice of the fact that, according to a Google Maps search, the intersection of Main Street and North Hamilton Street is approximately 315 feet away from Ms. Crapser's home at 15 North Hamilton Street. *See, e.g.*, *Logan v. Matveevskii*, No. 10 Civ. 9247, 2014 WL 5025953, at *27 n.10 (S.D.N.Y. Sept. 29, 2014) (citations omitted).

B.  But, as Mr. Bozella learned in 2009, the actual Voluntary Statements contained information favorable to him because they contradicted the trial testimony of Wayne Moseley and Lamar Smith.  Order at 35.  Thus, as the Court concluded, the report "mischaracterized [the Voluntary Statements] as irrelevant."  Order at 29.  No such mischaracterization was present in *Grossman* and *Volpe*.  *See Grossman*, 843 F.2d at 84-85; *Volpe*, 42 F. Supp. 2d at 226-27.

The June 14, 1983 Letter was equally misleading.  The Letter, which referenced only three of the Upstairs Neighbors, contained excerpts from such Upstairs Neighbors' statements pertaining to the time period prior to 10:00 p.m., but omitted the favorable portions of the Upstairs Neighbors' statements—their observations between 10:00 and 11:30pm, when the murder occurred.  *Compare* Burke SJ Aff., Ex. MM (June 14 Letter) *with* Pl. CSOF ¶¶ 554-77 (detailed information in Voluntary Statements and Regula Report but not in the June 14 Letter).  Thus, regardless of whether the letter included the word "Brady," it, like the Shelly Report, "basically said these witnesses were irrelevant."  *See* Order at 29.

9

## CONCLUSION

For the foregoing reasons, the Court should deny the County's Motion.

Dated:  New York, New York
        October 14, 2014

Respectfully submitted,

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**


By: <u>/s/ Peter J. Macdonald</u>
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
Christine D. Ely
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800
Fax:  (212) 230-8888

***Attorneys for Plaintiff Dewey R. Bozella***