UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEWEY R. BOZELLA,   10 CIV 4917 (CS)

                              Plaintiff,

   -against-

THE COUNTY OF DUTCHESS,

                            Defendant.
------------------------------------------------------------x

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR RECONSIDERATION AND TO REARGUE**

---

 

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

# TABLE OF CONTENTS

Preliminary Statement..................................................................................................1

ARGUMENT: RECONSIDERATION IS WARRANTED...............................................1

I. The Court erroneously adopted Plaintiff's contended management theory of liability even though Plaintiff's single *Monell* count against the County is predicated upon a custom and practice theory of liability and for this reason reconsideration is warranted to correct a clear error...............................................................................................2

II. Because the Court misapprehended the nature of Plaintiff's claim it erroneously found that DA Grady could serve as a final policymaker who can bind the County with regard to the alleged custom and practice claimed to have existed prior to and during the investigation and prosecution of the Crapser Murder........................................................6

III. Selected Factual Errata ...........................................................................................8

A. Cynthia Murphy's Statement ...................................................................................8

B. Upstairs Neighbors ..................................................................................................8

Conclusion   ..................................................................................................................9

## TABLE OF CASES

*Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*,
170 FRD 111, 113-114 (S.D.N.Y. 1997) .................................................................1

*Gentile v. County of Suffolk*, 926 F.2d 142 (2d Cir. 1991) ................................6, 8

*Interactive Gift Esp. Inc. v. Compuserve Inc.*,
1999 WL 49360 at 1 (S.D.N.Y. 1999) ..................................................................1

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989........................................3,5

*Jones v. City of New York*, 988 F.Supp.2d 305 (E.D.N.Y. 2013).....................7, 8

*McLaurin v. New Rochelle Police Officers*, 368 F.Supp.2d 289 (S.D.N.Y. 2005)..............8

*Miller v. County of Nassau*, 2013 WL 1172833 (E.D.N.Y. 2013) ........................7

*Monell v. Dept of Soc. Servs.*, 426 U.S. 658 (1978) ......................................1, 2, 4

*Mullen v. Bevona*, No. 95 Civ. 5838, 1998 WL 148426
at 1 (S.D.N.Y March 27, 1998) .............................................................................1

*Myers v. County Orange*, 157 F.3d 66 (2d Cir. 1998).....................................6, 8

*Okin v. Village of Cornwall-On-Hudson Police Dept.*, 557 F.3d 415, 439 (2d Cir. 2004) .4

*Patterson v. County of Oneidea*, 375 F3d 206, 226 (2d Cir. 2004) .....................4

*Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2011 WL........................7

*Reynolds v. Giulani*, 506 F.3d 183 (2d Cir. 2007)...............................................4

*Shrader v. CSX Transportation, Inc.*, 70 F3d 255, 257 (2d Cir. 1995) ................1

*Sorluco v. NYC Police Dept.*, 971 F.2d 864 (2d Cir. 1992)...............................4, 5

*Triano v. Town of Harrison, NY*, 895 F.Supp.2d 526 (S.D.N.Y. 2012) ...............5

*Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992)...................................6

## PRELIMINARY STATEMENT

Defendant County of Dutchess ("County") submits this motion in Reply to the Opposition Memorandum of Law submitted by Plaintiff, Dewey R. Bozella, to Defendant's Motion for Reconsideration and Reargument. Defendant's submitted its motion pursuant to Local Rule 6.3 because this Court made a clear error when it misapprehended the nature of the *Monell* theory of liability upon which Plaintiff's action is premised and from there rendered findings based upon that error. For this reason, reconsideration of the defendant's motion for summary judgment is warranted.

## ARGUMENT

### RECONSIDERATION IS WARRANTED

It is well settled within this jurisdiction that:

> "the decision to grant or deny a motion for reconsideration or reargument under Local Civil Rule 6.3 rests with the sound discretion of the district court." *Interactive Gift Esp. Inc. v. Compuserve Inc.,* 1999 WL 49360 at 1 (S.D.N.Y. 1999) citing to *Mullen v. Bevona,* No. 95 Civ. 5838, 1998 WL 148426, at 1(S.D.N.Y. March 27, 1998). See also *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.,* 170 FRD 111, 113-114 (S.D.N.Y. 1997).

While the standard for granting such a motion is strict, reconsideration will generally be granted where the moving party can point to "matters ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); (citations omitted). Here, this Court erroneously found that "the conduct challenged in the instant case involves his [Grady's] managerial role in allegedly *implementing* an unconstitutional policy". (Ex. A, 56, emphasis supplied) Because this Court apparently adopted the theory of liability contended by Plaintiff in opposition to Defendant's motion for summary judgment (see pg 4 of the Defendant's main brief on this motion) but which is not

alleged in Plaintiff's AC, the court's findings premised upon that theory of liability are clearly erroneous and warrant reconsideration. Upon reconsideration, summary judgment in favor of the County should be granted by this Court. Reconsideration by this Court of the Defendant's motion based upon the theory actually alleged, the elements needed to establish liability based upon that theory, and the facts in the record could reasonably be expected to alter the conclusion reached by this Court.

**I. The Court erroneously adopted Plaintiff's contended management theory of liability even though Plaintiff's single *Monell* count against the County is predicated upon a custom and practice theory of liability and for this reason reconsideration is warranted to correct a clear error.**

Here, in opposition, Plaintiff does not dispute that this Court permitted the Plaintiff to proceed only on a single "*Monell* claim against the County for the alleged unconstitutional policy of not disclosing Brady material unless it's truly exculpatory." (Burke Aff., Ex. JJ). Nor does Plaintiff articulate the theory of liability his claim is predicated upon. He does not deny that it is not based upon a management theory of liability as contended in his opposition to Defendant's summary judgment motion but not asserted in his AC. Instead, he relies only a "clear thrust" of his AC argument and an inaccurate string of quotations from different AC paragraphs to contend that the allegations "obviously" demonstrate the nature of Mr. Bozella's claim (PMOL at 5) Obviously, Plaintiff seeks to pursue a non-asserted theory of liability. The Court's acceptance of this non-asserted theory of liability is clear error.

According to the Court "the conduct challenged in the instant case involves his [Grady's] managerial role in allegedly implementing an unconstitutional policy" ("setting policy", implementing a policy or practice" or "managing the office according to a policy or practice", Ex. A 23, 56). The Court based its findings upon such affirmative conduct by DA Grady.

2

However, Plaintiff's AC does not allege such affirmative managerial action by DA Grady. Rather, the conduct alleged is that subordinate employees (ADAs) failed to turn over evidence as required by *Brady* and specifically that in Mr. Bozella's case ADA William O'Neill and D. James O'Neil failed to turn over evidence Plaintiff claims he was entitled to as *Brady* material (AC ¶¶ 168, 177). Plaintiff alleges that this failure to disclose evidence as required by *Brady* was caused by a practice within the District Attorney's office, whereby information was only produced to the defense that "truly exculpated" the defendant based upon the ADAs subjective view of the evidence and that this "policy" did not comply with the dictates of *Brady* and its progeny. (AC¶¶ 167-200, 210-212) Plaintiff alleges that the "policy" was so widespread and persistent that it had the "moving force of law". It is claimed that this "unconstitutional policy" of providing to defense counsel evidence that "truly exculpated" criminal defendants but did not produce to defense counsel all favorable evidence, as *Brady* and its progeny required, caused Mr. Bozella's constitutional violation *Id.* Plaintiff does not allege that either DA Grady or DA King managed the office with this practice, that they "set" this practice or that they "implemented" this practice. In fact, Plaintiff does not even allege the requisite acquiescence in this practice by either DA Grady or DA King. See, *Jetts v. Dallas Independent School District*, 491 U.S. 701, 737 (1989) which, as Plaintiff acknowledges, requires Plaintiff to allege the policymaker acquiesced in unlawful conduct. (POMOL p. 7)

      Because the court failed to apprehend the nature of the Plaintiff's claim and based its decision on a claim not asserted, it did not conduct the appropriate analysis to determine whether a question of fact exists based upon the nature of the claim actually asserted. For this reason, reconsideration is required because in failing to do so, the court overlooked essential facts and controlling law.

A municipality may not be liable under § 1983 for isolated unconstitutional acts of its employees. *Sorlucco v. New York City Police Department*, 971 F.2d 864, 869 (2d Cir. 1992). To generate municipal liability based upon a longstanding widespread practice and custom, a Plaintiff must establish that it is "so permanent and well-settled as to constitute a 'custom or usage' with the force of law". *Sorlucco*, supra at 870-871 (2d Cir. 1992); citing *Monell v. Dept of Soc. Services*, 436 US 658 (1978), quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 168 (1970). It is necessary for the plaintiff to establish that, through its deliberate conduct, the municipality was the moving force behind the alleged conduct. Based upon this claim, a "municipality may be found to have a custom that causes a constitutional violation when "faced with a pattern of misconduct [, it] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates ' unlawful actions." *Okin v. Village of Cornwall-On-Hudson Police Dept.*, 577 F.3d 415, 439 (2d Cir. 2009) citing *Reynolds v. Giuliani*, 506 F.3d 183 (2d Cir. 2007), see also *Sorlucco v. New York City Police Dept.*, 971 F.2d 864 (2d Cir. 1992). In *Okin*, the court found the evidence sufficient to create a question of fact as to whether the "officer's conduct indicates a practice, tacitly endorsed by the Village that "was so 'persistent or widespread' as to constitute a custom or usage with the force of law.'" *Id.*, citing *Patterson v. County of Oneidea*, 375 F.3d 206, 226 (2d Cir. 2004) (quoting *Sorlucco*, supra at 870-871). There, the court found that more than a dozen incidents had occurred and that such evidence "suggest a consistent pattern of failing to adequately respond" to complaints, of failing to "implement" a mandatory arrest statute, of failing to "interview the alleged abuser or to filed domestic incident reports." *Id.* This was a pattern the court found "which may have encouraged further violence." *Id.*

The record in the present case does not support a similar finding of a question of fact as to the existence of a pattern of misconduct with respect to *Brady* disclosures within the District Attorney's office or of a consistent pattern of failing to adequately respond to any such misconduct. Other than what Mr. Bozella claims was not disclosed in his case, there is no evidence of *Brady* violations having been found by any Court, or of the County acquiescing in conduct known to be in violation of the law. Notably, Plaintiff's AC does not even allege that DA Grady acquiesced in any alleged practice or that any such acquiescence caused the alleged constitutional violation despite his acknowledgement that he is required by law to do so as is required by law and which Plaintiff acknowledges is required. See, *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989), (See also, POMOL at p. 7).

Based upon the controlling law applicable to the theory of liability alleged in Plaintiff's AC, the evidence in the record is insufficient to create a question of fact as to whether a pattern of misconduct existed so as to constitute the constructive acquiescence of senior policymakers who can bind the County. *Sorlucco*, supra at 871. (See SOF referenced in DMOL and CSOF referenced in DReplyMOL). The evidence in the record is insufficient to create a question of fact as to whether any policymaker on behalf of the County was aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and whether this failure at least, in part, led to the injury. See, *Triano v. Town of Harrison, NY*, 895 F. Supp.2d 526, 534 (S.D.N.Y. 2012) (DMOL 11-17 and SOF referenced therein, DReplyMOL at 8-11 and CSOF referenced therein) The court's decision does not address these issues and its failure to conduct this analysis further supports the conclusion that this Court misapprehended Plaintiff's theory of liability and/or that the Court overlooked controlling law. Thus, reconsideration is warranted.

**II. Because the Court misapprehended the nature of Plaintiff's claim it erroneously found that DA Grady could serve as a final policymaker who can bind the County with regard to the alleged custom and practice claimed to have existed prior to and during the investigation and prosecution of the Crapser Murder**

Plaintiff contended for the first time in opposition to Defendant's motion for summary judgment that his claim was based upon the district attorney's management of *Brady* issues in the office for the purpose fitting his claim into case law that recognizes that when a District Attorney acts in a managerial capacity, those actions can bind the local municipality rather than the State. However, DA Grady's management of the office is not alleged to have caused Mr. Bozella's asserted violation. His conduct does not form the predicate of liability against the County. Therefore, the Court's finding that such conduct alleged falls within the ambit of *Gentile v. County of Suffolk,* 926 F. 2d 142 (2d. Cir. 1991), *Myers v. County of Orange*, 157 F.3d 66 (2d Cir. 1998) and *Walker* v. City of New York, 974 F.2d 450 (2d Cir. 1992) is erroneous.

In opposition to Defendant's request for reconsideration, Plaintiff again relies only on the Court's misapprehended conclusion that the plaintiff's claim is "that the DA managed his office with an unconstitutional *Brady* policy" and that it consequently "constitutes an allegation that fits within the realm of *Walker* and *Myers*." (Ex. A, 39). The Plaintiff, however, does not offer any articulation of what component of DA Grady's management he is challenging. In fact, the court precluded him from raising a failure to train claim. He has also not asserted any of the requisite elements necessary to establish a failure to supervise claim. See, e.g., *Reynolds v. Giuliani*, 506 F.3d 183, 193 (2007). The omission of any active engagement by senior officials themselves in the alleged offensive misconduct belies any claim that Plaintiff is challenging the DA's management of his office. See, *Sorlocco,* supra at 870-871. It demonstrates that his claim is predicated on a custom and practice theory as permitted by this Court in its January 2012 decision.

6

Despite Plaintiff's claim to the contrary, the Court's decisions in *Miller v County of Nassau*, 467 F. Supp.2d 308 (E.D.N.Y. 2006) and *Jones v. City of New York*, 988 F. Supp.2d 305 (E.D.N.Y. 2013) are controlling as they rely on Second Circuit precedent. The court's decision in *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ 1416, 2011 WL 5980423 (S.D.N.Y. Nov. 29, 2011) cited to by Plaintiff in his opposition brief does not support a different finding. The holdings in *Gentile, Myers,* and *Walker* are also controlling.[1] And, when applied to the allegations actually asserted against the County (the theory of liability alleged) and not to the theory of liability argued in opposition to the Defendant's motion for summary judgment and adopted by the Court, the holdings in those cases also warrant a finding that DA Grady is not the final policy maker on behalf of the County for the misconduct alleged (the alleged longstanding practice of ADAs failing, during the prosecution of criminal matters, to adequately disclose certain information pursuant to *Brady* and its progeny) to have caused Mr. Bozella's claimed constitutional violation. There is simply no evidentiary or legal support for a finding that the County delegated to DA Grady the authority to bind the County, an entity without any legal authority to supervise the prosecution of criminal matters on behalf of the State of New York, for the decisions made by assistant district attorneys in the prosecution of criminal matters for which they are entitled to absolute immunity. See, *McLaurin v. New Rochelle Police Officers*, 368 F. Supp. 2d 289, 295 (SDNY 2005). The controlling law of this state requires a different determination based upon the allegations in the AC. See, *Jones*, supra, *Miller* supra, *Gentile, supra, Myers*, supra, and *Walker*, supra.

---

[1] In addition, in *Psihoyos* the court relied on a prior court's holding in *In re Evergreen Mutual Funds Fee Litigation*, 240 F.R.D. 115 (S.D.N.Y. 2007) where the court finding that a party's reliance on district court cases outside of the Second Circuit that case law was not controlling. *Id.* at 118.

7

### III. Selected Factual Errata

#### A. Cynthia Murphy's statement

The Court describes Cynthia Murphy's statement as someone "who sat on a park bench near the front of the building all evening and said she did not see the plaintiff or the prosecution witness, Lamar Smith who she knew and who said he was there." (9/23/14 Dec. p. 3-4)

Plaintiff's responsive papers admit that Ms. Murphy was not near the front of Ms. Crapser's building but was on a park bench 315[2] feet away at the corner of North Hamilton and Main Street. (POMOL p.8 fn.7)

The Court clearly overlooked this factual matter put before it. It was in error to find that Ms. Murphy was near the front of the building when she was not. She said she did not see the "Smith brothers or Elbert Pittman near the diner on that evening . . . or at any point that evening." (See Heern Decl. Ex. A of Ex. 7 at WH 00/16609). This evidence is not favorable to plaintiff in that he would have been able to impeach a prosecution witness with Ms. Murphy's statement.

#### B. Upstairs Neighbors

It is clear that three of the upstairs neighbors were identified as *Brady* witnesses in Jim O'Neill's June 14, 1983 letter which plaintiff concedes he received. It was a clear factual error for the Court to find that they were not identified as *Brady* witnesses as it found on p. 28-29 of the 9/23/2014 decision. The *Grossman* and *Volpe* cases cited by the County are applicable and

---

[2] Defendant's do not agree with plaintiff's distance calculation because our Google Map search has the intersection some 328 feet away, however, we do agree with plaintiff that she was not in front of Ms. Crapser's building. Defendant also contend that the park bench was off the corner and obviously not in the middle of the intersection of North Hamilton and Main St. so Ms. Murphy could not have seen down North Hamilton Street to the Crapser residence during the dark evening hours of June 14, 1977.

thus the statements of Cecil Carpenter, Cheryl Ellerby and Linda Miller need not be (although they were) turned over as they were identified as *Brady* witnesses.

## CONCLUSION

For the reasons set forth herein and in Defendant's memorandum of law in support of its motion for reconsideration, it is respectfully submitted that the Court made a clear error when it decided Defendant's motion for summary judgment and based its findings on a theory of liability argued by Plaintiff for the first time in opposition to Defendant's motion for summary judgment but that is not alleged in his Amended Complaint. Accordingly it is respectfully requested that this court grant Defendant's motion for reconsideration and reargument and upon such reconsideration, grant summary judgment in favor of the Defendant County.

Dated: October 16, 2014
       Goshen, New York

Respectfully submitted,

BURKE, MIELE & GOLDEN, LLP

By: *[signature]*

Patrick T. Burke, Esq. (PB 7471)
Michael K. Burke, Esq. (MB 7554)
Phyllis A. Ingram, Esq. (PI 0650)
Burke, Miele & Golden, LLP
*Attorneys for County of Dutchess*
40 Matthews Street, Suite 209
Goshen, New York  10924
(845) 294-4080