**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEWEY R. BOZELLA,              ) | |
|                        ) | |
|        **Plaintiff,**      ) | |
|                        ) | **No.  10 Civ. 4917 (CS)** |
|        **v.**              ) | |
|                        ) | |
| **THE COUNTY OF DUTCHESS,**   ) | |
|                        ) | |
|                        ) | |
|        **Defendant.**      ) | |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE DUTCHESS COUNTY'S EXHIBIT YY
("CERTIFIED" COPIES OF CITY OF POUGHKEEPSIE POLICE REPORTS)**

**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT:  EXHIBIT YY CANNOT BE AUTHENTICATED................................................4

CONCLUSION..................................................................................................................6

## PRELIMINARY STATEMENT

Defendant Dutchess County (the "County") has indicated that it will attempt to offer into evidence as a single exhibit a 25-document compilation of  City of Poughkeepsie Police Department documents that it has titled "Certified Copies of City of Poughkeepsie Police Reports."  *See* Omnibus Declaration of Ross E. Firsenbaum, dated Dec. 10, 2014 ("Firsenbaum Decl.") Ex. 5 (County Trial Ex. YY); Joint Pretrial Order, dated December 9, 2014 [Dkt. No. 203].  Many of those documents are listed as separate exhibits on the County's trial exhibit list and are, in some cases, subject to objections on hearsay and/or other grounds.  This motion seeks to exclude Exhibit YY—a compilation—because there is no evidence that Exhibit YY ever existed as a single document or file, rather than as a compilation prepared by counsel in this case. This issue matters because the County will almost certainly contend at trial—without any supporting evidence—that this collection of 25 documents comprises a single "file" that was produced in response to a November 12, 1990 subpoena by Mr. Bozella's trial counsel.  *See* Def.'s Rule 56.1 Statement [Dkt. No. 147] ¶ 169; Defs.' Summ. J. Mem. [Dkt. No. 148] at 6.

Nothing in Exhibit YY links the individual documents together or indicates that they had any prior collective existence before trial counsel assembled them in this case.  For example, there is no cover page, index, contemporaneous Bates stamping, cover letter, or other description or notation to suggest that the 25 separate documents were together at any prior time, let alone that they were produced as a group in response to the criminal trial subpoena.  Indeed, the sole basis for the County's assertion that the compiled documents represent the City of Poughkeepsie Police Department's response to a subpoena is the presence of a stamp reading "City of Poughkeepsie Police Department Certified True Copy" which is affixed to a blank page and appears to have been inserted between the first and second page of the first of the 25 separate documents.  The stamp does not indicate what document or documents comprise the "certified

true copy" and nothing suggests that the stamp is connected to anything other than the page to which it is affixed.  Moreover, the County has offered no witness to testify about any connection between the documents compiled in Exhibit YY and the November 12, 1990 criminal trial subpoena, let alone that the compilation was produced in response to the subpoena.  Indeed, the only County witness in this case who provided deposition testimony regarding the subpoena— ADA William O'Neill—testified at his deposition that he had no independent recollection of what was produced in response to the subpoena.  *See* Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) 160:2-21.

Given the absence of any evidence authenticating Exhibit YY or providing any basis for treating the constituent individual documents as a single "document," the County should be excluded from using or referring to Exhibit YY at trial.

## STATEMENT OF FACTS

The County's Exhibit YY [6523-6587] contains 65-pages consisting of approximately 25 City of Poughkeepsie Police Department records including complaint reports, voluntary statements, arrest records, and a grand jury subpoena.  *See* Firsenbaum Decl. Ex. 5 (County Trial Ex. YY).  Some of the constituent documents are single page, others are multiple-page documents with their own pagination.  *See id.*  Among the documents in Exhibit YY is a 15-page June 15, 1977 report of Detective Arthur Regula and written statements of Shirley Ellerbee, Linda Miller, Cecil Carpenter, and Curtis Carpenter regarding the Crapser Murder ("Voluntary Statements") .  *See Id.* at 6532-6546; 6564-6469.  Pages 2-8 of Regula's Report and the Voluntary Statements  report contain the Upstairs Neighbors Statements[1]—one of the three

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Plaintiff's Rule 56.1 Statement [Dkt. No. 158].

categories of *Brady* Evidence that this Court found was favorable to Mr. Bozella.[2]  Mr. Bozella's

trial counsel Mickey Steiman has testified that he never received the Upstairs Neighbors

Statements at or prior to the 1990 Trial.[3]

Based on the County's summary judgment filings, it appears that the County may attempt

at trial to introduce Exhibit YY to support a theory that Detective Regula's entire 15-page report

was disclosed to Mr. Steiman at the 1990 Trial.  The County argued that, in response to a

subpoena served on November 12, 1990, "a certified true copy" of the City of Poughkeepsie

Police Department file dated November 16, 1990 was submitted to the Court.  *See* Defs.' Summ.

J. Mem. at  6 and Defs.' 56.1 Statement ¶¶ 168-69.  The County claimed that Exhibit YY[4] is that

file, although it identified no witness or evidence to support that contention.  *Id.*

Exhibit YY contains no cover page or index, nor any notation such as contemporaneous

bate stamping that indicates that the documents that follow are part of a single file.  *See*

Firsenbaum Decl. Ex. 5 (County Trial Ex. YY).  The first page of the exhibit appears to be part

of a June 14, 1977 police report by Detective Shelly and the text of that page is obscured

entirely.  *See id*. at 6523.  Page 2 of the exhibit is blank except for a stamp that reads: "City of

Poughkeepsie Police Department Certified True Copy."  *See id.* at 6524.  The stamp contains a

handwritten date ("11/16/90") and a signature that reads "Patricia Clark" over the words

"Identification Bureau."  *See id*.  The following page appears to be a continuation of the police

report by Detective Shelly.  *See id.* at 6525.  There are no other "Certified True Copy" stamps on

any other pages in Exhibit YY.  Patricia Clark has not been identified as witnesses by the

---

[2] *See* Firsenbaum Decl. Ex. 8 (Sept. 23, 2014 Hearing Tr.) 30:5-35:15.

[3] *See* Firsenbaum Decl. Ex. 7 (Steiman Dep. Tr.) at 217:21-218:2; 219:5-219:7 ("[H]ad [all 15 pages of the Regula Report] been there, I would have recalled them.".)

[4] The County's trial Exhibit YY is the same Bates range as the Exhibit BBB to the Affidavit of Patrick Burke in support of the County's motion for summary judgment.

County, nor has the County identified anyone else who could testify about the response to the

subpoena (other than Mr. O'Neill, who has testified that he has no independent recollection of

what was produced in response).  *See* Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) 160:2-21.

### ARGUMENT:  EXHIBIT YY CANNOT BE AUTHENTICATED

Exhibit YY is inadmissible because the County cannot show that the collection of

documents that it has now labeled for trial purposes as "Exhibit YY" ever had any prior

existence as a single document or file, let alone that the compiled documents comprise a single

file produced in response to a subpoena on November 16, 1990 and made available to Mr.

Steiman at or before trial.  Where, as here, "the relevancy of evidence depends upon the

fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of

evidence sufficient to support a finding of the fulfillment of the condition."  *United States v.*

*Almonte*, 956 F.2d 27, 29 (2d Cir. 1992); *see* Fed. R. Evid. 104(b); Fed. R. Evid. 901(a).  Here,

the essential condition that the County must, but cannot, prove is that the documents it has

collectively labeled "Certified Copies of City of Poughkeepsie Police Reports" were in fact

produced to Mr. Bozella's trial counsel together in response a subpoena.  The documents on their

face do not support that proposition and the County has provided no other evidence supporting

its theory.

*First,* the only evidence referencing "copying" by the City of Poughkeepsie Police

Department appears on a stamp on an otherwise blank page inserted between pages of one of the

25 documents that make up the exhibit.  *See* Firsenbaum Decl. Ex. 5 (County Trial Ex. YY) at

6524.  Nothing in the stamp suggests that it is connected to anything other than the page to which

it is affixed.  Moreover, none of the other police documents in this exhibit, including the 15-page

June 15, 1977 report of Arthur Regula or Voluntary Statements, contains a "certified true copy"

stamp like the one on page 6524, let alone any evidence that the pages were produced in

response to a subpoena.  There is simply no evidence showing that Exhibit YY is anything other than 25 separate reports compiled by the County's lawyers in this case to advance an argument that is not supported by any competent evidence.[5]

*Second*, the County has not offered any witness to authenticate Exhibit YY by connecting the supposed "certified copies" of the City of Poughkeepsie Police Reports to the reports comprising Exhibit YY or to Mr. Steiman's November 12, 1990 subpoena.  Neither Patricia Clark (the apparent signatory of the stamp on page  6524) nor anyone else from the City of Poughkeepsie Police Department has been offered as a witness in this case to testify about this exhibit.[6]  ADA William O'Neill, the only County witness in this case who provided testimony regarding the November 12, 1990 subpoena, testified at his deposition that he had no independent recollection of what was produced in response to the subpoena.  *See* Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) 160:2-21.

Given the absence of any evidence authenticating Exhibit YY or connecting it to the November 12, 1990 subpoena, the County should be prohibited from using or referring to Exhibit YY at trial.

─────────────

[5] Indeed, the County's lawyers have previously attempted to present as an authentic exhibit a composite document that they created during this litigation.  At Mr. Steiman's deposition, lawyers for the County marked as "Exhibit T" two pages of handwritten notes attached to a set of 27 separate police reports and other documents.  They began to question Mr. Steiman about whether he had received Exhibit T as a *Rosario* disclosure.  *See* Firsenbaum Decl. Ex. 7 (Steiman Dep. Tr.) 149:17-150:9; 151:19-156:5.  When Mr. Bozella's lawyer objected to and inquired about the creation of the exhibit, the County's lawyers admitted that the 27 documents had been "placed behind the two [handwritten] pages . . . by trial counsel for the defendants in this case."  *Id.* at 153.  Even *after* acknowledging that they had assembled the exhibit, the County's lawyers continued to ask Mr. Steiman whether he had "receive[d] Exhibit T on November 22nd, 1983."  *Id.* at 154:12-13.

[6] Although the County lists Detective William Grey and Detective Theodore Alston as putative trial witness, it expressly limits Detective Grey's testimony to "his involvement in the investigation of the King [Murder]" and limits Detective Alston's testimony to "the investigation of the homicide of Missy Storms."  *See* Joint Pretrial Order [Dkt. 203].

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that the Court preclude the County from entering County Exhibit YY into evidence or referencing it (or its contents) at trial.

Dated: December 10, 2014                    Respectfully submitted,

                                            **WILMER CUTLER PICKERING
                                                 HALE AND DORR LLP**

                                            By: /s/ Peter J. Macdonald_____
                                            Peter J. Macdonald
                                            Ross E.  Firsenbaum
                                            Shauna K.  Friedman
                                            7 World Trade Center
                                            250 Greenwich Street
                                            New York, NY 10007
                                            Tel: (212) 230-8800
                                            Fax: (212) 230-8888

                                            ***Attorneys for Plaintiff Dewey R.  Bozella***