```
 1   STATE OF NEW YORK
     COUNTY OF DUTCHESS  - COUNTY COURT
 2   ----------------------------------------X

 3   THE PEOPLE OF THE STATE OF NEW YORK    :

 4
        - against -                          :    Indictment #
 5                                                102/1983

 6   DEWEY R. BOZELLA                       :

 7   ----------------------------------------X

 8
                    Further Proceedings
 9

10                            October 28, 2009
                              2:15 P.M.
11                            Dutchess County Courthouse
                              10 Market Street
12                            Poughkeepsie, New York 12601

13

14   B E F O R E:

15        HONORABLE JAMES T. ROONEY
          Presiding County Court Judge
16

17   A P P E A R A N C E S:
          WILLIAM V. GRADY, ESQ.
18        DISTRICT ATTORNEY - DUTCHESS COUNTY
              For the People
19        BY:  EDWARD F. WHITESELL, ESQ.
              Assistant District Attorney
20

21        ROSS E. FIRSENBAUM, ESQ.
          Wilmer, Cutler, Pickering, Hale,
22         and Dorr, LLP
          399 Park Avenue
23        New York, New York 10022

24
                              Laurie Hardisty, RMR
25                            Senior Court Reporter
```

Subject to Federal Rule of Evidence 502

WH-BOZELLA-0017053

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

1      THE CLERK:  Your Honor, this is Case Number 1
2   on the calendar, under Indictment Number 102 of 1983,
3   People of the State of New York versus Dewey Bozella.
4      Counsel, your appearances, please?
5      THE COURT:  Actually, before we do the
6   appearances -- yes, let's do the appearances first.
7      Go ahead.
8      MR. WHITESELL:  Okay.
9      For the People, Your Honor, Edward Whitesell.
10  I'm Chief of the Special Investigations Bureau of the
11  Dutchess County District Attorney's office,
12  representing the People of the State of New York.
13     THE COURT:  Is the Defendant present?
14     MR. WHITESELL:  No, he's not.
15     COURT OFFICER:  He's en route, Judge.
16     THE COURT:  All right.  Let's have the
17  Defendant present.
18  (Pause)
19     (Whereupon the Defendant entered courtroom.)
20     THE COURT:  Good Afternoon.
21     The Defendant is present.
22     Now that the Defendant is present, would the
23  attorneys give their appearance, please?
24     MR. WHITESELL:  Thank you, Your Honor.
25     My name is Ed Whitesell.  I am Chief of the

Subject to Federal Rule of Evidence 502                    WH-BOZELLA-0017054

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

| | |
|---|---|
| 1 | Special Investigations Bureau of the Dutchess County |
| 2 | District Attorney's office.  I am here today |
| 3 | representing the People on this matter, Your Honor. |
| 4 | MR. FIRSENBAUM:  Good Afternoon, Your Honor. |
| 5 | My name is Ross Firsenbaum.  I'm a Senior |
| 6 | Associate at the Law Firm of Wilmer, Cutler, |
| 7 | Pickering, Hale, and Dorr.  I'm joined by my |
| 8 | colleagues Shauna Friedman, Peter Macdonald, John |
| 9 | Hintz, and Alysha Austern.  We represent the |
| 10 | Defendant, Dewey Bozella. |
| 11 | THE COURT:  All right.  Thank you. |
| 12 | There were applications for media coverage, |
| 13 | and I want to address that first. |
| 14 | Now, I did preliminarily conference this with |
| 15 | the attorneys. |
| 16 | And your position on that is ...? |
| 17 | MR. WHITESELL:  We have no objection to the |
| 18 | media coverage request, Your Honor. |
| 19 | THE COURT:  All right. |
| 20 | And, Counsel? |
| 21 | MR. FIRSENBAUM:  We have no objection, Your |
| 22 | Honor. |
| 23 | THE COURT:  All right. |
| 24 | We did receive requests for use of still |
| 25 | photography by the New York Times, which I will grant, |

Subject to Federal Rule of Evidence 502

WH-BOZELLA-0017055

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

1   and also CBS TV, for videotape for later broadcast,
2   and also for the Poughkeepsie Journal for videotape
3   for later broadcast and also for still photography,
4   and also Reuters for still photography.
5       Are there any other members of the media who
6   I did not address?
7       (No response.)
8       THE COURT: So, what I am permitting under
9   the circumstances is the audiovisual and the still
10  photography coverage; okay?
11      So, with that, and having addressed the issue
12  of the videocameras, I will -- and still
13  photography -- I will address now the issues before
14  the court in this case.
15      This is the first appearance in court since
16  this Court's ruling on October 14, 2009, granting the
17  Defendant's application to vacate his conviction and
18  ordering a new trial.
19      So, let me first -- let me first turn to the
20  District Attorney, Mr. Whitesell, for your position.
21      MR. WHITESELL: Thank you, Your Honor.
22      May I use the podium, Your Honor?
23      THE COURT: You certainly may.
24      MR. WHITESELL: I'd like to begin, if I can,
25  Your Honor, by acknowledging receipt of the Court's

Subject to Federal Rule of Evidence 502                    WH-BOZELLA-0017056

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

1  decision with regard to the 440 motion. Even though
2  we received it, obviously, in the mail and everyone
3  knows what the decision was, I would like at this
4  point, at least, to formally acknowledge the receipt.
5  　　　　　The first matter, from the standpoint of the
6  People, is whether or not there is any sound legal
7  basis for the People to appeal the Court's decision
8  with regard to this.
9  　　　　　I advised the Court that I have completely
10 reviewed the decision and have found no legal basis to
11 take any further action with regard to the Court's
12 Decision on the 440 motion.
13 　　　　　Before I talk about where the People are
14 going to go from this point, I'd like to -- to thank
15 Mr. Firsenbaum and the people from WilmerHale for the
16 courteous way in which they treated me during the
17 course of this process. I understand it's a very
18 difficult one and has been for Mr. Bozella, as well as
19 a difficult one for them in many ways, and I
20 appreciate the way they've treated me during the
21 course of the process.
22 　　　　　The ultimate question to be addressed at this
23 point is whether or not the People will go forward
24 with the third trial of this Defendant some 32 years
25 after the commission of the crime.

Subject to Federal Rule of Evidence 502

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

WH-BOZELLA-0017057

1           In April of this year, subsequent to the
2   service upon our office and the filing of the 440
3   motion, I was assigned by District Attorney Bill Grady
4   to not only respond to the motion, but to undertake a
5   complete review of the investigation and prosecution
6   of this case, which commenced with Emma Crapser's
7   death in 1977.  This process included a complete
8   review of the District Attorney's file with regard to
9   the prosecution of this Defendant, including trial
10  transcripts, police reports, District Attorney notes,
11  motion answers, decisions, appeals, and a prior 440
12  motion in this case.
13          As well, I reviewed the entire District
14  Attorney's office file with regard to the King
15  sisters' homicide in 1978 and the subsequent
16  prosecution of Donald and Anthony Wise for that
17  offense.
18          As best as possible, given the amount of time
19  which has elapsed, we attempted to reach out for any
20  and all witnesses in this case, whether or not they
21  were police officers, private citizens, potential
22  witnesses for the People or, for that matter,
23  potential witnesses for the Defendant.
24          I also had an opportunity to interview both
25  the original Prosecutor and one of the Defense

Subject to Federal Rule of Evidence 502                    WH-BOZELLA-0017058

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

1   Attorneys from the original case, as well as any
2   Police Officers available who would have been working
3   on the case 32 years ago.
4       In some cases these attempts were met with
5   various degrees of obstruction, ranging from an
6   unwillingness to cooperate, to, in some cases, refusal
7   to be interviewed.
8       During this process, as a result of the
9   allegations made in counsel's papers in support of his
10  motion, I attempted to interview both Donald and
11  Anthony Wise concerning any knowledge they may have
12  had about this Defendant's guilt or any involvement
13  they may have had in the Crapser homicide.
14      Donald Wise did not make himself amenable to
15  interview by our office or the City of Pouchkeepsie
16  Police Department.
17      In the Spring of this year, I was able to
18  interview Anthony Wise extensively at the Mid-Orange
19  Correctional Facility.
20      Also during this process I attempted to
21  determine the status of any and all physical evidence
22  recovered as a result of the City of Poughkeepsie
23  Police Department's investigation into the Crapser
24  homicide. As well, I was able to extensively
25  interview the key witness in both trials, Wayne

Subject to Federal Rule of Evidence 502

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

WH-BOZELLA-0017059

1   Mosley, both with regard to his recollection of the
2   events and his willingness to cooperate in any further
3   prosecution.
4           As a result of this review, I can advise the
5   Court of the following:  The physical evidence in
6   this case, which was recovered by the City of
7   Poughkeepsie Police Department as a result of their
8   investigation of the Crapser homicide, including, but
9   not limited to, items of evidence removed from the
10  scene of the crime and at autopsy, was discarded on
11  May 15, 2003, as part of the regular course of
12  business of the City of Poughkeepsie Police
13  Department.  This action was taken with the consent of
14  the District Attorney after a determination was made
15  that all appeals in this case had been exhausted and
16  the prior 440 motion had been resolved.
17          It should be noted that the last appeal in
18  this case was resolved in October of -- of 2 -- excuse
19  me -- 1998 when the Supreme Court of the United States
20  denied cert. in this matter.  This is the regular
21  course of business in not only the City Police
22  Department, but other agencies in the County, upon
23  consultation with the District Attorney's appellate
24  staff.  Therefore, there is no physical evidence
25  available to the People to be used in any subsequent

Subject to Federal Rule of Evidence 502

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

WH-BOZELLA-0017060

1  third trial in this case, whether or not that physical
2  evidence would be considered inculpatory or
3  exculpatory with regard to the issue of this
4  Defendant's guilt.
5      Our review of the matter has determined that
6  many of the witnesses who were integral to the
7  prosecution of this case, both at the 1982 trial and
8  the 1990 trial, are no longer available, either
9  because they are deceased or because their whereabouts
10 cannot be adequately identified at this time.  These
11 would be witnesses who would be necessary to the
12 People's case, as well as witnesses who might arguably
13 be brought forth by the Defense in support of the
14 Defendant's contention that he did not commit this
15 crime.
16     The Court will recall from the motion that
17 there were two key witnesses in this matter; Wayne
18 Mosley and Lamar Smith.  Attempts by the District
19 Attorney's office to contact Lamar Smith -- and I
20 believe this might be confirmed by the Defendant's
21 attorneys' own attempts to do so -- have been
22 fruitless.  Our contacts with Mr. Smith's family
23 indicate that they do not currently have contact with
24 him because of a long-standing problem within the
25 family.

Subject to Federal Rule of Evidence 502

WH-BOZELLA-0017061

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

Case 7:10-cv-04917-CS   Document 209-4   Filed 12/10/14   Page 10 of 13
10/28/09   Further Proceedings - D. Bozella                10

1    Normal investigative procedures over the
2    course of the past couple of weeks used by the City of
3    Poughkeepsie Police Department in an attempt to locate
4    Mr. Smith have also proven fruitless.
5    It's the People's position at this time that
6    we cannot say that Mr. Smith would be amenable to
7    process should the People make a decision to go
8    forward with this trial.  His appearance and testimony
9    would be crucial because it would be necessary to --
10   to corroborate the accomplice, Mosley.
11   The second key witness in the case, as the
12   Court knows, was Wayne Mosley.  As I stated
13   previously, I've had an opportunity to extensively
14   discuss this matter with Mr. Mosley.  The 19 years
15   that have passed since the Defendant's second
16   conviction have resulted in issues arising with regard
17   to his potential testimony which make his ability to
18   take part in any subsequent trial, at the very least,
19   problematic.
20   It is also important to note that Mosley must
21   be considered an accomplice, as a matter of law, with
22   regard to this case.
23   As such, any testimony he would give at trial
24   would have to be corroborated by either physical
25   evidence or some other witness.  At this point, I

Subject to Federal Rule of Evidence 502                    WH-BOZELLA-0017062

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

1   cannot advise the Court that such other evidence
2   exists.
3       I must advise the Court that this decision in
4   no way is based upon a finding in my review that this
5   Defendant did not commit the crime. The fact remains
6   that he was previously convicted by two juries, and
7   those convictions were upheld by various appellate
8   courts.
9       In the same sense, the decision is in no way
10  based upon some belief that because he has already
11  served 27 years as a result of his prior conviction,
12  it would be somehow a waste of the taxpayers' money or
13  the Court's time for this case to go forward to a
14  third trial.
15      The decision is based solely upon the
16  evidence that is available to the People and,
17  parenthetically, to the Defendant at this time, which
18  would be used at trial to convince a jury that he is,
19  in fact, guilty beyond a reasonable doubt or, again,
20  parenthetically, that could be used by this Defendant
21  in an attempt to exonerate himself.
22      It's the People's position, Your Honor, we
23  cannot go forward with a third trial of this Defendant
24  at this time.
25      As a result, it's our position that the

Subject to Federal Rule of Evidence 502

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

WH-BOZELLA-0017063

1  matter must be dismissed in the interest of justice,
2  and the People so move to dismiss the Indictment.
3           THE COURT:  All right.
4           So, you are moving to dismiss the Indictment?
5           MR. WHITESELL:  That's correct, Your Honor.
6           THE COURT:  Would Defense Counsel like to be
7  heard?
8           MR. FIRSENBAUM:  Thank you, Your Honor.
9           The Defendant has no objection to the
10 People's motion.
11          THE COURT:  All right.  Thank you.
12          The application to dismiss the Indictment is
13 granted, and Mr. Bozella is ordered to be released
14 immediately.
15          Is there anything further from counsel in
16 this case?
17          MR. WHITESELL:  I don't have anything, Your
18 Honor, no.
19          THE COURT:  Anything further?
20          MR. FIRSENBAUM:  Your Honor, we would just
21 ask that the Defendant be released from the shackles.
22          THE COURT:  Yes, he shall be.
23          MR. FIRSENBAUM:  Thank you.
24          (Off the record discussion between the Judge
25             and Court Officer.)

Subject to Federal Rule of Evidence 502

WH-BOZELLA-0017064

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP

```
 1              THE COURT:  All right.  The Defendant should
 2       be immediately released at this time.  Thank you.
 3              If there's nothing further from the
 4       attorneys, court will be in recess.
 5              Thank you.
 6
 7              (Whereupon the proceeding concluded.)
 8
 9                       *    *    *
10       THIS IS TO CERTIFY THAT THE ABOVE TRANSCRIPT IS
11       A TRUE AND ACCURATE TRANSCRIPTION OF MY STENOGRAPHIC
12       NOTES TO THE BEST OF MY KNOWLEDGE AND BELIEF.
13
14                       [signature: Laurie Hardisty]
15                       Laurie Hardisty
16                       Senior Court Reporter
17
18
19
20
21
22
23
24
25
```

Subject to Federal Rule of Evidence 502

WH-BOZELLA-0017065

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale and Dorr LLP