UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,<br><br>   Plaintiff,<br><br> v.<br><br>THE COUNTY OF DUTCHESS,<br><br>   Defendant. | No.  10 Civ. 4917 (CS) |

# PLAINTIFF DEWEY R. BOZELLA'S MEMORAMDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE HIS PRIOR ARRESTS AND THEIR DISPOSITIONS

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

**TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS ................................................................................................................1

ARGUMENT....................................................................................................................................1

    I.      THE PRIOR ARRESTS AND DISPOSITIONS ARE IRRELEVANT..................2

    II.     ANY PROBATIVE VALUE OF THE PRIOR ARRESTS AND DISPOSITIONS WOULD BE SUBSTANTIALLY OUTWEIGHED BY THE UNFAIR PREJUDICE MR. BOZELLA WOULD SUFFER IF SUCH EVIDENCE WERE PRESENTED TO THE JURY ..............................................................................4

    III.    THE PRIOR ARRESTS AND DISPOSITIONS MAY NOT BE USED TO IMPEACH MR. BOZELLA BECAUSE THEY DO NOT SATISFY FEDERAL RULE OF EVIDENCE 609 .....................................................................................7

CONCLUSION..................................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brandon v. Village of Maywood*,
    179 F. Supp. 2d 847 (N.D. Ill. 2001) ...................................................................................5

*United States v. Bagley*,
     473 U.S. 667, 715 (1985) ....................................................................................................2

*Cash v. Cnty. of Erie*,
    654 F.3d 324 (2d Cir. 2011).................................................................................................2

*Daniels v. Loizzo*,
    986 F. Supp. 245 (S.D.N.Y. 1997) ...................................................................................7, 8

*Kerman v. City of New York*,
    374 F.3d 93 (2d Cir. 2004)...................................................................................................3

*Kyles v. Whitley*,
    514 U.S. 419, 441-54 (1995) ...............................................................................................2

*Nibbs v. Goulart*,
    822 F. Supp. 2d 339 (S.D.N.Y. 2011)..................................................................................3

*Old Chief v. United States*,
    519 U.S. 172 (1997)..............................................................................................................5

*Ricciuti v. New York City Transit Authority*,
    No. 90 Civ. 2823, 1998 U.S. Dist. LEXIS 5083 (S.D.N.Y. Apr. 13, 1998) ...............................5

*Sorlucco v. New York City Police Dep't*,
    971 F.2d 864 (2d Cir. 1992).................................................................................................2

*United States v. Bay*,
    762 F.2d 1314 (9th Cir. 1984) .............................................................................................7

*United States v. Hayes*,
    553 F.2d 824 (2d Cir. 1977).............................................................................................7, 8

*United States v. Hsu*,
    669 F.3d 112 (2d Cir. 2012).................................................................................................2

*United States v. McCallum*,
    584 F.3d 471 (2d Cir. 2009)............................................................................................4, 5

*United States v. Petrillo*,
    821 F.2d 85, 89 (2d Cir. 1987) ..................................................................................................2

**RULES**

Fed. R. Evid. 401 ..........................................................................................................................2

Fed. R. Evid. 403 ..........................................................................................................................4

Fed. R. Evid. 404(b)...................................................................................................................2, 4

Fed. R. Evid. 404(b) Advisory Committee Notes...........................................................................6

Fed. R. Evid. 609 .......................................................................................................................1, 7

Fed. R. Evid. 609 Advisory Committee Notes ...............................................................................8

**OTHER AUTHORITIES**

2-403 Weinstein's Federal Evidence § 403.04 ...............................................................................4

2-404 Weinstein's Federal Evidence § 404.21 ...............................................................................6

Mr. Bozella respectfully requests that the Court preclude the County from introducing into evidence, or referencing at trial, Mr. Bozella's arrests and their dispositions (whether pleas, convictions, no dispositions, or some other resolution) (the "Prior Arrests" and "Dispositions"), other than his July 1, 1977 and April 7, 1983 arrests for the June 1977 murder of J. Emma Crapser (the "Crapser Murder").

## STATEMENT OF FACTS

According to a "rap sheet" produced in this case, Mr. Bozella was arrested 15 times between June 21, 1976 and March 9, 1983 for reasons unrelated to the Crapser Murder.  *See* Omnibus Declaration of Ross E. Firsenbaum, dated Dec. 10, 2014 (the "Firsenbaum Decl.") Ex. 4 (Rap Sheet).  Only one of the Prior Arrests resulted in a felony conviction.  *Id.* at 3.  The other 14 Prior Arrests resulted in either no final disposition (8 of the 14) or a misdemeanor conviction (5 of the 14, two of which were youthful offender incidents).  *See id.*[1]  Mr. Bozella does not recall many of these events, but does not dispute that he had, as a general matter, been arrested, pled guilty, and been convicted in connection with incidents unrelated to the Crapser Murder. Firsenbaum Decl. Ex. 37 (Bozella Dep. Tr.) 20:6-65:11.

The Prior Arrests and Dispositions were not admitted at Mr. Bozella's 1983 and 1990 trials.

## ARGUMENT

The Court should bar the County from introducing and/or referencing at trial any of the Prior Arrests and Dispositions.  The Prior Arrests and Dispositions cannot be introduced as substantive evidence because they are irrelevant and their probative value (if any) is substantially outweighed by their unfair prejudice and tendency to confuse the issues at trial.

---

[1] One of the eight Prior Arrests that is listed as having no final disposition was dismissed in April 2013.  *See* Firsenbaum Decl. Ex. 3.

Nor are the Prior Arrests and Dispositions admissible to impeach Mr. Bozella's credibility because they do not satisfy Federal Rule of Evidence 609.

I.     THE PRIOR ARRESTS AND DISPOSITIONS ARE IRRELEVANT

The Prior Arrests and Dispositions are not relevant in this case. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Prior Arrests and Dispositions do not meet this standard with respect to the County's liability. They do not speak at all to whether the County maintained (1) a policy, practice, or custom that (2) caused Mr. Bozella's (3) constitutional injury. *See Cash v. Cnty. of Erie*, 654 F.3d 324, 333-34 (2d Cir. 2011); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992). And since they were not admitted into evidence at the 1983 and 1990 trials, they are not relevant to the sub-issue of whether the County violated Mr. Bozella's constitutional rights under *Brady*. *See Kyles v. Whitley*, 514 U.S. 419, 441-54 (1995) (detailing the evidence *admitted at trial* and assessing the impact the suppressed evidence would have had on the probity of the admitted evidence); *United States v. Bagley*, 473 U.S. 667, 715 (1985) (the "materiality" question asks whether there was a reasonable probability that the withheld evidence, combined with the evidence actually presented at trial, would have resulted in a different verdict); *United States v. Petrillo*, 821 F.2d 85, 89 (2d Cir. 1987) (noting that materiality "must be judged in the light of all the evidence *presented at trial*" (emphasis added)).

The Prior Arrest and Dispositions are also irrelevant to Mr. Bozella's damages claim. Even if the Court were to permit the County to argue that Mr. Bozella's damages should be reduced because he is supposedly guilty of the Crapser Murder, the Prior Arrests and Dispositions would not be admissible to support that argument. Federal Rule of Evidence

404(b)(1) bars use of Mr. Bozella's prior criminal history to argue that he has a criminal propensity and therefore is more likely to have committed the Crapser Murder.  *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *cf. United States v. Hsu*, 669 F.3d 112, 118 (2d Cir. 2012) ("[E]vidence that a defendant committed crimes beyond those presented to the jury is not admissible to show that the defendant is a bad person who is therefore likely to be guilty of the crimes charged.").

      The County may attempt to rely on expert testimony at trial to argue that the Prior Arrests and Dispositions caused some or all of the injuries that Mr. Bozella claims are attributable to his 26-year wrongful incarceration for the Crapser Murder.  *See* Firsenbaum Decl. Ex. 38 (the "Levin Report") at 13-14 (relying on the Prior Arrests and Dispositions in opining that Mr. Bozella suffered "injury to his emotional and psychological development" prior to his 1983 arrest for the Crapser Murder).  But the Prior Arrests and Dispositions are not relevant to Mr. Bozella's principal theory of damages—those attributable to his lost liberty, *see* Joint Pre-Trial Order, dated Dec. 9, 2014 [Dkt. No. 203], § XI.A (identifying lost liberty damages as his principal basis for relief); *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 345 (S.D.N.Y. 2011) (holding that evidence of prior arrests and prior detentions is irrelevant to the issue of damages for lost liberty and explaining that "[t]hough a plaintiff's frequent arrests and detentions may diminish the emotional toll or embarrassment caused by the arrest and detention at issue, they do nothing to diminish the fundamental loss of freedom implicated in a false arrest.  Therefore, . . . arrest history is irrelevant to the question of lost liberty damages."); *cf. Kerman v. City of New York*, 374 F.3d 93, 125-26 (2d Cir. 2004) (holding that compensatory damages for lost liberty are separate from other forms of compensatory damages, including psychological harm).

To be sure, Mr. Bozella also seeks compensation for psychological injuries sustained during his 26-year wrongful incarceration, many of which persist today.  *See* Joint Pre-Trial Order, dated Dec. 9, 2014 [Dkt. No. 203], § XI.A.  But even as to this theory of damages, the Prior Arrests and Dispositions are not relevant.  They are not "of consequence" in assessing Mr. Bozella's psychological damage from 26 years of wrongful incarceration when set against the trauma of his youth (something the County's own expert relies heavily on, *see* Firsenbaum Decl. Ex. 38 (Levin Report) at 13-14).  Indeed, there is no evidence that Mr. Bozella suffered any psychological injury based on the 14 non-felony Prior Arrests and Dispositions (eight of which resulted in no disposition, and six of which resulted in misdemeanor pleas resulting in no more than a 90-day sentence).  And even as to Mr. Bozella's 18-month incarceration for the one felony conviction (a crime he pled to), any injury sustained during that time pales in comparison to the injuries he sustained while serving a potential life sentence for the Crapser Murder, a crime he did not commit.

## II. ANY PROBATIVE VALUE OF THE PRIOR ARRESTS AND DISPOSITIONS WOULD BE SUBSTANTIALLY OUTWEIGHED BY THE UNFAIR PREJUDICE MR. BOZELLA WOULD SUFFER IF SUCH EVIDENCE WERE PRESENTED TO THE JURY

Even if the Prior Arrests and Dispositions had some probative value (and they do not), they are still inadmissible under Federal Rule of Evidence 403, which permits courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The Prior Arrests and Dispositions do not survive a 403 analysis for two reasons.

*First*, it would be unfairly prejudicial to Mr. Bozella for the County to present the Prior Arrests and Dispositions to the jury.  There is substantial risk that the jury would improperly rely

on the Prior Arrests and Dispositions as propensity evidence in determining whether the County is liable (particularly on the issue of the materiality of the *Brady* Evidence). And there is even greater risk that jurors may reduce a damages award not because the Prior Arrests and Dispositions give rise to an inference of pre-existing psychological harm, but because such evidence more likely would improperly cause jurors to punish Mr. Bozella because they conclude that he is a "bad guy." *See* 2-403 Weinstein's Federal Evidence § 403.04 (explaining that evidence of prior crimes may be unfairly prejudicial where they elicit a jury's "instinct to punish."). This is particularly true if the jury were to learn about the Dispositions, especially the armed robbery conviction. *See, e.g.*, *United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009) ("evidence of prior convictions merits particularly searching, conscientious scrutiny" because "[s]uch evidence easily lends itself to generalized reasoning about a defendant's criminal propensity" and because "prior convictions are far more likely to be received as potent evidence of propensity than other prior bad acts routinely offered under Rule 404(b) because they bear the imprimatur of the judicial system and indicia of official reliability."). And allowing into evidence even the Prior Arrests alone would be unfairly prejudicial because such arrests are so dissimilar from Mr. Bozella's 26 year wrongful incarceration for the Crapser Murder as to have minimal, if any probative value. *See Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 855 (N.D. Ill. 2001) (excluding evidence of a § 1983 plaintiff's prior arrests because they were "qualitatively different" from the arrest and detention over which he pressed charges); *cf. Ricciuti v. New York City Transit Auth.*, No. 90 Civ. 2823, 1998 U.S. Dist. LEXIS 5083, at *4-5 (S.D.N.Y. Apr. 13, 1998) (excluding a prior arrest for other reasons but noting that it "would not pass muster under the balancing analysis mandated by Rule 403" because it "occur[ed] under quite different circumstances" and because "there would be manifest and unfair

prejudice" to the plaintiff due to the superficial similarity of the prior arrest and the arrest over which the plaintiff sued).[2]

*Second*, the County has relevant, less prejudicial, evidence available to attempt to demonstrate a break in the causal chain between Mr. Bozella's wrongful conviction and his psychological injuries.  *See, e.g.*, *Old Chief v. United States*, 519 U.S. 172, 183-85 (1997) (prejudicial evidence should be excluded where there are other, less prejudicial pieces of evidence probative of the same issue); *McCallum*, 584 F.3d at 477 ("[T]he availability of other, less prejudicial, evidence on the same point ordinarily reduces the probative value of a given item of extrinsic evidence . . . . If the incremental value is slight, and the possibility of prejudice through misuse by the jury great, the court should exclude the evidence under Rule 403." (quoting from 2-404 Weinstein's Federal Evidence § 404.21)); *see also* Advisory Committee Notes to Rule 404(b) (for evidence of prior crimes, wrongs or other acts, "[t]he determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making [sic] decision of this kind under Rule 403." (emphasis added)).

The County's expert on this issue, Dr. Levin, relies on at least twenty sources other than the Prior Arrests and Dispositions (including Mr. Bozella's college transcript, an interview with Mr. Bozella, excerpts from Mr. Bozella's 1991 sentencing, and medical records) in opining that Mr. Bozella suffered "injury to his emotional and psychological development" prior to his incarceration for the Crapser Murder.  Firsenbaum Decl. Ex. 38 (Levin Report) at 2, 13.  And he attributes the origins of Mr. Bozella's psychological injuries to childhood events that took place

---

[2] If the Court believes that evidence of Mr. Bozella's period of incarceration for the armed robbery conviction survives a 403 analysis, Mr. Bozella respectfully submits that the jury need not, and should not be allowed to, hear about the conviction leading to the period of confinement.

long before the Prior Arrests and Dispositions. *See id.* at 13 (attributing the cause of Mr. Bozella's injuries to: the fact that he "developed in a traumatic, inner city environment in which he was the victim of child abuse and exposed to severe domestic violence"; "[a]brupt separation from family and placement in foster care with its frequent dislocations and absence of genuine loving connection to parents"; and "[t]he traumatic loss of his brother."). In light of these other sources available to the County regarding Mr. Bozella's psychological condition at the time of his 1983 arrest for the Crapser Murder, any probative value of Mr. Bozella's Prior Arrests and Dispositions would be, at best, minimal and cumulative.

### III. THE PRIOR ARRESTS AND DISPOSITIONS MAY NOT BE USED TO IMPEACH MR. BOZELLA BECAUSE THEY DO NOT SATISFY FEDERAL RULE OF EVIDENCE 609

The County cannot use the Prior Arrests and Dispositions to attempt to impeach Mr. Bozella's credibility either. Federal Rule of Evidence 609(a) permits evidence of a witness' criminal conviction to impeach that witness if the prior conviction is either (1) a felony, or (2) regardless of the punishment, if an element of the crime required proving a dishonest act or false statement. *See* Fed. R. Evid. 609(a).

Here, 14 of the 15 Prior Arrests and Dispositions do not meet either of these criteria. *See* Firsenbaum Decl. Ex. 4 (Rap Sheet). None are felonies, and none resulted in convictions for crimes including an element that required proving a dishonest act or false statement. *See id.*; *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (evidence of "crimes of force, such as armed robbery or assault . . . or crimes of stealth, such as burglary, . . . or petit larceny" are not admissible under Rule 609(a)(2)); *Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (citing *Hayes*).

Mr. Bozella's August 1, 1979 arrest and conviction for attempted robbery may satisfy Rule 609(a)(1), but it is inadmissible under Federal Rule of Evidence 609(b). Rule 609(b)

presumes that evidence of a prior criminal conviction that would otherwise be admissible under FRE 609(a) is inadmissible where "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b); *see United States v. Bay*, 762 F.2d 1314, 1317 (9th Cir. 1984) ("Evidence of a conviction more than ten years old is presumptively inadmissible as too remote."). Mr. Bozella's 1979 arrest and conviction for armed robbery is thus presumptively inadmissible under Rule 609(b) because he was convicted and released from incarceration for that conviction more than ten years ago. *See* Firsenbaum Decl. Ex.4 (Rap Sheet) at 3 (arrested on August 1, 1979 and released from prison on July 27, 1982).

The County cannot overcome this presumption of inadmissibility. Convictions over 10 years old are "intended" to be "admitted very rarely and only in exceptional circumstances." Fed. R. Evid. 609 Advisory Committee Notes; *see Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) ("The Second Circuit has recognized that Congress intended that convictions more than ten years old be admitted 'very rarely and only in exceptional circumstances.'"). In exercising its discretion to determine whether there exist the requisite exceptional circumstances, a court must consider factors such as the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has mended his ways or engaged in similar conduct recently. *Daniels*, 986 F. Supp. at 252.

Here, the relevant factors weigh heavily against admission of the 1979 conviction. The 32-year old attempted robbery conviction is not probative of Mr. Bozella's veracity. *See Hayes*, 553 F.2d at 827. The County will likely rely on other evidence to attempt to impeach Mr. Bozella's credibility. *See supra*. And there is substantial evidence that Mr. Bozella has "mended

his ways"—he had only two disciplinary violations in his final ten years of incarceration and since his 2009 release from prison, Mr. Bozella has built an exemplary record of community service, diligence and responsibility.  *See, e.g.*, Firsenbaum Decl. Ex. 39 (Champs Camp brochure).

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that this Court preclude the County from introducing into evidence, or referencing at trial, the Prior Arrests and Dispositions.

Dated: December 10, 2014                              Respectfully submitted,

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**

By: /s/  Peter J. Macdonald
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*