UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,<br><br>   Plaintiff,<br><br> v.<br><br>THE COUNTY OF DUTCHESS,<br><br><br>   Defendant. | No.  10 Civ. 4917 (CS) |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO BAR DUTCHESS COUNTY FROM USING CONCLUSORY, INFLAMMATORY, AND PEJORATIVE TERMS AND PHRASES AT TRIAL**

               **WILMER CUTLER PICKERING**
                 **HALE AND DORR LLP**

               Peter J. Macdonald
               Ross E. Firsenbaum
               Shauna K. Friedman
               7 World Trade Center
               250 Greenwich Street
               New York, NY 10007
               Tel: (212) 230-8800
               Fax: (212) 230-8888

               *Attorneys for Plaintiff Dewey R. Bozella*

**TABLE OF CONTENTS**

Page

STATEMENT OF FACTS ..................................................................................................1

ARGUMENT .....................................................................................................................3

    I.     THE COUNTY SHOULD BE PRECLUDED FROM USING PEJORATIVE TERMS AND PHRASES WHEN REFERRING TO MR. BOZELLA AT ANY TIME DURING TRIAL ..............................................3

CONCLUSION ..................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*A.I.A. Holdings, S.A. v. Lehman Brothers.*,
  No. 97 Civ. 4978, 2002 WL 31655287 (S.D.N.Y. Nov. 21, 2002) ..........................................3

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*,
  No. 04 Civ. 10014, 2009 WL 3111766 (S.D.N.Y. Sept. 28, 2009) .........................................3

*Batson v. Kentucky*,
  476 U.S. 79 (1986)..............................................................................................................1, 6

*Brady v. Maryland*,
  873 U.S. 83 (1963)..............................................................................................................1, 6

*Highland Capital Management, L.P. v. Schneider*,
  551 F. Supp. 2d 173 (S.D.N.Y. 2008)................................................................................3, 6

*Outley v. City of New York*,
  837 F.2d 587 (2d Cir. 1988)...................................................................................................4

*Pappas v. Middle Earth Condominium Association*,
  963 F.2d 530 (2d Cir. 1992)...................................................................................................4

*People v. Bozella*,
  541 N.Y.S.2d 43 (App. Div. 1989) ....................................................................................1, 4

*People v. Bozella*,
  556 N.Y.S.2d 121 (App. Div. 1990) ..................................................................................1, 2

*People v. Bozella*,
  901 N.Y.S.2d 908 (Cnty. Ct. 2009) .............................................................................1, 2, 4

*Plew v. Limited Brands, Inc.*,
  No. 08 Civ. 3741, 2012 WL 379933 (S.D.N.Y. Feb. 6, 2012) ................................................3

*Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992 (E.D.N.Y. 2006), *rev'd on other
  grounds sub nom. McLaughlin v. American Tobacco Co.*, 522 F.3d 215 (2d Cir. 2008)..........3

**RULES**

Fed. R. Evid. 105 ..........................................................................................................................5

Fed. R. Evid. 403 ..........................................................................................................................5

Fed. R. Evid. 403 Advisory Committee Notes .........................................................................5, 6

Fed. R. Evid. 609(a)(2) ............................................................................................................5

**OTHER AUTHORITIES**

3-32 Federal Litigation Guide § 32.24..........................................................................................4

Mr. Bozella respectfully requests that the Court bar the County's witnesses and counsel from using conclusory, inflammatory, and pejorative terms and phrases at trial when referring to Mr. Bozella, including but not limited to terms such as "murderer", "guilty", "convicted", "a criminal", "a felon", and any similar term or phrase. All of these descriptors are especially conclusory, inflammatory, and pejorative with regards to Mr. Bozella's culpability for the June 14, 1977 murder of J. Emma Crapser (the "Crapser Murder"), a crime for which the Dutchess County District Attorney (the "DCDAO") has never obtained a valid conviction against Mr. Bozella.

## STATEMENT OF FACTS

The County's trial counsel has repeatedly characterized Mr. Bozella, both in the courtroom and in public filings in this case, as guilty of the Crapser Murder. *See, e.g.*, Letter from Burke to Judge Seibel, dated March 9, 2011 [Dkt. No. 56] at 1 (stating that it is "clear beyond any rational doubt that, on June 14, 1977, Dewey Bozella (and Wayne Moseley) murdered 92-year-old Emma Crapser in her home in Poughkeepsie, New York"); Omnibus Declaration of Ross E. Firsenbaum, dated Dec. 10, 2014 ("Firsenbaum Decl.") Ex. 2 (March 13, 2012 Hearing Tr.) 46-47 (County's counsel accusing Mr. Bozella of being "the guy who actually murdered M[]s. Crapser. . . . He's twice convicted")).

But Mr. Bozella has never received a fair trial for the Crapser Murder and the DCDAO has never obtained a valid conviction of him for that crime. His first conviction was overturned because the DCDAO violated his constitutional rights under *Batson v. Kentucky*, 476 U.S. 79 (1986). *People v. Bozella*, 556 N.Y.S.2d 121 (App. Div. 1990); *People v. Bozella*, 541 N.Y.S.2d 43 (App. Div. 1989). And his second conviction was deemed invalid in 2009 when Judge Rooney concluded that the DCDAO violated his constitutional rights under *Brady v. Maryland*, 873 U.S. 83 (1963). *People v. Bozella*, 901 N.Y.S.2d 908 (Cnty. Ct. 2009). The DCDAO then

voluntarily dismissed the indictment against Mr. Bozella, concluding that there was insufficient evidence to prosecute Mr. Bozella for the Crapser Murder. Firsenbaum Decl. Ex. 1 (Oct. 28, 2009 Hearing Tr.) 4-12. Thus, Mr. Bozella was never found "guilty" of the Crapser Murder in a trial that comported with his constitutional rights, and the DCDAO has no charges pending against Mr. Bozella for the Crapser Murder. This basic fact is buttressed not only by the tenuous evidence upon which Mr. Bozella was convicted in the two unconstitutional trials, but by the lack of any physical evidence linking Mr. Bozella to the crime, and the fact that Mr. Bozella has consistently maintained his innocence for more than three decades.

According to a "rap sheet" produced in this case, Mr. Bozella was arrested 14 times prior to his arrest in 1983 for the Crapser Murder for reasons unrelated to the Crapser Murder (the "Prior Arrests"). Firsenbaum Decl. Ex. 4. The Prior Arrests consist of eight incidents with no final disposition;[1] two adjudications as a youthful offender where Mr. Bozella pled guilty to Class B misdemeanors; three guilty pleas to Class A misdemeanors as an adult; one guilty plea to a Class B misdemeanor as an adult; and one felony conviction for which Mr. Bozella served approximately 18 months in prison. *See id.* Mr. Bozella does not recall many of these events, but does not dispute that he had, as a general matter, been arrested, pled guilty, and been convicted in connection with incidents unrelated to the Crapser Murder. Firsenbaum Decl. Ex. 37 (Bozella Dep. Tr.) 20:6-65:11.

---

[1] In April 2013, one of these eight matters was dismissed. *See* Firsenbaum Decl. Ex. 3.

**ARGUMENT**

I.  **THE COUNTY SHOULD BE PRECLUDED FROM USING CONCLUSORY, INFLAMMATORY, AND PEJORATIVE TERMS AND PHRASES WHEN REFERRING TO MR. BOZELLA AT TRIAL**

"Courts may prohibit the use of pejorative terms under Federal Rule of Evidence 403 when such categorizations are inflammatory and unnecessary to prove a claim." *Plew v. Ltd. Brands, Inc.*, No. 08 Civ. 3741, 2012 WL 379933, at *2 (S.D.N.Y. Feb. 6, 2012) (internal quotation marks & alteration omitted).  Applying this rule, courts in this district regularly bar witnesses from using pejorative terms in front of the jury.  *See, e.g.*, *id.* (prohibiting plaintiff from claiming that Victoria's Secret "stole" her bra); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009) (prohibiting use of the term "tax haven"); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 193 (S.D.N.Y. 2008) (prohibiting use of the term "inside information" because "mere use of the term 'inside information' may lead a juror to believe that the [defendants] engaged in improper or illegal conduct" such that "any probative value of the term is outweighed by its misleading nature"); *A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97 Civ. 4978, 2002 WL 31655287, at *1 (S.D.N.Y. Nov. 21, 2002) (prohibiting use of the phrase "rat trading"); *see also, e.g.*, *Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992, 1221 (E.D.N.Y. 2006) (prohibiting expert witness from using "conclusory and derogatory words such as 'monopoly,' 'oligopoly,' 'collusion,' and the like" because those "terms [were] likely to be viewed by the jury as pejorative" but allowing the witness to describe, "in lay terms the alleged 'collusion,' which [was] a central part of the plaintiffs' case"), *rev'd on other grounds sub nom. McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215 (2d Cir. 2008).

Similarly, courts routinely prohibit trial counsel from making inflammatory characterizations of evidence at trial.  The Second Circuit has recognized that "the responsibility

3

of the trial judge to guard against [an unfairly prejudicial characterization], remain[s] the same when the accusation is made in an opening statement," *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988), or in "closing arguments," *see id.* at 595.  In general, "the bounds of counsel's advocacy are circumscribed by considerations of the prejudice it might engender," *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 539 (2d Cir. 1992), and derogatory remarks made by attorneys may even constitute grounds for mistrial, *see* 3-32 Federal Litigation Guide § 32.24.  Indeed, in *Outley* (a § 1983 case), the Second Circuit vacated a verdict for defendant New York City and remanded the case to the district court for a new trial because the City's counsel unfairly and prejudicially panned the plaintiff as a "perpetual litigant" in its opening statement. *See Outley*, 837 F.2d at 591-95.

      Here, the County's use of the terms and phrases "a murderer" and "guilty", and similar terms and phrases to describe Mr. Bozella in connection with the Crapser Murder would be not only conclusory, inflammatory, and pejorative.  They would be *flat out wrong*.  Mr. Bozella has never been found "guilty" or as a "murderer" in accordance with his constitutional rights—both of his convictions for the Crapser Murder have been overturned.  *See People v. Bozella*, 556 N.Y.S.2d 121 (App. Div. 1990); *People v. Bozella*, 541 N.Y.S.2d 43 (App. Div. 1989); *People v. Bozella*, 901 N.Y.S.2d 908 (Cnty. Ct. 2009).  And while Mr. Bozella was "convicted" in connection with the Crapser Murder, those convictions were only as a result of his unconstitutional trials.  Thus, if the County were permitted to describe Mr. Bozella as "convicted" of the Crapser Murder, it should be compelled to refer to him either as "wrongfully convicted" or "convicted based on violations of his constitutional rights to a fair trial, which were later reversed by a New York court."  That language would be essential to ensure that the jury is not misled into believing that Mr. Bozella's convictions are valid, that he is bringing this

4

lawsuit from prison, or that he was released on parole.  *Cf.* Fed. R. Evid. 403 (permitting courts to exclude relevant evidence when its probative value is substantially outweighed by a tendency to mislead the jury); Fed. R. Evid. 105 (permitting courts to issue limiting instructions).

Although Mr. Bozella has pled guilty and been convicted of other crimes, use of these and similar terms (such as "criminal" and "felon") at trial would still be unfairly prejudicial to Mr. Bozella.

*First*, the crimes at issue occurred more than 30 years ago, do not concern a "dishonest act or false statement," *see* Fed. R. Evid. 609(a)(2), and were unrelated to the Crapser Murder. Where such crimes cannot be used even as a basis to impeach, they obviously cannot be used as pejorative shorthand characterizations of Mr. Bozella in this civil action.  *See generally* Pl. Dewey R. Bozella's Motion in Limine to Exclude His Prior Arrests and Their Dispositions, dated Dec. 10, 2014.

*Second*, any limiting instruction allowing the County to use such terms to characterize Mr. Bozella with respect to his prior criminal history would almost certainly be futile—it is unlikely that the jury could compartmentalize the applicability of labels like "criminal" and "felon" to Mr. Bozella's prior criminal history without those terms influencing their perception of Mr. Bozella in connection with the Crapser Murder.  *See supra*; Fed. R. Evid. 403 Advisory Committee Notes ("In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction.").

*Third*, even if the Court could carefully limit the County's use of such terms to characterizations of the Prior Arrests, such terms would improperly appeal to the jury's emotions by characterizing Mr. Bozella as a "bad" person.  *See* Fed. R. Evid. 403 Advisory Committee

Notes ("'Unfair prejudice'" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."); *cf. Highland Capital Mgmt., L.P.*, 551 F. Supp. 2d at 192 (prohibiting use of pejorative terms where "the only apparent reason for such trial strategy [using thepejorative terms] would be to show the jury that defendants are bad people" (internal quotation marks omitted)).[2]

## CONCLUSION

Mr. Bozella is not, as the County is fond of saying, "twice convicted" of the Crapser Murder; rather, he was *wrongfully* convicted twice and served more than 26 years in prison pursuant to convictions the DCDAO obtained in violation of *Batson*, *Brady*, or both, for a crime he did not commit. It would be unfair (not to mention ironic) if the defendant could now refer to Mr. Bozella as a "murderer" and "guilty" based on the very convictions that the DCDAO wrongfully procured by violating Mr. Bozella's most important constitutional rights. For these and the reasons described above, Mr. Bozella respectfully requests that the Court issue an order precluding the County's witnesses and counsel from using conclusory, inflammatory, and pejorative terms and phrases to refer to Mr. Bozella at trial, including but not limited to the terms "murderer", "guilty", "convicted", "a criminal", and "a felon."

---

[2] *See also* Pl. Dewey R. Bozella's Motion in Limine to Exclude His Prior Arrests and Their Dispositions, dated Dec. 10, 2014. In that motion, Mr. Bozella respectfully requests that this Court preclude the County from introducing into evidence, or referring to, the Prior Arrests. If the Court grants that motion, it should also grant this motion—if the County is permitted to refer to Mr. Bozella as a "criminal" or "felon" or the like, it would be able to circumvent any order from this Court precluding the County from introducing or referencing the Prior Arrests at trial. And even if the Court were to deny Mr. Bozella's other motion (in whole or in part), there would be no valid reason for the County's witnesses or counsel to use these pejorative terms throughout the trial, except perhaps where necessary to describe a "conviction" of a different crime. And even then there would be no reason to repeatedly use such terms other than to improperly attempt to portray Mr. Bozella as a "bad guy."

In addition, to the extent that the County refers to Mr. Bozella's prior convictions for the Crapser Murder, we respectfully ask that it be instructed to refer to those convictions either: (i) as the "*wrongful* convictions" or (ii) as "convictions obtained based on violations of Mr. Bozella's constitutional rights to a fair trial, and later reversed by a New York court."

Dated: December 10, 2014                                    Respectfully submitted,

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**

By: /s/ Peter J. Macdonald
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*