UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,<br><br>      Plaintiff,<br><br>   v.<br><br>THE COUNTY OF DUTCHESS,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)   No. 10 Civ. 4917 (CS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE MCKINNEY DOCUMENT AND THE MCKINNEY STATEMENT**

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...........................................................................................................1

STATEMENT OF FACTS ..................................................................................................................1

    A.     The McKinney Document.................................................................................................1

    B.     The Handwritten Statement ..............................................................................................2

    C.     The Dutchess County District Attorney's Office Has Not Connected, And Cannot Connect, The McKinney Document To The Handwritten Statement...................................................................................................................3

    D.     The McKinney Statement ................................................................................................4

ARGUMENT..........................................................................................................................................5

    I.     THE COUNTY CANNOT AUTHENTICATE THE MCKINNEY DOCUMENT ...................................................................................................................5

    II.    THE MCKINNEY DOCUMENT IS ALSO INADMISSIBLE HEARSAY.........................................................................................................................8

    III.   ANY PROBATIVE VALUE OF THE MCKINNEY DOCUMENT IS SUBSTANTIALLY OUTWEIGHED BY ITS UNFAIRLY PREJUDICIAL EFFECT AND ITS TENDENCY TO MISLEAD THE JURY AND WASTE TIME ............................................................................................9

    IV.   THE MCKINNEY DOCUMENT IS NOT ADMISSIBLE TO ATTEMPT TO IMPEACH MR. BOZELLA .......................................................11

    V.    THE MCKINNEY STATEMENT IS INADMISSIBLE FOR THE SAME REASONS .......................................................................................................12

CONCLUSION.....................................................................................................................................14

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Indiaweekly.com, LLC v. Nehaflix.com, Inc.*,
  No. 07-CV-0194, 2011 U.S. Dist. LEXIS 60457 (D. Conn. June 6, 2011)..............................12

*Maxwell v. Roe*,
  628 F.3d 486 (9th Cir. 2010) ..................................................................................................13

*O'Neal v. Esty*,
  637 F.2d 846 (2d Cir. 1980).....................................................................................................8

*United States v. Almonte*,
  956 F.2d 27 (2d Cir. 1992)..................................................................................................5, 11

*United States v. Ghailani*,
  761 F. Supp. 2d 114 (S.D.N.Y. 2011)....................................................................................11

*United States v. Ramirez*,
  609 F.3d 495 (2d Cir. 2010)...................................................................................................12

**RULES**

Fed. R. Evid. 104 ............................................................................................................................5

Fed. R. Evid. 403 ..................................................................................................................1, 9, 13

Fed. R. Evid. 613 ..........................................................................................................................11

Fed. R. Evid. 801 ......................................................................................................................8, 13

Fed. R. Evid. 802 ............................................................................................................................8

Fed. R. Evid. 804(b)(1) .................................................................................................................13

Fed. R. Evid. 805 ..........................................................................................................................13

Fed. R. Evid. 901 ............................................................................................................................5

**OTHER AUTHORITIES**

1-6 Weinstein's Evidence Manual § 6.02 ....................................................................................10

4 Weinstein on Evidence § 804(b)(1) ..........................................................................................13

5-801 Weinstein's Federal Evidence § 801.30 .............................................................................8


5-805 Weinstein's Federal Evidence § 805.02 ............................................................................13

27 Charles A. Wright et al., Fed. Prac. & Proc. Evid. § 6096 (2d ed. 2012) ................................12

## PRELIMINARY STATEMENT

Defendant Dutchess County may try to offer at trial a document apparently prepared by a jailhouse informant named Alan McKinney, which it has characterized as a "written confession" by Mr. Bozella (the "McKinney Document") to the June 1977 murder of J. Emma Crapser in Poughkeepsie, New York (the "Crapser Murder"). The McKinney Document, to put it mildly, is facially suspect, apparently went missing for the better part of two decades, is something no County witness knows anything about, and was never identified (let alone relied upon) by the Dutchess County District Attorney's Office (the "DCDAO") in the 32 years following the Crapser Murder. This Court should preclude the County from using or referring to the McKinney Document at trial because the County cannot authenticate it, it is inadmissible hearsay, and it does not survive a Federal Rule of Evidence 403 analysis.

The County also may seek to introduce a four-page transcript that the County contends is a sworn statement of Alan McKinney to Assistant District Attorney D. James O'Neil purporting to implicate Mr. Bozella for the Crapser Murder (the "McKinney Statement"). The McKinney Statement is inadmissible for the same reasons.

## STATEMENT OF FACTS

### A. The McKinney Document

The McKinney Document is an unsigned, typewritten document on unlined paper, dated July 29, 1983, purporting to be a statement by an unidentified declarant, prepared by an unidentified person at the request of the declarant for the purposes of "the clearing of my conscience with the lord and the consideration of the courts." Omnibus Declaration of Ross E. Firsenbaum, dated Dec. 10, 2014 (the "Firsenbaum Decl."), Ex. 32 (McKinney Document). It purports to describe the declarant's recollection of the Crapser Murder and the declarant supposedly admits to unintentionally killing Ms. Crapser. *See id.* The document is a pastiche of

public information about the Crapser Murder as well as inaccurate information inconsistent even with the prosecution's theory of the case. *See infra* at 6-7.

No County witness knows how the McKinney Document was created. William O'Neill, the Assistant District Attorney that prosecuted Mr. Bozella, first speculated that a "wheeler and dealer" jailhouse informant named Alan McKinney went "into the [County] jail and had Wayne Mosel[e]y type" the statement, Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 217:6-16, but then admitted, "To be honest, I don't know who typed it," *id.* at 217:17-24. During his deposition, Mr. O'Neill twice speculated that Moseley is the declarant who made the statement in the document. *See id.* at 217:6-24. Later, Mr. O'Neill himself changed his testimony, asserting in an "errata sheet" that Mr. Bozella was the declarant. *See id.* at Errata Sheet.

Mr. Bozella never saw the McKinney Document before filing this civil lawsuit and unequivocally denies making the statement or asking someone to make it on his behalf. *See* Firsenbaum Decl. Ex. 37 (Bozella Dep. Tr.) at 109:13-110:15.

### B.   The Handwritten Statement

The County claims that the McKinney Document has a second page, a document produced by the County with Bates number 002022 (the "Handwritten Statement"). Firsenbaum Decl. Ex. 33 (Handwritten Statement); Rule 56.1 Statement in Supp. Defs. Dutchess County and William J. O'Neill's Mot. Summ. J., dated Sept. 13, 2013 [Dkt. No. 147] ("County Rule 56.1 Statement"), ¶ 80. The Handwritten Statement is handwritten, on lined paper, and states—in its entirety: "Wherefore this petitioner prays that the Honorable Court grant him any relief it deems just under the aforementioned facts and contentions of disclosure to the aforesaid. Sworn to this 30 day of July 1983." Firsenbaum Decl. Ex. 33 (Handwritten Statement). Theo T. Howley Jr., a notary public employed in the Dutchess County jail as a guard, *see* County Rule 56.1 Statement ¶ 84, appears to have notarized the Handwritten Statement (but did not notarize the McKinney

Document), *see* Firsenbaum Decl. Exs. 33 (Handwritten Statement) & 32 (McKinney Document).

Mr. Bozella has no recollection of creating the Handwritten Statement (which itself is entirely innocuous) but acknowledges that the handwriting and signature on the Handwritten Statement are his. *See* Firsenbaum Decl. Ex. 37 (Bozella Dep. Tr.) at 106:21-24, 107:14-15.

### C. The Dutchess County District Attorney's Office Has Not Connected, And Cannot Connect, The McKinney Document To The Handwritten Statement

Although the County has previously represented to the Court that the McKinney Document and the Handwritten Statement are a single document, *see e.g.*, Firsenbaum Decl. Ex. 34 (Letter from P. Burke to J. Yanthis, dated Aug. 10, 2011) (representing that there is a single "two page statement of Dewey Bozella in which Bozella confessed to participating in the murder of Emma Crapser"), the County has *no evidence* connecting the two pages. There appear to be staples removed from each of the documents at unknown previous points in time. And Mr. O'Neill testified that connecting the two documents has always been "a problem" for the DCDAO. Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 224:2-7.

The DCDAO has never identified or proffered the McKinney Document in any judicial proceeding before this one. It did not even disclose the alleged statement in a Huntley Notice, although it served three Huntley Notices disclosing other purported inculpatory statements of Mr. Bozella (all of which Mr. Bozella denies). Firsenbaum Decl. Exs. 28-30 (Huntley Notices). William O'Neill did not examine Moseley at either the 1983 trial or 1990 trial about the alleged statement. Mr. O'Neill did not call McKinney as a witness at either trial. And the DCDAO did not rely on the document in opposing Mr. Bozella's 440 Motion in 2009 (even though one of the grounds for the 440 Motion was Mr. Bozella's "actual innocence"). *See* Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 208:2-213:12; Firsenbaum Decl. Ex. 35 (Whitesell Dep. Tr.) at 276:17-

288:7. Despite taking contrary positions about who the declarant in the McKinney Document is (first Moseley and then Mr. Bozella), and not knowing who prepared the McKinney Document, and not knowing for many years where the McKinney Document was located, or who attached what to the document, or when anything was attached to it, the County now asserts that it should be permitted to put the document in front of a jury and argue from it that Mr. Bozella murdered Emma Crapser.

Apart from its murky provenance, the McKinney Document is inadmissible for three independent reasons. First, the County cannot authenticate it. Second, even if the County could authenticate the document, the statement is inadmissible hearsay. Third, even if the County could authenticate the document as an exception to the hearsay rule, any probative value of the McKinney Document would be substantially outweighed by its unfairly prejudicial effect, tendency to mislead the jury, and tendency to waste time.

### D. The McKinney Statement

The County also relied in its summary judgment papers on the McKinney Statement—a four-page document that the County characterizes as a "sworn statement [given] to ADA D. James O'Neil at the District Attorney's office" on July 25, 1983 (just four days prior to the alleged date of the McKinney Document)—to support its theory that Mr. Bozella prepared the McKinney Document. *See* Firsenbaum Decl. Ex. 31; County Rule 56.1 Statement ¶¶ 77-79.

There is nothing from the face of the McKinney Statement showing that it was, as the County contends, a "sworn statement." *See* Firsenbaum Decl. Ex. 31. On the first page, there is a note that reads "ALAN McKINNEY, called as a witness-being first duly sworn, testified as follows" and the last question and answer read, "Q: And you realize you are under oath? A: Yes." *Id.* at 1,4. But the declarant signature line at the bottom of the document is blank, and the

4

signature line and date for the public notary is also blank.  *Id.* at 4.  ("SWORN TO BEFORE ME THIS day of _____, 1983 _____ NOTARY PUBLIC").

Like the McKinney Document, the McKinney Statement was not introduced in either of Mr. Bozella's criminal trials.

## ARGUMENT

### I. THE COUNTY CANNOT AUTHENTICATE THE MCKINNEY DOCUMENT

The McKinney Document is inadmissible because the County cannot satisfy its burden of showing that it is a statement by or on behalf of Mr. Bozella.  Where, as here, "the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."  *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992); *see* Fed. R. Evid. 104(b); Fed. R. Evid. 901(a).  Here, the essential condition that the County must, but cannot, prove is that the McKinney Document is a statement by, or on behalf of, Mr. Bozella.

The County has *no such evidence*.  William O'Neill does not know who typed the McKinney Document.  Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 205:15-206:4, 208:12-16.  Edward Whitesell, the prosecutor charged with responding to Mr. Bozella's 440 Motion, does not know who created the document.  *See* Firsenbaum Decl. Ex. 35 (Whitesell Dep. Tr.) at 278:24-279:8.  District Attorney William Grady testified that he had no involvement in the prosecution of the Crapser Murder, *see* County Rule 56.1 Statement ¶¶ 186-90; Firsenbaum Decl. Ex. 36 (Grady Dep. Tr.) at 178:7-186:11, and therefore he cannot know anything about the document's creation.  Indeed, the County's Rule 56.1 Statement includes *no evidence* of how this document was created.  *See* County Rule 56.1 Statement ¶¶ 80-88.

The County's only attempt to authenticate the McKinney Document is its conclusory assertion that the Handwritten Statement authenticates the McKinney Document.  County Rule

5

56.1 Statement ¶¶ 80-85.  But that contention is not based on any *evidence*.  William O'Neill's testimony expressly rejects this hypothesis—he testified that connecting the two documents, at the time they were created in 1983, "was a problem."  Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 224:2-7.  Edward Whitesell testified "I would say [they're] probably authentic, *but I don't have any direct knowledge as to whether or not [they are]*."  Firsenbaum Decl. Ex. 35 (Whitesell Dep. Tr.) at 278:24-279:8 (emphasis added).  Indeed, Mr. O'Neill identified an existing practice in 1983 for notaries to connect multiple pages together as a single document, and noted that the McKinney Document and Handwritten Statement *do not* conform to such practice:

> There's no—you know, like a notary might initial another page or put a date or something on it to show that the notarization was like for two pages. *He didn't do that*.

Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 222:19-223:6 (emphasis added).

      Even a cursory examination of the McKinney Document reveals that its "substance" cannot support a finding that Mr. Bozella is the unidentified declarant.  The portions of the statement that are consistent with the prosecution's theory of the Crapser Murder were easily available given the press coverage regarding the murder.  *Compare* Firsenbaum Decl. Ex. 32 (McKinney Document) ("Pittman layed by the front, i went from room to room checking for the money"; "I tied her up and she was still saying loud get out, help so I stuffed the other rag in her mouth . . .") *with* Firsenbaum Decl. Ex. 25 (7/31/77 Poughkeepsie Journal article) at WH-BOZELLA-0007882-83 (describing how Ms. Crapser "was bound with wire and prevented from yelling for help with a gag that suffocated her" and identifying Elbert Pittman and Mr. Bozella as the individuals arrested by police for the murder).  And the County itself admits that McKinney—the "wheeler and dealer" allegedly involved in creating this document—was in the DCDAO just days before the purported date of the statement, *see* County Rule 56.1 Statement ¶¶ 77-78, and thus easily could have obtained "facts" about the Crapser Murder during such visit.

6

In any event, much of the information in the McKinney Document differs from the DCDAO's evidence presented at Mr. Bozella's trials, making it implausible that both (a) Wayne Moseley and Lamar Smith described the Crapser Murder accurately and (b) the McKinney Document is a confession by Mr. Bozella for the same crime.  For example:

- Although the statement refers to a person named "Randy," the record is barren of any evidence of any Randy.

- Although the declarant says, "Randy and [Marylyn] cooled across the street" during the murder, the prosecution's evidence at trial was that Lamar Smith and Stanley Smith (and nobody named Randy or Marylyn) watched events unfold from across the street, *see, e.g.*, Firsenbaum Decl. Ex. 10 (1990 Trial Tr.) at 364:15-376:7.

- Although the declarant says "i cracked the window" and that "they" entered the house through the window, the prosecution's theory at trial was that Moseley and Mr. Bozella entered Ms. Crapser's house through the front door, *see id.* at 459:18-460:19; 373:11-374:4.

- Although the declarant testified that the house was yellow, the evidence at the trial was that the house was red brick.  *See id.* at 131:16-132:8; Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 220:22-221:8.

Finally, the DCDAO's failure to use this document in either of Mr. Bozella's criminal trials confirms that even it never has believed that the McKinney Document is attributable to Mr. Bozella.  The DCDAO did not disclose the statement in a Huntley Notice provided to Mr. Bozella's trial counsel before the 1983 trial.  Mr. O'Neill did not question Moseley about the

7

document at trial. And he did not call McKinney as a witness at trial.[1] And decades later, after Mr. Bozella filed his 440 Motion arguing, among other things, that his conviction should be vacated because of his "actual innocence" of the Crapser Murder, the DCDAO did not rely on the McKinney Document as evidence disputing Mr. Bozella's claim. The DCDAO's failure to rely on the McKinney Document for a crime as serious as the Crapser Murder prior to this case speaks volumes.

## II. THE MCKINNEY DOCUMENT IS ALSO INADMISSIBLE HEARSAY

Even if the County could authenticate the McKinney Document (and it cannot), the statement is still inadmissible. Federal Rule of Evidence 802 precludes the introduction of an out-of-court statement for the truth of the matter asserted unless the statement is subject to an exception to the rule against hearsay. *See* Fed. R. Evid. 802; Fed. R. Evid. 801(c). Here, the McKinney Document is an out-of-court statement not subject to any exception.

The County bears the burden of showing that the statement is one by a party opponent (*i.e.*, Mr. Bozella) if it seeks to introduce the document under Federal Rules of Evidence 801(d)(2). *See, e.g.*, *O'Neal v. Esty*, 637 F.2d 846, 850 (2d Cir. 1980) (requiring the proffering party to present sufficient evidence that the declarant is in fact a party opponent); 5-801 Weinstein's Federal Evidence § 801.30. But the County cannot satisfy that burden for the same reasons it cannot authenticate the document—there is no evidence that Mr. Bozella is the unidentified declarant who made the McKinney Document. *See supra* Section I.

---

[1] Mr. O'Neill claims that the DCDAO did not use the document because it would not have been admissible in the prosecution's case in chief. *See* Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 209:15-211:6, 224:8-20. But the DCDAO disclosed other alleged statements of Mr. Bozella in its Huntley notice that also would not have been admissible in the DCDAO's case-in-chief. *See* Firsenbaum Decl. Ex. 30.

### III. ANY PROBATIVE VALUE OF THE MCKINNEY DOCUMENT IS SUBSTANTIALLY OUTWEIGHED BY ITS UNFAIRLY PREJUDICIAL EFFECT AND ITS TENDENCY TO MISLEAD THE JURY AND WASTE TIME

Apart from the myriad evidentiary and factual defects noted above, the McKinney Document is also inadmissible under Rule 403 because its unfair prejudicial effect, tendency to mislead, and tendency to waste time substantially outweigh any probative value it may have.

On one side of the scale, the probative value of the McKinney Document is minimal, if it exists at all. Putting aside the lack of evidence authenticating the document, the statement is not relevant to any element of the County's liability under *Monell*. It has no bearing on the County's *Brady* disclosure policy, custom, or practice. And because it was not admitted into evidence at either of Mr. Bozella's criminal trial, it has no bearing on the question of whether the DCDAO's non-disclosure of the *Brady* Evidence was material to the verdicts. *See Kyles v. Whitley*, 514 U.S. 419, 441-54 (1995) (detailing the evidence *admitted at trial* and assessing the impact the suppressed evidence would have had on the probity of the admitted evidence); *United States v. Bagley*, 473 U.S. 667, 715 (1985) (the "materiality" question asks whether there was a reasonable probability that the withheld evidence, combined with the evidence actually presented at trial, would have resulted in a different verdict); *United States v. Petrillo*, 821 F.2d 85, 89 (2d Cir. 1987) (noting that materiality "must be judged in the light of all the evidence *presented at trial*" (emphasis added)).

On the other hand, the McKinney Document would almost surely confuse the jury and unfairly prejudice Mr. Bozella. Here, it would be virtually impossible to ask the jury to ignore the existence of what the County claims to be a confession when considering whether the non-disclosure of the *Brady* Evidence was material to the outcome of Mr. Bozella's criminal trials, but that is exactly what the Court would have to do if the McKinney Document were allowed into evidence. To be sure, Mr. Bozella is innocent of the Crapser Murder. Yet if the Court were

9

to admit the McKinney Document, the jury likely would accord undue weight and significance to a supposed confession when determining the County's liability.

Finally, allowing the McKinney Document into evidence would lead to a significant waste of time. "In many cases involving confusing or misleading evidence, the courts exclude evidence because an inordinate amount of time would be consumed in clarifying the situation." 1-6 Weinstein's Evidence Manual § 6.02. If the Court were to permit the County to introduce the McKinney Document to the jury, Mr. Bozella would have to, among other things, (i) testify that he is not the unidentified declarant who made the McKinney Document; (ii) elicit evidence of the many inconsistencies between the McKinney Document and the prosecution's evidence at Mr. Bozella's trials; (iii) present evidence that the DCDAO did not disclose the document in a Huntley notice, use the document at either of Mr. Bozella's trials or during the 440 proceedings, or otherwise take any action indicative of any belief that the document was reliable; (iv) present evidence discrediting William O'Neill's explanation as to why he did not use the document (*i.e.*, by comparing the statements in the McKinney Document to the statements that the DCDAO disclosed in the Huntley notices to Mr. Bozella);[2] and (v) present evidence showing that the DCDAO saw the McKinney Document when responding to the 440 Motion and simply chose not to rely on it.[3]

---

[2] William O'Neill's explanation for not disclosing the statement—that he did not plan to introduce the statement in his case in chief but that he would have used the McKinney Document if Mr. Bozella testified on the "Harris theory"—would only inject another complicated legal issue into the case and confuse the jury. *See* Firsenbaum Decl. Ex. 6 (O'Neill Dep. Tr.) at 221:13-222:14, 224:8-20.

[3] This would require evidence disproving the County's convoluted claim that there supposedly were "missing" boxes from the Crapser Murder file when the DCDAO was responding to the 440 Motion although, in fact, the boxes were undisputedly in the County's possession at all relevant times. *See* Def. Co. Dutchess Resp. Pl. 56.1 Stmt., dated Sept. 13, 2013 [Dkt. No. 171], ¶ 81 (contending that the DCDAO was "missing" files when responding to

## IV. THE MCKINNEY DOCUMENT IS NOT ADMISSIBLE TO ATTEMPT TO IMPEACH MR. BOZELLA

The McKinney Document is not admissible to attempt to impeach Mr. Bozella either. The statement may not be introduced as extrinsic evidence in support of a prior inconsistent statement under Rule 613(b) because "extrinsic evidence of the prior inconsistent statement must be competent and otherwise admissible." *United States v. Ghailani*, 761 F. Supp. 2d 114, 118 (S.D.N.Y. 2011); *see* Fed. R. Evid. 613(b). As described above, the McKinney Document is inadmissible. *See supra* Parts I-III.

In any event, the County cannot introduce the McKinney Document as a prior inconsistent statement because the County cannot meet its burden of demonstrating that the McKinney Document is a verbatim transcript of a prior statement made by Mr. Bozella. Where a declarant's prior statement is transcribed by a third-party, the Second Circuit has held:

> [A] third party's characterization of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization. Thus, in the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement *unless they are a verbatim transcript of the witness's own words*. The problem, in essence, is one of relevancy. If a third party's notes reflect only that note-taker's summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible.
>
> Thus a judge may disallow the introduction of conditionally relevant evidence unless its proponent presents evidence sufficient to support a finding that the condition—*for our purposes, the identification of a third party's notes as a verbatim transcript of a witness's prior statement*—is fulfilled. The party proffering the evidence bears the burden of proving a rational basis for concluding that an exhibit is what it is claimed to be.

*United States v. Almonte*, 956 F.2d 27, 29-30 (2d Cir. 1992) (emphasis added) (citations & internal quotation marks omitted). Here, there is no evidence suggesting that the McKinney

---

Mr. Bozella's 440 motion); Def.'s Mem. Law Opp. Pl.'s Partial. Mot. Summ. J., dated Sept. 13, 2013 [Dkt. No. 173], at 21 (same).

11

Document is a prior statement by Mr. Bozella, let alone a verbatim transcript of a prior statement by Mr. Bozella.

Nor can the County use the McKinney Document to attempt to impeach Mr. Bozella by contradiction. Under the common law, the collateral matter rule permitted use of extrinsic evidence to impeach a witness only if the extrinsic evidence was otherwise admissible. 27 Charles A. Wright et al., Fed. Prac. & Proc. Evid. § 6096 (2d ed. 2012). The Second Circuit has "been reluctant" to depart from this rule, and leading commentators agree its hesitancy. *See United States v. Ramirez*, 609 F.3d 495, 499-500 (2d Cir. 2010); *see also Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, No. 07-CV-0194, 2011 U.S. Dist. LEXIS 60457, at *3 (D. Conn. June 6, 2011); 27 Charles A. Wright et al., Fed. Prac. & Proc. Evid. § 6096 (2d ed. 2012). Thus, the County cannot use the McKinney Document to impeach Mr. Bozella by contradiction for the same reasons why the document is inadmissible in the first place. *See supra* Parts I-III.

## V. THE MCKINNEY STATEMENT IS INADMISSIBLE FOR THE SAME REASONS

The McKinney Statement is inadmissible for the same reasons the McKinney Document is inadmissible.

*First*, the County cannot authenticate this document either. The statement is unsigned and un-notarized. *See* Firsenbaum Decl. Ex. 31 at 4. D. James O'Neil and Alan McKinney will not testify at trial, as they are deceased. And the court reporter who purportedly transcribed the conversation—the only other person in the room that could provide the necessary foundation to authenticate the document—has never been identified by the County as a potential witness and is not on the County's trial witness list.

*Second*, even if the County could authenticate the McKinney Statement (which it cannot), the entire document consists of hearsay and hearsay within hearsay—McKinney's purported

12

statements to Mr. O'Neil are all hearsay (as are Mr. O'Neil's questions), and McKinney's purported statements describing statements he attributes to Mr. Bozella are hearsay within hearsay.  *See* Fed. R. Evid. 801 (defining hearsay); Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay *if each part of the combined statements conforms with an exception to the rule*.") (emphasis added); 5-805 Weinstein's Federal Evidence § 805.02 ("Rule 805 governs admissibility of hearsay within hearsay, sometimes called 'double hearsay' or 'multiple hearsay.' Hearsay within hearsay occurs when a witness, W, attempts to testify that A told W what B said.").  Neither level of the hearsay statements fall within an exception to the rule against  hearsay.  *See, e.g.*, Fed. R. Evid. 804(b)(1); *Zola v. Gordon*, No. 86 Civ. 4790, 1993 U.S. Dist. LEXIS 9838, at *7 (S.D.N.Y. June 29, 1993) ("Prior testimony of a witness who is presently unavailable must be excluded if the opportunity to cross-examine was lacking at the time the prior testimony was given." (citing 4 Weinstein on Evidence § 804(b)(1))); *Maxwell v. Roe*, 628 F.3d 486, 504 (9th Cir. 2010) ("[W]e have recognized the unreliability of jailhouse informants—who are themselves incarcerated criminals with significant motivation to garner favor—and on occasion have granted habeas or other relief where a defendant was convicted as a result of fabricated or potentially fabricated testimony.").

*Third*, the County cannot use the McKinney Statement to impeach Mr. Bozella for the same reasons the County cannot use the McKinney Document to impeach Mr. Bozella.  *See supra* Part IV.

*Fourth*, the "wheeler and dealer['s]" statements do not survive a Federal Rule of Evidence 403 analysis for the same reasons the McKinney Document does not survive a 403 analysis.  The probative value of the McKinney Statement is minimal—there is no evidence authenticating the document and the statement is not relevant to any element of the County's

13

liability under *Monell*.  But just like the McKinney Document, the McKinney Statement would almost surely confuse the jury and unfairly prejudice Mr. Bozella; and it would lead to a significant waste of time.  *See supra* Part III.

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that the Court preclude the County from entering the McKinney Document and the McKinney Statement into evidence or referencing them (or their contents) at trial.

Dated: December 10, 2014                                             Respectfully submitted,

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**

By: /s/ Peter J. Macdonald_____
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*