UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,<br><br>        Plaintiff,<br>  v.<br><br>THE COUNTY OF DUTCHESS,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 10 Civ. 4917 (CS)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF ALBERT ROSENBLATT**

WILMER CUTLER PICKERING
HALE AND DORR LLP

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1
STATEMENT OF FACTS ...................................................................................................................1
ARGUMENT ........................................................................................................................................3
I.   THE COURT SHOULD PRECLUDE JUDGE ROSENBLATT FROM TESTIFYING AS AN EXPERT WITNESS ...........................................................................................3
II.  THE COURT SHOULD PRECLUDE JUDGE ROSENBLATT FROM TESTIFYING AS A FACT WITNESS ................................................................................................6
III. IF THE COURT PERMITS JUDGE ROSENBLATT TO TESTIFY, IT SHOULD RESTRICT THE SCOPE OF HIS DIRECT TESTIMONY TO THE TIME HE WORKED IN THE DUTCHESS COUNTY DISTRICT ATTORNEY'S OFFICE ...........9
CONCLUSION...................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allen v. Antal*,
   No. 12 Civ. 8024, 2014 U.S. Dist. LEXIS 79031 (S.D.N.Y. Mar. 13, 2014) ............................ 2

*Cary Oil Co. v. MG Ref. & Mktg., Inc.*,
   257 F. Supp. 2d. 751 (S.D.N.Y. 2003) ............................................................................... 5

*DVL, Inc. v. Niagara Mohawk Power Corp.*,
   490 F. App'x 378 (2d Cir. 2012) ....................................................................................... 5

*Ebewo v. Martinez*,
   309 F. Supp. 2d 600 (S.D.N.Y. 2004) ............................................................................... 3

*Elion v. Jackson*,
   544 F. Supp. 2d 1 (D.D.C. 2008) ...................................................................................... 6

*Garcia v. Dutchess Cnty. et al.*,
   No. 11-CV-1466, 2014 U.S. Dist. LEXIS 116756 (S.D.N.Y. Aug. 21, 2014) ..................... 2

*Haas v. Del. and Hudson Ry. Co.*,
   282 F. App'x 84 (2d Cir. 2008) ......................................................................................... 8

*Hudson v. Cnty. of Dutchess*,
   No. 12-CV-5548, 2014 U.S. Dist. LEXIS 137487 (S.D.N.Y. Sept. 29, 2014) ..................... 2

*LaMarca v. United States*,
   31 F. Supp. 2d 110 (E.D.N.Y. 1998) ................................................................................. 3

*Law v. Camp*,
   15 F. App'x 24 (2d Cir. 2001) ........................................................................................... 4

*Magnotta v. Putnam Cnty. Sherriff*,
   No. 13 Civ. 2752, 2014 U.S. Dist. LEXIS 53917 (S.D.N.Y. Apr. 17, 2014) ..................... 2

*McCray v. County of Dutchess*,
   No. 10-CV-3930, 2013 U.S. Dist. LEXIS 36483 (S.D.N.Y. Mar. 15, 2013) ..................... 2

*Rosenfeld v. Sayers, et al.*,
   858 N.Y.S.2d 382 (N.Y. App. Div. 2008) ......................................................................... 2

*United States v. Al Kassar*,
   582 F. Supp. 2d 498 (S.D.N.Y. 2008) ............................................................................... 6

*United States v. Garcia*,
   413 F.3d 201 (2d Cir. 2005) .............................................................................................. 4

*Watson v. Grady et al.*,
   No. 09-CV-3055, 2010 U.S. Dist. LEXIS 103473 (S.D.N.Y. Sept. 30, 2010) ......................... 2

**RULES**

Fed. R. Civ. P. 26 ................................................................................................... 3, 4, 5, 8

Fed. R. of Evid. 403 ............................................................................................................ 9, 10

Fed. R. Evid. 701 ..................................................................................................................... 4

## PRELIMINARY STATEMENT

Mr. Bozella respectfully requests that the Court preclude the testimony of the Honorable Albert Rosenblatt as improperly disguised expert testimony and as not probative of any issue in this case. In the alternative, should the Court allow Judge Rosenblatt to testify at trial, Mr. Bozella respectfully requests that the Court limit his testimony to relevant facts while he was employed in the Dutchess County District Attorney's Office (the "DCDAO"), and during prior times to the extent relevant, and preclude him from testifying regarding his subsequent employment, positions, titles, awards, or other experiences in any judicial capacity.

## STATEMENT OF FACTS

The County has disclosed 21 witnesses in the Joint Pretrial Order that it "expects" will testify at a trial scheduled for nine business days. *See* Joint Pretrial Order, Dec. 9, 2014 [Dkt No. 203] at 10-16. One of these witnesses is Judge Rosenblatt, who the County discloses as follows:

> Honorable Albert Rosenblatt
>
> Honorable Albert Rosenblatt is the former elected Dutchess County District Attorney (1969, 1972). Judge Rosenblatt is a former Dutchess County Court Judge (1975 – 1981), New York State Supreme Court Justice (elected 1981), Chief Administrative Court Judge of the Courts of the State of New York (1987-1989), Justice New York State Supreme Court, Appellate Division (1989-1998), Judge New York State Court of Appeals (1999-2006) retired 2006. Judge Rosenblatt is expected to testify regarding policies, practices and customs of the Dutchess County District Attorney's Office and Brady disclosures made within the Dutchess County District Attorney's Office.

*Id.* at 13. This disclosure materially differs from the County's disclosure of several other witnesses who are no longer employed by the DCDAO, which are limited in their description to such witness' role in the DCDAO. *See, e.g., id.* at 12-14 (disclosing William O'Neill, Thomas Whalen, Jeremy Scileppi, James Kelley, and Jay Speers only as former prosecutors who worked

in the DCDAO and omitting reference to their subsequent employment). The obvious contrast strongly suggests that the County intends to invoke Judge Rosenblatt's career after leaving the DCDAO to enhance the County's position with respect to the Office, long after Judge Rosenblatt left it in 1975 (eight years before Mr. Bozella's first trial, and fifteen years before Mr. Bozella's second trial).

Notably, the County's disclosure of Judge Rosenblatt's employment after the DCDAO stops in 2006, when he retired from the New York Court of Appeals. *Id*. The County does not mention that Judge Rosenblatt is currently employed at the law firm McCabe & Mack LLP, which not only is counsel of record *in this action* for now-dismissed defendant Robert DeMattio, but also routinely represents the County in legal matters (including § 1983 actions). *See* Omnibus Declaration of Ross E. Firsenbaum, dated December 10, 2014 (the "Firsenbaum Decl.") Ex. 45 (Judge Rosenblatt website biography); *see also, e.g.*, *Hudson v. Cnty. of Dutchess*, No. 12-CV-5548, 2014 U.S. Dist. LEXIS 137487 (S.D.N.Y. Sept. 29, 2014); *McCray v. Cnty. of Dutchess*, No. 10-CV-3930, 2013 U.S. Dist. LEXIS 36483 (S.D.N.Y.Mar. 15, 2013); *Magnotta v. Putnam Cnty. Sherriff*, No. 13 Civ. 2752, 2014 U.S. Dist. LEXIS 53917 (S.D.N.Y. Apr. 17, 2014); *Garcia v. Dutchess Cnty.*, No. 11-CV-1466, 2014 U.S. Dist. LEXIS 116756 (S.D.N.Y. Aug. 21, 2014); *Watson v. Grady*, No. 09-CV-3055, 2010 U.S. Dist. LEXIS 103473 (S.D.N.Y. Sept. 30, 2010); *Allen v. Antal*, No. 12 Civ. 8024, 2014 U.S. Dist. LEXIS 79031 (S.D.N.Y. Mar. 13, 2014) (all listing McCabe & Mack LLP as counsel for Dutchess County). Indeed, Judge Rosenblatt himself has served as counsel of record for the County. *See Rosenfeld v. Sayers*, 858 N.Y.S.2d 382 (App. Div. 2008) (listing Albert Rosenblatt of McCabe & Mack LLP as counsel for Dutchess County).

# ARGUMENT

## I. THE COURT SHOULD PRECLUDE JUDGE ROSENBLATT FROM TESTIFYING AS AN EXPERT WITNESS

The County's disclosure of Judge Rosenblatt's judicial positions *after* leaving the DCDAO, along with the fact that Judge Rosenblatt left the DCDAO eight years before Mr. Bozella's first trial, suggest that the County intends to invoke Judge Rosenblatt's subsequent judicial experience to testify as an "expert" about the DCDAO's *Brady* policies, customs, and practices in place after he left the DCDAO. This tactic is improper.

First, any effort to present Judge Rosenblatt (explicitly or implicitly) as an "expert" is both procedurally and substantively flawed. Parties must disclose an expert witness, accompanied by the expert's written report, at a time scheduled by the Court or at least ninety days before the date set for trial or for the case to be ready for trial. Fed. R. Civ. P. 26(a)(2)(C). These timelines exist for good reason. The "duty to disclose information concerning expert testimony is intended to allow opposing parties to have a reasonable opportunity [to] prepare for effective cross examination and, perhaps, arrange for expert testimony from other witnesses." *LaMarca v. United States*, 31 F.Supp.2d 110, 122 (E.D.N.Y. 1998) (citation & internal quotation marks omitted). Another purpose of the expert disclosure rule "is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004).

Here, the County had to identify areas of expert testimony nearly two years ago, on December 17, 2012. *See* Second Amended Scheduling Order (Nov. 26, 2012) [Dkt. No. 106]. The County did not offer any expert who would testify regarding the "policies, practices and customs of the Dutchess County District Attorney's Office and Brady disclosures made within the Dutchess County District Attorney's Office." *See id.* Expert reports were due a short time

3

after, on January 17, 2013.  *See id.*  The County did not serve a report by Judge Rosenblatt (or anyone else on this issue).  *See id.*

By failing to timely disclose Judge Rosenblatt as an expert witness or to provide a written report stating his opinions and their bases, the County's use of Judge Rosenblatt to offer testimony based on his experiences after he left the DCDAO would amount to "expert" testimony that was not properly disclosed under Rule 26.  *See, e.g.*, *Law v. Camp.* 15 F. App'x 24 (2d Cir. 2001) (district court did not abuse its discretion in precluding the testimony of expert witnesses who were untimely designated).  Mr. Bozella reasonably relied on the County's Rule 26 disclosures in pursuing fact and expert discovery, and he should not be prejudiced by the County's last minute change in position, long after critical deadlines have expired.  *See* Sept. 24, 2013 Order [Dkt. No. 137] at 4 ("Plaintiff was entitled to rely on Defendants' Rule 26 disclosures and on that representation in pursuing fact and expert discovery, without having Defendants change their position at the eleventh hour when important deadlines – including those for fact witness depositions and expert disclosures – had passed and when as a practical matter no use could be made of the information.").

Moreover, Federal Rule of Evidence 701 prohibits a lay witness from offering opinion testimony based on "scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701(c).  The purpose of Rule 701 is to "prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pretrial disclosure requirements set forth" in Rule 26.  *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005).  This is exactly what the County seeks to do here.  Because Judge Rosenblatt did not serve in the DCDAO during the period immediately before, during, or at any time after Mr.

4

Bozella's indictment in 1983, he lacks personal knowledge of the DCDAO's *Brady* policy during the time period crucial to this case, something the County itself has recognized. *See infra* at 7-8 (discussion of County failing to disclose Judge Rosenblatt in interrogatory responses asking for witnesses with knowledge of such information). Rather, it is transparent that the County offers Judge Rosenblatt—a former Justice of the highest court in this state—to impermissibly lend an "aura of expertise" to what would otherwise constitute irrelevant, non-probative lay testimony. The consequence of this misleading tactic should be the preclusion of Judge Rosenblatt's testimony in its entirety. *See DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378, 381-82 (2d Cir. 2012) (district court did not abuse its discretion in entirely precluding witness improperly designated as offering lay opinion, rather than expert, testimony).

Using Judge Rosenblatt as a de facto expert witness would also contravene other requirements under Rule 26(a)(2) for experts, including the obligation that he disclose compensation to be paid for his study and testimony. Judge Rosenblatt is Counsel at McCabe & Mack, a law firm that represented a former defendant in this case, police officer Robert DeMattio, and that has done extensive work for the County in the past. *See supra* at 2. This financial relationship is obviously relevant to any testimony Judge Rosenblatt might offer, but particularly so if he were to be presented as a de facto "expert," and Mr. Bozella ought to have been afforded the opportunity to explore that during discovery, including through third-party discovery of McCabe & Mack. And, as noted, *infra* at 7-8, the County even contended that information regarding Judge Rosenblatt was "not available" during fact discovery. *See Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 257 F. Supp. 2d 751, 756-57 (S.D.N.Y. 2003) (examining a witness' compensation in an effort to impeach for bias is permissible).

## II.  THE COURT SHOULD PRECLUDE JUDGE ROSENBLATT FROM TESTIFYING AS A FACT WITNESS

Even if the Court finds that the County is not offering Judge Rosenblatt as an expert *per se*, it still should exclude him as a fact witness.  Judge Rosenblatt left the DCDAO in 1975, roughly two years before the Crapser Murder in 1977 and eight years before Mr. Bozella's indictment.  He therefore had no role in the DCDAO's investigation and prosecution of Mr. Bozella for the Crapser Murder and thus cannot testify about any issue related to "materiality" or the DCDAO's violation of Mr. Bozella's constitutional rights.  *See* Joint Pretrial Order at 13 (disclosure regarding Judge Rosenblatt does not include any subject related to the Crapser Murder).

As for testimony that Judge Rosenblatt reasonably could offer regarding the "policies, practices and customs of the Dutchess County District Attorney's Office and Brady disclosures made within the Dutchess County District Attorney's Office," such testimony would not be relevant.  Whether and to what extent the office had a *Brady* disclosure policy in 1975 (or in earlier years) is not probative of what the office's policy was eight years later, and then again fifteen years later, when such policy caused the violations of Mr. Bozella's constitutional rights. *See, e.g.*, *United States v. Al Kassar*, 582 F. Supp. 2d 498, 499 (S.D.N.Y. 2008) (evidence of contact between defendants and government years prior to events at issue irrelevant and inadmissible); *see also Elion v. Jackson*, 544 F. Supp. 2d 1, 8 (D.D.C. 2008) (in employee discrimination case, proffered defense witness testimony regarding her experience as plaintiff's subordinate at least two years before the events at issue was inadmissible).  While the improperly

narrow Template Language[1] that the County used to respond to defense requests for *Brady* evidence may have been created during Judge Rosenblatt's tenure as District Attorney, *see* Firsenbaum Decl. Ex. 36 (Grady Depo. Tr.) 122:10-124:11, his testimony has no bearing on how the Template Language was understood and applied by the DCDAO during the relevant period, when William Grady was District Attorney.  The Template Language on its face incorrectly limits *Brady* disclosure to exculpatory evidence, and no testimony Judge Rosenblatt could offer will change that unambiguous language.

Indeed, the County's position during discovery in this case has been that Judge Rosenblatt has *no information* regarding the County's *Brady* policy.  When responding to an interrogatory asking the County to "[i]dentify all attorneys formerly or currently employed by the County (on a full-time or part-time basis) with knowledge concerning the County's policy pursuant to Brady v. Maryland during the relevant time period," the County listed *55 individuals*, but *not* Judge Rosenblatt.  *See* Firsenbaum Decl. Ex. 42 (Def.'s Resp. to Pl.'s Second Set of Interrog. Propounded on Def. Cnty. of Dutchess, No. 6, May 4, 2012).  The County could not have been more explicit, stating:  "the following individuals served as District Attorney for the County of Dutchess during the *relevant* time period:  John R. King and William V. Grady," but omitting Judge Rosenblatt (who was DA King's predecessor).  *See id.* (emphasis added).  And then, in response to a separate interrogatory asking the County to "[i]dentify . . . all cases tried by each of the following individuals [including Judge Rosenblatt] while such individuals were employed by the District Attorney['s Office,]" the County initially claimed that "the information sought is not relevant to the within action and is not likely to lead to the discovery of admissible

---

[1] Capitalized terms not defined in this memorandum shall have the meaning set forth in the Rule 56.1 Statement in Support of Pl.'s Mot, for Partial Summ. J., June 14, 2013 (the "Rule 56.1 Statement" or "Pl. SOF") [Dkt. No. 158] or Pl. Dewey R. Bozella's Am. Resp. to Defs.' Rule 56.1 Statement (with Corrections) and Counter-Statement of Additional Material Facts, Feb. 7, 2014 ("Pl. CSOF") [Dkt. No. 188].

7

evidence," *see* Firsenbaum Decl. Ex. 43 (Def. Cnty. of Dutchess Resp. to Pl.'s Third Set of Interrog. Propounded on Dutchess Cnty., No. 7, Dec. 7, 2012) and later, after Mr. Bozella successfully moved to compel a response, the County responded as to certain other individuals referenced in the interrogatory but, as to Judge Rosenblatt, the County responded: "information not available," *see* Firsenbaum Decl. Ex. 44 (Def. County of Dutchess Am. Supp. Resp. to Pl.'s Third Set of Interrog. Propounded on Def. County of Dutchess, No. 7, March 12, 2013).

To be sure, the County listed Judge Rosenblatt in its initial Rule 26 disclosures. *See* Firsenbaum Decl. Ex. 40 (Def. County of Dutchess Rule 26(A)(1) Initial Disclosures, Nov. 11, 2010). But the County did not, as Rule 26(a)(1)(A)(i) requires, identify the "subject[] of the information" about which Judge Rosenblatt would testify. *See id.* Mr. Bozella reasonably relied on the County's subsequent discovery responses, *see supra* at 4, to conclude that Judge Rosenblatt did not have information relevant to the County's *Brady* policy and was not even "available" to provide a response to an interrogatory. *See* Order at 4, Sept. 24, 2013 [Dkt. No. 137] ("Plaintiff was entitled to rely on Defendants' Rule 26 disclosures and on that representation in pursuing fact and expert discovery . . . ."). Having failed to itself identify Judge Rosenblatt as a relevant fact witness and staking out the position that he was "not available" to respond to an interrogatory, the County cannot now claim that he is "available" to testify about information he did not know during discovery. *See, e.g.*, *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86-87 (2d Cir. 2008) (district court did not abuse its discretion in striking affidavit when plaintiff failed to identify author of affidavit as fact witness or to amend interrogatory answers to provide information from the affidavit).

Finally, even if the Court were nonetheless to conclude that Judge Rosenblatt could offer some relevant testimony, that testimony is still inadmissible under Federal Rule of Evidence 403.

The County has disclosed thirteen other prosecutors (including District Attorney Grady, the relevant policymaker at the time of both of Mr. Bozella's trials), all of whom were employed by the DCDAO in 1983 and 1990 to the best of Mr. Bozella's knowledge, to testify regarding the very same subject about which Judge Rosenblatt will testify.  *See* Joint Pretrial Order at 11-16. And, unlike the testimony of these other witnesses, Judge Rosenblatt's testimony regarding events in the DCDAO would be divorced from the constitutional violations in Mr. Bozella's case because Judge Rosenblatt left the DCDAO eight years before Mr. Bozella's first trial.  Moreover, Judge Rosenblatt's testimony regarding *Brady* would be cloaked with an improper aura of expertise (though he was not disclosed as an expert witness) if he were allowed to testify about his judicial employment and accomplishments after his tenure in the DCDAO.  Thus, Judge Rosenblatt's testimony, in addition to being irrelevant, will be cumulative and unfairly prejudicial.  *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence.").

### III. IF THE COURT PERMITS JUDGE ROSENBLATT TO TESTIFY, IT SHOULD RESTRICT THE SCOPE OF HIS DIRECT TESTIMONY TO THE TIME HE WORKED IN THE DUTCHESS COUNTY DISTRICT ATTORNEY'S OFFICE

If the Court permits Judge Rosenblatt to testify at trial (and it should not), any such direct testimony should be carefully limited.  First, such direct testimony should be limited to events during the period that he served as Dutchess County District Attorney.  Judge Rosenblatt's direct knowledge of the DCDAO's *Brady* policy after that time will be limited or nonexistent, as evidenced by the County's own interrogatory response, which fails to mention him as having any such knowledge "during the relevant time period."  *See* Firsenbaum Decl. Ex. 42 (Def.'s Resp. to Pl.'s Second Set of Interrog. Propounded on Def. Cnty. of Dutchess, No. 6, May 4, 2012). Second, the witness should not be addressed by any judicial title such as "your honor" or "judge."

Such references will create an unfair aura of judicial approval of the County's position, from a witness who is no longer in any judicial position, who is not testifying in any judicial capacity, and whose only conceivably relevant testimony would pertain to his role as a former District Attorney rather than as a judicial officer. As explained *supra* at 9, any mention of Judge Rosenblatt's later accolades and judicial appointments to bolster the impact and credibility of his testimony would not only be irrelevant, but also would unfairly prejudice Mr. Bozella and mislead and confuse the jury, providing a basis for exclusion of any testimony about that period.[2] *See* Fed. R. Evid. 403.

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that the Court preclude the County from introducing Judge Rosenblatt as a trial witness or, alternatively, limit Judge Rosenblatt's testimony to the period of time during which he served as the Dutchess County District Attorney.

---

[2] While the testimony on direct should be limited to Judge Rosenblatt's role as a former member of the DCDAO, Mr. Bozella's counsel should be permitted on cross examination to elicit testimony about the subsequent and on-going work of the witness and his law firm in receiving direct and indirect compensation from Dutchess County, and in acting as counsel to Dutchess County in various matters. That financial relationship goes directly to the witness' affiliation with the County and his credibility as a witness. That does not, however, create any basis for the County to then invoke Judge Rosenblatt's prior judicial career, and the County should be precluded from attempting to do so.

Dated: December 10, 2014

Respectfully submitted,

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**

By: /s/ Peter J. Macdonald
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*