**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DEWEY R. BOZELLA,** <br> **Plaintiff,** <br> **v.** <br> **THE COUNTY OF DUTCHESS,** <br> **Defendant.** | **No. 10 Civ. 4917 (CS)** |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE DUTCHESS COUNTY FROM REFERENCING AT TRIAL THE IMPACT OF ANY JUDGMENT ON TAXPAYERS AND THE COUNTY'S ABILITY (OR INABILITY) TO PAY ANY JUDGMENT**

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

***Attorneys for Plaintiff Dewey R. Bozella***

# TABLE OF CONTENTS

**Page**

ARGUMENT .......... 1

I. THE COUNTY SHOULD BE PROHIBITED FROM REFERENCING THAT TAXPAYERS MAY PAY ALL OR PART OF ANY COMPENSATORY DAMAGES AWARDED TO MR. BOZELLA .......... 1

II. THE COUNTY CANNOT TELL THE JURY THAT IT IS UNABLE TO PAY COMPENSATORY DAMAGES. .......... 3

CONCLUSION .......... 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Larez v. Holcomb*,
16 F.3d 1513 (9th Cir. 1994) ....................2

*Lovett ex rel. Lovett v. Union Pacific Railroad Co.*,
201 F.3d 1074 (8th Cir. 2000) ....................2

*Moore v. Tuleja*,
546 F.3d 423 (7th Cir. 2008) ....................1

*Murray v. Town of Stratford*,
No. 11 Civ. 629, 2014 U.S. Dist. LEXIS 101358 (D. Conn. July 25, 2014) ....................1, 2

*Scherer v. City of New York*,
No. 03 Civ. 8445, No. 04 Civ. 2713, 2007 U.S. Dist. LEXIS 68139
(S.D.N.Y. Sept. 7, 2007) ....................2

*Tailored Chemical, Inc. v. Town of Long View*,
No. 5:10-CV-00174, 2012 U.S. Dist. LEXIS 64821 (W.D.N.C. May 9, 2012) ....................3

*United States v. Blecker*,
657 F.2d 629 (4th Cir. 1981) ....................1

*United States v. Lotsch*,
102 F.2d 35 (2d Cir. 1939) ....................2

*United States v. Palma*,
473 F.3d 899 (8th Cir. 2007) ....................1

*Vasbinder v. Ambach*,
926 F.2d 1333 (2d Cir. 1991) ....................3

**RULES**

Fed. R. Evid. 411 ....................2

**OTHER AUTHORITIES**

22 Am. Jur. 2d *Damages* § 766 ....................3

Benjamin Weiser, *Settlement is Approved in Central Park Jogger Case, but New York Deflects Blame*, N.Y. Times, Sept. 5, 2014, http://www.nytimes.com/2014/09/06/nyregion/
41-million-settlement-for-5-convicted-in-jogger-case-is-approved.html ....................3

*Jury Awards $40M in False Prosecution Case*, Associated Press, Oct. 23, 2014, http://www.buffalonews.com/ap/article/jury-awards-40m-in-false-prosecution-case .............3

Mr. Bozella will ask the jury to award him compensatory damages arising from his 26-year long wrongful incarceration. By this motion, Mr. Bozella seeks an Order barring Defendant County of Dutchess (the "County") from making any reference at trial to the fact (or possibility) that all or part of any compensatory damages awarded to Mr. Bozella may be paid by Dutchess County taxpayers. Any such reference would be improper because it would encourage the jurors to render a verdict based on their pecuniary interests as taxpayers (or sympathies to fellow taxpayers) rather than on the evidence admitted at trial. Additionally, the Court should preclude the County from referring to its ability (or inability) to pay any portion of a compensatory damages award because its ability to pay is irrelevant to its liability and to the jurors' determination of appropriate compensatory damages.

## ARGUMENT

### I. THE COUNTY SHOULD BE PROHIBITED FROM REFERENCING THAT TAXPAYERS MAY PAY ALL OR PART OF ANY COMPENSATORY DAMAGES AWARDED TO MR. BOZELLA

The County should not be permitted to make any reference before the venire or the jury that all or part of any compensatory damages awarded to Mr. Bozella may be paid by Dutchess County taxpayers. Any such reference would improperly appeal to the jurors' pecuniary interests as taxpayers or sympathies to other taxpayers. *See Moore v. Tuleja*, 546 F.3d 423, 429 (7th Cir. 2008) (holding that the following statements by defense counsel at closing argument should have been excluded: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here."); *United States v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007) ("Remarks invoking the individual pecuniary interests of jurors as taxpayers are universally viewed as improper."); *United States v. Blecker*, 657 F.2d 629, 636 (4th Cir. 1981) ("We recognize that appeals to the pecuniary interests of jurors [as taxpayers] are patently improper."); *Murray v. Town of Stratford*, No. 11 Civ. 629, 2014 U.S. Dist. LEXIS 101358, at *12-13 (D. Conn. July

25, 2014) (prohibiting defendants from arguing to the jury that any verdict awarded to the plaintiff would be paid by the taxpayers); *see also United States v. Lotsch*, 102 F.2d 35, 37 (2d Cir. 1939) (acknowledging the impropriety of a prosecutor's remark that federal money lent to the defendant "came out of the jurors' pockets"). Arguments appealing to the pecuniary interests of jurors are improper because they violate the "golden rule," which prohibits arguments that encourage the jury "to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Lovett ex rel. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) (internal quotation marks omitted); *see Murray*, 2014 U.S. Dist. LEXIS 101358, at *13 ("[a]ny argument to the jury that a verdict awarded would be paid by taxpayers, would place the jurors, as taxpayers themselves, even if they are not taxpayers of the [municipal entity being sued], in the position of considering their personal interest.").

Here, the identity of who may pay any judgment entered for Mr. Bozella is not relevant to any element of Mr. Bozella's *Monell* claim against the County, or the damages he suffered as a result of the County's violation of his constitutional rights.[1] Any reference by the County to the possibility that the Dutchess County taxpayers would pay some (or all) of the judgment would encourage the jurors to decide the case on their personal interests and biases as taxpayers rather than on the evidence presented at trial. The County should be barred from making any such reference.

---

[1] For the same reasons, Mr. Bozella will be unable to refer to the fact that any compensatory damages awarded may be paid by the County's insurance carrier. *See* Fed. R. Evid. 411; *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) ("[E]vidence of insurance or other indemnification is not admissible on the issue of [compensatory] damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction."); *Scherer v. City of New York*, No. 03 Civ. 8445, No. 04 Civ. 2713, 2007 U.S. Dist. LEXIS 68139, at *22 n.4 (S.D.N.Y. Sept. 7, 2007) (noting that "a number of courts have already concluded that it would be improper to instruct a jury on indemnification with respect to a compensatory damages award in a Section 1983 context.").

## II. THE COUNTY CANNOT TELL THE JURY THAT IT IS UNABLE TO PAY COMPENSATORY DAMAGES

Mr. Bozella seeks compensatory damages in excess of $25 million based on his 26-year long wrongful incarceration. Am. Compl. [Dkt. No. 80] at 54. This number is well within the norm in this district and elsewhere where the plaintiff has suffered decades in prison for a crime he did not commit. *See, e.g.*, *Jury Awards $40M in False Prosecution Case*, Associated Press, Oct. 23, 2014, http://www.buffalonews.com/ap/article/jury-awards-40m-in-false-prosecution-case ($41.65 million jury award in this courthouse for 16 years of wrongful imprisonment); Benjamin Weiser, *Settlement is Approved in Central Park Jogger Case, but New York Deflects Blame*, N.Y. Times, Sept. 5, 2014, http://www.nytimes.com/2014/09/06/nyregion/41-million-settlement-for-5-convicted-in-jogger-case-is-approved.html ("The agreement . . . awards the five . . . plaintiffs about $1 million for each year of their imprisonment.").

The County should be precluded from making any reference at trial to its ability (or lack thereof) to pay any compensatory damages awarded by the jury. Although such evidence may be relevant to a claim for punitive damages, Mr. Bozella does not have a punitive damages claim pending against the County (*see* Omnibus Declaration of Ross E. Firsenbaum Ex. 8, dated Dec. 10, 2014 (Sept. 23, 2014 Order) at 12:20-13:4) and such evidence is inadmissible with respect to a claim for compensatory damages, *see Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991) ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case."); *Tailored Chem., Inc. v. Town of Long View*, No. 5:10-CV-00174, 2012 U.S. Dist. LEXIS 64821, at *4 (W.D.N.C. May 9, 2012) ("[E]vidence of Defendant Town's ability to pay a judgment is typically irrelevant with respect to a determination of compensatory

damages."); 22 Am. Jur. 2d *Damages* § 766 ("[E]vidence of a defendant's pecuniary resources is generally inadmissible in all cases where compensatory damages only are recoverable.").

Here, evidence of the County's finances and its ability (or inability) to pay any compensatory damages awarded is not relevant to any element of Mr. Bozella's *Monell* claim or damages. The County should therefore be barred from making any such reference at trial.

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that the Court bar the County from (i) referencing the possibility that taxpayers may pay for all or part of any compensatory damages awarded to Mr. Bozella, and (ii) referencing the County's ability (or inability) to pay any portion of a compensatory damages award.

Dated: December 10, 2014

Respectfully submitted,

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: /s/ Peter J. Macdonald
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

***Attorneys for Plaintiff Dewey R. Bozella***