UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA, </br></br>　　　　Plaintiff, </br></br>　　v. </br></br> THE COUNTY OF DUTCHESS, </br></br>　　　　Defendant. | No. 10 Civ. 4917 (CS) |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE DUTCHESS COUNTY FROM REFERENCING MR. BOZELLA'S PRIOR INVOCATIONS OF HIS FIFTH AMENDMENT PRIVILEGE**

WILMER CUTLER PICKERING
HALE AND DORR LLP

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

## TABLE OF CONTENTS

                                                                                                              **Page**

STATEMENT OF FACTS ..................................................................................................1

ARGUMENT .....................................................................................................................1

        I.        EVIDENCE OF MR. BOZELLA'S INVOCATION OF HIS FIFTH AMENDMENT PRIVILEGE DURING THE 1983 AND 1990 CRIMINAL TRIALS IS IRRELEVANT AND EVEN IF IT HAD ANY PROBATIVE VALUE, THAT VALUE WOULD BE SUBSTANTIALLY OUTWEIGHED BY THE RESULTING PREJUDICE TO MR. BOZELLA ..........................................1

CONCLUSION ..................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Batson v. Kentucky*,
  476 U.S. 79 (1986) ..................................................................................................................1

*Brady v. Maryland*,
  373 U.S. 83 (1963) ..................................................................................................................1

*Cash v. Cnty. of Erie*,
  654 F.3d 324 (2d Cir. 2011) ....................................................................................................2

*Doyle v. Ohio*,
  426 U.S. 610 (1976) ................................................................................................................3

*Griffin v. California*,
  380 U.S. 609 (1965) ............................................................................................................2, 4

*Grunewald v. United States*,
  353 U.S. 391 (1957) ............................................................................................................3, 4

*Kyles v. Whitley*,
  514 U.S. 419 (1995) ................................................................................................................2

*Malloy v. Hogan*,
  378 U.S. 1 (1964) ....................................................................................................................3

*People v. Bozella*,
  541 N.Y.S.2d 43 (App. Div. 1989) .........................................................................................1

*People v. Bozella*,
  556 N.Y.S.2d 121 (App. Div. 1990) .......................................................................................1

*People v. Bozella*,
  901 N.Y.S.2d 908 (Cnty. Ct. 2009) ........................................................................................1

*Sorlucco v. New York City Police Dep't*,
  971 F.2d 864 (2d Cir. 1992) ....................................................................................................2

*Stewart v. United States,*
  366 U.S. 1 (1961) ....................................................................................................................3

*Ullmann v. United States*,
  350 U.S. 422 (1956) ................................................................................................................4

*United States v. Balsys*,
 524 U.S. 666 (1998)..................................................................................................3

*United States v. Petrillo*,
 821 F.2d 85 (2d Cir. 1987)........................................................................................2

**CONSTITUTION**

U.S. CONST. amend. V ...................................................................................................2

**STATUTES**

18 U.S.C. § 3481............................................................................................................2

**RULES**

Fed. R. Evid. 401 .......................................................................................................1, 3

**OTHER AUTHORITIES**

2A Charles A. Wright et al., Fed. Prac. & Proc. Crim. § 407 (4th ed. 2009) ..............2, 3

4-608 Weinstein's Federal Evidence § 608.30 ................................................................3

Mr. Bozella respectfully requests that this Court preclude the County from referencing the fact that he did not testify at his 1983 and 1990 criminal trials for the June 1977 murder of J. Emma Crapser (the "Crapser Murder").

## STATEMENT OF FACTS

After six years of attempting to gather "evidence" to indict Mr. Bozella for the Crapser Murder, the Dutchess County District Attorney's Office (the "DCDAO") tried Mr. Bozella in 1983. Mr. Bozella exercised his Fifth Amendment privilege and did not testify at trial. Although the jury found Mr. Bozella guilty, that conviction was overturned because the DCDAO violated Mr. Bozella's constitutional rights under *Batson v. Kentucky*. *People v. Bozella*, 556 N.Y.S.2d 121 (App. Div. 1990); *People v. Bozella*, 541 N.Y.S.2d 43 (App. Div. 1989). The DCDAO re-tried Mr. Bozella in 1990. Again, Mr. Bozella invoked his Fifth Amendment privilege and did not testify at trial. That conviction, of course, was overturned as well, this time because the DCDAO violated his constitutional rights under *Brady v. Maryland*, 373 U.S. 84 (1963). *People v. Bozella*, 901 N.Y.S.2d 908 (Cnty. Ct. 2009).

## ARGUMENT

I. **EVIDENCE OF MR. BOZELLA'S INVOCATION OF HIS FIFTH AMENDMENT PRIVILEGE DURING THE 1983 AND 1990 CRIMINAL TRIALS IS IRRELEVANT AND EVEN IF IT HAD ANY PROBATIVE VALUE, THAT VALUE WOULD BE SUBSTANTIALLY OUTWEIGHED BY THE RESULTING PREJUDICE TO MR. BOZELLA**

Mr. Bozella's decision to exercise his Fifth Amendment right during the 1983 and 1990 criminal trials is not relevant to any issue in this case. *See* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact *is of consequence* in determining the action." (emphasis added)). His decision has no bearing on any of the three elements of his *Monell* claim: it is not relevant to

whether Dutchess County maintained (1) a policy, practice, or custom that (2) caused Mr. Bozella's (3) constitutional injury.  *See Cash v. Cnty. of Erie*, 654 F.3d 324, 333-34 (2d Cir. 2011); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992).

Nor is Mr. Bozella's decision not to testify relevant to the sub-issue of whether the *Brady* Evidence was "material" to the verdict in either trial:  a determination of the "materiality" issue implicates only the evidence that was admitted at Mr. Bozella's criminal trials.  *See Kyles v. Whitley*, 514 U.S. 419, 441-54 (1995) (detailing the evidence admitted at trial and assessing the impact the suppressed evidence would have had on the probity of the admitted evidence); *United States v. Petrillo*, 821 F.2d 85, 89 (2d Cir. 1987) (noting that materiality "must be judged in the light of all the evidence *presented at trial*" (emphasis added)).  Mr. Bozella's decision not to testify at his criminal trials not only was not evidence introduced at his criminal trials, it could not have been introduced as evidence.  *See* U.S. Const. amend. V; 18 U.S.C. § 3481; *Griffin v. California*, 380 U.S. 609, 615 (1965) ("We . . . hold that the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."); 2A Charles A. Wright et al., Fed. Prac. & Proc. Crim. § 407 (4th ed. 2009)  ("No adverse inference can be drawn from defendant's failure to testify and comment on that failure is forbidden.").  Since the 1983 and 1990 juries could not have considered Mr. Bozella's invocation of his Fifth Amendment privilege as evidence, the jury in this case, standing in the shoes of those juries when determining materiality, likewise cannot consider Mr. Bozella's invocation of the privilege.

Nor is Mr. Bozella's silence probative of Mr. Bozella's innocence (or, as appears to be the County's view, guilt).  The Supreme Court has long held that no inference of guilt may be

2

drawn from a criminal defendant's assertion of their Fifth Amendment privilege against self-incrimination. *See e.g., Grunewald v. United States*, 353 U.S. 391, 421 (1957). Once a criminal defendant has been informed of his Fifth Amendment privilege, his subsequent silence "is insolubly ambiguous" because "[s]ilence in the wake of [learning of the privilege] may be nothing more than the [defendant's] exercise" of her privilege. *Doyle v. Ohio*, 426 U.S. 610, 617 (1976). That right has, as "one of [its] basic functions": "to protect innocent men." *Grunewald*, 353 U.S. at 421. The Supreme Court has time and again articulated that the right protected by the privilege is "the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, *and to suffer no penalty . . . for such silence*." *Malloy v. Hogan*, 378 U.S. 1, 8 (1964) (emphasis added); *United States v. Balsys*, 524 U.S. 666, 681 (1998) (same). In short, Mr. Bozella's silence is "insolubly ambiguous" and no valid of inference of guilt may be drawn from his invocation of the privilege: his silence does not make it "more or less probable" that Mr. Bozella is culpable for the Crapser Murder and is thus irrelevant. *See* Fed. R. Evid. 401.[1]

    Finally, even if Mr. Bozella's decision not to testify had any probative value (and it does not), the County's reference to this fact would be unfairly prejudicial to Mr. Bozella. The Supreme Court itself has recognized the unfair, but predictable, prejudice that normally results from a witness's invocation of the Fifth Amendment privilege: "[t]oo many, even those who

---

[1] The County also cannot rely on Mr. Bozella's decision not to testify for impeachment. *See Doyle*, 426 U.S. at 618 (noting that once a witness has been informed of her Fifth Amendment privilege, "it would be fundamentally unfair and a deprivation of due process to allow the . . . person's silence to be used to impeach an explanation subsequently offered at trial"); 4-608 Weinstein's Federal Evidence § 608.30 ("A witness may not be impeached by being asked whether he or she claimed the privilege against self-incrimination at an earlier time." (citing *Grunewald*, 353 U.S. at 415)); *cf.* 2A Charles A. Wright et al., Fed. Prac. & Proc. Crim. § 407 (4th ed. 2009) ("Nor can the fact that a defendant did not testify be brought out in examining him if he chooses to testify at a second trial." (citing *Stewart v. United States*, 366 U.S. 1 (1961)).

3

should be better advised, view this privilege as a shelter for wrongdoers. They too readily assume that those who invoke it are either guilty of crime or commit perjury in claiming the privilege." *Grunewald*, 353 U.S. at 421 (quoting and citing *Ullmann v. United States*, 350 U.S. 422, 426 (1956)). Here, any attempt by the County to focus the jury on Mr. Bozella's prior invocation of the privilege would be a brazen and improper appeal to jurors who view the privilege as a "shelter for wrongdoers." The Court should not permit the County to cater to jurors' emotional biases under the guise of an attempt to demonstrate Mr. Bozella's supposed culpability or attack his credibility.[2]

---

[2] To be sure, the jury could determine on its own that Mr. Bozella did not testify in his criminal trials by noting the omission of his testimony in the criminal trial transcripts should such transcripts be entered into evidence. But the possibility that the jury here would discover the omission in transcripts consisting of hundreds of pages (which likely will have substantial redactions for other reasons) and draw a negative inference from such omission is substantially less than if the County were to solemnize his prior invocations of the privilege, and the resulting prejudice to Mr. Bozella would be far less than if the County were permitted to present arguments about what inference the jury should draw from that fact. *Cf. Griffin*, 380 U.S. at 614-15 ("What the jury may infer, given no help from the court, is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another. . . . [T]he Fifth Amendment, in its direct application to the Federal Government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt.").

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that this Court preclude the County from referencing the fact that he did not testify at his 1983 and 1990 criminal trials.

Dated: December 10, 2014                                Respectfully submitted,

                                                    **WILMER CUTLER PICKERING**
                                                        **HALE AND DORR LLP**

                                                  By: /s/ Peter J. Macdonald
                                                  Peter J. Macdonald
                                                  Ross E. Firsenbaum
                                                  Shauna K. Friedman
                                                  7 World Trade Center
                                                  250 Greenwich Street
                                                  New York, NY 10007
                                                  Tel: (212) 230-8800
                                                  Fax: (212) 230-8888

                                                  *Attorneys for Plaintiff Dewey R. Bozella*