UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DEWEY R. BOZELLA,                                    **10 CIV 4917 (CS)**

                              Plaintiff,

          -against-

THE COUNTY OF DUTCHESS,

                              Defendant.
--------------------------------------------------------x

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* FOR TRIFURCATION

---

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

## PRELIMINARY STATEMENT

Defendant County of Dutchess ("County") respectfully submits this memorandum of law in support of its motion in limine for trifurcation in this action.

In this action, Plaintiff asserts that the County violated his constitutional rights under *Brady* by not disclosing certain pieces of evidence to his defense counsel. (Amended Complaint [Dkt. No. 80] at ¶ 3). The sole cause of action brought against the County pursuant to 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In this claim Plaintiff asserts that the County maintained an "unconstitutional disclosure policy in violation of the requirements set forth in *Brady* and its progeny" and that, in accordance with such policy, the alleged *Brady* evidence was not disclosed to his counsel. (*Id.*at ¶¶ 210-11). Plaintiff claims that the alleged unconstitutional policy "proximately and directly caused" violations of his "rights to due process and a fair trial" and seeks damages for his alleged constitutional injuries. (*Id.* at ¶¶ 201-204, 211-13).

The County respectfully moves this Court for an Order granting trifurcation or separate trial phases before the same jury of the following issues:

1. the existence of a constitutional violation, *i.e.*, that Plaintiff's constitutional rights under *Brady* were violated;

2. municipal liability, *i.e.*, a) the existence of an official policy or custom b) that caused Plaintiff's constitutional rights to be violated; and

3. damages.

Separate trials on these issues will best ensure convenience and efficiency and avoid prejudice to the parties. *See generally* Fed. R. Civ. P. 42(b).

**ARGUMENT**

Rule 42(b) of the Federal Rules of Civil Procedure empowers this Court to "order a separate trial of one or more issues [or] claims" on three separate grounds – "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  The determination of a motion pursuant to Fed. R. Civ. P. 42(b) is in the broad discretion   of the trial court, and only one of these three factors – "promote convenience," "expedite the proceedings," or "avoid prejudice to a party" – must be met in order to justify separate trials. *Daniels v. Loizzo*, 178 F.R.D. 46, 47 (S.D.N.Y. 1998) (citation omitted). Separate trials "may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999) (internal citations omitted). Here, trifurcation meets each of the delineated criteria in Fed. R. Civ. P. 42(b).

**POINT I**
**SEPARATE TRIAL FOR MUNICIPAL LIABILITY**

*Monell* does not create a distinct cause of action against a municipality but only "*extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."  *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original).  Thus, Plaintiff must prove three distinct elements in order to impose liability on the County under *Monell*: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983)). These elements by their very nature favor separate trials of Plaintiff's *Monell* claim. *See Morales v. Irizarry*, No. 95CIV.5068(AGS)(HBP), 1996 WL 609416, at *1 (S.D.N.Y. Oct. 22, 1996) (municipal liability derives from the independent constitutional

2

violation and requires "substantially different" proof from that needed to establish the underlying constitutional violation, so it is "most prudent" for the *Monell* claim to be tried separately).Here, a separate trial of municipal liability will promote convenience, expedite and economize the proceedings, and is necessary to avoid prejudice to the County.

A.      **Litigating the Alleged *Brady* Violation First Would Eliminate the Need to Litigate Municipal Liability**

As a threshold matter, Plaintiff must prove there was a violation of his constitutional rights, *i.e.*, "a constitutional tort." *Monell*, *supra*, 436 U.S. at 691. The existence of an "independent constitutional violation" is a prerequisite to finding municipal liability, and the County's liability in this action cannot be addressed unless and until such a violation is first found. *See Segal*, 458 F.3d at 219 ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."). *See also Lee v. City of Syracuse*, 446 F. App'x 319, 322 (2d Cir. 2011) ("A jury's finding that no individual committed a constitutional violation precludes municipal liability.") (citation omitted).

Here, the first trial phase must be limited to the underlying constitutional violation asserted by Plaintiff – the alleged *Brady* violation – as the outcome of such a trial could eliminate the need to litigate municipal liability. Specifically, a determination that no *Brady* violation occurred in Plaintiff's underlying criminal trial will be dispositive of Plaintiff 's *Monell* claim. If the jury finds that Plaintiff's *Brady* rights were not violated it cannot, as a matter of law, find the County liable. The case will end without the need to try additional issues. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (municipality cannot be liable if the plaintiff "has suffered no constitutional injury"); *Daniels*, 178 F.R.D. at 48 (failure to prove a constitutional injury will eliminate the need for a trial on *Monell* claims). Judicial efficiency is best served by trifurcation. Conducting a separate trial on the narrow threshold issue of whether a *Brady* violation occurred can dispose of

the remaining issues and the need for an additional trial(s)..  *See, e.g.*, *Amato*, 170 F.3d at 320; *Daniels*, 178 F.R.D. at 47.

It is more efficient, convenient and prudent to resolve Plaintiff's claim that his rights under *Brady* were violated before turning to the more burdensome and time-consuming task of litigating the *Monell* claim. *See, e.g.*, *Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992) ("Convenience and judicial economy alone dictate bifurcation."); *Fisher v. City of New York*, No. 90 CIV. 8163 (LJF), 1992 WL 77606, at *3 (S.D.N.Y. Mar. 23, 1992) (recognizing potential elimination of the need for a second trial on municipal liability as a benefit of separate trials). This Court and the parties should not be required to expend resources litigating a costly and lengthy trial on municipal liability when the need to do so can be eliminated in the first phase of the County's requested trifurcation.

**B.    Different Evidence and Standards Applicable to Municipal Liability Favor Separate Trials to Limit Issues and Avoid Jury Confusion**

Trifurcation will further promote convenience and expedite and economize the proceedings by limiting the issues and avoiding jury confusion.  In §1983 cases predicated upon a *Monell* theory of liability, "the issue of municipal liability engages matters going well beyond whether plaintiff was denied his rights on [a specific occasion.]" *Padilla v. City of New York*, No. 92 CIV. 1212 (MBM), 1993 WL 5833, at *1 (S.D.N.Y. Jan. 4, 1993); *Grant v. City of New York*, No. 92 CIV. 2614 (MBM), 1993 WL 5834, at *1 (S.D.N.Y. Jan. 4, 1993). An initial separate trial on Plaintiff's alleged constitutional violation will limit the issues before the jury and present evidence that is relevant only to the limited issues, thus making the process more convenient and efficient for the jury, the Court, and the parties.

The first phase of the trial must be limited to the narrow issues of disclosure and materiality that are dispositive on the first element of Plaintiff's *Monell* claim – whether his *Brady* rights were

violated. Specifically, the jury must determine 1) whether the neighbors' statements were disclosed; 2) if, and only if, the jury finds the neighbors' statements were not disclosed, whether these statements were material; and 3) whether the Holland Tape and Dobler Report were material. (*See* Oral Decision on Summary Judgment Motions, 9/23/2014 [Dkt. No. 194, Attachment #1] at 26-30, 35, 37). Thus, the only evidence that is relevant and admissible during this initial phase is that which relates to the disclosure of the neighbors' statements and to the materiality of the neighbors' statements, the Holland Tape, and the Dobler Report. This first phase will undoubtedly focus on the issue of materiality, as the jury will be asked to determine whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Youngblood v. W. Virginia*, 547 U.S. 867, 870, (2006).  In determining this discrete issue the evidence before the jury must be limited to those proceedings, *i.e.*, opening statements, witness testimony, exhibits, and closing arguments, which were before the jury in Plaintiff's 1983 and 1990 trials and, if admissible, the undisclosed evidence. *See United States v. Agurs*, 427 U.S. 97, 112, 96 S. Ct. 2392, 2402, 49 L. Ed. 2d 342 (1976) *holding modified by United States v. Bagley*, 473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) ("the omission must be evaluated in the context of the entire record.")[1]

In contrast, establishing municipal liability involves different and more complex issues of whether there was "a municipal 'policy' or 'custom' that caused the plaintiff's injury" and whether, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-404 (1997)

---

[1] Plaintiff must be precluded from testifying at this phase, as he knowingly chose not to testify in his defense during his criminal trials. *See* Motion in Limine to Preclude Plaintiff and Other Damages Witnesses from Testifying Until the Final Phase on Damages. Additionally, the evidence Plaintiff alleges was not disclosed can only be material if it was admissible. *See* Motion in Limine to Preclude the Holland Tape, Dobler Report, and Neighbors' Statements. To the extent the undisclosed evidence was inadmissible, it could have no effect on the outcome of the trial and cannot be considered by the jury. The Holland Tape, Dobler Report, and Neighbors' Statements would not have been admissible at Plaintiff's criminal trials in 1983 and 1990 and, therefore, are inadmissible here. *See id.*

(emphasis in original). Litigating the complex issues of municipal liability requires more expansive and different evidence that is completely irrelevant to the narrow issues underlying Plaintiff's alleged *Brady* violation. *See Ismail v. Cohen*, 706 F. Supp. 243, 251 (S.D.N.Y. 1989) *aff'd in part and rev'd in part on other grounds*, 899 F.2d 183 (2d Cir. 1990) (*Monell* claim requires different facts to be proved and involves much broader evidence that is not necessary to prove the underlying constitutional violation).

Thus, in the first phase of trial the jury must only consider evidence on the narrow issues of disclosure and materiality. Any evidence relevant to prove or defend against an alleged municipal policy, custom or usage is irrelevant to Plaintiff's alleged *Brady* violation and will only complicate the narrow issue that must be decided as a threshold matter. Presentation of such irrelevant evidence will lead to jury confusion and be an inefficient use of judicial resources. *See Ismail*, 706 F. Supp. at 251-52:

> The presentation of divergent standards and factual evidence in one trial could lead to jury confusion. The [*Monell* claim] would present different and far more complicated standards of liability and causation for the jury, would greatly expand the length and scope of the trial and would add to the expense of the parties. Separate trials in this instance would be of further convenience and be conducive to expedition and economy.

*See also Fisher v. City of New York*, No. 90 CIV. 8163 (LJF), 1992 WL 77606, at *3 (S.D.N.Y. Mar. 23, 1992) (recognizing that "both the parties and the court may benefit from" separate trials since a second trial "and the much more extensive evidence required to establish municipal liability [] may not be necessary.").

C.      **A Separate Trial for the Municipal Liability is Necessary to Avoid Prejudice**

Trifurcation will also avoid prejudice to the County. "Prejudice, for instance, may occur when evidence is admissible only on a certain issue, and it is feared that the party may be prejudiced in the minds of the jury." *Ismail*, *supra*, 706 F. Supp. at 251. Separate trials are often necessary to avoid the danger of contaminating the jurors' minds with evidence that is admissible on one only one issue. *Id. See also Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992); *Fisher*, *supra*, 1992 WL 77606, at *2. As stated above, evidence that is potentially relevant to the alleged municipal policy, custom or usage and/or causation is irrelevant and inapplicable to the threshold issue of whether or not Plaintiff's *Brady* rights were violated in the first instance. There is also a significant risk that the evidence Plaintiff will offer as proof of the alleged unconstitutional disclosure policy will unfairly prejudice the jury in its determination of this threshold issue. A separate trial of municipal liability will avoid this inherent risk of prejudice.

Accordingly, separating the underlying constitutional violation from municipal liability clearly serves the goals of convenience, avoiding prejudice to the County, and expedition and economy set forth in Fed. R. Civ. P. 42(b).

## POINT II
## SEPARATE TRIAL FOR DAMAGES

The factors of Fed. R. Civ. P. 42(b) – "convenience, to avoid prejudice, or to expedite and economize" – also weigh heavily in favor of a separate trial for damages.

A.      **Litigating Liability First Could Eliminate the Need to Litigate Damages**

As set forth above, the issue of municipal liability cannot be tried unless and until the jury finds for Plaintiff on the issues of disclosure and materiality in the first phase. Similarly, the damages claim cannot be tried unless and until the jury finds the County liable in the second phase.

Thus, a verdict in favor of the County in either of the liability phases will eliminate the need for a trial on the damages issue. *See, e.g.*, *Amato*, *supra*, 170 F.3d at 316 (recognizing separate trials are appropriate when "the litigation of the first issue might eliminate the need to litigate the second issue."); *Kisteneff v. Tiernan*, 514 F.2d 896, 897 (1st Cir. 1975) (in an assault and battery case, noting that "[s]eparation of the issues of liability and damages is an obvious use for Rule 42, since logically liability must be established before the amount of damages can be determined."). *See also Raposo v. Honda Motor Co., No.* CIV. A. 92-CV-1087, 1996 WL 63526, at *4 (N.D.N.Y. Jan. 29, 1996) (finding "judicial economy will be enhanced" from separate trials since if the jury finds that defendant "is not liable for plaintiffs' injuries, the court and parties will save the time and expense associated with presenting evidence relevant to plaintiffs' damages" and "even if the jury finds liability, the court and parties still may save the time and expense of presenting damages evidence because the chances of settlement will increase.") (citations omitted).

**B.      Different Evidence on Damages Renders Separate Trials More Efficient and Economical**

Through trifurcation judicial resources would be conserved and the parties could avoid litigating a lengthy and expensive trial on damages, which would require substantially different evidence, including costly expert testimony, that is not necessary, or relevant, to the liability issue. *See, e.g.*, *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984) (separate trials for liability and damages "was reasonable because the two phases involved different types of evidence."). *Raposo v. Honda Motor Co.*, No. CIV. A. 92-CV-1087, 1996 WL 63526, at *2 (N.D.N.Y. Jan. 29, 1996) (granting separate trials where "the question of liability will present entirely different evidence from that required to prove plaintiffs' damages."). The judicial efficiency, expedition and economy that would result from separate liability and damage phases strongly favors trifurcation. *See, e.g.*,

*Dallal v. New York Times Co.*, 352 F. App'x 508, 512 (2d Cir. 2009) (upholding separate trials of liability and damages as "a sensible means of achieving expedition and economy.").

Additionally, by trying both liability and damages in separate phases before the same jury "there will be no need to have repetitive testimony." *Buscemi v. Pepsico, Inc.*, 736 F. Supp. 1267, 1272 (S.D.N.Y. 1990). *See also Dallal*, 352 F. App'x 508 at 512 ("There was no need for redundant presentation of evidence. . . because the same jury was to hear each phase."). Further, it is highly unlikely that any witnesses on the liability issue will need to testify again in the damages phase. Any testimony about Plaintiff's alleged damages, the majority of which are emotional and psychological damages, would primarily come from Plaintiff, his wife, and an expert on such issues, not a witness on the liability issues.  (*See* Amended Complaint [Dkt. No. 80] at ¶ 203; Joint Pretrial Order [Dkt. No. 203] at 7-10). *See Mineo v. City of New York*, No. 09-CV-2261 RRM MDG, 2013 WL 1334322, at *2 (E.D.N.Y. Mar. 29, 2013) ("likely little overlap between witnesses on liability and those necessary to prove the complicated, expert-based claims relating to post-traumatic stress and other damages issues" weighed in favor of separate trials). That Plaintiff will be a witness on his damages claim is of no moment. This will be the first time he testifies because his testimony is inadmissible on the liability issues.  (*See* Motion in Limine to Preclude Plaintiff and Other Damages Witnesses from Testifying Until the Final Phase on Damages). In any event, even if a witness was to be called to testify on both liability and damages, this would not outweigh the factors that strongly favor separate trials for these issues. *See Mineo, supra*, at *2 ("Though some witnesses may need to be called twice," separate trials "is, on balance, 'conducive to expedition and economy' in the words of Rule 42(b) and sacrifices little, particularly when balanced against the potential for prejudice by trying both issues simultaneously.").

**C.      A Separate Trial on Damages is Necessary to Avoid Prejudice to the County**

The grave risk of prejudice from trying liability and damages together further warrants separate trials on these issues. A separate trial for damages is warranted "when the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Mineo*, *supra*, at *2 (citation omitted). "Evidence of harm to a plaintiff, regardless of the cause, may result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault." *Id.* (quoting *Buscemi*, 736 F. Supp. at 1272).

Here, a separate trial is necessary to avoid undue prejudice to the County. In determining liability, the jury will be asked to evaluate what occurred in Plaintiff's trial and determine first, whether there was a violation of *Brady*, and second, if there was such a violation, whether there was a municipal policy in existence at that time and if so, whether that policy or custom caused the violation in Plaintiff's case. Whether or not Plaintiff has been damaged is irrelevant to these issues, and "there is a substantial risk that the jury improperly will consider damages evidence while making its liability determination." *Raposo*, *supra*, 1996 WL 63526, at *3.  If the jury finds that Plaintiff's constitutional rights were violated in any way, a huge risk exists that  it will find the County liable without regard to determining the requisite policy or custom and causation elements that Plaintiff must prove to establish municipal liability. The only conceivable purpose for consolidating issues of liability and damages in a single trial would be to inject sympathy or bias into the jurors. This is not proper.

Further, such a great risk exists that the jury will be unduly influenced by evidence of Plaintiff's alleged damages that the prejudice cannot be cured by a limiting instruction.  *See, e.g.*, *Estate of Kreiner ex rel. Kreiner v. Bridgestone/Firestone, Inc.*, No. 98 CIV. 2168 AKH, 2000 WL 890432, at *2 (S.D.N.Y. July 5, 2000) (separate trials warranted where "a reasonable jury is likely

to be unduly influenced, in considering liability, by evidence properly relevant only to damages, and would likely not be able to follow an instruction to disregard considerations of sympathy."). Here, Plaintiff will offer his own testimony and other highly prejudicial evidence that is relevant only to the issue of damages. For example, Plaintiff will likely take the stand and testify about, *inter alia*, his proclaimed innocence. However, "*Brady* does not require actual innocence*." Poventud v. City of New York*, 750 F.3d 121, 137 (2d Cir. 2014). Thus, Plaintiff's testimony about his innocence is entirely irrelevant to the issues on liability. Nevertheless, it is implausible that a jury would be able to disregard such testimony and come to an unbiased determination on liability. In addition, the fact that the issues of municipal liability and damages will each involve different types of evidence that is separately extensive and complex further warrants a separate trial for damages. *See Raposo*, *supra*, 1996 WL 63526, at *3 (risk of prejudice is "not only due to the jury's sympathetic tendencies but also because the evidence regarding both issues promises to be lengthy and complex. It will be difficult for the jury to compartmentalize the information if separate trials are not conducted.").

Accordingly, separating the damages claim clearly serves the goals of convenience, avoiding prejudice to the County, and expedition and economy set forth in Fed. R. Civ. P. 42(b).

## CONCLUSION

For the foregoing reasons it is respectfully requested that the County's motion in limine for

trifurcation be granted in all respects.

Dated: December 10, 2014
      Goshen, New York

/s/ Michael K. Burke
Michael K. Burke (MB 7554)
BURKE, MIELE & GOLDEN, LLP
*Attorneys for Defendant*
40 Matthews Street, Suite 209
P.O. Box 216
Goshen, New York 10924
(845) 294-4080
