UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DEWEY R. BOZELLA,                                           10 CIV 4917 (CS)

                                  Plaintiff,

   -against-

THE COUNTY OF DUTCHESS,

                                  Defendant.
----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF AND OTHER DAMAGE WITNESSES FROM
TESTIFYING UNTIL THE FINAL PHASE OF TRIAL**

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

## PRELIMINARY STATEMENT

Defendant County of Dutchess ("County") respectfully submits this Memorandum of Law in support of its motion in limine to preclude Plaintiff and other damages witnesses from testifying until the final phase on damages.[1] The County has moved this Court for trifurcation or separate trials before the same jury of three different phases – 1) the existence of a constitutional violation; 2) municipal liability; and 3) damages. In conjunction with the motion for trifurcation, the County respectfully moves this Court for an Order precluding Plaintiff from testifying until the damages phase of the trial.

Plaintiff identified himself as a potential witness to "testify that he was wrongfully convicted of the Crapser Murder; about his wrongful incarceration for more than 26 years; and about the harm that he suffered because of his wrongful conviction." (Joint Pretrial Order [Dkt. No. 203] at 7). None of these subjects are relevant to the County's liability in this action. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Further, even if Plaintiff's testimony could be relevant to the County's liability it would have to be excluded, as it would be extremely prejudicial and mislead the jury. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

---

[1] The County also moves to preclude the testimony of Dr. Sanford Drob, Bob Jackson, Trena Bozella, and any other damages witnesses Plaintiff may attempt to add to his witness list until the damages phase of trial. (*See* Joint Pretrial Order [Dkt. No. 203] at 7-10),

**ARGUMENT**

As stated in the County's memorandum of law in support of its motion for trifurcation, in the first phase of the proposed three-phase trial the jury will be asked to determine whether Plaintiff's rights under *Brady* were violated, *i.e.*, whether certain evidence (the upstairs neighbors' statements and Cynthia Murphy's statements) were disclosed and whether the undisclosed evidence was material. Plaintiff's testimony is irrelevant on this issue. Evidence is material under *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

Materiality is established "by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict*.*" *Id.* at 435. Thus, the undisclosed evidence "must be evaluated in the context of the entire record." *United States v. Agurs*, 427 U.S. 97, 112 (1976) *holding modified by United States v. Bagley*, 473 U.S. 667 (1985). *See also Ranta v. Bennett*, No. 97CIV.2169(ERK)(JMA), 2000 WL 1100082, at *17 (E.D.N.Y. May 23, 2000) *aff'd*, 189 F. App'x 54 (2d Cir. 2006) (noting that "the very nature of the definition of '*Brady* material[]' . . . involves a retrospective view of the trial record to determine the effect of nondisclosure."); *United States v. Douglas*, 415 F. Supp. 2d 329, 345 (S.D.N.Y. 2006) *aff'd*, 525 F.3d 225 (2d Cir. 2008) (materiality is "analyzed in light of the totality of the trial evidence. Where the evidence against the defendant is ample or overwhelming, the withheld *Brady* material is less likely to be material than if the evidence of guilt is thin."); *Leka v.*

*Portuondo*, 257 F.3d 89, 104 (2d Cir. 2001) ("Materiality is assessed in light of the evidence adduced against the defendant at trial"); *Johnson v. Folino*, 705 F.3d 117, 129 (3d Cir.) *cert. denied*, 134 S. Ct. 61, 187 L. Ed. 2d 253 (2013) ("The materiality of *Brady* material depends almost entirely on the value of the evidence relative to the other evidence mustered by the state.") (citation omitted).

In determining materiality, the jury must examine the strength of the evidence against Plaintiff and evaluate the undisclosed evidence in the context of the trial record. *See Toro v. Murphy*, No. CIV A 07-11721-PBS, 2009 WL 5064575, at *5 (D. Mass. Dec. 17, 2009) ("Materiality must be determined by weighing the withheld evidence against the evidence presented at trial"). The evidence admissible to a question of materiality must be limited to that which was before the jury in Plaintiff's 1990 trial and, if admissible, the undisclosed evidence that is the subject of the alleged *Brady* violation. Plaintiff's testimony is irrelevant on the materiality question – it does not make it more or less probable that the disclosure of the evidence would have changed the outcome of his criminal trial. *See generally* Fed. R. Evid. 401. Moreover, Plaintiff chose not to testify in his defense during his two criminal trials and his testimony is outside the scope of the record that must be considered in determining materiality. Additionally, "materiality does not depend on factual innocence, but rather what would have been proven absent the violation" and "*Brady* does not require actual innocence." *Poventud v. City of New York*, 750 F.3d 121, 134, 137 (2d Cir. 2014). Thus, Plaintiff's proclaimed innocence is irrelevant to the threshold issue of his claim – whether his *Brady* rights were violated.

If the jury finds that Plaintiff's *Brady* rights were violated, in the second phase of the County's proposed three-phase trial the jury will be asked to determine municipal liability, *i.e.*, whether the County maintained an unconstitutional Brady policy whereby prosecutors within the

Dutchess County District Attorney's Office did not disclose favorable evidence under Brady and its progeny unless it "truly exculpated" the criminal defendant (Amended Complaint [Dkt. No. 80] at ¶ 210) and whether that policy caused the violation of Plaintiff's *Brady* rights. Plaintiff has no personal knowledge of this alleged policy, nor could he offer relevant testimony on the existence of the alleged policy.

Even assuming, *arguendo*, Plaintiff's testimony could be relevant on questions of liability, it must be excluded under Fed. R. Evid. 403. Specifically, any limited probative value of Plaintiff's testimony "is substantially outweighed by a danger of. . . unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. As set forth in the County's motion for trifurcation, the issues of liability and damages in this action are different and involve different types of evidence. To the extent Plaintiff's testimony is relevant to his claimed damages, this evidence is extremely prejudicial to the County on the question of liability. The sympathy and bias that would likely result where a jury hears Plaintiff testify about his proclaimed innocence and damages is so substantial that it could not be cured by a limiting instruction. Allowing Plaintiff to testify in the liability phase will likely not only result in unfair prejudice but will likely confuse the distinct issues of liability of damages and mislead the jury in making their liability determination.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the County's motion in limine to preclude Plaintiff from testifying until the damages phase of trial be granted in all respects.

Dated: December 10, 2014
Goshen, New York

/s/ Michael K. Burke
Michael K. Burke (MB 7554)
BURKE, MIELE & GOLDEN, LLP
*Attorneys for Defendant*
40 Matthews Street, Suite 209
P.O. Box 216
Goshen, New York 10924
(845) 294-4080