UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DEWEY R. BOZELLA,                                          10 CIV 4917 (CS)

                        Plaintiff,

   -against-

THE COUNTY OF DUTCHESS,

                        Defendant.
----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OF CRIMINAL CASES TRIED BY THE DUTCHESS COUNTY DISTRICT ATTORNEY'S OFFICE AFTER PLAINTIFF'S 1990 CONVICTION IN SUPPORT OF HIS *MONELL* CLAIM**

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

**PRELIMINARY STATEMENT**

Pursuant to Federal Rules of Evidence 402 and 403, Defendant County of Dutchess ("County") respectfully submits this Memorandum of Law in support of its Motion in Limine to preclude Plaintiff from offering evidence of criminal cases tried by the Dutchess County District Attorney's Office after Plaintiff's 1990 conviction in support of his *Monell* claim.

**ARGUMENT**

Plaintiff seeks to establish that the violation of his constitutional rights under *Brady* was caused by a widespread custom or practice of the County. To succeed on this type of *Monell* claim, "a municipal policymaker may be found to have caused subordinate officials' conduct by reason of the policymaker's 'acquiescence in a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity.'" *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000) (quoting *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737, (1989). It is clear that "before the actions of subordinate city employees can give rise to § 1983 liability, their discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy-making officials." *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992). Accordingly, to impose municipal liability "for allowing such a developed 'custom or usage' to continue requires (1) actual or constructive knowledge of its existence by responsible policymakers, and (2) their failure, as a matter of specific intent or deliberate indifference, thereafter to correct or stop the practices." *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987).

Here, thus, Plaintiff must establish 1) a persistent pattern of conduct demonstrating a longstanding custom or practice at the time of Plaintiff's alleged violation; 2) the final municipal policymaker's actual or constructive knowledge of its existence at that time, and 3) the final municipal policymaker's acquiescence or intentional/deliberate indifference in failing to correct

or stop such practice. In order to establish actual or constructive knowledge of the alleged custom or practice, Plaintiff must be limited to only those cases that preceded his December 14, 1990 conviction. Because he must prove that his alleged *Brady* violation was pursuant to a municipal practice or custom, any cases he seeks to offer as evidence of such alleged practice or custom after the date of his conviction are irrelevant. *See* Fed. R. Evid. 401. Plaintiff can prove municipal liability based upon an alleged unconstitutional *Brady* disclosure policy only from a pattern or custom that was persistent at the time he alleges *Brady* evidence was suppressed from him, and any cases following his conviction are inadmissible on *Monell* liability. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360, n. 7 (2011).

In *Connick*, the Supreme Court recognized that "contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide "notice . . . and the opportunity to conform to constitutional dictates." *Id.* (quoting *Canton v. Harris,* 489 U.S. 378, 395 (1989) [O'Connor, J., concurring in part and dissenting in part]). *See also Simms v. City of New York*, 480 F. App'x 627, 630 (2d Cir. 2012) (plaintiff's allegation that he was again falsely arrested and maliciously prosecuted after the incident on which his action was based was an allegation of subsequent conduct that could not support inference that the initial incident resulted from a failure to train) (citing *Connick*, 131 S.Ct. at 1360 n. 7). This rule is not limited to failure to train cases, however, and applies where, as here, a plaintiff seeks to impose municipal liability from an alleged custom or practice. *See Vasquez v. City of New York*, No. 14 CIV. 491 RMB, 2014 WL 5810111, at *12 (S.D.N.Y. Nov. 6, 2014) (finding plaintiff failed to "adequately plead 'a practice so persistent and widespread that it constitutes a [municipal] custom'" where none of the cases identified as other acts of other misconduct involved "the misconduct alleged here" and only 2 of the 14 listed post-date the plaintiff's conviction) (citing *Connick*, 131 S.Ct. at 1360 n. 7). *See also*

*Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident. Evidence of an incident that occurred years after the conduct in issue was properly excluded by the magistrate judge.").

Here, Plaintiff identifies the following Exhibits related to cases tried by the County District Attorney's Office after his 1990 conviction that must be excluded as improper evidence of subsequent conduct:

1) Exhibit 205: Notice of Omnibus Motion, *People v. Defendant F*, dated 11/9/1993;
2) Exhibit 206: Affirmation in Support of an Omnibus Motion, *People v. Defendant F*, dated 11/9/1993
3) Exhibit 207: Affirmation in Answer to Omnibus Motion, *People v. Defendant F*, dated 11/24/1993;
4) Exhibit 208: Pretrial Hearing Transcript, *People v. Defendant F*, 1/14/1994;
5) Exhibit 209: Excerpts from Trial Transcript, *People v. Defendant F*, dated 1/14/1994;
6) Exhibit 210: Brief for Defendant-Appellant, *People v. Defendant F*, dated 3/1996;
7) Exhibit 211: Respondent's Brief, *People v. Defendant F*, 10/28/1996;
8) Exhibit 250: Answer in Response to Demand to Produce and Affirmation in Asnwer to Def.'s Notice of Motion, *People v. Defendant P*, dated 4/18/1991;
9) Exhibit 251: Affirmation in Answer to an Omnibus Motion, *People v. Jermaine Fuller*, Ind. No. 87/91, dated 6/11/1991;
10) Exhibit 252: Memorandum of Law Citing Authorities in Support of Defendant's Omnibus Motion, *People v. Defendant Q*, dated 11/11/1991;
11) Exhibit 253: Affirmation in Answer to Notice of Motion, *People v. Defendant Q*, dated 11/26/1991;
12) Exhibit 254: Affirmation in Support of an Omnibus Motion, *People v. Mark Edmonds*, Ind. No. 162/92, dated 1/14/1993
13) Exhibit 255: Affirmation in Answer to Notice of Motion, *People v. Mark Edmonds*, Ind. No. 162/92, dated 1/26/1993;
14) Exhibit 256: Decision and Order, *People v. Mark Edmonds*, Ind. No. 162/92, dated 3/1/1993;
15) Exhibit 257: Demand to Produce, *People v. Kelvin Battle*, Ind. No. 201/92, dated 1/20/1993;
16) Exhibit 258: Answer in Response to Demand to Produce, *People v. Kelvin Battle*, Ind. No. 201/92, dated 1/22/1993;
17) Exhibit 259: Notice of Omnibus Motion, *People v. Kelvin Battle*, Ind. No. 201/92, dated 2/17/1993;
18) Exhibit 260: Affirmation in Support of Omnibus Motion, *People v. Kelvin Battle*, Ind. No. 201/92, dated 2/17/1993;

3

19) Exhibit 261: Affirmation in Answer to Def.'s Notice of Motion, *People v. Kelvin Battle*, Ind. No. 201/92, dated 2/24/1993;
20) Exhibit 262: Decision and Order, *People v. Kelvin Battle*, Ind. No. 201/92, 3/29/1993;
21) Exhibit 263: Affirmation in Answer to an Omnibus Motion, *People v. Defendant O*, dated 4/27/1993;
22) Exhibit 264: Demand to Produce, *People v. Defendant M*, dated 1/20/1994;
23) Exhibit 265: Notice of Omnibus Motion and Affirmation in Support of Motion, *People v. Defendant M*, dated 3/7/1994;
24) Exhibit 266: Affirmation in Support of an Omnibus Motion, *People v. Defendant M*, dated 3/7/1994;
25) Exhibit 267: Affirmation in Answer to a Notice of Omnibus Motion, *People v. Defendant M*, dated 3/14/1994;
26) Exhibit 268: Affirmation in Answer to a Notice of Omnibus Motion, *People v. Defendant M*, dated 3/14/1994;
27) Exhibit 269: Decision and Order, *People v. Defendant M*, dated 3/25/1994;
28) Exhibit 270: Notice of Omnibus Motion, *People v. Defendant L*, dated 2/8/1994;
29) Exhibit 271: Affirmation in Support of Omnibus Motion, *People v. Defendant L*, dated 2/8/1994;
30) Exhibit 272: Notice of Omnibus Motion and Affirmation in Support of Motion, *People v. Defendant L*, dated 2/8/1994;
31) Exhibit 273: Answer in Response to Demand to Produce, *People v. Defendant L*, dated 2/25/1994;
32) Exhibit 274: Decision and Order, *People v. Defendant L*, dated 3/14/1994;
33) Exhibit 275: Affirmation in Answer to Def.'s Notice of Omnibus Motion, *People v. Defendant L*, dated 3/25/1994
34) Exhibit 276: Affirmation in Answer to Def.'s Notice of Omnibus Motion, *People v. Defendant L*, dated 3/25/1994;
35) Exhibit 277: Notice of Omnibus Motion and Affirmation in Support of Motion, *People v. Defendant A*, dated 5/10/1994
36) Exhibit 278: Affirmation in Answer to Defendant's Notice of Motion, *People v. Defendant A*, dated 5/23/1994;
37) Exhibit 279: Decision and Order, *People v. Defendant A*, dated 6/9/1994;
38) Exhibit 280: Notice of Omnibus Motion and Affirmation in Support of Motion with Exhibits, *People v. Defendant A*, dated 3/6/1995
39) Exhibit 281: Affirmation in Support of Omnibus Motion, *People v. Defendant A*, dated 3/6/1995;
40) Exhibit 282: Affirmation in Answer to an Omnibus Motion, *People v. Defendant A*, dated 3/22/1995;
41) Exhibit 283: Reply Affidavit, *People v. Defendant A*, dated 3/30/1995;
42) Exhibit 284: Decision and Order, *People v. Defendant A*, dated 4/13/1995;
43) Exhibit 285: Supplemental Decision and Order, *People v. Defendant A*, dated 4/17/1995;
44) Exhibit 286: Trial Transcript, *People v. Defendant A*, dated 9/19/1995;
45) Exhibit 287: Respondent's Supplemental Brief, *People v. Defendant A*, dated 1998;
46) Exhibit 288: Affirmation in Support of Omnibus Motion, *People v. Scott Kiernan*, Ind. No. 149/96, dated 10/20/1996;

4

47) Exhibit 289: Affirmation in Answer to Defendant's Notice of Motion, *People v. Scott Kiernan*, Ind. No. 149/96, dated 10/28/1996;
48) Exhibit 290: Affirmation in Support of an Omnibus Motion, *People v. Defendant C*, dated 10/30/1996;
49) Exhibit 291: Notice of Omnibus Motion, *People v. Defendant C*, dated 10/31/1996;
50) Exhibit 292: Affirmation in Answer to Def.'s Notice of Motion, *People v. Defendant C*, dated 11/18/1996;
51) Exhibit 293: Decision and Order, *People v. Defendant C*, dated 12/7/1996;
52) Exhibit 294: Affirmation in Support of Omnibus Motion, *People v. Defendant V*, dated 6/11/2000;
53) Exhibit 295: Omnibus Motion, *People v. Defendant V*, dated 6/12/2000;
54) Exhibit 296: Affirmation in Response to Def.'s Notice of Omnibus Motion, *People v. Defendant V*, dated 6/27/2000;
55) Exhibit 297: Reply Affirmation, *People v. Defendant V*, dated 7/13/2000;
56) Exhibit 298: Decision and Order, *People v. Defendant V*, dated 8/3/2000.[1]

To the extent Plaintiff seeks to offer evidence of any other case that post-dates his December 14, 1990 conviction in support of his *Monell* claim, such case must also be excluded.

Further, in addition to being irrelevant to the existence, knowledge, and acquiescence or indifference to a custom or practice that allegedly caused the violation of Plaintiff's constitutional rights, evidence of later cases carry a substantial danger of "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. The County cannot be forced to prove the irrelevance of cases that occurred after Plaintiff's alleged violation, and the jury must not be misled into thinking these cases are relevant to Plaintiff's claim.

---

[1] Defendant purposely removed all post-1990 cases files from the exhibits it may rely on in its case and chief. If the Court denies this motion in limine Defendant reserves the right and will move to add back in post-1990 case files as exhibits in its case in chief.

**CONCLUSION**

It is respectfully requested that Defendant County of Dutchess' Motion in Limine to exclude all evidence and testimony related to cases tried by the Dutchess County District Attorney's Office be granted in all respects.

Dated: December 10, 2014
       Goshen, New York

                                         /s/ Michael K. Burke
                                         Michael K. Burke (MB 7554)
                                         BURKE, MIELE & GOLDEN, LLP
                                         *Attorneys for Defendant*
                                         40 Matthews Street, Suite 209
                                         P.O. Box 216
                                         Goshen, New York 10924
                                         (845) 294-4080