UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DEWEY R. BOZELLA,                                            10 CIV 4917 (CS)

                              Plaintiff,

   -against-

THE COUNTY OF DUTCHESS,

                              Defendant.
-----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
TO PRECLUDE AS INADMISSIBLE HEARSAY – THE EMAIL PURPORTEDLY
FROM WAYNE MOSELEY TO ROSS FIRSENBAUM, DATED APRIL 23, 2012**

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

**PRELIMINARY STATEMENT**

Pursuant to Federal Rules of Evidence 802, 402, 403, and 901, the Defendant County of Dutchess ("County") respectfully submits this Memorandum of Law in support of its Motion in Limine to preclude and exclude the email purportedly from Wayne Moseley to Ross Firsenbaum, dated April 23, 2012 (*see* Plaintiff's Pretrial Order ("PTO") Ex. 141) (hereinafter the "email"), all hearsay statements within the email, and all testimony of any witness related to the email. The email and any testimony or evidence relating to the email is hearsay, not subject to an exception, not to mention irrelevant, misleading, and unduly prejudicial. Thus, the email and any evidence and testimony about it is impermissible and must be excluded.

**ARGUMENT**

The rule of hearsay is one of the most important exclusionary rules in the law of evidence. If the evidence is hearsay, and no exception to the rule is applicable, the evidence must be excluded upon appropriate objection to its admission. Fed. R. Evid. 802. Federal Rule of Evidence 801(c) defines 'hearsay' as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *see U.S. v. Chan,* 184 F.Supp.2d 337, 341 (S.D.N.Y. 2002).

Hearsay is not admissible into evidence unless it meets an explicit exception to the hearsay rule. Fed. R. Evid. 802. The principal justification for the hearsay rule is said to be that most hearsay statements being made out of court, are not subject to cross-examination. *People v. Robinson,* 89 N.Y.2d 648 (1997); *see also,* Wigmore on Evidence, §§ 1362-63 (noting that the justification for the hearsay rule is the deprivation of the right to cross-examine a declarant about his veracity, the accuracy of his perception, the ability to recall past events and to lay bear whatever weakness there by be in the declarant's story.) "Because the safeguards that apply to a witness do

1

not exist in regard to a declarant, an out-of-court statement offered for its truth is hearsay and is generally not admissible." JOSEPH M. MCLAUGHLIN ET AL., WEINSTEIN'S FEDERAL EVIDENCE § 801.11 (2d ed., Vol. 5 (2006)). In fact, the declarant may not be under oath when he made the statement. *Donnelly v. United States,* 228 U.S. 243 (1913). Similarly, the hearsay rule applies to what is written as well as what is spoken. *See Sadowsky v. Chat Noir,* 64 A.D.2d 697 (2d Dept. 1978)(a document inadmissible as hearsay is "worthless as a blank piece of paper".)

In the instant matter, Plaintiff seeks to offer into evidence the email and attempts to attribute the statements within the email to Wayne Moseley. The email is from the address "isaflyer007@aol.com," contains "Dewey Bozella" in the subject line, and states that it is from Wayne Moseley, "a key witness in the proceedings which got [Bozella] convicted," and that his "coerced testimony is what got [Bozella] convicted." (Plaintiff's PTO Ex. 141). The email further states that "I confessed to this crime but did not commit it nor did I have knowledge of this crime" but was threatened to testify against Bozella. (*Id.*).

Moseley had testified three times under oath about his involvement in the burglarizing and murdering of Emma Crapser with Mr. Bozella on June 14, 1977. He testified consistently before the Grand Jury in 1983 and then in both of Plaintiff's criminal trials in 1983 and 1990. (*See* Defendant's PTO Ex. Y-18 [1983 Grand Jury Testimony] at 002058-002073 and II-13[1983 Trial Testimony] at WH-17982-18121; Heeren Decl. Ex. 21 [1990 Trial Tr.] at 0450-0529, 0537-0569, 0580-0703).[1] Although Mosley did testify differently before the Grand Jury in 1977 and denied any role in the murder (*see* Def. PTO Ex. Y-18, at 6932-6955), this testimony and Mr. Moseley's credibility and veracity were fully explored in both of Bozella's criminal trials. (Defendant's PTO Ex. II-13, at WH-18037-18121; Heeren Decl. Ex. 21 at 0478-0529, 0537-0569, 0580-0703). The

---

[1] Heeren Decl. Ex. as used herein refers to Exhibits annexed to the Declaration of Craig R. Heeren in Support of Plaintiff Dewey R. Bozella's Motion for Partial Summary Judgment.

2

email is hearsay, unauthenticated, and completely unreliable. It is not a sworn statement, and is directly contradicted by Moseley's sworn testimony on three separate occasions. Plaintiff has made no showing of Moseley's unavailability to support his attempt to have the jury consider the email, nor has Plaintiff attempted to authenticate it. The email as well as any other document, record, and testimony concerning this email is plainly inadmissible hearsay and must therefore be excluded. No witness should be permitted to put evidence of the email before the jury.

Aside from its inadmissibility under Rule 802, the email and the hearsay statements in it would be irrelevant and confusing to the jury. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The email is not relevant to Plaintiff's claim that the DA's Office suppressed three items of alleged *Brady* evidence in his case – the neighbors' statements, the Dobler Report, and the Holland Statement – or the existence of an alleged unconstitutional disclosure policy at the time of the alleged suppression. Even if the email could be authenticated – which it cannot – and the statements within it were true – which they are not – there is no claim against the County for the alleged coercion of Moseley's testimony. Moseley's testimony against Bozella is simply not being challenged in this action, nor is it involved in this action in any way, and the email has no relation to the alleged suppression of three specific items from Bozella's defense attorney. The issue of whether Moseley's testimony against Bozella was coerced is irrelevant to the Plaintiff's proof of his claims and, as such, any testimony or evidence of the email must be excluded.

Notwithstanding the County's objections to the admissibility of the email on hearsay and relevance grounds, the email and testimony about the statements in the email creates a strong potential for prejudice and confusion. The allegation that Moseley's testimony was coerced by

the District Attorney will confuse the jury and mislead it from the true issues in this case – the alleged suppression of the neighbors statements, Dobler Report, and Holland Statement pursuant to an unconstitutional disclosure policy in violation of *Brady*. The admission of the email and any testimony related to the allegation that Moseley was coerced to testify against Bozella in his criminal trials risks confusing the jury and places an unfair burden on the Defendant to rebut allegations completely irrelevant, untruthful and prejudicial to this matter. "Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Arlio v. Lively,* 474 F.3d 46, 53 (2d Cir. 2007)(quoting Fed. R. Evid. 403). "Accordingly, courts are reluctant to admit evidence that appears at first to be plausible, persuasive, conclusive, or significant if detailed rebuttal evidence . . . would be required to demonstrate that the evidence actually has little probative value." *Id.* (quoting 2 Weinstein & Berger, *Weinstein's Federal Evidence* § 403.05[3][b]); *see also,* Fed. R. Evid. 403. Even if this Court could find the email to be relevant on Plaintiff's claims, it is being offered for no purpose other than to cast Plaintiff's criminal trials and the District Attorney's Office in a negative light, to invoke sympathy from the jury. Substantial prejudice and confusion will result from the unsubstantiated allegations in the email that the District Attorney coerced the testimony of an eyewitness in Bozella's criminal case that mandates its exclusion under Fed. R. Evid. 403. The County cannot be required to defend itself with proof that Moseley's testimony was not coerced to rebut this unsubstantiated, unauthenticated, false, and irrelevant allegation.

**CONCLUSION**

It is respectfully requested that the County's Motion in Limine to exclude all evidence of the email purportedly from Wayne Moseley to Ross Firsenbaum, dated April 23, 2012, (Plaintiff's PTO Ex. 141) all hearsay statements within the email, and all testimony of any witness related to the email be granted in all respects.

Dated: December 10, 2014
       Goshen, New York

/s/ Michael K. Burke
Michael K. Burke (MB 7554)
BURKE, MIELE & GOLDEN, LLP
*Attorneys for Defendant*
40 Matthews Street, Suite 209
P.O. Box 216
Goshen, New York 10924
(845) 294-4080

5