UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DEWEY R. BOZELLA,                                          10 CIV 4917 (CS)

                              Plaintiff,

   -against-

THE COUNTY OF DUTCHESS,

                              Defendant.
----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
TO PRECLUDE AS INADMISSIBLE HEARSAY – THE DEPOSITION TESTIMONY
OF EDWARD F. WHITESELL REGARDING A PURPORTED CONVERSATION
BETWEEN WHITESELL AND WAYNE MOSELEY**

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

**PRELIMINARY STATEMENT**

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 32 and Federal Rules of Evidence 802, 402 and 403, the Defendant County of Dutchess ("County") respectfully submits this Memorandum of Law in support of its Motion in Limine to preclude and exclude the deposition testimony of Edward F. Whitesell ("Whitesell"), and the video of Whitesell's deposition (hereinafter referred to together as "Whitesell's deposition"), including, but not limited to, those portions related to a purported conversation between Whitesell and Wayne Moseley ("Moseley") prior to Whitesell's submission of papers in opposition to Plaintiff's 440 Motion, and all other evidence related to this conversation. Any such testimony or evidence seeking to attribute statements to Moseley is hearsay, not subject to an exception, as well as irrelevant, misleading, and unduly prejudicial.

**ARGUMENT**

The County objects to Plaintiff offering Whitesell's deposition under Fed. R. Civ. P. 30(b)(6) and 32, as Whitesell is identified on Plaintiff's witness list, is available to testify at trial, and is a nonparty to this action whose statements are not binding on the County. The County also objects to Whitesell's deposition under Fed. R. Evid. 802 through 804, as this testimony is hearsay, not subject to an exception, and Whitesell is available to testify at trial.

The County has further objections to specific content in Whitesell's deposition and seeks to preclude Plaintiff from offering testimony or evidence related to this content. Plaintiff seeks to offer Whitesell's deposition testimony that he had a conversation with Moseley, a prosecution witness in Plaintiff's criminal trials, prior to his submission of an Answer to Plaintiff's 440 Motion in 2009, and that information about this conversation was not submitted in his opposition papers.

(Burke Aff. Ex. KK at 99-100, 129, 136).[1] Plaintiff also seeks to offer the substance of the conversation with Moseley, which "was strictly on the phone" and Whitesell had taken no notes. (*Id.* at 129-133). This included a hearsay statement that Moseley said he "wasn't there," which Whitesell understood to mean he was not at the Crapser house during the crime, and which Whitesell did not tell Plaintiff's counsel during the 440 Motion and did not think he had a duty to disclose. (*Id.* at 129, 133-35, 138-39).

Whitesell's deposition related to the purported conversation with Moseley must be excluded for reasons similar to those set forth in Defendant's Memorandum of Law in support of its Motion in Limine to Preclude the Moseley Email. Notably, Plaintiff omits from his offer of Whitesell's deposition Whitesell's testimony that in this conversation Moseley never said his testimony at Plaintiff's criminal trial was coerced but, rather, Moseley said that everything he testified to at trial was true, "[s]o he never suggested that he was coerced or anything like that," which directly conflicts with the Moseley Email Plaintiff also seeks to admit. (*Id.* at 135:15-136:2). There is not a hint of reliability in this unsworn statement, which is inconsistent with Moseley's testimony under oath on three separate occasions about his involvement with Plaintiff in this crime. (*See* Motion in Limine to Preclude the Moseley Email at 2-3). Further, according to Whitesell's deposition, Moseley allegedly states both that he was at the crime scene and that he was not at the crime scene in the same conversation. (Burke Aff. Ex. KK at 136:9-15). Whitesell also said that Moseley did not deny anything that he had previously testified to at Plaintiff's trial. (*Id.* at 130:22-25). Not only are these hearsay statements inherently unreliable, there is no indication that Moseley is unavailable or that the alleged statements can be authenticated. The fact that this conversation was over the phone makes it difficult if not impossible to establish if it even was Moseley on the

---

[1] Burke Aff. Ex. as used herein refers to Exhibits annexed to the Affirmation of Patrick T. Burke in Opposition to Plaintiff's Partial Motion for Summary Judgment and in Support of Defendants' Motion for Summary Judgment.

other line. Testimony from Whitesell about what Moseley told him is plainly inadmissible hearsay and must be excluded. Neither Whitesell nor any other witness should be permitted to put evidence before the jury of the hearsay statements in this deposition testimony.

Aside from its inadmissibility under Rule 802, a hearsay rendition of the conversation between Whitesell and Moseley would be irrelevant. *See* Fed. R. Evid. 401. Moseley's testimony against Bozella is not at issue nor related to any issue in this case and this would simply confuse the jury. (*See* Motion in Limine to Preclude the Moseley Email at 3). The admission of unsworn, unauthenticated statements that may or may not have been made by Moseley years after he testified against Plaintiff at his criminal trials is not proof of Plaintiff's claim that the DA's Office suppressed three specific items of *Brady* evidence pursuant to an alleged unconstitutional disclosure policy prior to his criminal trials. Nor is Whitesell's testimony that he did not advise Plaintiff's counsel of the conversation during the 440 Motion and did not think he had a duty to do so relevant to this case. Plaintiff has not alleged that the nondisclosure of this conversation constitutes a *Brady* violation; this is simply not part of his claim.

Even if this Court could find any probative value in these irrelevant hearsay statements, they must be excluded under Fed. R. Evid. 403. It is extremely prejudicial to the County and will likely confuse and mislead the jury, as it places an unfair burden on the County to rebut allegations related to Moseley's trial testimony that are completely irrelevant to this action. (*See* Motion in Limine to Preclude the Moseley Email at 4). Similarly, the County cannot be forced to defend Whitesell's statement that he did not disclose the substance of the Moseley conversation to Plaintiff's counsel during the 440 Motion when this is completely outside the scope of Plaintiff's *Brady* claim and not related to the distinct information Plaintiff claims was suppressed.  Further, any opinion from Whitesell on Plaintiff's prosecution without having personal knowledge of the

3

full scope of his criminal trials will be extremely prejudicial if permitted and the statements of Whitesell, a non-party assistant district attorney, are not binding on the County. Accordingly, Whitesell's deposition must be excluded.

## CONCLUSION

It is respectfully requested that the Defendant County of Dutchess' Motion in Limine to exclude Whitesell's deposition and all other testimony and evidence related to Whitesell's conversation with Moseley be granted in all respects.

Dated: December 10, 2014
      Goshen, New York

/s/ Michael K. Burke
Michael K. Burke (MB 7554)
BURKE, MIELE & GOLDEN, LLP
*Attorneys for Defendant*
40 Matthews Street, Suite 209
P.O. Box 216
Goshen, New York 10924
(845) 294-4080

4