UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DEWEY R. BOZELLA,                                           10 CIV 4917 (CS)

                              Plaintiff,
   -against-

THE COUNTY OF DUTCHESS,

                              Defendant.
----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OF, AND ARGUING ANY NEGATIVE INFERENCES FROM, THE DISPOSAL OF THE PHYSICAL EVIDENCE BY THE CITY OF POUGHKEEPSIE POLICE DEPARTMENT IN THE CRAPSER MURDER CASE**

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

## PRELIMINARY STATEMENT

Defendant County of Dutchess ("County") respectfully submits this Memorandum of Law in support of its motion in limine to preclude Plaintiff from offering evidence of, and arguing any negative inferences from, the disposal of the physical evidence by the City of Poughkeepsie Police Department in the Crapser murder case.

## ARGUMENT

Plaintiff seeks to admit the Elbert Pittman Evidence Sheets ("Evidence Sheets") from the City of Poughkeepsie Police Department (the "Police Department"). These Evidence Sheets indicate that the physical evidence in the Crapser murder case was disposed on May 15, 2003. (*See* Plaintiff's Pretrial Order ("PTO") Ex. 79). The evidence from the Crapser murder was not disposed pursuant to anything improper. Rather, they were disposed of pursuant to the routine purge of the Police Department. Pursuant to the Police Department routine procedure, evidence is disposed after a criminal defendant exhausts all appeals, takes a writ of habeas corpus, and makes a motion to vacate their judgment under N.Y. C.P.L. § 440.

In accordance with this procedure, the Police Department disposed of the physical evidence from the Crapser murder on May 15, 2003. Plaintiff was convicted of felony murder on December 14, 1990. He took a direct appeal from his judgment of conviction and the Appellate Division, Second Department, affirmed this judgment on June 27, 1994. *See People v. Bozella*, 205 A.D.2d 790 (2d Dept. 1994). Thereafter he sought and was denied leave to appeal to the New York Court of Appeals. Plaintiff then filed a motion to vacate his judgment of conviction pursuant to N.Y. C.P.L. § 440 on July 6, 1995, which was denied on August 29, 1995. Plaintiff sought leave to appeal the order denying this motion to the Appellate Division, Second Department, which was denied on January 13, 1997. Plaintiff also sought leave to appeal to the Court of Appeals, which

application was dismissed on February 4, 1997. On April 17, 1997, Plaintiff petitioned a court in this District for a writ of habeas corpus pursuant to 28 U.S.C. § 2554. The petition was denied on July 30, 1997.  The evidence in the Crapser murder was disposed of, in accordance with the Police Department's routine procedure, nearly six years later. Accordingly, Plaintiff must be precluded from offering evidence of the disposal of this evidence and arguing any negative inferences therefrom, including the any inference that the disposed evidence would have been favorable to him. It is entirely too speculative to suggest that the DNA evidence, even if tested, would benefit Plaintiff's defense. Such evidence could just as easily support the two jury verdicts that found Plaintiff guilty of murdering Emma Crapser.

As recognized by the Supreme Court, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Here, there is no claim against the City of Poughkeepsie Police Department for not preserving the evidence in the Crapser murder case after the criminal defendant exhausted all available post-conviction relief, and any such claim cannot be brought imputed against the County or argued in this case. The Supreme Court reiterated this rule in *Illinois v. Fisher*, 540 U.S. 544, 545 (2004), finding it was not improper where "the police, acting in good faith and according to normal police procedures, destroyed evidence that respondent had requested more than 10 years earlier in a discovery motion." Simply because "an additional test might have provided the defendant with an opportunity to show that the police tests were mistaken" and that the white powdery substance they seized was not cocaine did not change the fact that such evidence was nothing more than "potentially useful." *Id.* at 549.

Here, the disposal of physical evidence from the Crapser murder pursuant to the Police Department's routine procedure in May 2003 – around 19 years after Plaintiff's initial conviction

2

in 1984, 10 years from his 1990 conviction, and 6 years from the denial of his petition for writ of habeas corpus – carries no indicia of bad faith or impropriety, and the potential usefulness of the disposed evidence in Plaintiff's claim is speculative at best. Accordingly, Plaintiff must be precluded from offering evidence related to the disposal of the evidence from the Crapser murder and arguing any negative inferences from this normal routine disposal procedure. Any such evidence is irrelevant to Plaintiff's *Brady* claim and would be nothing but prejudicial and misleading to the jury. *See* Fed. R. Evid. 401-403. Similarly, the District Attorney office's decision not to retry Plaintiff after his conviction was vacated by Judge Rooney was based in no small measure upon the fact that evidence in his case was no longer available pursuant to this proper police procedure, Plaintiff must be also be precluded from arguing negative inferences from the fact that there was no retrial.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the County's motion in limine to preclude Plaintiff from offering evidence related to the disposal of evidence in the Crapser murder case and arguing negative inferences from such disposal be granted in all respects.

Dated: December 10, 2014
      Goshen, New York

                                    /s/ Michael K. Burke
                                    Michael K. Burke (MB 7554)
                                    BURKE, MIELE & GOLDEN, LLP
                                    *Attorneys for Defendant*
                                    40 Matthews Street, Suite 209
                                    P.O. Box 216
                                    Goshen, New York 10924
                                    (845) 294-4080