UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DEWEY R. BOZELLA,                                            10 CIV 4917 (CS)

                              Plaintiff,
   -against-

THE COUNTY OF DUTCHESS,

                             Defendant.
-----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
TO PRECLUDE AS INADMISSIBLE HEARSAY – ALL TESTIMONY OF JOHN B.
GARRITY RELATED TO THE DEPRAVED INDIFFERENCE CASE**

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

**PRELIMINARY STATEMENT**

Defendant County of Dutchess ("County") respectfully submits this Memorandum of Law in support of its Motion in Limine to preclude and exclude all testimony and evidence of hearsay statements of John B. Garrity ("Garrity") related to what Garrity alleges was not turned over by the County's District Attorney's Office in a depraved indifference case where he represented a nonparty witness.

**ARGUMENT**

In the Amended Complaint, Plaintiff alleges that a *Brady* violation was committed "[i]n a case where the defendant faced depraved indifference charges due to speeding." (Amended Complaint [Dkt. No. 80] at ¶ 194). Specifically, that Garrity, the attorney for a non-party witness in that case, was present when his client was interviewed by the District Attorney, William Grady ("Grady"), that his client was asked by the assistant district attorney "how fast the vehicle was traveling," and that "the witness responded with a number that was below the applicable speed limit and thus not consistent with a depraved indifference charge." (*Id.*). Plaintiff alleges that "[a]ccording to . . . Garrity, the prosecution never disclosed to defense counsel that the witness had provided information favorable to the accused-the statement that the vehicle was traveling below the speed limit-and thus violated *Brady*." (*Id.* at ¶ 194). Garrity also testified about this case at his deposition, and about the alleged interview of his client by Grady. (*See* Burke Aff. Ex. SSSSS at 91-92).[1] Garrity stated

> A Well, Grady was asking my client, the passenger witness, to relate his recollection of the events of that day. And he asked him if he knew how fast the driver was driving before the accident. And the client said yes.
>
> Q Did the client give a specific speed?

---

[1] Burke Aff. Ex. as used herein refers to Exhibits annexed to the Affirmation of Patrick T. Burke in Opposition to Plaintiff's Partial Motion for Summary Judgment and in Support of Defendants' Motion for Summary Judgment.

> A Yes, he gave a speed of 45 miles an hour, which was the speed limit on the road where the accident occurred.
>
> Q Did Mr. Grady respond?
>
> A Yes.
>
> Q What did he say?
>
> A He told the witness that he couldn't give that

*Id.* at 92. Notably, Garrity testified that he has "no knowledge as to what Mr. Grady told Mr. Tapper," the defendant's attorney, and stated only that his client was not cross-examined on the statement that the car was traveling at 45 miles per hour. (*Id.* at 93)

Initially, Garrity's hearsay statements about what his client and Grady said at the interview are inadmissible and not subject to an exception. *See* Fed. R. Evid. 801-803. Further, in connection with the County's motion for summary judgment, Plaintiff did not dispute that Grady disclosed this very information to the defense attorney in that depraved indifference case. Specifically, Plaintiff did not dispute the following:

> Mr. Garrity's client gave a statement to police immediately following the accident wherein he stated that the driver was traveling 40 miles per hour. (Ex. WWWWW at ¶ 9). This statement was disclosed to defense counsel. (Id. *at* ¶ 11). The same witness testified at the grand jury that the driver was traveling approximately 80-90 miles per hour. (Id. *at* ¶ 10). Mr. Grady interviewed the witness in the presence of Mr. Garrity prior to the trial and the information he relayed in that interview regarding the driver's speed was consistent with his grand jury testimony. (Id. *at* ¶ 12). At the trial, Mr. Grady did not ask the witness on direct examination the driver's speed in exact miles per hour because Judge Hillery had previously sustained defense counsel's objection to that question asked of other witnesses. (Id. *at* ¶ 13). He was asked that question by defense counsel on cross-examination and he testified to specific speeds of the driver well in excess of the 55 mile per hour speed limit. (Id. *at* ¶ 14).

(Plaintiff's Response to Defendant's Rule 56.1 Statement [Dkt. No. 166] at ¶ 311). Because Plaintiff has not disputed that the statement that the driver was traveling below the speed limit was disclosed to the defense counsel, he has admitted that there was no *Brady* violation in that case.

Accordingly, Plaintiff cannot offer evidence, including the testimony of Garrity, about the alleged failure to provide the witness statement to the defense attorney in the depraved indifference case as evidence of the County's alleged unconstitutional disclosure policy.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the County's Motion in Limine to preclude and exclude all testimony and evidence, including the hearsay statements of Garrity, related to the alleged failure by the District Attorney's Office to turn over evidence in violation of *Brady* in the above depraved indifference case, be granted in all respects.

Dated: December 10, 2014
      Goshen, New York

/s/ Michael K. Burke
Michael K. Burke (MB 7554)
BURKE, MIELE & GOLDEN, LLP
*Attorneys for Defendant*
40 Matthews Street, Suite 209
P.O. Box 216
Goshen, New York 10924
(845) 294-4080

3