UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF DUTCHESS,<br><br><br>Defendant. | No.  10 Civ. 4917 (CS) |

PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE UNTIMELY OBJECTIONS AND
CROSS-DESIGNATIONS TO HIS DEPOSITION DESIGNATIONS

WILMER CUTLER PICKERING
HALE AND DORR LLP

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

## TABLE OF CONTENTS

**PAGE**

STATEMENT OF FACTS ...........................................................................................................1

ARGUMENT.........................................................................................................................3

I.    THE COUNTY FAILED TO MAKE TIMELY INDIVIDUAL OBJECTIONS
      IN ACCORDANCE WITH RULE 26.....................................................................................3

II.   THE COUNTY HAS WAIVED ANY FURTHER OBJECTIONS AND
      OPPORTUNITY TO PROPOSE CROSS-DESIGNATIONS............................................3

CONCLUSION......................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*KB Home v. Antares Homes, Ltd.*,
   No. CIV.A.3:04-CV-1031-L, 2008 WL 4692837 (N.D. Tex. Oct. 23, 2008) ..........................3

**RULES**

Fed. R. Civ. P. 32(a)(3)...........................................................................................................2, 3

Fed. R. Civ. P. 32(c) ..................................................................................................................2

Fed. R. of Civ. P. 26(a)(3) .........................................................................................................3

Fed. R. of Evid. 801(d)(2)(D) .....................................................................................................2

**OTHER AUTHORITIES**

8A Charles A. Wright et al., Fed. Prac. & Proc. Civ. § 2145 (3d ed. 2010)....................................2

Mr. Bozella respectfully requests that this Court preclude the County from submitting, now that the Court's deadline has passed, additional objections and/or cross-designations to Mr. Bozella's deposition designations.

## STATEMENT OF FACTS

On September 23, 2014, this Court set a deadline for the parties to submit a Joint Pretrial Order (the "JPO"), which, pursuant to this Court's individual practices, must include (i) "[a] designation by each party of deposition testimony to be offered in its case in chief," and (ii) "any cross-designations and objections by any other party." *See* Omnibus Declaration of Ross E. Firsenbaum, dated Dec. 10, 2014 (the "Firsenbaum Decl.") Ex. 8 (Sept. 23, 2014 Order) at 53; Individual Practices of Judge Cathy Seibel, Sept. 24, 2013, at Part 3(a)(ix). That deadline was December 3, 2014. *See* Firsenbaum Decl. Ex. 8 (Sept. 23, 2014 Order) at 53.[1]

On December 1, 2014—more than two months later, and two days before the Court's deadline for the parties to file the JPO—the County informed Mr. Bozella that it would not be able to meet the deadline. Accordingly—while mindful of the imminent deadline for motions in limine, and other deadlines shortly thereafter—Mr. Bozella proposed to seek a joint two-day extension from this Court. *Id.* The County did not respond to Mr. Bozella's proposal until the deadline itself, when the County stated that it would not be prepared even to exchange drafts of the JPO until two days after the deadline, and would need at least three days after that to make its objections and allow submission of the final JPO to the Court. Thus, to accommodate the County and allow both parties adequate time to review and object to each other's submissions, Mr. Bozella sought and received from this Court a joint extension until December 9, 2014, with

---

[1] The Court also set December 10 (one week after the JPO deadline) as the deadline for motions in limine; December 17 as the deadline for opposition to such motions; January 8 as the date of the final pretrial conference; and January 12 as the first day of trial. *Id.*

an agreement between the parties to exchange their portions of the JPO on December 5, and their

objections on December 8. *See* Letter Motion, dated Dec. 3, 2014 [Dkt. No. 201]; Order, dated

Dec. 3, 2014 [Dkt. No. 202].

Pursuant to this agreement, on December 5, 2014, Mr. Bozella provided the County with

his portions of the draft JPO, including Mr. Bozella's deposition designations. Mr. Bozella's

designations were relatively modest: they included only five witnesses (the "Deponents"), with

roughly fifty transcript pages of designations per witness. *See* Joint Pretrial Order, dated Dec. 9,

2014 [Dkt. No. 203] (the "As-Filed JPO"), at App'x A. On December 8, the County returned its

objections, which consist only of (i) a general objection to Mr. Bozella's designation of any

deposition testimony for any of the Deponents,[2] and (ii) a purported reservation of right to "set

forth specific objections" in the future at some unspecified time. *See id.* The County did not

make any cross-designations, and its deadline to do so has now passed. *See id.*; *see also*

Firsenbaum Decl. Ex. 8 (Sept. 23, 2014 Order) at 53; Individual Practices of Judge Cathy Seibel,

Sept. 24, 2013, at Part 3(a)(ix).

---

[2] The County has informed Plaintiff's counsel that it intends to take the position that such depositions cannot be used because they are "hearsay." *See* As-Filed JPO at App'x A. If the County files such a motion in limine today, Mr. Bozella will respond at the appropriate deadline. In short, however, Mr. Bozella plans to use the video depositions of Dutchess County District Attorney's office personnel at trial pursuant to Federal Rules of Civil Procedure 32(a)(3) and 32(c), and Federal Rule of Evidence 801(d)(2)(D). *See* Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for *any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, *managing agent*, or designee under Rule 30(b)(6) or 31(a)(4)." (emphasis added)); Fed. R. Civ. P. 32(c) ("On any party's request, deposition testimony offered in a jury trial for any purpose other than impeachment must be presented in nontranscript form, if available, unless the court for good cause orders otherwise."); Fed. R. Evid. 801(d)(2)(D) (statements offered against an opposing party and made by the party's agent or employee on a matter within the scope of that relationship and while it existed are not hearsay); 8A Charles A. Wright et al., Fed. Prac. & Proc. Civ. § 2145 (3d ed. 2010) ("This provision of Rule 32 should be liberally construed. The trial court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, but it may not refuse to allow the deposition to be used merely because the party is available to testify in person.").

**ARGUMENT**

## I.   THE COUNTY FAILED TO MAKE TIMELY INDIVIDUAL OBJECTIONS AND TO PROPOSE CROSS-DESIGNATIONS

Under Federal Rule of Civil Procedure 26(a)(3)(B), parties must file "any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii)" by the court's deadline, if the court has set one.[3]  To the extent the County intends to make any additional objections not already noted in the JPO, the County has failed to comply with Rule 26(a)(3)(B).  Likewise, the County has not proposed any cross-designations by the Court's deadline.  Firsenbaum Decl. Ex. 8 (Sept. 23, 2014 Order) at 53; Individual Practices of Judge Cathy Seibel, Sept. 24, 2013, at Part 3(a)(ix).

## II.   THE COUNTY HAS WAIVED ANY FURTHER OBJECTIONS AND OPPORTUNITY TO PROPOSE CROSS-DESIGNATIONS

Unless the Court finds good cause for a party's violation, the consequence of non-compliance with the objection deadline is waiver.  Fed. R. Civ. P. 26(a)(3)(B) ("An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause."); *see, e.g.*, *KB Home v. Antares Homes, Ltd.*, No. CIV.A.3:04-CV-1031-L, 2008 WL 4692837, at *5 (N.D. Tex. Oct. 23, 2008) (deeming objection waived for untimeliness under Rule 26(a)(3)(B)).

Here, the County had no such good cause.  It had already received the extension it actually requested to serve its portion of the JPO, and it did not even bother to request an additional one to serve its responses.  Instead, the County has attempted to unilaterally grant itself an unlimited extension to the Court-mandated deadline, thus threatening to compel Mr. Bozella to engage in the often time-consuming and adversarial back-and-forth negotiation of

---

[3] Where the court has not set its own deadline for objections, the Rule sets a deadline. *See* Fed. R. Civ. P. 26(a)(3)(B).

3

designations and cross-designations on the eve of trial.  Allowing this additional extension would materially prejudice Mr. Bozella.  In light of the near-week extension the County has already required, the trial is fast approaching, along with attendant preceding deadlines:  jury selection begins less than five weeks from the date of the JPO; the final pretrial conference takes place in just over four weeks; and oppositions to motions in limine are due one week from today.  Mr. Bozella is entitled to use these final weeks to prepare for trial and related events without uncertainty about the contents of additional objections and cross-designations that the County may seek to assert on the eve of trial.

The Court should not hesitate in granting this relief in light of the County's pattern of ignoring Court-ordered deadlines and attempting to sandbag Mr. Bozella.  The County's history of ignoring deadlines extends back to the Dutchess County Court's admonishment of the Dutchess County District Attorney's Office in 2009 for the DA's "tortured history of postponements" when responding to Mr. Bozella's 440 Motion.  *See* Firsenbaum Decl. Ex. 46 (Letter from George D. Marlow to Edward F. Whitesell (July 1, 2009)).  That pattern has continued through summary judgment in this case, when the County sought multiple extensions after its deadlines had passed and this Court finally ordered that the County would have "no further extensions."  *See, e.g.*, Endorsed Letter, dated Sept. 3, 2013 [Dkt. No. 130].  At the same time, the County has sought to sandbag wherever possible.  The Court appropriately struck hundreds of pages of documents that the County attempted to disclose just days before the close of discovery (after years of resisting Mr. Bozella's discovery requests).  *See* Order, dated Sept. 24, 2013 [Dkt. No. 137].  And now, after contending in interrogatory responses that Judge Rosenblatt did not have any information relevant to the DCDAO's *Brady* policy during "the relevant time period" and that he did not have any "information available" regarding cases that

4

he tried while the County District Attorney, the County at the eleventh hour has disclosed a former New York Court of Appeals Justice as a trial witness to offer testimony "regarding policies, practices, and customs of the Dutchess County District Attorney's Office and Brady disclosures made within the Dutchess County District Attorney's Office." *See* As-Filed JPO at 13; Pl. Mem. Law Supp. Mot. in Limine To Exclude Testimony of Albert Rosenblatt, dated Dec. 10, 2014.  Given this track record, it would be particularly appropriate to preclude the County from making late objections or cross-designations to the disclosed deposition testimony.

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that the Court preclude the County from entering additional objections to his deposition designations and from proposing any cross-designations.

Dated: December 10, 2014                        Respectfully submitted,


**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: /s/ Peter J. Macdonald_____
Peter J. Macdonald
Ross E.  Firsenbaum
Shauna K.  Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R.  Bozella*