**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **DEWEY R. BOZELLA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 10 Civ. 4917 (CS)** |
| **v.** ) | |
| ) | |
| **THE COUNTY OF DUTCHESS,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF DEWEY R. BOZELLA'S PROPOSED JURY INSTRUCTIONS**

**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

# TABLE OF CONTENTS

I.    GENERAL PRELIMINARY INSTRUCTIONS ..................................................2

    a.    Functions of the Court and the Jury ....................................................2

    b.    Burden of Proof and Preponderance of the Evidence
       in General .................................................................................................3

    c.    Order of Trial ..........................................................................................4

    d.    Sidebars ...................................................................................................5

    e.    What Is Evidence ....................................................................................6

    f.    What Is Not Evidence and Note-Taking ...............................................7

    g.    Objections and Limited Evidence .........................................................8

    h.    Consideration of All Evidence Regardless of Who
       Produced ..................................................................................................9

    i.    Weighing the Evidence ........................................................................10

    j.    Definition of "Direct" and "Circumstantial"
       Evidence .................................................................................................11

    k.    Credibility of Witnesses ......................................................................12

    l.    Deposition Testimony ..........................................................................13

    m.    Testimony of Experts – Generally .....................................................14

    n.    Conduct of the jury ..............................................................................15

    o.    Presumption of Innocence ...................................................................16

II.    OVERVIEW OF CLAIM .............................................................................17

III.    SUBSTANTIVE LAW ...................................................................................18

    a.    42 U.S.C. § 1983 ...................................................................................18

    b.    Elements of a Section 1983 Claim and Burden of
       Proof ......................................................................................................19

    c.    Deprivation of Constitutional Rights—Brady
       Violation ................................................................................................20

        i    Brady Doctrine—Scope and Purpose .........................................21

        ii    Brady Elements, Claims, and Findings As A
          Matter of Law ...............................................................................23

    d.    Policy or Practice or Custom ...............................................................28

    e.    Causation ...............................................................................................30

IV.    COMPENSATORY DAMAGES ..................................................................31

    a.    General Instruction ...............................................................................31

**V.    DELIBERATION** .................................................................................................................**32**

Plaintiff Dewey R. Bozella respectfully submits the following proposed jury instructions.[1]

---

[1] Mr. Bozella reserves the right to request additional or modified jury instructions as may become necessary based on the presentation of the evidence and/or the proposed jury instructions submitted by Defendant County of Dutchess (the "County").

# I.     GENERAL PRELIMINARY INSTRUCTIONS

### a.     *Functions of the Court and the Jury*

[Plaintiff requests the Court's standard instruction.]

### b. *Burden of Proof and Preponderance of the Evidence in General*

[Plaintiff requests the Court's standard instruction.]

### c.    *Order of Trial*

[Plaintiff requests the Court's standard instruction.]

### d.      *Sidebars*

[Plaintiff requests the Court's standard instruction.]

***e.***     ***What Is Evidence***

[Plaintiff requests the Court's standard instruction.]

### f.    *What Is Not Evidence and Note-Taking*

[Plaintiff requests the Court's standard instruction.]

### g.    *Objections and Limited Evidence*

[Plaintiff requests the Court's standard instruction.]

### h.    *Consideration of All Evidence Regardless of Who Produced*

[Plaintiff requests the Court's standard instruction.]

***i.***       ***Weighing the Evidence***

[Plaintiff requests the Court's standard instruction.]

***j.        Definition of "Direct" and "Circumstantial" Evidence***

[Plaintiff requests the Court's standard instruction.]

### *k.*      *Credibility of Witnesses*

[Plaintiff requests the Court's standard instruction.]

### l.       *Deposition Testimony*

[Plaintiff requests the Court's standard instruction.]

***m.        Testimony of Experts – Generally***

[Plaintiff requests the Court's standard instruction.]

**n.    *Conduct of the jury***

[Plaintiff requests the Court's standard instruction.]

### o.    *Presumption of Innocence*

This is not a criminal case.  But you will hear evidence related to Mr. Bozella's prior criminal trials and convictions for the murder of Emma Crapser.

Mr. Bozella did not plead guilty to that murder, both of his prior convictions were overturned, and there are no outstanding criminal charges against Mr. Bozella for the murder of Emma Crapser.  Therefore, Mr. Bozella is presumed innocent of the murder of Emma Crapser, unless and until the government proves he is guilty beyond a reasonable doubt in a trial that comports with his constitutional rights.[2]

---

[2] Adapted from Ninth Circuit, *Manual of Model Criminal Jury Instructions* § 1.2 (2010); *see Coffin v. United States*, 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law."); *Parish v. City of Elkhart, Ind.*, 702 F.3d 997, 1003 (7th Cir. 2012) (innocence is critical to damages in § 1983 cases involving wrongful conviction and subsequent imprisonment).

## II.   OVERVIEW OF CLAIM

Mr. Bozella claims that Dutchess County violated his civil rights under 42 U.S.C. § 1983. Specifically, Mr. Bozella alleges that the Dutchess County District Attorney's Office maintained a policy, practice, or custom regarding *Brady* disclosure; that consistent with that policy, practice, or custom, one or more prosecutors in the Dutchess County District Attorney's Office did not provide Mr. Bozella or his counsel three categories of favorable evidence at or before his 1990 criminal trial for the 1977 murder of J. Emma Crapser; and that the prosecutors' failure to produce that evidence violated his rights under the United States Constitution.  Mr. Bozella claims that, as a result of the prosecutors' failure to disclose this evidence consistent with the office's *Brady* policy, practice, or custom, he was wrongfully convicted for the murder of Ms. Crapser and spent 26 years in prison as a result.  For his injuries, Mr. Bozella seeks compensatory damages.

## III.   SUBSTANTIVE LAW

### a.        42 U.S.C. § 1983

Mr. Bozella brings his claim under a federal civil rights law:  42 U.S.C. § 1983.  That law provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.[3]

---

[3] 42 U.S.C. § 1983; adapted from Ninth Circuit, *Manual of Model Civil Jury Instructions* ("Ninth Circuit Jury Instructions") § 9.1 (2007).

### b.    Elements of a Section 1983 Claim and Burden of Proof

In order to prevail on his § 1983 claim against defendant Dutchess County, Mr. Bozella must prove each of the following elements by a preponderance of the evidence:

1.    That one or more prosecutors in the Dutchess County District Attorney's Office violated Mr. Bozella's *Brady* rights under the United States Constitution;

2.    That the Dutchess County District Attorney's office had a policy, practice, or custom regarding the disclosure of *Brady* evidence;  and

3.    That the Dutchess County District Attorney's Office's policy, practice, or custom caused the violation of Mr. Bozella's *Brady* rights under the United States Constitution.

If you find Mr. Bozella has proved each of these elements, your verdict should be for Mr. Bozella.  If, on the other hand, you find that he has failed to prove one or more of these elements, your verdict should be for the defendant. [4]

---

[4] *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689-95 (1978); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333-34 (2d Cir. 2011) (elements of a *Monell* claim are (1) a policy, practice, or custom (2) caused Plaintiff's (3) constitutional injury); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992) (same); Ninth Circuit Jury Instructions § 9.4.

c.        *Deprivation of Constitutional Rights—Brady Violation*

The first element that Mr. Bozella must prove in this case is that one or more prosecutors in the Dutchess County District Attorneys' Office deprived Mr. Bozella of his rights under the United States Constitution.  In this case, the constitutional right involved is known as "*Brady*". Every individual charged with a crime, including Mr. Bozella, has *Brady* rights.  Mr. Bozella's *Brady* rights were to have the prosecutor produce all "material evidence favorable" to him[5] in time for its effective use at his criminal trials.[6]  For example, producing such evidence on or after the eve of trial is usually too little, too late.[7]  A prosecutor's failure to produce evidence favorable to an accused individual violates the Constitution where the evidence is material to either guilt or to punishment, irrespective of the good or bad faith of the prosecution.[8]

---

[5] Omnibus Declaration of Ross E. Firsenbaum, dated Dec. 10, 2014, Ex. 8 at 12:20-13:4 (Hr'g Tr., Sept. 23, 2014) (the "Summary Judgment Order") (citing *United States v. Mahaffy*, 693 F.3d 113, 127 (2d Cir. 2012)); *see Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) ("the duty to disclose is ongoing").

[6] *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001).

[7] *See, e.g.*, *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001) (holding that the government's identification of a key witness nine days before trial was "too little, too late.").

[8] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).

### i  *Brady Doctrine—Scope and Purpose*

The prosecutor's duty to produce evidence favorable to the accused is sometimes referred to as the "*Brady* doctrine" because it was first acknowledged by the United States Supreme Court in a case called *Brady v. Maryland*.[9]

The *Brady* doctrine requires prosecutors to produce several kinds of favorable evidence:

One kind of favorable evidence is "exculpatory" evidence, which is evidence tending to establish the accused's innocence of the crime.[10]

Favorable evidence also includes impeachment evidence, which is evidence used to undermine a witness's credibility—such as evidence showing that a witness has not told the truth, or is not worthy of belief.[11]  For example, evidence that contradicts the testimony of the prosecution's key witnesses is favorable evidence that must be provided to the defendant as *Brady* evidence.[12]

Favorable evidence also includes evidence indicating that someone else may have committed the crime.[13]

---

[9] *Brady v. Maryland*, 373 U.S. 83 (1963).

[10] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[11] *Giglio v. United States*, 405 U.S. 150, 154 (1972).

[12] *See, e.g.*, *Smith v. Cain*, 132 S. Ct. 627, 630 (2012) (statements contradicting testimony of the only witness linking the criminal defendant to the crime are favorable under *Brady*); *Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within [the] general rule [of *Brady*].") (internal quotation marks omitted)); *United States v. Mahaffy*, 693 F.3d 113, 131 (2d Cir. 2012) ("*Brady* applies to material that would be an effective tool in disciplining witnesses during cross-examination." (internal quotation marks omitted)).

[13] *See, e.g.*, Summary Judgment Order at 30:11-13 ("The cases are legion that the existence of an alternative suspect is favorable to defendant and has to be disclosed." (citing cases)); *Boyette v. LeFevre*, 246 F.3d 76, 91 (2d Cir. 2001) (evidence was "classic Brady material" because it "could have helped the defense suggest an alternative perpetrator").

Finally, prosecutors must turn over evidence that would be favorable to the accused in connection with sentencing.[14]

The importance of the *Brady* doctrine stems from the U.S. Supreme Court's recognition that prosecutors play more than one role in our criminal justice system—they are not only advocates for the government, they are also agents of the government.  As agents of the government, prosecutors have an obligation to help ensure that criminal defendants receive a fair trial; specifically, prosecutors have an obligation to disclose evidence favorable to the accused. Though disclosing evidence favorable to the accused necessarily weakens a prosecutor's case, the Supreme Court explained that "[s]ociety wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. . . . [The government] wins its point whenever justice is done its citizens in the courts."[15]

---

[14] *See Brady v. Maryland*, 373 U.S. 83, 85-87 (1963).

[15] *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963) (internal quotation marks omitted).

### ii     *Brady Elements, Claims, and Findings As A Matter of Law*

To satisfy the first element of his § 1983 claim, Mr. Bozella must prove by a preponderance of the evidence that one or more prosecutors in the Dutchess County District Attorney's Office violated his *Brady* rights in connection with his prosecution for the murder of J. Emma Crapser.

Here, Mr. Bozella claims that Dutchess County prosecutors violated his *Brady* rights by not producing to him three categories of evidence prior to his 1990 trial:

1.     The first category of evidence includes statements made by five individuals—Cynthia Murphy, Linda Miller, Cecil Carpenter, Curtis Carpenter, and Shirley Ellerbee—to the police following Ms. Crapser's murder. These statements are documented on certain pages of Art Regula's 15-page police report and in separate documents called Voluntary Statements. They have been entered into evidence in this trial as Exhibits ___. I will refer to this category of evidence as the "Neighbors' Statements."[16]

2.     The second category of evidence consists of a tape recording and transcript of an interrogation of an individual named Saul Holland on February 23, 1978 in connection with the February 1978 murder of an elderly woman in her own home in Poughkeepsie, New York. They have been entered into evidence in this trial as Exhibits ___. I will refer to this evidence as "the Holland Statements."[17]

3.     The third category of evidence consists of police reports in connection with the August 1977 assault of an elderly woman named Estelle Dobler in her own home

---

[16] Am. Compl. ¶¶ 26-33; Summary Judgment Order at 12:20-13:4.

[17] Am. Compl. ¶¶ 48-68; Summary Judgment Order at 4:23-5:17.

in Poughkeepsie, New York.  They have been entered into evidence in this trial as

Exhibits ___.  I'll refer to this evidence as "the Dobler Reports."[18]

There are three elements of a *Brady* violation.[19]

**1. Favorable.**

The first element is that the evidence at issue must be favorable to Mr. Bozella.  I have

already found that all three categories of evidence that I just described are favorable to Mr.

Bozella as a matter of law.[20]  Therefore, I instruct you to find that Mr. Bozella has proven the

first element of a *Brady* violation for all three categories of evidence.

**2. Not Disclosed.**

The second element is that the evidence was not provided to Mr. Bozella.[21]  I have

already found that the Holland Statement and the Dobler Reports were not provided to Mr.

Bozella as a matter of law.[22]  Therefore, I instruct you to find that Mr. Bozella has satisfied the

second element of a *Brady* violation with respect to both the Holland Statement and the Dobler

Reports.  You, however, must decide whether the Neighbors' Statements were provided to Mr.

Bozella in time for their effective use at trial.[23]

---

[18] Am. Compl. ¶¶ 41-47; Summary Judgment Order at 5:18-24.

[19] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

[20] Summary Judgment Order at 30:18-35:15.

[21] *United States v. Bagley*, 473 U.S. 667, 682 (1985).

[22] Summary Judgment Order at 26:11-13.

[23] *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001).

### 3. "Material".

The third element of a *Brady* violation is that the evidence at issue was "material."  The evidence is material if there is a reasonable probability that, had the evidence been provided to Mr. Bozella, the result of either of his criminal trials would have been different.[24]  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.[25] A showing of materiality does not require a showing that the suppressed evidence would have resulted ultimately in the accused's acquittal.[26]  The question is not whether the prosecution would have had a case if it provided the favorable evidence to Mr. Bozella, but whether the consideration of the evidence that the juries never heard or saw would put the case in a different light and undermine confidence in their verdicts.[27]

### a. Evidence need not be admissible to be "material".

Withheld evidence does not have to be admissible at trial to be "material"; evidence is still "material" if:

- only some part of the evidence would have been admissible at trial;

- it could lead to admissible evidence; or

- if the evidence would have been an effective tool in disciplining witnesses during cross-examination by refreshment of recollection or otherwise.[28]

---

[24] *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

[25] *United States v. Bagley*, 473 U.S. 667, 682 (1985).

[26] *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

[27] *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

[28] *United States v. Gil*, 297 F.3d 93, 104 (2d Cir. 2002) ("One consideration that bears on Brady materiality is admissibility. The Bradford memo clearly contains hearsay, and the admissibility of the document, in whole or part, remains to be decided on remand by the district judge, whose evidentiary ruling on that question is entitled to the usual deference. For our current purposes, we need only satisfy ourselves that: [1] either all or part of the Bradford memo is admissible; [2] the memo could lead to admissible evidence; or [3] the memo would be an

For example, if the prosecution's investigations revealed a reliable informant's inadmissible hearsay statement to the effect that the defendant was innocent and had been framed, and that the true perpetrator was in fact X, it would seriously undermine the reliability of the judgment and the fairness of the proceeding for the prosecution to withhold that evidence from the defendant simply because the hearsay statement would be inadmissible at trial—the hearsay statement would be "material" and should be turned over.[29]

Therefore, even if you find that some or all of the favorable evidence in this case would not have been admissible at trial, you may still find that that evidence is "material".

**b. Test for "materiality" is cumulative.**

The test for materiality under *Brady* is cumulative.  In other words, in determining whether a *Brady* violation has taken place, you must view the combined favorable effect of all the withheld evidence, not the individual effect of each piece of evidence viewed "item by

---

effective tool in disciplining witnesses during cross-examination by refreshment of recollection or otherwise."); *see United States v. Rodriguez*, 496 F.3d 221, 226 n.4 2007 (2d Cir. 2007) ("[T]he Government's obligations under Brady to disclose such information does not depend on whether the information to be disclosed is admissible as evidence in its present form. The objectives of fairness to the defendant, as well as the legal system's objective of convicting the guilty rather than the innocent, require that the prosecution make the defense aware of material information potentially leading to admissible evidence favorable to the defense."); *Ellsworth v. Warden, N.H. State Prison*, 333 F.3d 1, 5 (1st Cir. 2003) ("[W]e think it plain that evidence itself inadmissible could be so promising a lead to strong exculpatory evidence that there could be no justification for withholding it."); *United States v. Bowie*, 198 F.3d 905, 909 (D.C. Cir. 1999) ("Admissibility of extrinsic evidence is one thing, cross-examination of the witness another. . . . Thus, to refute [a] contention that the undisclosed information was "material" in the *Brady* sense, it is not enough to show that the [evidence] would be inadmissible.").

[29] *United States v. Rodriguez*, 496 F.3d 221, 226 n.4 (2d Cir. 2007) ("Assuming, for example, that the prosecution's investigations revealed a reliable informant's inadmiss[i]ble hearsay statement to the effect that the defendant was innocent and had been framed by a rival gang, and that the true perpetrator was in fact X, who had thrown the murder weapon into the abandoned mine shaft outside of town, it would seriously undermine reliability of the judgment and the fairness of the proceeding to negate the defense's entitlement to be informed of this on the ground that the hearsay statement was inadmissible.")

item."[30]  For example, here Mr. Bozella contends there are three categories of withheld evidence—the Holland Statement, Dobler Reports, and Neighbors' Statements.  You may find that no single category of withheld evidence, on its own, supports a finding that there is a reasonable probability that the results of Mr. Bozella's trials would have been different if that individual category of evidence had been provided to the Mr. Bozella.  You may, however, still find that the Dutchess County District Attorney's office violated Mr. Bozella's *Brady* rights if the three categories of evidence, taken together, support a finding that there is a reasonable probability that the result of the trials would have been different if the three categories of evidence had been provided to Mr. Bozella.

Let me offer another example of how "materiality" under *Brady* is cumulative.  Mr. Bozella contends there are three categories of withheld evidence—the Holland Statement, Dobler Reports, and Neighbors' Statements.  The defendant contends that it provided the Neighbors' Statements to Mr. Bozella before his trials.  Even if you conclude that a Dutchess County prosecutor provided the Neighbors' Statements to Mr. Bozella in time for effective use at his criminal trials, you may nevertheless conclude that Mr. Bozella has proven materiality if you find that the Holland Statement and Dobler Reports, taken together, support a finding that there is a reasonable probability that the result of the trials would have been different if those two categories of evidence had been provided to Mr. Bozella.

---

[30] *Kyles v. Whitley*; 514 U.S. 419, 436 (1995) (suppressed evidence must be considered collectively, "not item by item").

### d.      Policy or Practice or Custom[31]

The second element that Mr. Bozella must prove in this case is that the Dutchess County

District Attorney's Office had a policy, practice, or custom regarding *Brady* evidence.[32]

A policy need not be in writing or be labeled a "policy."[33]  There need not be a formal

statement of policy.  A policy may be inferred from the informal acts or omissions of District

Attorney William Grady.[34]  This includes a situation where William Grady must have known

about the actions or failures to act by other prosecutors in the District Attorney's office by virtue

of his position and allowed it to continue.[35]

---

[31] In this proposed instruction, Mr. Bozella has inserted "District Attorney William Grady" where appropriate—this Court has arguably already determined that District Attorney Grady is a policy-maker.  *See* Summary Judgment Order at 38:19-43:11; *id.* 41:12-16 ("Accordingly, I find the County may be liable for the D.A.'s actions."); *Myers v. County of Orange*, 157 F.3d 66, 77 (2d Cir. 1998); *Walker v. New York*, 974 F.2d 293, 301 (2d Cir. 1992).

[32] *Cash v. Cnty. of Erie*, 654 F.3d 324, 333-34 (2d Cir. 2011) (elements of a *Monell* claim are (1) a policy, practice, or custom (2) caused Plaintiff's (3) constitutional injury); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992) (same).

[33] *Cash v. Cnty. of Erie*, 654 F.3d 324, 331 (2d Cir. 2011) (approving of jury charge explaining that "a policy, practice, or custom [does] not have to be in writing or formally adopted"); *see id.* at 334 ("A municipal policy may be pronounced or tacit and reflected in either action or inaction."); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992) ("The policy or custom used to anchor liability need not be contained in an explicitly adopted rule or regulation.").

[34] *See Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir. 2011) ("[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." (internal quotation marks omitted)).

[35] *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (even isolated acts by non-policymaking municipal employees which are "sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisors must have been aware" may constitute a policy (internal citations omitted)).

A "custom" is a persistent and widespread pattern of conduct.[36]  You may infer that a custom existed in the Dutchess County District Attorney's Office even if Dutchess County did not formally approve such custom, so long as you conclude that District Attorney William Grady knew of the pattern and allowed it to continue.  This includes a situation where William Grady must have known about the actions or failures to act by other prosecutors in the District Attorney's office by virtue of his position and allowed it to continue.[37]

If you find that Mr. Bozella has proved that it is more likely than not that there existed either a policy, practice or custom regarding *Brady* evidence, you must find that Mr. Bozella has satisfied the second element of his § 1983 claim.

---

[36] *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992) ("So long as the [unconstitutional] practices of city officials are persistent and widespread, they could be so permanent and well settled as to constitute a 'custom or usage' with the force of law, and thereby generate municipal liability." (internal quotation marks omitted)).

[37] *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (even isolated acts by non-policymaking municipal employees which are "sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisors must have been aware" may constitute a policy (internal citations omitted)).

### e.    Causation

The third element that Mr. Bozella must prove in this case is that the County's *Brady* policy, practice, or custom caused the deprivation of his constitutional rights.  This element is known as "causation."  In order to establish causation, Mr. Bozella must prove that it is more likely than not that the policy, practice, or custom was the "moving force" that caused the ultimate injury.[38]

---

[38] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see* Ninth Circuit Jury Instructions § 9.8.

## IV.   COMPENSATORY DAMAGES

### a.    *General Instruction*

If you find that Mr. Bozella has proved the three elements of his § 1983 claim, then you must determine an amount that is fair compensation for all of Mr. Bozella's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make Mr. Bozella whole—that is, to compensate him for the damage that he has suffered.

Compensatory damages can take multiple forms.  First, Mr. Bozella would be entitled to damages to compensate him for his loss of liberty.[39]  The damages recoverable for loss of liberty for the 26-year period spent in a wrongful confinement are separable from damages recoverable for other injuries based on physical and psychological harm, embarrassment, or emotional suffering.[40]  Even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty.[41]

In addition, Mr. Bozella would be entitled to compensatory damages for the physical and psychological injury, pain and suffering, mental anguish, shock, loss of family relationships, humiliation, indignities, embarrassment, degradation, and permanent loss of natural psychological development that he has suffered because of the defendant's conduct.[42]

---

[39] *Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004).

[40] *Id.* at 125.

[41] *Kerman v. City of New York*, 374 F.3d 93, 125-126 (2d Cir. 2004).

[42] Adapted from Martin A. Schwartz and George C. Pratt, *Section 1983 Litigation Jury Instructions* § 18.01[B]; Fifth Circuit District Judges Association, Committee on Pattern Jury Instructions, Pattern Jury Instructions (Civil Cases) § 15.2 at 5 (2014), http://www.lb5.uscourts.gov/juryinstructions/fifth/2014civil.pdf.

## V.    DELIBERATION

[Plaintiff requests the Court's standard instruction.]

Dated: December 10, 2014            Respectfully submitted,

**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**

By: /s/ Peter J. Macdonald

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*