# WILMERHALE

December 11, 2014

**VIA FAX**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/14

Peter J. Macdonald

+1 212 937 7223 (t)
+1 212 230 8888 (f)
peter.macdonald@wilmerhale.com

Honorable Cathy Seibel
United States District Court
  for the Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and
  United States Courthouse, Room 218
300 Quarropas Street
White Plains, NY 10601-4150

Re:    *Bozella v. County of Dutchess*, No. 10 Civ. 4917 (S.D.N.Y.)

Dear Judge Seibel:

I am writing on behalf of Plaintiff Dewey Bozella in response to Defendant Dutchess County's letter of this morning requesting that the trial be delayed. Mr. Bozella respectfully asks that the Court not delay the trial date for the following four reasons:

**First**, this case was filed on June 24, 2010, and after lengthy proceedings, on September 23, 2014 the Court set a trial date of January 12, 2015. That date was agreed upon by all counsel of record. The agreed-upon date was nearly four months hence, affording the parties time to conduct a mediation (which they did) and to then prepare the extensive pre-trial submissions contemplated under the Joint Pre-Trial Order (which they also did). After four years of legal proceedings, and with a firm trial date set, Mr. Bozella is reasonably entitled to have the trial proceed as scheduled absent some extraordinary and unforeseeable turn of events.

**Second**, the purported reason for the delay sought by the County is one entirely of the County's own making. The Dutchess County Supreme Court litigation between the County and its insurer was initiated by the County on January 30, 2014 when it filed a declaratory judgment action. But the County has been on notice that the carrier was denying coverage for *over four years*. In its Declaratory Judgment Complaint, the County attaches three letters from the carrier denying coverage of the County's claims (dated July 19, 2010, December 9, 2010, and October 4, 2012, respectively). These materials are available if the Court is interested in seeing them. But they only underscore the fact that there is no compelling reason why the County, having waited more than three years to commence a civil action in the Dutchess County Supreme Court, should now be permitted to use the procedural status of that proceeding to delay the adjudication of the rights between Mr. Bozella and County. If the County believed that resolving its contractual dispute with an insurance carrier was relevant to the disposition of Mr. Bozella civil rights action, it should have initiated those state court proceedings years ago.

WILMERHALE

Honorable Cathy Seibel
December 11, 2014
Page 2

**Third**, the prospect of any definitive favorable resolution of the County's insurance claim in the next month is highly speculative at best nor will it resolve any issue in this case. The pending motion may not be resolved by year end. The motion may be resolved adversely to the County (which would have no bearing on Mr. Bozella's claims). The resolution may lead to an appeal to the Appellate Division pursuant to CPLR Section 5701 (allowing interlocutory appears). Moreover, whether there is, or is not, insurance coverage, has little bearing on the settlement process and no bearing on the trial. If the County believes a settlement is in its best interests, it can agree to settle and pursue its rights against the insurance carrier in due course. If the parties fail to settle, the existence of insurance is irrelevant, and obviously inadmissible in any trial. In either event, Mr. Bozella's rights, and the evidentiary record at trial, are entirely unaffected, and the County is not prejudiced with respect to any rights it may have against its insurance carrier. If a judgment is rendered against the County, it will obviously be entitled to seek whatever coverage it might have under any insurance policy. In short, the contract claim between the County and its carrier has no bearing on the rights of the parties in this proceeding, and should not form the basis for a delay.

**Fourth**, the delay sought by the County will, as a practical matter, be many months or more. While I am lead counsel in this case (and have been since its inception) I am currently scheduled for trials in other matters outside New York on the following dates: February 2-6; February 16-27; March 9-17; March 30 to April 3; and April 20-24, 2015. My co-counsel, Mr. Firsenbaum, has discovery obligations in a matter pending in Missouri state court that will require him to be in Missouri for extended portions of February and March. And beyond that there are other conflicts later in 2015, not to mention the Court's own calendar. Thus, as a practical matter, Mr. Bozella would face an extended delay in the trial of this matter if it does not proceed as scheduled on January 12, 2015.

Finally, there is a more fundamental reason why the County's request for a delay should be denied. Throughout the course of these proceedings the County has disregarded court deadlines. This extends back to the Dutchess County Court's admonishment of the Dutchess County District Attorney's Office in 2009 for the DA's "tortured history of postponements" when responding to Mr. Bozella's 440 Motion. That pattern has continued through summary judgment in this case, when the County sought multiple extensions after its deadlines had passed and this Court finally ordered that the County would have "no further extensions." *See, e.g.*, Endorsed Letter, dated Sept. 3, 2013 [Dkt. No. 130]. The Court also struck hundreds of pages of documents that the County attempted to disclose just days before the close of discovery (after years of resisting Mr. Bozella's discovery requests). *See* Order, dated Sept. 24, 2013 [Dkt. No. 137]. In addition, more recent procedural gambits (such as filing yesterday a motion to "trifurcate" the trial), all suggest a conscious decision to find ways to delay the proceedings. But whether this conduct is tactical or unintentional, it is unacceptable. This recent last minute request for an extension is just the latest effort by the County rewrite the schedule established by

WILMERHALE

Honorable Cathy Seibel
December 11, 2014
Page 3

the Court or under the rules. The County should not be permitted to engage further in this pattern, particularly where the delay is prejudicial to the plaintiff, a consequence of the County's own conduct, and disruptive to the schedules of the Court and counsel.

For all of these reasons, Mr. Bozella respectfully asks that the County's request be denied.

Respectfully submitted,

Peter J. Macdonald

cc: Honorable Judith C. McCarthy (*via fax* (914) 390-4129)
Patrick T. Burke, Esq. (*via fax*)
Michael Burke, Esq. (*via fax*)
Louis M. Freeman, Esq. (*via fax*)

# WILMERHALE 

**FACSIMILE**

+1 212 937 7223 (t)
+1 212 230 8888 (f)
peter.macdonald@wilmerhale.com

Date  December 11, 2014

To  Hon. Cathy Seibel                                    Fax  914-390-4278
United States District Judge                              Tel
300 Quarropas Street
White Plains, NY 10601-4150

From  Peter J. Macdonald                                 Pages  4 (including cover)

Re  **Bozella v. County of Dutchess, No. 10 Civ. 4917 (SDNY)**

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

This facsimile transmission is confidential and may be privileged. If you are not the intended recipient, please immediately call the sender or, if the sender is not available, call +1 212 230 8800 and destroy all copies of this transmission. If the transmission is incomplete or illegible, please call the sender or, if the sender is not available, call +1 212 230 8800. Thank you.