UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,           )<br>                             )<br>         Plaintiff,          )<br>                             )<br>     v.                      )<br>                             )<br>THE COUNTY OF DUTCHESS,      )<br>                             )<br>                             )<br>         Defendant.          )<br>                             ) | No.  10 Civ. 4917 (CS) |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN OPPOSITION TO DUTCHESS COUNTY'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OF CRIMINAL CASES TRIED BY THE DUTCHESS COUNTY DISTRICT ATTORNEY'S OFFICE AFTER PLAINTIFF'S 1990 CONVICTION IN SUPPORT OF HIS *MONELL* CLAIM [DKT. NO. 227]**

WILMER CUTLER PICKERING
HALE AND DORR LLP

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

## **TABLE OF CONTENTS**

                                                          **Page**

ARGUMENT .................................................................................................................................1

    I.     POST-CONVICTION EVIDENCE IS PROBATIVE OF THE EXISTENCE OF A MUNICIPAL POLICY, CUSTOM, OR PRACTICE .........................................................................................................1

    II.    *CONNICK V. THOMPSON* AND OTHER FAILURE TO TRAIN CASES ARE NOT APPLICABLE.......................................................................3

CONCLUSION................................................................................................................................4

Mr. Bozella respectfully submits this memorandum of law in opposition to Defendant Dutchess County's Motion in Limine to Preclude Plaintiff from Offering Evidence of Criminal Cases Tried by the Dutchess County District Attorney's Office After Plaintiff's 1990 Conviction In Support of His *Monell* Claim, dated December 10, 2014 [Dkt. No. 227] (the "Motion").

## ARGUMENT

Mr. Bozella will present evidence to the jury that the County has had a longstanding unconstitutional *Brady* disclosure policy, custom, or practice or that began prior to Mr. Bozella's 1983 trial for the Crapser Murder and has continued through the present. The County's argument that "any cases [Mr. Bozella] seeks to offer as evidence of such alleged practice or custom after the date of his conviction are irrelevant" (Motion at 2) is contrary to law.

### I.  POST-CONVICTION EVIDENCE IS PROBATIVE OF THE EXISTENCE OF A MUNICIPAL POLICY, CUSTOM, OR PRACTICE

When a *Monell* claim is based on an alleged policy, custom, or practice, the plaintiff may offer evidence of the policy, custom, or practice that post-dates the violation of his constitutional rights: "Subsequent or contemporaneous conduct can be circumstantial evidence of the existence of preceding municipal policy or custom." *See Chepilko v. City of New York*, No. 06 Civ. 5491, 2012 WL 398700, at *15 (E.D.N.Y. Feb. 6, 2012) (considering post-incident events as evidence of a policy); *Floyd v. City of New York*, 813 F. Supp. 2d 417, 449 (S.D.N.Y. 2011) (considering subsequent conduct as evidence of a policy and finding that "[e]ven if plaintiffs' evidence of quotas or pressure post-dates the last stop alleged in the Complaint, plaintiffs allege an ongoing pattern that includes, but is not limited to, the specifically alleged incidents"); *Jones v. Town of East Haven*, 493 F. Supp. 2d 302, 331-32 (D. Conn. 2007) (subsequent conduct "is probative for purposes of showing the existence of a municipal policy or custom"), *rev'd on other grounds¸* 691 F.3d 72 (2d Cir. 2012); *see also Bordanero v. McLeod*, 871 F.2d 1151, 1167 (1st Cir. 1989)

("Post-event evidence can shed some light on what policies existed in the city on the date of an alleged deprivation of constitutional right").

Here, Mr. Bozella seeks to offer evidence of a County policy, custom, or practice that was in existence during both his 1983 and 1990 trials, and continued after that time. Mr. Bozella will present that evidence in a variety of ways, including by showing that:

- the Template Language in pre-trial filings, which articulated the *Brady* standard too narrowly, was the DCDAO's "form," "template," "standard," "standardized," or "generic response" to defendants' requests for *Brady* material;

- at least 13 ADAs in an office of roughly 15 prosecutors used the Template Language on occasions spanning more than two decades including as late as 2000;

- the same County policymaker—District Attorney William Grady—was in office during the 1983 Trial (as acting District Attorney), the 1990 Trial, the 440 Action, and this litigation;

- District Attorney Grady was aware of and ratified the ADAs' use of the Template Language, and considered the Template Language a proper articulation of the DCDAO response to defense omnibus motions for *Brady* material; and

- the DCDAO and County continued to apply a flawed interpretation of *Brady* when responding to the 440 Motion and throughout this action.

The documents that the County seeks to exclude (*see* Motion at 3-5) are related to pre-trial motion practice for cases litigated after Mr. Bozella's 1990 trial. These documents are relevant to the DCDAO's policy, custom, or practice because they show the County's continued misapplication of *Brady*, including through use of the Template Language. Indeed, Edward Whitesell, who has been an Assistant District Attorney in the office for 30 years, testified that the Template Language that appeared in a case from 1994 was consistent with prior practice, stating that the Template Language "has been that way for as long as I can remember" and had not "changed significantly" over time. *See* Declaration of Shauna K. Friedman, dated Dec. 17, 2014, Ex. 2 (Whitesell Dep. Tr.) at 11:4-6; 71:6-72:10; 228:21-229:14. Evidence from these post-1990

2

cases shows the consistency in the DCDAO's use of the Template Language (and flawed understanding of *Brady*) and is "circumstantial evidence of the existence of the preceding municipal policy or custom [or practice]" that caused Mr. Bozella's constitutional violation.  *See Chepilko*, 2012 WL 398700, at *15.[1]

## II.     *CONNICK V. THOMPSON* AND OTHER FAILURE TO TRAIN CASES ARE NOT APPLICABLE

The County's entire Motion relies on the Supreme Court's holding in *Connick v. Thompson* and similar cases that, unlike here, involved "failure to train" claims.  Such claims are fundamentally different than the policy/custom/practice claim to be tried here because the key inquiry in a failure to train claim is whether the policymaker had actual or constructive notice *at the time of the alleged constitutional violation* that the municipality's training was inadequate.  Indeed, in *Chepilko*, the court rejected exactly the same argument advanced here by the County, explaining the difference between the failure to train claim in *Connick* and the policy, custom, or practice claim at issue here:

> Defendant urges the court to ignore contemporaneous or subsequent conduct entirely, citing *Connick v. Thompson*.  In *Connick*, the Supreme Court in a footnote dismissed as irrelevant evidence of contemporaneous or subsequent conduct in a "failure to train" case because such conduct could not "provide notice to the cit[y] and the opportunity to conform to constitutional dictate."  In a failure to train context, where a "municipality's culpability for a deprivation of rights is at its most tenuous," the key determination is whether the municipal actors were "on actual or constructive notice that a particular omission in their training program" causes constitutional deprivations. Where the relevant inquiry is notice, subsequent or contemporaneous conduct would therefore not have probative value. ***Where, however, the plaintiff alleges an actual, albeit informal, policy, subsequent conduct can be circumstantial evidence of the existence of a preceding municipal policy or custom***.

---

[1] Indeed, this Court referenced portions of the Proposed Amended Complaint describing post-1990 cases in finding that Mr. Bozella stated a claim.  *See* Transcript of January 12, 2011 hearing [Dkt. No. 77] at 23 (citing ¶¶ 179-190 of Proposed Am. Compl.).

*Chepilko*, 2012 WL 398700, at *15 n. 11 (emphasis added) (citations omitted); *see also* Order Denying County's Mot. for Reconsideration, dated Oct. 30, 2014 [Dkt. No. 199] (rejecting a similar argument by County: "[T]he Amended Complaint sufficiently alleged that, and the record on summary judgment provided sufficient support to present a question of fact as to whether, there existed a custom or usage subjecting the County to *Monell* liability. ***A policy, custom or usage can be but does not have to be inferred circumstantially from a failure to train or failure to supervise.*** Here there is evidence that members of the District Attorney's Office articulated or announced what the policy of that office was, and there is sufficient evidence to create a fact issue for trial as to whether that policy was so articulated with the knowledge and approval of the District Attorney, comported with Brady and caused the injury to Plaintiff.").

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that the Court deny the County's Motion.

Dated: December 17, 2014                                     Respectfully submitted,

**WILMER CUTLER PICKERING
    HALE AND DORR LLP**

By: /s/ Peter J. Macdonald_____
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

4