UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,<br><br>       Plaintiff,<br><br>  v.<br><br>THE COUNTY OF DUTCHESS,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 10 Civ. 4917 (CS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OF, AND ARGUING ANY NEGATIVE INFERENCES FROM, THE DISPOSAL OF THE PHYSICAL EVIDENCE BY THE CITY OF POUGHKEEPSIE POLICE DEPARTMENT IN THE CRAPSER MURDER CASE [DKT. NO. 231]**

WILMER CUTLER PICKERING
HALE AND DORR LLP

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

Mr. Bozella respectfully submits this memorandum of law in opposition to Defendant Dutchess County's Motion in Limine to Preclude Plaintiff from Offering Evidence of, and Arguing any Negative Inferences from, the Disposal of the Physical Evidence by the City of Poughkeepsie Police Department in the Crapser Murder Case, dated December 10, 2014 [Dkt. No. 231] (the "Motion").

## ARGUMENT

As the County acknowledges in its Motion, the City of Poughkeepsie Police Department (the "Police") destroyed the physical evidence in the Crapser Murder case in 2003. Motion at 1. The County contends that this destruction—of items like the cords that tied Ms. Crapser's hands and the cloths that were stuffed down her throat, *see* Declaration of Shauna K. Friedman, dated December 17, 2014 (the "Friedman Decl.") Ex. 16 (Pittman evidence sheets)—was pursuant to "routine procedure." *See* Motion at 1. Mr. Bozella has no basis to dispute the County's recitation of these facts. The County, however, is wrong in concluding that this evidence is "irrelevant" and would be "prejudicial" to the County. *See* Motion at 3. While Mr. Bozella does not intend to offer such evidence to argue that "DNA testing would have been favorable to him," *id.* at 2, he will indeed offer it to explain that he *never had the chance* to run DNA testing on these items.[1] For this reason, Mr. Bozella has been unable to even attempt to prove his innocence by showing that another person's DNA was contained on these items (or at least by showing that the evidence was inconclusive).

---

[1] These types of physical items were routinely tested for DNA prior to the destruction of evidence in Mr. Bozella's case. *See* U.S. Department of Justice, Office of Justice Programs, *Convicted by Juries, Exonerated by Science: Case Studies in the Use of DNA Evidence to Establish Innocence After Trial* (June 1996) *available at* https://www.ncjrs.gov/pdffiles/dnaevid.pdf (containing case studies of defendants exonerated based on DNA tests of clothes that excluded such defendants from the crime scene).

This distinction matters.  Mr. Bozella's innocence is part of his damages claim.  *See, e.g.*, *Parish v. City of Elkhart*, 702 F.3d 997, 1003 (7th Cir. 2012) (evidence of a plaintiff's innocence is "critical" to the question of damages in a § 1983 wrongful conviction case).  And while Mr. Bozella will of course assert at trial, as he has for the past 37 years, that no physical evidence including DNA will ever link him to the Crapser Murder (and none was presented at either criminal trial), DNA evidence has become the gold standard in lay jurors' minds for affirmatively proving actual innocence.  *See, e.g.*, Paige Kaneb, *Innocence Presumed: A New Analysis of Innocence As A Constitutional Claim*, 50 Cal. W. L. Rev. 171, 221 (2014) (noting the recent boom in DNA exonerations and the corresponding "plight of someone convicted only by eyewitness testimony" who is actually innocent but with "no physical evidence to submit for DNA testing").  Hence, given that juror speculation about the lack of DNA testing in this case is likely, the safer evidentiary route is to admit the evidence and give both parties an opportunity to explain its relevance.  *Masello v. Stanley Works, Inc.*, 825 F. Supp. 2d 308, 314 (D.N.H. 2011) (denying motion in limine to exclude evidence that "simply support[ed] a plausible alternative to the defendants' theory" and did not "prevent the defendants from introducing whatever admissible evidence they ha[d] to support their theory.").

Further, the County has repeatedly insisted that Mr. Bozella is guilty of the Crapser Murder and is unlikely to abandon this line of argument at trial.  *See* Joint Pre-Trial Order [Dkt. No. 203] at 5-6 (asserting as defenses at trial that there is no reasonable probability that the *Brady* Evidence would have changed the outcome of Mr. Bozella's criminal trials, and that "[a]ny injury alleged to have been sustained resulted from Plaintiffs [sic] own culpable or negligent conduct");  Letter from P. Burke to Judge Seibel, dated March 9, 2011 [Dkt. No. 56] at 1 (stating that it is "clear beyond any rational doubt that, on June 14, 1977, Dewey Bozella (and

Wayne Moseley) murdered 92-year-old Emma Crapser in her home in Poughkeepsie, New York"). If the County is going to argue to the jury either that there is an absence of evidence proving Mr. Bozella's innocence or that Mr. Bozella is in fact guilty of the Crapser Murder, then fundamental fairness requires that Mr. Bozella be able to explain to the jury the reasons why he is unable to present evidence affirmatively proving his innocence—including the fact that he was unable to implement DNA tests on the physical evidence from the Crapser Murder because the Police destroyed the evidence more than ten years ago. Mr. Bozella will not argue that the DNA tests "would have been favorable to him"—but he can and must be able to argue that he never even had the opportunity to conduct such tests, the results of which *could* have been favorable to him, to prevent jury speculation.[2]

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that this Court deny the County's Motion. If, however, the Court grants the Motion, the precluded evidence should be unavailable to both parties. *See, e.g.*, *Buchwald v. Renco Grp., Inc.*, No. 13 Civ. 7948, 2014 WL 4207113, at *1 (S.D.N.Y. Aug. 25, 2014) (applying evidentiary ruling to both parties "[t]o prevent unfairness").

---

[2] The County wrongly assumes that Mr. Bozella will attempt to show that the disposal was undertaken in bad faith or in violation of due process. Motion at 3-4. Mr. Bozella does not intend to do so.

3

Dated: December 17, 2014                    Respectfully submitted,

                                                **WILMER CUTLER PICKERING HALE AND DORR LLP**

By: /s/ Peter J. Macdonald
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

4