UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE COUNTY OF DUTCHESS,<br><br>　　　　Defendant. | No.  10 Civ. 4917 (CS) |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE FOR A JUROR QUESTIONNAIRE**
**[DKT. NO. 206]**

WILMER CUTLER PICKERING
HALE AND DORR LLP

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ...........................................................................................................................1

    I.    THIS COURT CAN EMPANEL AN IMPARTIAL JURY WITHOUT A WRITTEN QUESTIONNAIRE ............................................................................1

    II.    A WRITTEN QUESTIONNAIRE WILL COMPLICATE *VOIR DIRE* AND COULD DELAY TRIAL .......................................................................................1

    III.    SEVERAL OF THE COUNTY'S QUESTIONS ARE OBJECTIONABLE AND SHOULD NOT BE ASKED AS WORDED, WHETHER IN WRITTEN OR ORAL FORM...........................................................................2

CONCLUSION........................................................................................................................4

Mr. Bozella respectfully submits this this memorandum of law in opposition to Defendant Dutchess County's Motion in Limine For a Jury Questionnaire, dated December 10, 2014 [Dkt. No. 206] (the "Motion").

## ARGUMENT

### I. THIS COURT CAN EMPANEL AN IMPARTIAL JURY WITHOUT A WRITTEN QUESTIONNAIRE

The County's request for a written juror questionnaire for *voir dire* is unnecessary.  This Court is perfectly capable of empanelling an impartial jury via its customary methods, as it no doubt has done in cases involving sensitive topics and media coverage in the past.  Mr. Bozella will not, as the County has done, presume an "abuse of discretion" before *voir dire* has even begun.  *See* Motion at 4; *United States v. Taylor*, 92 F.3d 1313, 1324 (2d Cir. 1996) (finding no abuse of discretion where district judge employed oral *voir dire*).

### II. A WRITTEN QUESTIONNAIRE WILL COMPLICATE *VOIR DIRE* AND COULD DELAY TRIAL

The County fails to explain how the parties and the Court will implement the County's complex, two-tier *voir dire* session without complicating the process or delaying trial.  *See* Robert E. Larsen, § 5:37.  What is a jury questionnaire?, in NAVIGATING THE FEDERAL TRIAL § 5:37 (2014) ("A voluminous questionnaire can make voir dire more, not less, complicated."); *United States v. Treacy*, 639 F.3d 32, 47 (2d Cir. 2011) (rejecting written questionnaire because "jurors tend[] to understand written questions differently from those who drafted the questions, leading to substantial difficulty in parsing their responses.").

Further, since Mr. Bozella objects to many of the County's questions, *see infra*, the parties or the Court likely will be forced to create a rushed joint written questionnaire in the few days between the pre-trial conference and *voir dire*, while other trial preparation should be taking

place.[1]  Unless the parties are forced to digest the answers to dozens of lengthy written questionnaires, frame potential strikes, and participate in the follow-on oral session all on January 12th, delay of trial's start seems inevitable.[2]  By contrast, the Court's customary methodology is more effective, efficient, and realistic given the current procedural posture.

### III. SEVERAL OF THE COUNTY'S QUESTIONS ARE OBJECTIONABLE AND SHOULD NOT BE ASKED AS WORDED, WHETHER IN WRITTEN OR ORAL FORM

Mr. Bozella objects to the following proposed questions, as worded, whether they are contained in a written questionnaire or asked orally by the Court:

#### A. Questions regarding political activity and personal expression

- Question 8 – Have you, a member of your family, or someone close to you ever been a member of a victim's advocacy group or any such similar organization?

- Question 9 – In general, do you consider yourself to be: Liberal _____ Moderate _____ Conservative _____ Other: _____.

- Question 10 – Would you consider yourself to be politically active?

- Question 16 – This case involves an alleged unconstitutional policy by the Dutchess County District Attorney's Office.  Do you have any opinion (positive or negative) about the grand jury decisions in the Michael Brown and Eric Garner deaths that would make it difficult for you to be a fair and impartial juror?
- Question 17 – Do you have an opinion (positive or negative) about the district attorney's role in the grand jury proceedings in the Michael Brown and Eric Garner deaths that would make it difficult for you to be a fair and impartial juror?

- Question 18 – Have you ever been a part of a protest regarding the Michael Brown and/or Eric Garner cases or any other civil rights issues?

---

[1] The County relies only on one case to support its request, but that case, and the case upon which it relies, involved written questionnaires which the parties submitted jointly.  *See United States v. Quinones*, 511 F.3d 289, 297 (2d Cir. 2007); *United States v. Stewart*, 433 F.3d 273, 303 (2d Cir. 2006).  That is not the case here.

[2] This Court has already refused the County's request to push back the trial date.  *See* Endorsed Letter, dated Dec. 10, 2014 [Dkt. No. 244].  The County should not be allowed to use this Motion as an end run around that ruling.

These questions regarding the potential jurors' political views and activities are improperly designed to eliminate jurors with views and associations that the County disfavors, rather than to select impartial jurors. *See United States v. Bakker*, 925 F.2d 728, 733-34 (4th Cir. 1991) (affirming trial court decision not to submit written questionnaire that was "concerned less with ensuring an impartial jury and more with ensuring a jury inclined to acquit"); *United States v. Bellomo*, 263 F. Supp. 2d 557, 560 (E.D.N.Y. 2003) (rejecting certain questions in jury questionnaire as irrelevant to impartiality and "obviously designed to obtain a personality profile").

### B.  Question regarding private medical information

- Question 11 – Are you now, or have you recently been under a doctor's care for mental, emotional, or substance abuse problems?

This proposed question is unnecessarily sensitive and intrusive. *See U.S. v. Padilla-Valenzuela*, 896 F. Supp. 968, 969-73 (D. Ariz. 1995) (rejecting written jury questionnaire that was intrusive upon jurors' privacy rights). The Court could elicit virtually the same information with a broader question followed by conversation at sidebar. *See, e.g.*, Plaintiff's Proposed Jury Question # 33 ("Do you have a medical reason or personal hardship that would make it difficult to serve as a juror in this case?").

### C.  Questions that are vague

- Question 19 – Have you ever worked or had close contact with someone who worked for a state or local government, including the courts, schools, county or city administrator?

- Question 20 – Have you ever worked or had close contact with someone who worked in law enforcement (including state or local police and sheriff's departments, the FBI, the Department of Corrections, any regulatory agency, such as the SEC, etc.)?

The term "close contact" is vague and will cause juror confusion if presented in written form exactly as worded, without the ability for questions and answers afforded by oral *voir dire*.

3

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that this Court deny the County's Motion and reject the challenged questions above during oral *voir dire*.[3]

Dated: December 17, 2014                                   Respectfully submitted,

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: /s/  Peter J. Macdonald
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

---

[3] The County's Motion also falsely accuses one of Mr. Bozella's attorneys of making "a mischaracterization of the evidence" in this case.  Motion at 3.  Counsel's statements were both accurate and supported by Judge Rooney's decision granting the 440 Motion, as well as this Court's subsequent summary judgment ruling.  *People v. Bozella*, No. 102/83, 2009 WL 3364575, at *16 (Dutchess Cnty. Ct. Oct. 14, 2009) ("[T]he court, without reservation, is firmly and soundly convinced of the meritorious nature of the defendant's application.  The legal and factual arguments advanced in support of the motion are compelling, indeed overwhelming."); Decl. of Ross E. Firsenbaum, dated December 10, 2014 [Dkt. No. 241] Ex. 8 at 29-36 (finding that the Holland Tape and Dobler Report were favorable and not disclosed and that the Neighbors' Statements were favorable, and denying the County's summary judgment motion regarding the purported disclosure of the Neighbors' Statements).

4