UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

DEWEY R. BOZELLA,


               -against-                                     10 CV 4917 (CB)

THE COUNTY OF DUTCHESS,

                             Defendant.

-------------------------------------------------------------------------x



**RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DUTCHESS COUNTY FROM REFERENCING MR. BOZELLA'S PRIOR INVOCATIONS OF HIS FIFTH AMENDMENT PRIVILEGE**

1

## INTRODUCTION

Invoking *Doyle v. Ohio*, 426 U.S. 610 (1976), and other cases that pertain to criminal trials, Plaintiff seeks an order that would completely ban Defendant Dutchess County ("County") from informing the jury in this civil action that Plaintiff has previously stood silent rather than answer allegations that he killed Ms. Emma Crapser.  However, the Fifth Amendment privilege that shielded Plaintiff at his criminal trials does not carry over to this civil litigation.  Moreover, Plaintiff's silence is relevant for several purposes including but not limited to (1) impeaching him should he testify in this matter; and (2) even if Plaintiff does not testify, to refute some of the evidence and arguments that he may advance at trial.  In addition, the absence of his testimony at Plaintiff's criminal trials is a historical fact that the jury, in this action, is entitled to know when it decides if the information, that is the basis of his claim that he was deprived of a fair trial as a consequence of the District Attorney's alleged failure to comply with his constitutionally required disclosure obligations, was "material" for the purposes of *Brady v. Maryland*, 373 U.S. 83 (1963).[1]

## ARGUMENT

*Doyle v. Ohio*, is irrelevant here because the Fifth Amendment's prohibition against drawing an adverse inference from a defendant's silence does not apply in a lawsuit or any other non-criminal proceeding. Indeed, the case law establishes beyond peradventure that outside the context of a criminal trial, a person's silence may be used against him. *Baxter v. Palmigiano*, 425 U.S. 308, 318-20 (1976) (Fifth Amendment does not prohibit drawing adverse inferences when a party in a civil action invokes the privilege against self-incrimination).  *Accord*, *Ohio Adult*

---

[1] Of course, the jury in this case, in deciding materiality, may not consider Plaintiff's silence at his criminal trials, as substantive evidence in the criminal case, and Defendant will not argue, in the context of the materiality issue, that the jurors at the criminal trials were entitled to consider Petitioner's silence at those trials as evidence of his guilt.

2

*Parole Auth. v. Woodard*, 523 U.S. 272, 286 (1998); *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir. 1997); *United States v. Ianniello*, 824 F.2d 203, 208 (2d Cir.1987).

Moreover, the fact that Plaintiff's exercise of his Fifth Amendment right not to testify at his criminal trials may now give rise to an adverse inference in this civil action does not offend Due Process.   *Sterling Nat'l Bank v. A-1Hotels, Internat'l, Inc*., 175 F.Supp.2d 573, 578 (S.D.N.Y. 2001)(*quoting United States v. Kordel*, 397 U.S. 1, 9-10 (1970).

For example, in *Fossyl v. Watson*, 2007 U.S. Dist. LEXIS 98341 (S.D. Ohio, Nov. 1, 2007), a wrongful death and civil rights action,[2] Plaintiff moved in limine for permission to introduce proof that two of the defendants in that civil suit, Watson and Milligan, had asserted their Fifth Amendment privilege against self-incrimination before the grand jury investigating the decedent's death.  Although the court deferred ruling on the motion until trial,  "in order to prepare these two defendants," *Id.* at *18, it stated that it was inclined to grant the motion.  The court noted:

> The fact that Defendants Watson and Milligan invoked their Fifth Amendment privilege during a grand jury proceeding does not alter that fact that "forcing a defendant to choose between waiving his Fifth Amendment privilege or suffering the adverse inference which results in the civil case from invoking his privilege  does not violate due process." *Sterling Nat'l Bank v. A-1 Hotels, Internat'l, Inc*., 175 F.Supp.2d 573, 578 (S.D.N.Y. 2001).

*Id.* at *18.

*See also*, *Empress Casino Joliet Corp. v. Johnston*, No. 09 C 3585, 2014 U.S. Dist. LEXIS 165957 at *13 (N.D. Ill. 2014) (permitting plaintiffs in a civil action to introduce evidence that

---

[2] The lower court's opinion does not identify the specific causes of action, but the Sixth Circuit's opinion identifies the causes of action as a "civil rights and wrongful death action" brought by the decedent's estate.  *Fossyl v. Watson*, Nos. 07-4546/07-4548, 2009 U.S. App. LEXIS 5645 (6th Cir., Mar. 18, 2009).  Although the jury found for the plaintiff and defendants appealed, the Sixth Circuit did not review the adverse inference issue.

defendant Johnston  -- via his attorney -- invoked the Fifth Amendment privilege during  a criminal investigation related to the subject matter of the lawsuit).  *Cf. SEC v. Brennan*, 230 F.3d 65, 76-77 (2d Cir. 2000) (Brennan's invocation of the Fifth Amendment in response to questions regarding his control over and access to the trust's funds permitted, in a civil proceeding, the inference that he did control the trust).

Notwithstanding Plaintiff's suggestion to the contrary, silence in the face of an accusation is often highly relevant.  As the Court noted in *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976), the Fifth Amendment

> has little to do with a fair trial and derogates rather than improves the chances for accurate decisions. Thus, aside from the privilege against compelled self-incrimination, the Court has consistently recognized that in proper circumstances silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause. *Adamson v. California*, 332 U.S. 46 (1947); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153-154 (1923); *Raffel v. United States*, 271 U.S. 494 (1926); *Twining v. New Jersey*, 211 U.S. 78 (1908).  See also *United States v. Hale*, 422 U.S. 171, 176-177 (1975); *Gastelum-Quinones v. Kennedy*, 374 U.S. 469, 479 (1963); *Grunewald v. United States*, 353 U.S. 391, 418-424 (1957). Indeed, as Mr. Justice Brandeis declared, speaking for a unanimous court in the *Tod* case, *supra*, which involved a deportation: 'Silence is often evidence of the most persuasive character.' 263 U.S., at 153-154.  And just last Term in *Hale*, *supra*, the Court recognized that '[f]ailure to contest an assertion... is considered evidence of acquiescence... if it would have been natural under the circumstances to object to the assertion in question.' 422 U.S., at 176. (footnotes omitted).

See also, *Jenkins v. Anderson*, 447 U.S. 231, 239 (1980) ("Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted," citing 3A.J. Wigmore, Evidence § 1042, p. 1056 (Chadbourn rev. 1970)).

4

Plaintiff cannot in this civil action, which he initiated, invoke the protections that are afforded only at a criminal trial.  He cannot use the shield that the Fifth Amendment provided him at his criminal trials as a sword in this civil litigation.  *See generally United States v. Rylander*, 460 U.S. 752, 758-59 (1983).  For example, if he insists on attempting to prove that he refused a plea bargain that would have allowed him to walk out of court a free man and in arguing that he was unfairly denied parole because he maintained his innocence before the New York State Parole Board, his silence is relevant and permissible to show that he failed to make his protestations of innocence in person to either of the juries at his criminal trials.  Similarly, if Plaintiff persists[3] in portraying ADA O'Neill as a malevolent prosecutor who "railroaded" an innocent man by presenting false testimony purchased by leniency, Plaintiff's own silence and his unwillingness to subject himself to cross-examination, as prosecution witnesses Wayne Moseley and Lamar Smith had done, is relevant and admissible to refute Plaintiff's unfounded assertions of prosecutorial misconduct.

Indeed, even in a criminal trial, a prosecutor is permitted fair comment upon the defendant's silence in order to respond to defense claims that the defendant was denied a fair opportunity to rebut a criminal charge.  *United States v. Robinson*, 485 U.S. 25, 869-870 (1988)("But where as in this case the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege").  *See also Lockett v. Ohio*, 438 U. S. 586 (1978).

Moreover, *Doyle v. Ohio*, which Plaintiff invokes in his motion in limine, applies only when governmental action has induced a person to remain silent.  As Justice Powell explained in

---

[3] The Court long ago dismissed the misconduct causes of action against ADA O'Neill and the City of Poughkeespie police officers, but that dismissal has not prevented Plaintiff from reiterating those allegations even though they are not relevant to the policy claim that the jury must decide.

*Jenkins*, *supra*, the holding in *Doyle* was premised upon the unfairness of permitting a prosecutor to comment upon a defendant's silence when that silence might well have been induced by law enforcement officers' assurances to a person -- i.e., the *Miranda* warnings – that if he refuses to talk to police, that refusal will not be used against him.   *Jenkin*s, 447 U.S. at 240 citing *Doyle*, 426 U.S. at 619  ("[I]t does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be  drawn as to the truth of his trial testimony").

Because Plaintiff's decision not to testify was not the result of government coercion or inducement, there is no unfairness in permitting a jury in a civil trial from drawing an adverse inference from his failure to testify at his criminal trials.   Indeed, nothing in the Fifth Amendment guarantees a criminal defendant that his failure to testify in his own defense at criminal trial will not rise give to an adverse inference in a non-criminal trial.

Furthermore, if Plaintiff testifies at any stage of this action, he

> does so as any other witness, and within the limits of the appropriate rules he may be cross-examined as to the facts in issue. He may be examined for the purpose of impeaching his credibility. His failure to deny or explain evidence of incriminating circumstances of which he may have knowledge, may be the basis of adverse inference, and the jury may be so instructed. (internal citations omitted).

*Raffel v. United States*, 271 U.S. 494, 497 (1926).

For example, the defendant in *Raffel* was tried twice. At the first trial, he did not testify, and an agent's testimony that he had made an incriminating statement went uncontradicted.

A jury deadlock at the first trial led to a second trial where the defendant took the witness stand, and for the first time disputed the agent's testimony.  On cross-examination, Raffel admitted that he had not contradicted the agent's testimony at his first trial.

The Supreme Court held that inquiry into Rafell's silence into his first trial was proper and rejected the notion that the defendant's immunity from having his silence used against him at his first trial "should be held to survive his appearance as a witness on the second trial, to the extent at least, that he may be permitted to preserve silence as to his conduct on the first." *Raffel*, 271 U.S. at 498-499.     The Court stated, "[w]e can discern nothing in the policy of the law against self-incrimination which would require the extension of immunity to any trial or to any tribunal other than that in which the defendant preserves it by refusing to testify".  *Raffel*, 271 U.S. at 499.

In this case, there is even less reason to afford to Plaintiff in this civil trial, a right that protected him only at his criminal trials.   Nothing in the policy of the law against self-incrimination requires the relief Plaintiff seeks here.   Accordingly, this Court should deny Plaintiff's motion for an order precluding the Defendant from "referencing the fact" that Plaintiff did not exercise his right to testify at his 1983 and 1990 criminal trials for the murder of Ms. Crapser.

7

**CONCLUSION**

For all of the above-stated reasons, the Court should deny Plaintiff's motion in limine,

D.E. 221.

Respectfully Submitted,

/s/ Louis M. Freeman

_____

Louis M. Freeman
Nadjia Limani
*Special Counsel for Defendant*
Dutchess County
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038