UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------x

DEWEY R. BOZELLA,


                -against-                               10 CV 4917 (CS)

THE COUNTY OF DUTCHESS,

                      Defendant.

-------------------------------------------------------------------------------------x



**RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY**

**OF ALBERT ROSENBLATT**

1

## INTRODUCTION

Plaintiff has moved to exclude the testimony of Honorable Albert Rosenblatt "as improperly disguised expert testimony and as not probative of any issue in this case."  D.E. 217, 5.  However, as will be shown *infra*, Defendant is not offering the testimony of Judge Rosenblatt for an improper purpose and his testimony is highly relevant to the issues that will be presented at this trial.

## ARGUMENT

Plaintiff argues that Judge Rosenblatt should not be permitted to testify either as a *de facto* expert witness or as a fact witness.  Plaintiff makes the assertion that the County intends to call Judge Rosenblatt as a *de facto* expert witness based on the description of Judge Rosenblatt's testimony in the Joint Pre-Trial Order, D.E. 203.  Plaintiff asserts that the description, in contrast to the shorter descriptions of witnesses such as ADAs O'Neill, Whalen, Scileppi, Kelley and Speers, suggests "the County intends to invoke Judge Rosenblatt's career after leaving the DCDAO to enhance the County's position with respect to the Office, long after Judge Rosenblatt left in 1975."  D.E. 217, 6.[1]

The Plaintiff further claims that "[t]he County's disclosure of Judge Rosenblatt's judicial positions after leaving the DCDAO...suggest that the County intends to invoke Judge Rosenblatt's subsequent judicial experience to testify as an 'expert.'".  Plaintiff ignores the fact that the description of testimony in the Joint Pre-Trial Order clearly states the subject matter of Judge Rosenblatt's testimony: "Judge Rosenblatt is expected to testify regarding policies, practices and customs of the Dutchess County District Attorney's Office and Brady disclosures made within the Dutchess County District Attorney's Office."  D.E. 203, 13.

---

[1] Curiously, Plaintiff does not make a similar argument for Judge Thomas Dolan, listed on the Joint Pre-trial Order as "a retired Judge in the Dutchess County, County Court."  D.E. 203, 12.

The Plaintiff's suggestion that Judge Rosenblatt's testimony regarding his career after leaving the DCDAO will be used by Defendant "to enhance the County's position" or for its "aura of expertise" is patently misleading.  Judge Rosenblatt's post-DCDAO career will only be used as background information, as it would with any other witness.  Surely, Plaintiff is not suggesting that any witness who was employed at the DCDAO is not permitted to testify as to their employment subsequent to their tenure there.

Defendant does not intend to use Judge Rosenblatt as an expert witness, *defacto* or otherwise.  In Defendant's Motion in Limine to Preclude Testimony of Bennett L. Gershman, D.E. 222, Defendant clearly stated that "Gershman should be precluded from testifying because his testimony will concern issues of law, and 'as a general rule an expert's testimony on issues of law is inadmissible." D.E. 222, 2 (citing *U.S. v. Bilzerian*, 926 F.2d 1285, 1294 (2d. Cir. 1991)).  Contrary to Plaintiff's assertions, Defendant has no intention of calling an expert witness to testify regarding the district attorney's legal obligations under *Brady v. Maryland,* which would call for testimony concerning issues of law.

Judge Rosenblatt is being called as a fact witness. His testimony will include information regarding "the policies, practices and customs of the Dutchess County District Attorney's Office and Brady disclosures made within the Dutchess County District Attorney's Office" during the time where he was District Attorney.  Accordingly, this testimony is relevant to the Plaintiff's claims that his alleged constitutional deprivation was caused by the County's custom and practice.  Further, Judge Rosenblatt hired William Grady, the person Plaintiff has deemed to be the final policy-maker for the County with regard to Brady disclosures. He will testify regarding his interactions and observations of Mr. Grady while he worked under him.

Plaintiffs assert that because Judge Rosenblatt left the DCDAO prior to the Crapser murder, his testimony is not relevant because it is "not probative of what the office's policy was eight years later, and then again fifteen years later." D.E. 217, 10. In doing so, they cite *United States v. Kassar*, 582 F. Supp. 2d 498, 499 (S.D.N.Y. 2008), a case where classified information proferred by defendants related to "past contact between the defendants and government officials that, defendants argue, make it more likely than otherwise that defendants would not have entered into the conspiratorial agreement alleged in the Indictment." *Id*. at 500.a In ruling that the proferred information was not admissible, Judge Rakoff found that "the situations are not, on their face, analogous, and it would require a trial within a trial before the jury could determine whether there was any meaningful analogy at all. Moreover, even if there were, the Federal Rules of Evidence do not permit proof of prior acts for this purpose." *Id*. Clearly both the underlying facts and the legal underpinnings of the decision in *Kassar* are not applicable to the testimony of a former District Attorney on the policy, practices and custom of the DCDAO.

Plaintiffs also cite *Elion v. Jackson*, 544 F. Supp. 2d 1, 8 (D.D.C. 2008), in support of their proposition that Judge Rosenblatt's testimony is not relevant because of the passage of time between his employment and the Crapser murder. In *Elion*, plaintiff claimed that the U.S. Department of Housing and Urban Development discriminated and retaliated against her when they disbanded her division and reassigned her in 2004. *Id*. at 3. The plaintiff moved to preclude the testimony of Ms. Hobbs (a HUD employee) on various grounds. The court permitted "Hobbs to offer 'me too' testimony about defendant's favorable treatment of her, but did not permit Hobbs to testify about her experience as the plaintiff's subordinate because "these long-ago events could confuse the jury." *Id*. at 17. Ms. Hobbs was the plaintiff's subordinate

"some time before May 2002" while "both were at the Capital District Office, an office abolished in May 2002." *Id*.

Here, there is no indication that the jury would be confused by Judge Rosenblatt testifying about events that occurred while he was the District Attorney. Moreover, the fact that in *Elion* the "Capital District Office" had been disbanded two years before the event in issue renders that case completely distinguishable from the instant case.

The Plaintiff also claims that the County "failed to identify Judge Rosenblatt as a relevant fact witness" and that "he was 'not available' to respond to an interrogatory. D.E. 217, 12. However, Plaintiff was on notice that Judge Rosenblatt had discoverable information, as he was listed in Defendant's initial Rule 26 disclosure. See, D.E. 217, 12. As FRCP 26(a)(1)(A) provides in pertinent part: "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have information...." Plaintiff could have deposed the witness during discovery, but chose not to.

Lastly, the Plaintiff claims that Judge Rosenblatt's testimony will be cumulative and unduly prejudicial and therefore inadmissible under Fed. R. Evid. 403, because thirteen other prosecutors have been disclosed by Defendant. However, William Grady and Judge Rosenblatt are the only Dutchess County District Attorneys disclosed by Defendant. Therefore, the testimony from Judge Rosenblatt will not be cumulative or unduly prejudicial for any other reason.

**CONCLUSION**

For all of the above-stated reasons, the Court should deny Plaintiff's motion in limine,

D.E. 216.

Respectfully Submitted,

/s/ Louis M. Freeman

_____

Louis M. Freeman
Nadjia Limani
*Special Counsel for Defendant*
Dutchess County
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038