UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

DEWEY R. BOZELLA,

        -against-                                        10 CV 4917 (CS)

THE COUNTY OF DUTCHESS,

                Defendant.

-------------------------------------------------------------------------------x

## RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO BAR DUTCHESS COUNTY FROM USING CONCLUSORY, INFLAMMATORY, AND PEJORATIVE TERMS AND PHRASES AT TRIAL

# INTRODUCTION

Plaintiff's motion in limine (D.E. 212) seeks an order that would compel Defendant's counsel to refer to Plaintiff as "wrongfully convicted" or "convicted based on violations of his constitutional rights to a fair trial which were later reversed by a New York court." D.E. 213 at 4. Plaintiff argues that such relief is warranted to "ensure that the jury is not misled into believing that Plaintiff's convictions are valid, that he is bringing this lawsuit from prison, or that he is released on parole." D.E. 213 at 4-5. They also assert that any reference to the fact that Plaintiff was convicted of having murdered Ms. Emma Crapser is unfairly prejudicial. Plaintiff's claims of prejudice are chimerical; the relief requested is unnecessary; and it would, if granted, unfairly prejudice the Defendant.

In addition, Plaintiff makes a diffuse and unspecific request that the County's lawyers be precluded from referring to Plaintiff as a criminal or a felon. We will not address that request here other than to state that the County's lawyers are well aware of the rule barring the use of bad acts or prior convictions to show propensity and will conduct themselves accordingly. If and to the extent that Plaintiff's prior convictions and bad acts are relevant on a particular issue, counsel will seek to admit them. Because admissibility will depend upon the other evidence actually introduced or arguments raised by Plaintiff at trial, the Court should defer any decisions on admissibility until the need arises. We turn now to Plaintiff's novel request for a ban on mentioning Plaintiff's convictions for the murder of Ms. Crapser.

# ARGUMENT

First, the Court in its opening charge to the jury will undoubtedly inform the jury of the nature of the case that it will hear, and Defendant has no objection to the Court informing the jury that Plaintiff is seeking damages for a period of imprisonment that he served under

2

judgments of conviction that were subsequently vacated.  Such an instruction is certain to dispel any notion that the Plaintiff is still in prison or on parole or that the judgment under which he was incarcerated still stands.   Thus, the relief Plaintiff seeks is unnecessary to ensure that the jury does not assume Plaintiff is still a prisoner, or on parole.

On the other hand, requiring Defendants to refer to Plaintiff as "wrongfully convicted" or "convicted based on violation of his constitutional rights to a fair trial which were later reversed by a New York court" is unfairly prejudicial to Defendant on six grounds.

First, the phrase, "wrongful conviction," implies the existence of a wrongdoer who bears responsibility for causing Plaintiff to be convicted.   Consequently, if the County's lawyers are ordered to use such phrases as "wrongfully convicted," the jury could easily misconstrue the County's lawyers' use of that term as an admission by the County that Plaintiff was convicted, only because of some wrongdoing on the part of the police or the prosecutor.  Thus, requiring Defendant's counsel to use such a phrase would only mislead the jury because as Judge Rooney explicitly noted, his decision vacating Plaintiff's conviction, "does not ascribe intentional misconduct or bad faith to the police or the prosecution." *People v. Bozella*, 25 Misc. 3d 1215A, 901 N.Y.S.2d 908; 2009 N.Y. Misc. LEXIS 2881, ***49 (Dutchess Co. Ct. 2009).

Second, the phrase, "wrongfully convicted" is too easily construed by lay jurors as an assertion that Plaintiff was found actually innocent of the Crapser murder and/or that the juries that convicted Plaintiff lacked a legally sufficient evidentiary basis for convicting him.  That is clearly not true.  Judge Rooney ruled that - - assuming *arguendo* that actual innocence was cognizable under N.Y. Crim. Pro. Law § 440.10(1)(h)[1] -- Plaintiff had not established

---

[1] As Judge Rooney noted when he rendered his decision, the Appellate Division had recently declined to address a defendant's contention "'that New York recognizes a free-standing claim of actual innocence that is cognizable by, or which may be addressed within the parameters of, CPL

entitlement to relief on the basis of an actual innocence claim.  Judge Rooney explained, "although there was absolutely no forensic evidence connecting Dewey Bozella to the murder of Emma Crapser, there was no evidence exonerating him either." *Bozella*, 25 Misc. 3d at *1215A, 901 N.Y.S.2d at **908, 2009 N.Y. Misc. LEXIS 2881 at ***48. Judge Rooney added, "it is not the function of the court to speculate as to the guilt or non-guilt of the defendant, and nothing contained in this decision should be interpreted as any such finding or opinion." *Id.* at ****49*.

And, as for the sufficiency of the evidence, the Appellate Division explicitly rejected the argument that Plaintiff was convicted upon the uncorroborated testimony of accomplices. Further, Plaintiff's appellate counsel never raised a claim of legal insufficiency under *Jackson v. Virginia*, 443 U.S. 307 (1979).   Nor did Plaintiff's appellate counsel ask the Appellate Division to exercise its unique authority under N.Y. Crim. Pro. Law 470.15 (5) to set aside his convictions on the grounds that they were against the weight of the evidence. [2]

---

440.10(1)(h).'  Instead, the Appellate Division determined that the defendant had not established entitlement to relief based on this claim (*see People v Tankleff*, *supra*, 46 AD3d at 182)." *Bozella*, 25 Misc. 3d at *1215A; 901 N.Y.S.2d at **908; 2009 N.Y. Misc. LEXIS 2881 at ***48 (Dutchess Co. Ct. 2009).

[2] As Judge Bellacosa explained in *People v. Bleakley*, 69 NY2d 490, 495 (1987), for the Appellate Division to reverse a conviction based on a legal insufficiency claim,

> the court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial *(Cohen v Hallmark Cards,* 45 NY2d 493, 499) and as a matter of law satisfy the proof and burden requirements for every element of the crime charged.

However, under N.Y. Crim. Pro. Law §470.15(5), the  Appellate Division may vacate a conviction even if the evidence passes muster under the legal sufficiency test:

> Even if all the elements and necessary findings are supported by some credible evidence, the court must examine the evidence further. If based on all the credible evidence a different finding would not have been unreasonable, then the appellate court must,

Third, the fact that Plaintiff was convicted twice is relevant and admissible to refute Plaintiff's assertion that an error in jury selection was the sole reason that the first jury convicted him.   Indeed, the fact that a second jury, which presumably passed muster under *Batson,* convicted Plaintiff refutes Plaintiff's assertion that he was convicted at his first trial solely because no black people sat as jurors.

Fourth, the fact that he was convicted by two different juries also undercuts Plaintiff's claim that the evidence against him did not warrant a conviction.   Indeed, at the second trial, the Plaintiff arguably had the advantage of having Stanley Smith (who had testified as a prosecution witness at the first trial) testify for the defense. However, even Smith's about-face, was not enough to convince the jury to reject the testimony of two eyewitnesses one of whom testified he was a participant in the burglary and saw Plaintiff bind and gag Ms. Crapser.

Fifth, these two convictions make it less likely that information that the District Attorney allegedly failed to disclose would have created a reasonable probability of a different outcome by demonstrating how credible and persuasive two juries found the prosecution's case.   Indeed, the two convictions support Defendant's contention that whatever information the District Attorney failed to provide to defense counsel did not meet the materiality requirement of *Brady*.

---

like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' (*People ex rel. MacCracken v Miller*, 291 NY 55, 62; compare, *People v Smith*, 63 NY2d 41, 52; *see also*, Cohen and Karger, Powers of the New York Court of Appeals § 112, at 484 [rev ed]). If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict (CPL 470.20 [2]).

*Bleakley*, 69 N.Y. at 495.

5

Sixth, compelling Defendant to refer to Plaintiff as convicted based on violations of his constitutional rights to a fair trial effectively eliminates the requirement for Plaintiff to prove the first prong of his Monell claim against the County, namely that he was deprived of his constitutional rights by the County. Reference to Plaintiff as wrongfully convicted or convicted based on violations of his constitutional rights is not only unduly prejudicial and misleading to the jury but also improperly directs the jury to find for the plaintiff by putting the Court's imprimatur of Plaintiff's status as "wronged."

## **CONCLUSION**

For all of the above-stated reasons, the Court should deny Plaintiff's motion in limine, D.E. 212.

Respectfully Submitted,

/s/ Louis M. Freeman

_____

Louis M. Freeman
Nadjia Limani
*Special Counsel for Defendant*
Dutchess County
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038