**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DEWEY R. BOZELLA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No.  10 Civ. 4917 (CS)** |
| ) | |
| **THE COUNTY OF DUTCHESS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**PLAINTIFF DEWEY R. BOZELLA'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO PRECLUDE AS INADMISSIBLE HEARSAY
– ALL TESTIMONY OF JOHN B. GARRITY RELATED TO WHAT HE ALLEGES
THAT THEODORE ALSTON STATED TO HIM [DKT. NO. 232] AND DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE AS INADMISSIBLE HEARSAY – ALL
TESTIMONY OF JOHN B. GARRITY RELATED TO THE DEPRAVED
INDIFFERENCE CASE [DKT. NO. 233]**

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS ..............................................................................................1

      A.    The Alston Motion..............................................................................1

      B.    The Indifference Motion .....................................................................2

ARGUMENT .................................................................................................................2

      I.    MR. GARRITY'S STATEMENTS REGARDING THE ACQUITTED
           DEFENDANT #1 CASE ARE NOT INADMISSIBLE HEARSAY ....................2

      II.    MR. GARRITY'S STATEMENTS REGARDING THE DEPRAVED
           INDIFFERENCE CASE ARE NOT INADMISSIBLE HEARSAY....................4

CONCLUSION...............................................................................................................6

## PRELIMINARY STATEMENT

Mr. Bozella respectfully submits this this memorandum of law in opposition to Defendant Dutchess County's Motion in Limine to Preclude as Inadmissible Hearsay – All Testimony of John B. Garrity Related to What He Alleges that Theodore Alston Stated to Him [Dkt. No. 232] (the "Alston Motion") and Motion in Limine to Preclude as Inadmissible Hearsay – All Testimony of John B. Garrity Related to the Depraved Indifference Case [Dkt. No. 233] (the "Indifference Motion").  The County seeks to exclude as hearsay certain statements by former Dutchess County Public Defender John Garrity.  But the evidence in question is not hearsay because it is not offered for the truth of the matters asserted.  Rather, the evidence is probative of the issue of a policy, custom, or practice of the Dutchess County District Attorney's Office (the "DCDAO") regarding non-disclosure of information favorable to criminal defendants.  Such evidence is both relevant and admissible.

## STATEMENT OF FACTS

### A.    The Alston Motion

In *People v. Acquitted Defendant # 1*, the DCDAO charged the defendant with murder. Plaintiff's Rule 56.1 Counterstatement [Dkt. No. 188] ¶ 546.  At the time, John Garrity was the Dutchess County Public Defender and served as the defendant's trial counsel.  *Id.* ¶ 545. Approximately 25 years after the case, former City of Poughkeepsie police officer Teddy Alston told then-Judge Garrity that another police officer's semen had been found inside the murder victim's body (the "Alston Disclosure").  *Id.* ¶ 545; Declaration of Shauna K. Friedman, dated December 17, 2014 (the "Friedman Decl."), Ex. 21 (Garrity Dep. Tr.) 37:13-5.  Mr. Garrity testified in this case that such information was favorable to his client because it suggested an alternate suspect, and he would have used the information to impeach a prosecution witness. Friedman Decl. Ex. 21 (Garrity Dep. Tr.) 65:5-15; 90:20-91:12.

**B.**     **The Indifference Motion**

The the "depraved indifference" case involved a DCDAO prosecution of a driver whose vehicle hit and killed two individuals while allegedly driving over the speed limit.  Mr. Garrity represented a passenger in the defendants car.  Friedman Decl. Ex. 21 (Garrity Dep. Tr.) 91:13-22.  During a pre-trial interview, Mr. Garrity's client told District Attorney William Grady (who tried the case for the DCDAO) that the driver was driving under the speed limit.  *Id.* 92:2-17.  This favorable information was never disclosed to the defendant.  Defendants' Rule 56.1 Statement ¶ 308.

## ARGUMENT

**I.     MR. GARRITY'S STATEMENTS REGARDING THE ACQUITTED DEFENDANT #1 CASE ARE NOT INADMISSIBLE HEARSAY**

The County's contention that any "allegations," documents, or testimony regarding the Alston Disclosure are inadmissible hearsay (*see* Alston Motion at 1-3) is wrong.  The Alston Disclosure is not offered as proof that another suspect's semen was in fact found in the victim's body, but as evidence of the DCDAO's *knowledge of and failure to disclose* favorable evidence to the defense, regardless of its ultimate truth.  *See Harewood v. Braithwaite*, No. 09-CV-2874, 2013 WL 5366391, at *6 (E.D.N.Y. Sept. 23, 2013) (granting motion in limine to admit police reports in §1983 case for the non-hearsay purpose of establishing defendant's "knowledge of the underlying incident"); *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 421 (S.D.N.Y. 2011) ("Out-of-court statements are . . . not considered hearsay if used to prove notice or knowledge.").  Such non-hearsay evidence is admissible and relevant to Mr. Bozella's *Monell* claim, because it further proves the existence of a policy, custom, or practice to withhold such favorable evidence from criminal defendants in Dutchess County.

The County attempts to downplay the favorability of the Alston Disclosure—just as it has done with respect to the *Brady* Evidence in Mr. Bozella's case—by asserting that the Alston Disclosure does not definitively identify an alternate suspect.  Alston Motion at 3-4.  But as this Court recognized at summary judgment:

> Evidence that might undermine a jury's certainty is favorable.  'Favorable' does not mean that which the D.A. believes.  It means that which could help the defendant.  Even if the D.A. believes it's a lie, it can still be Brady material.  As the Mendez Court said, it is for the jury, not the prosecutor, to decide whether favorable information in the police record is credible.  Otherwise, prosecutors might, on a claim that they thought it unreliable, refuse to produce any matter whatever helpful to the defense, thus setting Brady at nought.

Declaration of Ross E. Firsenbaum, dated December 10, 2014 [Dkt. No. 241] Ex. 8 (Sept. 23, 2014 Order) at 32:8-18.  The County's attempt to dispute the favorability of the Alston Disclosure underscores the probative value of the evidence to show the County's policy, custom and practice to construe *Brady* in an improper way.

The County's reliance on the defendant's acquittal to contend that "no *Brady* violation occurred in that case and, thus, the Victim #1 case cannot be offered as evidence of the County's alleged unconstitutional disclosure policy" misconstrues the case that it cites and does not follow logically.  Alston Motion at 4 (citing *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 471 (S.D.N.Y. 2009)).  *Ambrose* holds that a §1983 plaintiff may not sustain a *Monell* claim where his or her *own case* resulted in acquittal.  *Id.*  It says nothing about using evidence from a case resulting in acquittal as part of a broader evidentiary record to establish a policy, custom, or practice.  The fact that a prosecutor in the DCDAO knew of evidence favorable to a criminal defendant and did not disclose it to the defendant is relevant evidence of the office's *Brady* policy, custom, or practice regardless of whether the defendant was ultimately acquitted.  Indeed, this Court was aware of the allegations about this incident when reviewing the Proposed

3

Amended Complaint and specifically identified these allegations in concluding that they were relevant to Mr. Bozella's *Monell* claim.  Transcript of January 12, 2011 hearing [Dkt. No. 77] at 23:8-23 ("And there are additional allegations in paragraphs 218 to 228 [including the Alston Disclosure and depraved indifference disclosure, *see supra*] which . . . also support plausibly the existence of such a policy.").

Finally, the County claims that Judge Garrity's testimony will be prejudicial to the County because "[t]he allegation that a police officer had sex with a victim – or insinuating that Alston 'approved' of such actions – will erase the nuance of what the present matter is actually about."  Alston Motion at 4-5.  The County also speculates that Judge Garrity or others will engage in "repetition of this allegation."  *Id.*  The County's speculation is not well founded.  Mr. Bozella has never "alleged" that a police officer in fact had sex with a victim or that Teddy Alston approved of such actions.  Judge Garrity's testimony would be offered as evidence of the DCDAO's knowledge and non-disclosure of favorable information, not the truth of that information.[1]  *See, e.g.*, *United States v. Liffiton*, 681 F. Supp. 150, 150 (W.D.N.Y. 1988) (denying motion to preclude evidence where movant offered only "generalities and speculation" to prove prejudicial effect).

## II.   MR. GARRITY'S STATEMENTS REGARDING THE DEPRAVED INDIFFERENCE CASE ARE NOT INADMISSIBLE HEARSAY

The County's Indifference Motion fails for the same reason as the Alston Motion:  any evidence regarding the disclosure of favorable information by Judge Garrity's client to DA Grady in the depraved indifference case would be used for the relevant, non-hearsay purpose of

---

[1] If the County truly believes that the jury cannot distinguish between Mr. Bozella's proper, non-hearsay use of the Alston Disclosure and its underlying facts, the County is free to seek a limiting instruction (and Mr. Bozella, of course, is free to object to any such instruction). *See United States v. Zapata*, 356 F. Supp. 2d 323, 325 (S.D.N.Y. 2005) (evidence admitted for a non-hearsay purpose, subject to a limiting instruction).

establishing DA Grady's knowledge and non-disclosure of that information, and not its ultimate truth.[2]  Defendant's Rule 56.1 Statement [Dkt. No. 185] ¶ 298 (acknowledging Mr. Bozella's use of the depraved indifference case to prove the County's policy); *Harewood*, 2013 WL 5366391, at *6.

The County also claims that Mr. Bozella failed to dispute disclosure of the favorable information to defense counsel Noel Tepper in his summary judgment papers, and therefore cannot present evidence of non-disclosure at trial.  Indifference Motion at 2 (citing ¶ 311 of Plaintiff's Response to Defendant's Rule 56.1 Statement).  The County is wrong on both counts. First, paragraph 311 of the County's Rule 56.1 Statement *does not* allege disclosure of the specific statement that Judge Garrity's client gave to DA Grady.  *See* Plaintiff's Amended Rule 56.1 Response and Counterstatement [Dkt. No. 188] ¶ 311.  At most it alleges disclosure of earlier statements that may or may not have been consistent.  *Id.*  Second, even if the County had alleged disclosure of the statement at issue (and it did not), and even if Mr. Bozella's response did not deny such allegation (which did not happen), paragraph 311 cannot effect a waiver because the paragraph violated Local Rule 56.1 by containing multiple statements of fact requiring multiple responses.  *See* Defendant's Rule 56.1 Statement [Dkt. No. 185] ¶ 311 (including at least six separate statements in a single paragraph); Plaintiff's Amended Rule 56.1 Response and Counterstatement [Dkt. No. 188] at 1 (objecting to compound paragraphs in the County's Rule 56.1 statement); *see also Auto Ins. Co. v. Electrolux Home Prods., Inc.*, No. 10 Civ. 0011 (CS), 2012 WL 6629238, at *1 n.1 (S.D.N.Y. Dec. 20, 2012) (noting a failure to abide

---

[2] Mr. Garrity—who was in the room when his client gave DA Grady the favorable information—would testify to the statement's occurrence (not its truth).  Noel Tepper—defense counsel in the depraved indifference case who is also on Mr. Bozella's witness list—could testify as to the non-disclosure of the statement.

by Local Rule 56.1 where statements of material facts are "hardly 'short and concise'") (Seibel, J.).

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that this Court deny the Alston Motion and the Indifference Motion.

Dated: December 17, 2014                    Respectfully submitted,


                                            **WILMER CUTLER PICKERING
                                                HALE AND DORR LLP**

                                            By: Peter J. Macdonald
                                            Peter J. Macdonald
                                            Ross E. Firsenbaum
                                            Shauna K. Friedman
                                            7 World Trade Center
                                            250 Greenwich Street
                                            New York, NY 10007
                                            Tel: (212) 230-8800
                                            Fax: (212) 230-8888

                                            *Attorneys for Plaintiff Dewey R. Bozella*