UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DEWEY R. BOZELLA,                                    **10 CIV 4917 (CS)**

                                    Plaintiff,

        -against-


THE COUNTY OF DUTCHESS,

                                    Defendant.
--------------------------------------------------------x


---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE DUTCHESS COUNTY FROM REFERENCING AT TRIAL THE
IMPACT OF ANY JUDGMENT ON TAXPAYERS AND THE COUNTY'S ABILITY
(OR INABILITY) TO PAY ANY JUDGMENT [DKT NO. 219]**

---

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of
Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

## PRELIMINARY STATEMENT

This memorandum of law of Defendant County of Dutchess ("County") is respectfully submitted in opposition to Plaintiff Dewey R. Bozella's ("Plaintiff" or "Bozella") motion in limine to preclude the County from referencing at trial the impact of any judgment on taxpayers and the County's ability (or inability) to pay any judgment. The County does not intend to say anything improper about the potential impact of any judgment on taxpayers or the County's ability to pay any judgment. However, if Plaintiff opens the door on this issue, the County is not precluded from doing so by the cases cited in support of this motion.

## ARGUMENT

### POINT I
### THE CASES RELIED UPON BY PLAINTIFF DO NOT SUPPORT THE MOTION

Plaintiff first seeks to preclude the County from referencing the impact of any judgment on taxpayers. The cases relied upon by Plaintiff, however, do not support such a motion. *See* Plaintiff's Memorandum of Law in Support of Motion in Limine to Preclude the County from Referencing at Trial the Impact of any Judgment on Taxpayers and the County's Ability (or Inability) to Pay any Judgment ("Pl. Memorandum of Law") at 1-2.

In *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 426, 429 (7th Cir. 2008), a §1983 claim based on excessive force and the denial of medical care, the plaintiff sought a reversal of the jury's defense verdict based upon*, inter alia*, the following statement by defense counsel at closing argument: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here." While the court noted that "[c]losing remarks that appeal to jurors' pecuniary interests as taxpayers are, of course, generally improper," it did not, as Plaintiff asserts, hold that the statement should have been excluded. *Id.* Rather, it declined to review this claim for plain error. *Id.* at 30. *See* Pl. Memorandum of Law at 2. Similarly, in *Lovett ex rel. Lovett v. Union Pac. R. Co.*, 201

F.3d 1074, 1083 (8th Cir. 2000), a personal injury case, the Eighth Circuit recognized it was improper to make a "Golden Rule" argument that "asked the jury to place itself in the position of the hypothetical defendant" in closing argument. However, it found that the plaintiff was not prejudiced by the district court "overruling her objection and by denying her request for a cautionary instruction." *Id.* These cases demonstrate that any improper statements made to the jury can likely be remedied by the trial court and do not necessarily warrant a reversal.

Plaintiff's reliance on the criminal cases is misplaced. *See United States v. Palma*, 473 F.3d 899 (8th Cir. 2007); *United States v. Blecker*, 657 F.2d 629 (4th Cir. 1981); *United States v. Lotsch*, 102 F.2d 35 (2d Cir. 1939). The defendant in *Palma* was appealing his jury convictions of social security fraud and making a false statement to the United States based upon an improper comment made by the prosecutor in closing argument. *Palma*, 473 F.3d. at 900. Specifically, the prosecutor had stated that the defendant "abused the system. He took advantage of it. He lied to it and he got money from you and you and you and you and these folks back here that he did not disclose." *Id.* at 901. The Eighth Circuit agreed that "the prosecutor's comments were improper because they invoked the individual pecuniary interests of the jurors as taxpayers" and held that the comments "were akin to a golden rule violation because they suggested the jurors were themselves direct victims of [the defendant's] crimes." *Id.* at 902. Nevertheless, the error was harmless. *Id.* at 903.

In *Blecker*, the defendant was convicted of, *inter alia*, presenting false claims to a U.S. agency, and the prosecution stated in closing argument "that, while Blecker paid his employees at one rate, '(w)e had to pay more.'" *Blecker*, 657 F.2d at 631, 636. However, "[t]he trial court sustained the objection and instructed the jurors at length that they should not view the case as if they had a personal stake in its outcome." *Id.* at 636. The Fourth Circuit noted that "the ambiguous use of 'we,' by which the prosecutor might well have meant only the government, in judging the

possible effect of the prosecutor's remark on the jury," and ultimately found that "the court's curative instruction was thorough, and unequivocally reminded the jurors of their duty to pass on the evidence without prejudice." *Id.* Because it "was not a close case," it held that this comment was not reversible error. *Id.* Similarly, in *Lotsch*, where the defendant was convicted "for receiving commissions from borrowers from a national bank of which [he] was an office," the Second Circuit found that the prosecutor's comment "that, since the United States guaranteed bank deposits, the money lent to these borrowers came out of the jurors' pockets," was improper, but found that reversal was not warranted. *Lotsch*, 102 F.2d 35, 35, 37 (2d Cir. 1939).

Here, Plaintiff's civil rights action against the County is easily distinguishable from these criminal cases wherein the prosecution made comments that suggested the defendant had committed the crime against the jurors. This is not a case where the County would suggest that Plaintiff committed any wrongdoing against the jurors. Additionally to the extent Plaintiff relies upon *Murray v. Town of Stratford*, No. 3:11 CV 629 JGM, 2014 WL 3700982, at *4 (D. Conn. July 25, 2014), this is a District of Connecticut case and not controlling here. In any event, the County has no intent to argue about the impact of a judgment on the taxpayers or about its ability or inability to pay any judgment. The County respectfully requests that any Order also preclude Plaintiff from referring to the potential payment of any damages by the County's insurance provider. *See* Pl. Memorandum of Law at 2, n. 1.

## POINT II

### PLAINTIFF CANNOT COMPARE THE AMOUNT OF DAMAGES HE SEEKS TO DAMAGES AWARDED IN ACTUAL INNOCENCE CASES

The County objects to Plaintiff's claim that the $25 million he seeks "is well within the norm in this district and elsewhere where the plaintiff has suffered decades in prison for a crime he did not commit." Pl. Memorandum of Law at 3. To be sure, Plaintiff has not been exonerated

of the Crapser Murder. Rather, his judgment of conviction was vacated after the Dutchess County

Court erroneously found that, based upon an incomplete record and the application of the incorrect

standard,  *Brady* material was not disclosed to him  prior to his criminal trials. *See People v.*

*Bozella*, 2009 WL 3364575 (Co. Ct. Dutchess Cty. Oct. 14, 2009).  Plaintiff had also sought to

vacate his conviction based on "actual innocence," but the Dutchess County Court expressly

denied this claim:

> although there was absolutely no forensic evidence connecting Dewey Bozella to
> the murder of Emma Crapser, there was no evidence exonerating him either.
> Therefore, assuming *arguendo* that the defendant's claim of actual innocence and
> entitlement to immediate release is cognizable under CPL 440.10(1)(h), this claim
> must fail.

*Id.* at *16.

The money judgments Plaintiff identifies in connection with this motion are from cases

where the plaintiff had been exonerated and thus, not comparable to the circumstances here. *See*

http://www.buffalonews.com/ap/article/jury-awards-40m-in-false-prosecution-case        (plaintiff

"exonerated   after   DNA   evidence   proved   another   man   committed   the   crimes");

http://www.nytimes.com/2014/09/06/nyregion/41-million-settlement-for-5-convicted-in-jogger-

case-is-approved.html ("convictions were vacated after the office of the Manhattan district

attorney. . . found DNA and other evidence that the woman had been raped and beaten by another

person"). The County respectfully requests an Order precluding Plaintiff from referencing

monetary judgments that were awarded in these and other cases where the plaintiff seeks damages

for wrongful incarceration, false imprisonment, etc. and the plaintiff was actually exonerated for

the crime. Just as Plaintiff argues that it is improper for the County to discuss its ability or inability

to pay, it is equally, if not more, improper and irrelevant for Plaintiff to offer evidence of damages

awarded under completely different circumstances.

4

## CONCLUSION

For the reasons set forth herein, the County respectfully request that Plaintiff be precluded from offering evidence of damage awards in cases where the plaintiff was exonerated.

Dated: December 17, 2014
   Goshen, New York

         /s/ Michael K. Burke
         Michael K. Burke (MB 7554)
         BURKE, MIELE & GOLDEN, LLP
         *Attorneys for Defendant*
         40 Matthews Street, Suite 209
         P.O. Box 216
         Goshen, New York 10924
         (845) 294-4080