UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DEWEY R. BOZELLA,                                    **10 CIV 4917 (CS)**

                       Plaintiff,

      -against-

THE COUNTY OF DUTCHESS,

                    Defendant.
--------------------------------------------------------x

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE DUTCHESS COUNTY'S EXHIBIT YY ("CERTIFIED" COPIES OF
CITY OF POUGHKEEPSIE POLICE REPORTS) [DKT NO. 204]**

---

Patrick T. Burke, Esq.
Michael K. Burke, Esq.
Phyllis A. Ingram, Esq.
Burke, Miele & Golden, LLP
*Attorneys for Defendant County of
Dutchess*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

## PRELIMINARY STATEMENT

This memorandum of law of Defendant County of Dutchess ("County") is respectfully submitted in opposition to Plaintiff Dewey R. Bozella's ("Plaintiff" or "Bozella") motion in limine to exclude the County's Exhibit YY – certified copies of City of Poughkeepsie Police Reports. *See* Firsenbaum Decl. Ex. 5.[1]  Contrary to Plaintiff's claim otherwise, Exhibit YY is not a compilation of documents that was created by counsel in this litigation but represents certified copies of City of Poughkeepsie Police reports that were previously subpoenaed by Plaintiff's trial counsel in 1990.

## FACTS

Prior to Plaintiff's 1990 trial, Mickey Steiman ("Steiman"), Plaintiff's trial counsel, served a Judicial Subpoena Duces Tecum on the District Attorney and City of Poughkeepsie Police Department, dated November 12, 1990, for, *inter alia*, "any and all records, investigative reports, statements of witnesses concerning the murder of Emma Crapser in the custody of the Dutchess County District Attorney's Office" (hereinafter the "Subpoena"). Burke Aff. Ex. VVV; Burke Aff. Ex. G at 206, 212.[2]  The Subpoena was returnable on November 16, 1990. Burke Aff. Ex. VVV. The document Plaintiff seeks to exclude, County Exhibit YY, is a 65-page document that bears a stamp providing "City of Poughkeepsie Police Department Certified True Copy," dated November 16, 1990 (hereinafter "certification stamp"). Burke Aff. Ex. BBB. At trial, the County intends to offer as evidence the certified City of Poughkeepsie Police Records that were provided in response to the Subpoena.

---

[1] References to "Firsenbaum Decl. Ex." herein are to Exhibits annexed to the Omnibus Declaration of Ross E. Firsenbaum, dated December 10, 2014. The County notes Firsenbaum Decl. Ex. 5 is not a complete copy of County Exhibit YY but is missing two pages (bates stamp 6586-6587).

[2] References to "Burke Aff. Ex." Herein are to Exhibits annexed to the Affirmation of Patrick T. Burke in Opposition to Plaintiff's Partial Motion for Summary Judgment and in Support of Defendants' Motion for Summary Judgment.

At his deposition, Steiman testified that he knew "that items were delivered pursuant to [his] subpoena." Burke Aff. Ex. G at 213. He claimed, however, that he did not see the 15-page Regula Report that included the neighbors' statements; statements Plaintiff alleges were not disclosed in violation of his *Brady* rights. *Id.* at 217.  In that regard, at Plaintiff's 1990 trial Steiman acknowledged on the record that the City of Poughkeepsie Police Department had provided the records he subpoenaed: "I'll seek to  introduce certain items that have been marked, and  the certain other items that have been subpoenaed from the City of Poughkeepsie Police Department, I believe they are business records."  Burke Aff. Ex. Y at 791. Mr. Steiman further acknowledged a "pile" of City of Poughkeepsie Police Department reports were in the courtroom:

> MR. STEIMAN: Your Honor, there is a police report which has been marked as Defendant's Exhibit M for identification, M as in Michael. That police report was one of Detective Shelly, who is deceased. I intend to call Chief Bowles to establish that it is a record made in the regular and ordinary course of business of the City of Poughkeepsie Police Department and made in the regular and ordinary course of business. The original of it is over in that pile because it was subpoenaed by the defendant.

*Id.* at 1122-23. Additionally, Mr. Steiman noted that a sentence on one of the police reports that was marked was cut off and sought to "substitute a copy from that which was that was subpoenaed from the City of Poughkeepsie Police Department, so that the full sentence could get in." *Id.* at 1126. Mr. Steiman and Assistant District Attorney William J. O'Neill ("ADA O'Neill") discussed redacting the substituted document and the following colloquy was had:

> MR. O'NEILL: Well, I assume that any copy that's redacted has that sentence in it would be agreeable, so, if he takes the report that has the sentence and marks out everything else. Where is the original to be substituted?
> MR. STEIMAN: This is the one that was marked, okay?
> MR. O'NEILL: *There was a whole collection of police reports over there. Do you have them?*
> MR. STEIMAN: (No verbal response.)
> MR. O'NEILL: Is that the one that contains the one with the complete sentence?
> MR. O'NEILL: Why don't you use that and redact it and then we have our file.

*Id.* at 1128-29 (emphasis added). Consistently, ADA O'Neill testified at his deposition about the

Subpoena as follows:

> *** I know that there's a judicial subpoena floating around somewhere where I had written on the left side I complied with it, so there would have been a discussion at some point among the lawyers and the judge that everything has been turned over, and he's got copies of whatever he needed.

Burke Aff. Ex. AA at 160.

While it is clear that the City of Poughkeepsie Police Department had provided documents in response to Steiman's subpoena, Steiman testified at his deposition that their were portions of the 15-page Regula Report that he had not seen. Burke Aff. Ex. G at 213. When asked if all 15 pages of the report were "included within the documents that were responsive to the subpoena that were held by the Clerk of the Court" he testified "[i]f they were, I didn't see them. If they were not, I didn't see them." Burke Aff. Ex. G. at 217. He did not affirmatively state that they were not provided in response to the subpoena, but only that he did not see them.

In 2009, Assistant District Attorney Edward F. Whitesell ("ADA Whitesell") prepared the District Attorney's response to Plaintiff's 440 Motion by which his 1990 conviction for the Crapser Murder was ultimately vacated (hereinafter "440 Motion") At his deposition, ADA Whitesell testified that the police reports for the Crapser Murder, including all witness statements, adds up to 62 pages. Burke Aff. Ex. KK at 188-192.[3]  After responding to the 440 Motion, ADA Whitesell located a 62-page document "in the second set of files that were sent to [the] office" and sent a copy to Judge Marlow and Plaintiff's counsel, indicating it had been erroneously omitted from the People's submission. Burke Aff. Ex. KK at 167-68. On the back of the first page of the report was the certification stamp rom November 16, 1990. *See* Burke Aff. Ex. BBB at 6524. The County

---

[3] ADA Whitesell originally identifies the 62-pages as the Regula Report (*id.* at 188), but later corrects himself: "to refer to this as 'the Regula report' would be a misstatement because it's not the Regula report, it's the police report for this case for which Detective Regula submitted approximately 28 pages of it." *Id.* at 192.

will produce the original 62-page document in Court and is prepared to authenticate it through ADA Whitesell.

Specifically, ADA Whitesell will authenticate the 62-pages of certified City of Poughkeepsie Police records that he found bound together in the file. Whitesell will testify that he found 62 pages bound together in the District Attorney's file box and that the certification stamp was on the back of the first page of the 62-page report. He will testify that he unbound the pages and made copies to send to Judge Marlow and Plaintiff's counsel, and then bound the 62 pages back together as he found them. ADA Whitesell did not copy the back of the first page, with the certification stamp, when copying the 62-page document. Thus, the certified stamp is not, as Plaintiff contends, "on an otherwise blank page inserted between pages of one of the 25 documents that make up the exhibit." Pl. Memorandum of Law at 4. Rather, the stamp is found on the back of the first page. This can and will be shown by a production of the original.

The County will offer the original document, authenticated by ADA Whitesell. Any minor errors in the County's proposed Exhibit YY will be corrected to ensure it conforms to the original certified records.[4]

---

[4] Currently, the following pages from Exhibit YY match the 62-page document ADA Whitesell will identify as the certified records. *See* Burke Aff. Ex. BBB at 6523, 6525-6551, 6553-6572, 6574-6576, 6578-6587. The page bearing the certified stamp (*id.* at 6524) is not a separate page is on the back of the first page. There is another page (*id.* at 6577) that is also believed to have been on the back of its preceding page (*id.* at 6576). Specifically, the document at 6576 is a subpoena for Ms. Crapser's bank records and the document at 6577, which states "Subpoena Duces Tecum" appears to be a cover page or back page connected to the subpoena. There are two pages that will be removed (*id.* at 6552, 6574) and one page will need to be added.

**ARGUMENT**

**EXHIBIT YY CAN BE AUTHENTICATED**

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The Second Circuit has explained, "Rule 901 'does not erect a particularly high hurdle,' and the proponent of the evidence is not required 'to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be.'" *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (internal citations omitted). Rather, "[t]he requirement under Rule 901 is satisfied 'if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.'" *Id.* (quoting *United States v. Ruggiero,* 928 F.2d 1289, 1303 (2d Cir. 1991)). The appropriate standard on questions of authentication "is one of reasonable likelihood," and "[t]he trial court has broad discretion" on this determination. *Id.* (citations omitted). Rule 901 is satisfied if the Court finds that "judgment it seems reasonably probable that the evidence is what it purports to be." *Id.* (citations omitted).

Here, the County can establish that it is "reasonably probable" that the 62-pages ADA Whitesell found bound together in the District Attorney's file, with the certification stamp on the back of the first page, were the Certified City of Poughkeepsie Police Reports provided to the trial court in 1990 response to Steinman's subpoena.[5] It is undisputed that the Subpoena was served

---

[5] Plaintiff incorrectly contends that the County must prove that these documents "were in fact produced to Mr. Bozella's trial counsel together in response a subpoena [sic]." Pl. Memorandum of Law at 4. The Subpoenaed records were not to be provided directly to Plaintiff's trial counsel but, rather, to the clerk of the trial court. If a reasonable juror could conclude that the documents offered by the County were in the "pile" of documents on the clerk's desk at the time of trial, it has met its burden on authentication. Whether or not Plaintiff's trial counsel failed to adequately review the records he subpoenaed to the trial clerk does not mean they were not there.

and responded to at trial. It is also clear that the 62-pages ADA Whitesell found bound together with the certification stamp dated for the return date of the Subpoena constitute "any and all records, investigative reports, statements of witnesses concerning the murder of Emma Crapser" – the records sought in the Subpoena. Burke Aff. Ex. VVV. As set forth above, the County is prepared to produce the original 62-page document and authenticate it through ADA Whitesell.

Contrary to Plaintiff's claim otherwise, the County is not obligated to authenticate the Certified City of Poughkeepsie Police Reports by someone with personal knowledge its creation. *See* Plaintiff's Memorandum of Law in Support of Motion in Limine to Exclude Dutchess County's Exhibit YY ("Pl. Memorandum of Law") at 5.  Rather, Fed. R. Evid. 901(b)(8) provides for authentication by "Evidence About Ancient Documents or Data Compilations." Specifically, the authenticating requirement is satisfied "for a document or data compilation" by "evidence that it: (A) is in a condition that creates no suspicion about its authenticity; (B) was in a place where, if authentic, it would likely be; and (C) is at least 20 years old when offered." Fed. R. Evid. 901(b)(8). The rule for authenticating a document under Rule 901(b) recognizes that, with the passage of time, it is more likely that witnesses with personal knowledge are available to authenticate it. Given the passage of time since this document was created – over 34 years – it is properly authenticated as an ancient document. The Subpoena was served and responded to in 1990. To require the County to produce an individual with personal knowledge of its creation now, in 2014, is simply not feasible.

Here, there is evidence that the 62-page document was found bound together, with the certification stamp that was dated the return date of the subpoena on the back of the first page. Plaintiff's contention that the certification stamp is "on an otherwise blank page" after the first page is simply incorrect.  Pl. Memorandum of Law at 4. The Certified Copies of Police Reports

were found bound together in the District Attorney's files for the prosecution in which the Subpoena was served.  This is where such records, if authentic, would likely be.  Accordingly, the County can authenticate the records produced by the City of Poughkeepsie Police Department in response to the Subpoena from Plaintiff's trial counsel in 1990 under Fed. R. Evid. 901(b)(8).

Because the County can show it is reasonably likely that the Certified Copies of the City of Poughkeepsie Police Reports are what they purport to be, they are admissible. Any challenge Plaintiff has to this document –such as the lack of a certification stamp on every page, questions about its existence as one document, etc. – goes only to its weight, and such credibility or reliability questions are for the jury to decide.  *See United States v. Portrait of Wally*, 663 F. Supp. 2d 232, 255 (S.D.N.Y. 2009) ("Questions as to the documents' content and completeness bear upon the weight to be accorded the evidence and do not affect the threshold question of authenticity.") (citation omitted). *See United States v. Reich*, No. 04 CR 587 (NGG), 2005 WL 1388967, at *3 (E.D.N.Y. June 10, 2005) ("Once Rule 901's minimal standards have been met, the ultimate reliability of the evidence is left to the jury.")

## CONCLUSION

For the reasons set forth herein, the County respectfully request that Plaintiff's motion in limine to exclude the Certified Copies of the City of Poughkeepsie Police Reports be denied in its entirety

Dated: December 17, 2014
      Goshen, New York

                              /s/ Michael K. Burke
                              Michael K. Burke (MB 7554)
                              BURKE, MIELE & GOLDEN, LLP
                              *Attorneys for Defendant*
                              40 Matthews Street, Suite 209
                              P.O. Box 216
                              Goshen, New York 10924
                              (845) 294-4080