**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEWEY R. BOZELLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE COUNTY OF DUTCHESS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

No.  10 Civ. 4917 (CS)

**PLAINTIFF DEWEY R. BOZELLA'S COMBINED MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION IN LIMINE FOR TRIFURCATION
[DOCKET # 225] AND IN OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE
VARIOUS WITNESSES FROM TESTIFYING ON ITS LIABILITY [DOCKET # 226]**

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

## <u>TABLE OF CONTENTS</u>

**Page**

ARGUMENT ...................................................................................................................................1

    I.     BIFURCATION, LET ALONE TRIFURCATION, IS RESERVED FOR
TRULY EXTRAORDINARY CIRCUMSTANCES AND THE COUNTY
HAS FAILED TO MEET ITS  BURDEN OF DEMONSTRATING THAT
THOSE CIRCUMSTANCES EXIST IN THIS CASE ..........................................1

    II.    THERE IS NO VALID REASON TO BIFURCATE THE LIABILITY
ELEMENTS OF MR. BOZELLA'S LIABILITY CLAIM AGAINST A
SINGLE DEFENDANT .........................................................................................3

    III.   THE ISSUES OF LIABILITY AND DAMAGES SHOULD NOT BE
BIFURCATED .......................................................................................................8

    IV.   THE COUNTY'S DERIVATIVE MOTION IN LIMINE TO PRECLUDE
MR. BOZELLA AND OTHER WITNESSES FROM TESTIFYING UNTIL
"THE FINAL PHASE" OF TRIAL SHOULD BE DENIED FOR THE
SAME REASONS AND MR. BOZELLA'S TESTIMONY IS RELEVANT
TO LIABILITY ...................................................................................................12

CONCLUSION............................................................................................................................15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Amato v. City of Saratoga Springs, N.Y.*,
  170 F.3d 311 (2d Cir. 1999)................................................................................4, 7

*Ambrose v. City of New York*,
  623 F. Supp. 2d 454 (S.D.N.Y. 2009)......................................................................2

*Bowers v. Navistar International Transportation Corp.*,
  No. 88 Civ. 8857, 1993 WL 159965 (S.D.N.Y. May 10, 1993)................................1

*Britt v. Garcia*,
  457 F.3d 264 (2d Cir. 2006)....................................................................................14

*Buscemi v. Pepsico, Inc.*,
  736 F. Supp. 1267 (S.D.N.Y. 1990)..........................................................................2

*Citron v. Wachovia Mortgage Corp.*,
  922 F. Supp. 2d 1309 (M.D. Fla. 2013) ...................................................................3

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986)..................................................................................................4

*Dallas v. Goldberg*,
  143 F. Supp. 2d 312 (S.D.N.Y. 2001)..................................................................1, 10

*Daniels v. Loizzo*,
  178 F.R.D. 46 (S.D.N.Y. 1998) ........................................................................4, 5, 7

*Fisher v. City of New York*,
  No. 90 Civ. 8163, 1992 WL 77606 (S.D.N.Y. Mar. 23, 1992) ................................4

*Grant v. City of New York*,
  No. 92 Civ. 2614, 1993 WL 5834 (S.D.N.Y. Jan. 4, 1993)......................................4

*Ismail v. Cohen*,
  706 F. Supp. 243 (S.D.N.Y. 1989), *aff'd in part, rev'd in part on other grounds*, 899 F.2d
  183 (2d Cir. 1990)............................................................................................4, 5, 7

*Kerman v. City of New York*,
  No. 96 Civ. 7865, 1997 U.S. Dist. LEXIS 16841 (S.D.N.Y. Oct. 23, 1997) ...................10, 11

*Estate of Kreiner v. Bridgestone/Firestone, Inc.*,
  No. 98 Civ. 2168, 2000 U.S. Dist. LEXIS 9190 (S.D.N.Y. June 28, 2000)............................10

*Kyles v. Whitley*,
   514 U.S. 419 (1995)..................................................................................9, 13

*L-3 Communications Corp. v. OSI Systems, Inc.*,
   418 F. Supp. 2d 380 (S.D.N.Y. 2005).....................................................................1

*Lewis v. Triborough Bridge & Tunnel Authority*,
   No. 97 Civ. 0607, 2000 U.S. Dist. LEXIS 4982 (S.D.N.Y. Apr. 19, 2000) .............................1

*Lisker v. City of Los Angeles*,
   No. CV09-09374, 2012 U.S. Dist. LEXIS 19408 (C.D. Cal. Feb. 16, 2012)...........................9

*Manganiello v. Agostini*,
   No. 07 Civ. 3644, 2008 U.S. Dist. LEXIS 99181 (S.D.N.Y. Dec. 9, 2008), *aff'd sub nom.*
   *Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010)...............................14

*Mayo v. City of York*,
   No. 1:04-CV-2272, 2007 U.S. Dist. LEXIS 30400 (M.D. Pa. Apr. 25, 2007).........................2

*McCoy v. City of New York*,
   No. 07-CV-4143, 2008 U.S. Dist. LEXIS 62567 (E.D.N.Y. Aug. 13, 2008)...........................2

*Mineo v. City of New York*,
   No. 09-CV-2261, 2013 U.S. Dist. LEXIS 46953 (E.D.N.Y. Mar. 29, 2013).........................10

*Monaghan v. SZS 33 Associates, L.P.*,
   827 F. Supp. 233 (S.D.N.Y. 1993) ....................................................................1, 3, 9

*Morales v. Irizarry*,
   No. 95 Civ. 5068, 1996 U.S. Dist. LEXIS 15613 (S.D.N.Y. Oct. 17, 1996) .......................4, 5

*Padilla v. City of New York*,
   No. 92 Civ. 1212, 1993 WL 5833 (S.D.N.Y. Jan. 4, 1993)......................................4

*Parish v. City of Elkhart, Indiana*,
   702 F.3d 997 (7th Cir. 2012) ........................................................................8

*Plew v. Limited Brands, Inc.*,
   No. 08 Civ. 3741, 2012 WL 379933 (S.D.N.Y. Feb. 6, 2012) ..................................1

*Point Productions A.G. v. Sony Music Entertainment, Inc.*,
   215 F. Supp. 2d 336 (S.D.N.Y. 2002).................................................................12

*Providencia V. v. Schutlze*,
   No. 02 Civ. 9616, 2007 U.S. Dist. LEXIS 39980 (S.D.N.Y. May 31, 2007)......................2, 7

*Raposo v. Honda Motor Co.*,
   No. 92-CV-1087, 1996 U.S. Dist. LEXIS 1116 (N.D.N.Y Jan. 29, 1996)..........................10

*Ricciuti v. New York City Transit Authority*,
   796 F. Supp. 84 (S.D.N.Y. 1992) ................................................................4

*Rosa v. Town of East Hartford*,
   No. 3:00-CV-1367, 2005 U.S. Dist. LEXIS 5302 (D. Conn. Mar. 31, 2005) ......................2, 7

*United States v. Bagley*,
   473 U.S. 667 (1985)................................................................9, 13

*United States v. Birdsong*,
   982 F.2d 481 (11th Cir. Fla. 1993) ................................................................3

*United States v. McNutt*,
   No. 85-5233, 1985 U.S. App. LEXIS 24177 (3d Cir. Oct. 31, 1985) ......................3

*United States v. Petrillo*,
   821 F.2d 85 (2d Cir. 1987)................................................................9, 13

*White-Ruiz v. City of New York*,
   No. 93 Civ. 7233, 1996 U.S. Dist. LEXIS 18890 (S.D.N.Y. Dec. 20, 1996)...........................2

## Other Authorities

9A Charles A. Wright et al., Fed. Prac. & Proc. Civ. § 2388 (3d ed. 2014)...................................2

Fed. R. Civ. P. 42 Advisory Committee Notes, 1966 Amendment .................................................1

The Committee on Pattern Civil Jury Instructions of the Seventh Circuit,*Federal Civil Jury
   Instructions of the Seventh Circuit* § 1.06 (2009 rev.) .............................................................9

Mr. Bozella respectfully submits this memorandum of law in opposition to Defendant Dutchess County's related Motions in Limine for Trifurcation (the "Trifurcation Motion") and to Preclude Plaintiff and Other Damage [sic] Witnesses from Testifying Until the Final Phase of Trial (the "Final Phase Motion").  These motions are nothing more than the County's most recent delay tactic and should be denied.

## ARGUMENT

**I.**      **BIFURCATION, LET ALONE TRIFURCATION, IS RESERVED FOR TRULY EXTRAORDINARY CIRCUMSTANCES AND THE COUNTY HAS FAILED TO MEET ITS  BURDEN OF DEMONSTRATING THAT THOSE CIRCUMSTANCES EXIST IN THIS CASE**

The "underl[ying] assumption" of Federal Rule of Civil Procedure 42(b) is that "bifurcation . . . is reserved for *truly extraordinary* situations of *undue* prejudice." *Monaghan v. SZS 33 Assocs.*, *L.P.*, 827 F. Supp. 233, 246 (S.D.N.Y. 1993) (first emphasis added, second emphasis in original).  Bifurcation (let alone trifurcation) "is the exception, not the rule."  *Plew v. Ltd. Brands, Inc.*, No. 08 Civ. 3741, 2012 WL 379933, at *9 (S.D.N.Y. Feb. 6, 2012) (denying bifurcation); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005) (citing *Bowers v. Navistar Int'l Transp.*, No. 88 Civ. 8857, 1993 WL 159965, at *5 (S.D.N.Y. May 10, 1993)) (same); *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001) (denying bifurcation and noting that "bifurcation remains the exception rather than the rule"); *Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 Civ. 0607, 2000 U.S. Dist. LEXIS 4982, at *5 (S.D.N.Y. Apr. 19, 2000) (denying bifurcation and noting that "[s]eparate trials remain the exception rather than the rule, regardless of the nature of the action"); *Bowers*, 1993 WL 159965, at *1 (denying bifurcation and noting that "[s]eparate trials, however, remain the exception rather than the rule.") (Sotomayor, J.); *see* Fed. R. Civ. P. 42 Advisory Comm. Notes, 1966 Amendment ( "[S]eparation of issues for trial is not to be routinely ordered."); 9A Charles A.

Wright et al., Fed. Prac. & Proc. Civ. § 2388 (3d ed. 2014) ("The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course.").  The presumption against bifurcation applies with full force to § 1983 cases, such as this one.  *See, e.g.*, *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 480 (S.D.N.Y. 2009) (denying motion to bifurcate § 1983 claim); *McCoy v. City of New York*, No. 07-CV-4143, 2008 U.S. Dist. LEXIS 62567, at *7 (E.D.N.Y. Aug. 13, 2008) (same); *Providencia V. v. Schutlze*, No. 02 Civ. 9616, 2007 U.S. Dist. LEXIS 39980, at *21-22 (S.D.N.Y. May 31, 2007) (same); *Rosa v. Town of E. Hartford*, No. 3:00-CV-1367, 2005 U.S. Dist. LEXIS 5302, at *13-14 (D. Conn. Mar. 31, 2005) (same); *White-Ruiz v. City of New York*, No. 93 Civ. 7233, 1996 U.S. Dist. LEXIS 18890, at *1 n.1 (S.D.N.Y. Dec. 20, 1996) (same).

The party moving for bifurcation—here, the County—bears the burden of showing that it is necessary to prevent prejudice or confusion, and to serve the ends of justice.  *Buscemi v. Pepsico, Inc.*, 736 F. Supp. 1267, 1271 (S.D.N.Y. 1990); *see Providencia V.*, 2007 U.S. Dist. LEXIS 39980, at *21 ("The party seeking bifurcation bears the burden of establishing that bifurcation is warranted.").

When considering the "extraordinary" relief of bifurcation, courts consider "whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case."  *Mayo v. City of York*, No. 1:04-CV-2272, 2007 U.S. Dist. LEXIS 30400, at *4 (M.D. Pa. Apr. 25, 2007) (internal quotation marks omitted).  "In deciding whether one trial or separate trials will best serve [the foregoing factors] . . . the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation."  *Id.*

For the reasons discussed below, the County has not satisfied its burden of demonstrating

that this case calls for the extraordinary measure of bifurcation, let alone *trifurcation*.

## II.    THERE IS NO VALID REASON TO BIFURCATE THE LIABILITY ELEMENTS OF MR. BOZELLA'S LIABILITY CLAIM AGAINST A SINGLE DEFENDANT

The County's three arguments in support of bifurcating the liability elements of Mr. Bozella's § 1983 claim are all deeply flawed.

*First*, the County's argument that the "first trial phase must be limited to the underlying constitutional violation" because "the outcome of such a trial could eliminate the need to litigate municipal liability," Mem. of Law in Supp. of Def.'s Mot. in Limine for Trifurcation [Dkt. No. 225] ("Trifurcation Mem.") at 3, is not at all consistent with Rule 42(b).  Virtually every civil cause of action includes multiple elements, the failure to prove any one of which defeats the claim as a whole.  *Cf., e.g.*, *Citron v. Wachovia Mortg. Corp.*, 922 F. Supp. 2d 1309, 1314 (M.D. Fla. 2013) ("A plaintiff in a civil case bears the burden of satisfying the finder-of-fact that he or she has proven *every element* of his or her claim by a preponderance of the evidence." (emphasis added)).  If bifurcation were appropriate for this reason, it would not be the  "extraordinary" step that it is but rather the norm in virtually every case involving a cause of action with multiple elements.  *See Monaghan*, 827 F. Supp. at 246 (party moving for bifurcation must "demonstrate that the situation is truly extraordinary to warrant Rule 42(b) relief"); *United States v. Birdsong*, 982 F.2d 481, 482 (11th Cir. Fla. 1993) ("A request to bifurcate the presentation of evidence on different elements of a single offense is extremely rare."); *United States v. McNutt*, No. 85-5233, 1985 U.S. App. LEXIS 24177, at *6 (3d Cir. Oct. 31, 1985) ("Bifurcation of trial proceedings is a rare event.").[1]

The County's arguments are further weakened by the fact that this is a single defendant

---

[1]  The same rationale applies to the County's argument that "[l]itigating liability first could eliminate the need to litigate damages."  Trifurcation Mem. at 7-8.  The same could be said about every civil case.

3

case.  The County fails to cite any case bifurcating a § 1983 claim against *a single defendant*, and *every single case the County cites* in which a court bifurcated a § 1983 *Monell* claim involved both municipal and individual defendants.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (Trifurcation Mem. at 3, bifurcating plaintiff's claims against Officer Bushey from those against the municipal entities);  *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311 (2d Cir. 1999) (Trifurcation Memo. at 3-4, affirming a district court's bifurcation of plaintiff's claims against individual defendants from municipal entities); *Daniels v. Loizzo*, 178 F.R.D. 46 (S.D.N.Y. 1998) (Trifurcation Mem. at 3, bifurcating plaintiff's claims against individual defendants from claim against municipal entity); *Morales v. Irizarry*, No. 95 Civ. 5068, 1996 U.S. Dist. LEXIS 15613 (S.D.N.Y. Oct. 17, 1996) (Trifurcation Mem. at 2, same); *Padilla v. City of New York*, No. 92 Civ. 1212, 1993 WL 5833 (S.D.N.Y. Jan. 4, 1993) (Trifurcation Mem. at 4, same); *Grant v. City of New York*, No. 92 Civ. 2614, 1993 WL 5834 (S.D.N.Y. Jan. 4, 1993) (Trifurcation Mem. at 4, same); *Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84 (S.D.N.Y. 1992) (Trifurcation Mem. at 4, same); *Fisher v. City of New York*, No. 90 Civ. 8163, 1992 WL 77606 (S.D.N.Y. Mar. 23, 1992) (Trifurcation Mem. at 4, same); *Ismail v. Cohen*, 706 F. Supp. 243, 251 (S.D.N.Y. 1989) (Trifurcation Mem. at 6, same), *aff'd in part, rev'd in part on other grounds*, 899 F.2d 183 (2d Cir. 1990).

This distinction matters.  The principal circumstance where courts exercise their discretion to bifurcate a § 1983 *Monell* claim is in multi-defendant cases involving both municipal and individual defendants in order to avoid a situation in which "one party will be prejudiced by evidence presented against another party."  *Amato*, 170 F.3d at 316; *see, e.g.*, *id.* (affirming bifurcation where "plaintiff wished to introduce evidence in support of his claim

against the City that would likely be either inadmissible as against Flanagan and Thomas, or prejudicial to those individual defendants").[2]

Courts may also choose to bifurcate to prevent the municipality from potentially wasting resources where the claim against the municipality is derivative of the claim against the individual defendant such that a verdict in favor of the individual defendant would result in the automatic dismissal of the claim against the municipality. *See, e.g.*, *Morales*, 1996 U.S. Dist. LEXIS 15613, at *3-4 ("The overwhelming weight of authority holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a *Monell* claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the *Monell* claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established."). But again, these are issues arising from multi-defendant actions and present concerns obviously not implicated here, since Dutchess County is the only remaining defendant in the case.

*Second*, the County's argument that "[t]rifurcation will further promote convenience and expedite and economize the proceedings," Trifurcation Mem. at 4, is bewildering. Nearly three months ago, the Court scheduled a nine-day trial on all elements of Mr. Bozella's single claim against the County (including damages) to begin on January 12, 2015. Dividing that trial into three separate trials —at three separate times, breaking for three separate deliberations, with potentially three separate juries—would be the antithesis of "convenient", "expeditious", and

---

[2] *See also, e.g.*, *Daniels*, 178 F.R.D. at 48 (bifurcating and explaining that "[c]ourts, faced with this dilemma, have separated the trial of individual [defendants] from that of the municipality so that evidence admissible only against the municipality does not unfairly taint the trial of the individual[s]") (internal quotation marks omitted); *Ismail*, 706 F. Supp. at 251 (bifurcating because "there is a danger that evidence admissible on the issues relating to conduct by the City or Officer Cohen will 'contaminate' the mind of the finder of fact in its consideration of the liability of the other defendant").

"economical", especially compared to the current plan.[3]  During interim deliberations (which could last one hour or one week) all parties would essentially be on hold (as would, to a substantial degree, the Court) and unable to schedule other matters because the case could resume at any moment with yet another phase, involving a new set of openings and new instructions, and then another indeterminate period of deliberation.  Nothing about this would be "convenient" or "expeditious" for anyone, including the jurors.

The County is flat wrong in contending that "[l]itigating the complex issues of municipal liability requires more expansive and different evidence that is completely irrelevant to the narrow issues underlying Plaintiff's alleged Brady violation." Trifurcation Mem. at 6.  Evidence of Dutchess County District Attorney's Office's violation of Mr. Bozella's *Brady* rights in connection with the Crapser Murder is strong evidence of the County's unconstitutional *Brady* disclosure policy—a point that this Court highlighted in denying the County's summary judgment motion.  *See, e.g.*, Firsenbaum Decl. Ex. 8 31:18-23 ("William O'Neill's testimony [in 2012] *perfectly illustrates the problem.*  O'Neill testified that he did not regard the Holland Tape as favorable, because Holland could not have been talking about the Crapser murder because the authorities knew that plaintiff had done the Crapser murder.  As I said, *this perfectly illustrates the problem.*" (emphasis added)); *see id.* 33:14-21 ("County counsel's argument that evidence implicating Wise in the Dobler murder is not Brady material because the prosecution witness fingered plaintiff and not Wise – that's in the brief at Page 24 – *again illustrates the problem.*  If that evidence undermined the prosecution's case in a significant way, it was Brady.  That it

---

[3] Although the Trifurcation Motion refers once to trying liability and damages "before the same jury," Trifurcation Mem. at 9, it is far from clear that the County is asking for three separate trials before the same jury during the 9-day period set by the Court.  Indeed, in the Joint Pre-Trial Order [Dkt No. 203] at 7, the County states that "[d]epending on the Court's rulings regarding pending motions in limine, the defense believes that the trial of this matter could last up to fifteen (15) trial days."

contradicts the prosecution witnesses doesn't make it not Brady.  That's why it *is* Brady."
(emphases added)).

In any event, here, too, the County does not cite a single case supporting its reasoning.
All of the  cases on which the County relies address a concern about compelling a municipality
to engage in costly discovery and litigation when the pending claim is derivative of a claim
against an individual.  But here, unlike those cases, there is no claim pending against an
individual, discovery *has closed*, and any lingering concerns the County may have about juror
confusion can be dealt with through the "far less burdensome" mechanisms of limiting
instructions and a careful jury charge.  *Rosa*, 2005 U.S. Dist. LEXIS 5302, at *13-14; *see also*
*Providencia V.*, 2007 U.S. Dist. LEXIS 39980, at *21-22 (denying motion to bifurcate where
discovery was closed, municipal liability issues were straightforward, and any concerns about
prejudice could be dealt with via limiting instructions).

*Third*, bifurcation is not necessary to "avoid prejudice to the County." Trifurcation Mem.
at 7.  There is only one kind of prejudice in § 1983 *Monell* cases that courts find substantial
enough to justify bifurcation:  where "one party will be prejudiced by evidence presented against
another party."  *Amato*, 170 F.3d at 316; *see, e.g.*, *Daniels*, 178 F.R.D. at 48 (bifurcating where
"evidence admissible only against the municipality" might "unfairly taint the trial of the
individual[s]"); *Ismail*, 706 F. Supp. at 251 (bifurcating because "there is a danger that evidence
admissible on the issues relating to conduct by the City or Officer Cohen will 'contaminate' the
mind of the finder of fact in its consideration of the liability of the other defendant").  Here, there
can be no such prejudice.  There is only one defendant: the County.

**III.    THE ISSUES OF LIABILITY AND DAMAGES SHOULD NOT BE BIFURCATED**

The County's attempt to bifurcate the liability and damages phases of trial fails for virtually the same reasons.

*First*, the County's arguments that the issues of liability and damages "would require substantially different evidence" and that evidence regarding damages "is not necessary, or relevant, to the liability issue," Trifurcation Mem. at 8, is flat wrong.  Mr. Bozella's claim of innocence is central to his damages claim.  *See, e.g.*, *Parish v. City of Elkhart, Ind.*, 702 F.3d 997, 1003 (7th Cir. 2012) (noting that evidence of a plaintiff's innocence is "critical" to the question of damages in a § 1983 wrongful conviction case).

All of the evidence regarding the liability issue of "materiality" is relevant to the jury's evaluation of Mr. Bozella's damages via his claim of innocence.  The "materiality" analysis asks the jury to determine whether, in light of the evidence admitted at Mr. Bozella's 1983 and 1990 trials, there is a reasonable probability that the juries would have acquitted Mr. Bozella had the

*Brady* evidence been disclosed.[4] Similarly, Mr. Bozella's damages claim of innocence requires the jury to weigh the evidence implicating Mr. Bozella against the evidence exculpating him to determine whether he is innocent and therefore suffered more severe damages. For this reason, the only other court (to our knowledge) that has addressed this precise issue, held that, "[b]ecause the Court finds that Plaintiff's due process and Brady claims are inextricably intertwined with the question of his innocence or guilt, the Court DENIES Defendants' motion for trifurcation." *Lisker v. City of Los Angeles*, No. CV09-09374, 2012 U.S. Dist. LEXIS 19408, at \*1 (C.D. Cal. Feb. 16, 2012).

*Second*, the County's claimed prejudice, Trifurcation Mem. at 10-11, again is insufficient to "overcome the fundamental presumption which favors the trial of all issues to a single jury and underlies the assumption of Rule 42(b) that bifurcation . . . is reserved for truly extraordinary situations of undue prejudice," *see Monaghan*, 827 F. Supp. at 246. The party moving for bifurcation is required to "identify any pressing or unusual circumstances that warrant

---

[4] The County incorrectly states that relevant information to the materiality analysis includes "*opening statements*, witness testimony, exhibits, and *closing arguments* . . . ." Trifurcation Mem. at 5 (emphases added). With respect to the trial record, it is the evidence admitted at the trials—not opening statements and closing arguments—that is relevant to the materiality analysis, since neither openings nor closings are "evidence." *See, e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 441-54 (1995) (detailing the evidence *admitted at trial* and assessing the impact the suppressed evidence would have had on the probity of the admitted evidence); *United States v. Bagley*, 473 U.S. 667 (1985) (the "materiality" question asks whether there was a reasonable probability that the withheld evidence, combined with *the evidence actually presented at trial*, would have resulted in a different verdict); *United States v. Petrillo*, 821 F.2d 85, 89 (2d Cir. 1987) (noting that materiality "must be judged in the light of all the evidence *presented at trial*" (emphasis added)); The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, *Federal Civil Jury Instructions of the Seventh Circuit* § 1.06 (2009 rev.), https://www.ca7.uscourts.gov/Pattern_Jury_Instr/7th_civ_instruc_2009.pdf (explaining, in an instruction entitled "What is Not Evidence", that "questions and objections or comments by the lawyers are not evidence. . . . [T]he lawyers' opening statements and closing arguments to you are not evidence."). The County also errs in its claim that "the evidence Plaintiff alleges was not disclosed can only be material if it was admissible," *see* Trifurcation Mem. at 5 n.1. *See* Pl. Opp. to Motion in Limine to Preclude the Holland Tape, Dobler Report, and Neighbors' Statements.

9

bifurcation." *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *see Kerman v. City of New York*, No. 96 Civ. 7865, 1997 U.S. Dist. LEXIS 16841, at *16 (S.D.N.Y. Oct. 23, 1997) (party moving for bifurcation must "allege the sort of *undue* prejudice deserving of bifurcation" (emphasis added)).

The County claims that a "huge risk" exists that the jury will improperly consider damages evidence as evidence that goes to liability; "such a great risk" that the prejudice cannot be cured by a limiting instruction. Trifurcation Mem. at 10. In support of these claims, the County cites an excessive force case involving claims for both compensatory and punitive damages in which the court justified bifurcating liability from damages, in part, on the heightened concern of prejudice where a plaintiff seeks to introduce evidence relevant to *punitive* damages during the liability phase, *Mineo v. City of New York*, No. 09-CV-2261, 2013 U.S. Dist. LEXIS 46953 (E.D.N.Y. Mar. 29, 2013); a personal injury case in which one of the plaintiffs "sustained severe permanent injuries when he was involved in an accident while operating a four-wheeled all-terrain vehicle … designed, manufactured, distributed and repaired by defendants," *Raposo v. Honda Motor Co.*, No. 92-CV-1087, 1996 U.S. Dist. LEXIS 1116, at *1 (N.D.N.Y Jan. 29, 1996); and a second personal injury case which the plaintiff brought on behalf of John Kreiner's estate after "Mr. Kreiner sustained [fatal] second, third and fourth degree burns over 55% of his body, underwent numerous procedures, including escharatomies, debridements and bilateral lower leg amputations and succumbed to his injuries on June 5, 1996," *Estate of Kreiner v. Bridgestone/Firestone, Inc.*, No. 98 Civ. 2168, 2000 U.S. Dist. LEXIS 9190, at *1 (S.D.N.Y. June 28, 2000). *Id.* In comparison, the County's alleged prejudice seems hyperbolic and conclusory. There is nothing to "distinguish the potential for prejudice here from that which is normally dealt with through an appropriate charge and curative instructions." *Kerman*, 1997

U.S. Dist. LEXIS 16841, at *16 (rejecting bifurcation where the moving party did not identify "particular factors that distinguish the potential for prejudice here from that which is normally dealt with through an appropriate charge and curative instructions.").

But more importantly, bifurcating or trifurcating this trial would significantly prejudice *Mr. Bozella*. For one, the County's last-minute attempt to thwart the trial schedule set by this Court is yet another tactic to postpone Mr. Bozella's day in Court. *See, e.g.*, Order, dated Dec. 12, 2014 [Dkt. No. 244] (denying County's motion to postpone trial). And more substantively, the "materiality" issue, which asks the jury to consider only the *Brady* Evidence and the evidence admitted at Mr. Bozella's criminal trials, would permit the County to introduce all of its admissible evidence of Mr. Bozella's supposed guilt during the liability phase of the trial. But Mr. Bozella, under the County's proposal, would be unable to introduce much of his evidence of innocence (or even testify at all) until the damages phase of his trial.

Moreover, under the County's proposal, Mr. Bozella would not be permitted to re-introduce relevant evidence even if the jury found for him on liability. *See* Trifurcation Mem. at 9 ("Additionally by trying both liability and damages in separate phases before the same jury there will be no need to have repetitive testimony." (internal quotation marks omitted)). What this really amounts to is a tactical effort by the County to cabin certain evidence in a way that strips it of context or logical order. For example, the County would presumably seek to preclude Mr. Bozella from reintroducing in the "damages phase" the very evidence and contextual testimony that a jury would already have concluded was "material" such that it undermined their confidence in Mr. Bozella's criminal verdict—i.e. the evidence which is arguably most probative of his innocence. Under the County's unfair approach, when the damages issue comes up two phases later in the trial, Mr. Bozella could no longer discuss the

11

*Brady* evidence (although that is highly relevant to the damages issue) and the jury would have to recollect that testimony from an earlier phase where they heard it in a different context. Again, this has nothing to do with efficiency or convenience and everything to do with the County's goal of deconstructing the trial into a series of fragmented and disjointed elements that will render the entire case confusing and sap evidence relevant to both liability and damages of its probative value on damages.

## IV.    THE COUNTY'S DERIVATIVE MOTION IN LIMINE TO PRECLUDE MR. BOZELLA AND OTHER WITNESSES FROM TESTIFYING UNTIL "THE FINAL PHASE" OF TRIAL SHOULD BE DENIED FOR THE SAME REASONS AND MR. BOZELLA'S TESTIMONY IS RELEVANT TO LIABILITY

### A.    This Motion Is Derivative of the County's Trifurcation Motion and Should Be Denied

The County moves to preclude Mr. Bozella, Dr. Sanford Drob, Bob Jackson, and Trena Bozella from testifying "until the final phase on damages" (the "Final Phase Motion"). *See* Def.'s Mem. of Law in Supp. of Def.'s Mot. in *Limine* to Preclude Pl. and Other Damage Witnesses from Testifying Until the Final Phase of Trial [Dkt. No. 226] ("Final Phase Mem.") at 1; *id.* at 1 n.1. The Final Phase Motion is derivative of the County's Trifurcation Motion as it starts with the premise that there will be more than one "phase" of trial—the County itself notes that this motion is filed "in conjunction with the motion for trifurcation." Final Phase Mem. at 1. For the reasons described above, the Trifurcation Motion should be denied in its entirety. *See supra*. If the Court rejects the County's motion for trifurcation, it should reject this motion as moot. *See, e.g., Point Prods. A.G. v. Sony Music Entm't, Inc.*, 215 F. Supp. 2d 336, 347 (S.D.N.Y. 2002) (denying a motion in limine as moot where a decision on another motion in limine negated the premise of the second motion in limine).

12

### B.      Contrary to the County's Assertion, Mr. Bozella's Testimony is Relevant and Non-Prejudicial

The County claims that Mr. Bozella's testimony is irrelevant to the County's liability—specifically, the County asserts that his testimony is irrelevant to the "materiality" element of his *Brady* claim and to whether the County maintained a *Brady* policy.  Final Phase Mem. at 1-4.  Not so.

As the County explains, the "materiality" analysis in the *Brady* portion of Mr. Bozella's § 1983 claim requires the jury to weigh the impact of the suppressed evidence in light of the evidence actually presented at trial.  Final Phase Mem. at 2-3; *see, e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 441-54 (1995) (detailing the evidence *admitted at trial* and assessing the impact the suppressed evidence would have had on the probity of the admitted evidence); *United States v. Bagley*, 473 U.S. 667 (1985) (the "materiality" question asks whether there was a reasonable probability that the withheld evidence, combined with the evidence actually presented at trial, would have resulted in a different verdict); *United States v. Petrillo*, 821 F.2d 85, 89 (2d Cir. 1987) (noting that materiality "must be judged in the light of all the evidence *presented at trial*" (emphasis added)).  Mr. Bozella's testimony is directly relevant to this issue.

As he disclosed in his Joint Pre-Trial Order, Mr. Bozella will testify that he was wrongfully convicted of the Crapser Murder.  Joint Pre-Trial Order [Dkt. No. 203] at 7.  His testimony will cover various aspects of his criminal trials, including events that took place pre-trial and during his trials.  Mr. Bozella will provide testimony about whether the *Brady* Evidence was disclosed (a fact the County does not appear to contest in its Final Phase Motion), what evidence was presented against him at trial, and how the *Brady* Evidence might have affected the outcome of his trial.  His testimony is as competent on these relevant subjects as any other witness, including Mickey Steiman.  In fact, the County deposed Mr. Bozella on precisely these

13

topics.  *See, e.g.*, Tr. of Dep. of Dewey R. Bozella 119:17-21, Nov. 7, 2012 [Dkt. No. 151, Ex. R] ("Q:  Clearly you heard at your trials Moseley testify that he and you broke into Emma Crasper's home on June 14th, 1977; you heard him say that, right? A: Did he get up on the stand and said that I was the one that did it? The answer is yes.").

As discussed above, the same evidence that is relevant to "materiality" is relevant to the policy, custom, or practice issue because the DCDAO's actions in Mr. Bozella's case "perfectly illustrate" the problem with its disclosure police, custom, or practice.  *See supra* at 6; *see, e.g.*, Firsenbaum Decl. Ex. 8 31:18-23.  Therefore, Mr. Bozella's testimony on "materiality" is equally relevant to the policy, custom, or practice portion of his § 1983 claim.

Finally, the County argues that Mr. Bozella's testimony "must be excluded under Fed. R. Evid. 403" because its probative value "is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury."  Final Phase Mem. at 5 (alteration omitted).  Again, not so.  *First*, the County does not address Mr. Bozella's testimony on events prior to his trials, the evidence presented at trial, and the impact the suppressed evidence might have had on his trials in its prejudice argument; that testimony is directly relevant to the County's liability and non-prejudicial.  *See supra*; Final Phase Mem. at 5.  *Second*, to the extent that some of Mr. Bozella's testimony is only relevant to damages, the Court can issue a routine limiting instruction to the jury.  *See, e.g.*, *Manganiello v. Agostini*, No. 07 Civ. 3644, 2008 U.S. Dist. LEXIS 99181, at *26-30 (S.D.N.Y. Dec. 9, 2008) (denying bifurcation of liability and damages where limiting instructions to the jury on the relevance of testimony was sufficient to clarify the relevance of testimony), *aff'd sub nom. Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010); *see also Britt v. Garcia*, 457 F.3d 264, 272 (2d Cir. 2006) ("It is a fundamental proposition that a jury is presumed to follow the instructions of the trial judge.").

14

## CONCLUSION

For these reasons, Mr. Bozella respectfully requests that the Court deny the Trifurcation Motion and the Final Phase Motion.

Dated: December 17, 2014                      Respectfully submitted,

                                              **WILMER CUTLER PICKERING
                                                 HALE AND DORR LLP**

                                              By: /s/ Peter J. Macdonald
                                              Peter J. Macdonald
                                              Ross E. Firsenbaum
                                              Shauna K. Friedman
                                              7 World Trade Center
                                              250 Greenwich Street
                                              New York, NY 10007
                                              Tel: (212) 230-8800
                                              Fax: (212) 230-8888

                                              *Attorneys for Plaintiff Dewey R. Bozella*

15