UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWEY R. BOZELLA,<br><br>      Plaintiff,<br><br>   v.<br><br>THE COUNTY OF DUTCHESS,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   **No. 10 Civ. 4917 (CS)**<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF DEWEY R. BOZELLA'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTIONS IN LIMINE TO EXCLUDE (I) DUTCHESS COUNTY'S EXHIBIT YY ("CERTIFIED" COPIES OF CITY OF POUGHKEEPSIE POLICE REPORTS) [DKT. NO. 204], (II) THE MCKINNEY DOCUMENT AND THE MCKINNEY STATEMENT [DKT. NO. 214], AND (III) THE GRAY DOCUMENTS, GRAY STATEMENTS, HUNTLEY STATEMENT, AND SMITH REPORT [DKT. NO. 236]**

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

**TABLE OF CONTENTS**

Page

ARGUMENT ..................................................................................................................................2

    I.    THE ANCIENT DOCUMENT RULES DO NOT SUPPORT ADMISSION OF ANY OF THE SUSPECT EVIDENCE IN THIS CASE ..................................2

    II.    THE HEARSAY EXCEPTION FOR STATEMENTS IN ANCIENT DOCUMENTS DOES NOT CURE MULTIPLE LEVELS OF HEARSAY PRESENT IN NEARLY ALL OF THE SUSPECT EVIDENCE ...........................5

    III.    THE ANCIENT DOCUMENT AUTHENTICATION RULE DOES NOT CURE CONDITIONAL RELEVANCY PROBLEMS WITH COUNTY TRIAL EXHIBIT YY ..............................................................................................8

CONCLUSION .................................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agric. Ins. Co. v. Ace Hardware Corp.*,
 214 F. Supp. 2d 413 (S.D.N.Y. 2002)..................................................................................5

*Arasimowicz v. Bestfoods, Inc.*,
 81 F. Supp. 2d 526 (S.D.N.Y. 2000)....................................................................................6

*Columbia First Bank, F.S.B. v. United States*,
 58 Fed. Cl. 333 (Fed. Cl. 2003) ....................................................................................2, 4, 6

*Connecticut Nat'l Bank v. Germain*,
 503 U.S. 249 (1992)..............................................................................................................7

*Hicks v. Charles Pfizer & Co.*,
 466 F. Supp. 2d 799 (E.D. Tex. 2005)..................................................................................8

*Langbord v. U.S. Dep't of Treasury*,
 No. CIV.A. 06-5315, 2011 WL 2623315 (E.D. Pa. July 5, 2011)........................................6

*Maxwell v. Roe*,
 628 F.3d 486 (9th Cir. 2010), *cert. denied*, 132 S. Ct. 611 (2012)..........................................4

*United States v. Hajda*,
 135 F.3d 439 (7th Cir. 1998) ................................................................................................6

*United States v. Portrait of Wally*,
 663 F. Supp. 2d 232 (S.D.N.Y. 2009)..................................................................................6

*United States v. Stelmokas*,
 No. 92-3440, 1995 U.S. Dist. LEXIS 11240 (E.D. Pa. Aug. 2, 1995) .....................................6

*Wood v. United States*,
 41 U.S. 342 (1842)................................................................................................................7

**RULES**

Fed. R. Evid. 104(b)......................................................................................................................8

Fed. R. Evid. 401 ..........................................................................................................................8

Fed. R. Evid. 802 ..........................................................................................................................7

Fed. R. Evid. 803(16)............................................................................................................ passim

Fed. R. Evid. 805 ..................................................................................................................5, 6, 7

Fed. R. Evid. 901(b)(8) ...........................................................................................................1, 2

**OTHER AUTHORITIES**

Gregg Kettles, *Ancient Documents and the Rule Against Multiple Hearsay*, 39 Santa
    Clara L. Rev. 719 (1999) .........................................................................................................8

2 Kenneth S. Broun et al., McCormick On Evid. § 323 (7th ed. 2013)............................................4

5 *Weinstein's Federal Evidence* § 901.11[4][a] ..............................................................................2

5 *Weinstein's Federal Evidence* § 803.18.......................................................................................2

Mr. Bozella respectfully submits this reply memorandum of law in further support of his Motions in Limine To Exclude (i) Dutchess County's Exhibit YY ("Certified" Copies of City of Poughkeepsie Police Reports) [Dkt. No. 204]; (ii) the McKinney Document and the McKinney Statement [Dkt. No. 214]; and (iii) the Gray Documents, Gray Statements, Huntley Statement, and Smith Report [Dkt. No. 236].

The County relies on the "ancient document" exception to the hearsay rule and the "ancient document" rationale for authentication to justify admission of (at least)[1] six categories of evidence now that were inadmissible in Mr. Bozella's 1983 and 1990 criminal trials (the "Suspect Evidence").[2] But the ancient document rules do not permit admission where, as here, the "ancient document" was created in anticipation of litigation, there existed at that time a motive to falsify such evidence, and the document is being offered for the same reason it was

---

[1] Indeed the County appears to argue that *all* documentary evidence in this case is authentic and not hearsay under the ancient document rules. *See* Def.'s Response to Pl.'s Counter-Statement of Material Facts [Dkt. No. 175] ¶¶ 3-4. But the County cannot seriously believe in its own position since it asserts at least six authenticity and eighteen hearsay objections to documents that Mr. Bozella has designated as trial exhibits that are over 20 years old and, therefore, also would be authentic and admissible as "ancient documents" under the County's overly-simplistic view of the rules of evidence. *See* Joint Pre-Trial Order [Dkt. No. 203] app. B at i-iv (Exs. 7-8, 11-20, 24-27, 49-50). Thus, the County's own conduct contradicts its implicit contention that documents not admitted in Mr. Bozella's criminal trials (and every statement contained within such documents), have become admissible simply because over 20 years have passed. *See infra*.

[2] *See* Mem. of Law in Opp'n to Pl.'s Mot. in Limine to Exclude the McKinney Document and the McKinney Statement ("McKinney Opp'n Mem.") [Dkt. No. 261] at 9, 13-14 (relying on Rule 803(16) to admit both the McKinney Document and McKinney Statement for the truth and Rule 901(b)(8) to authenticate the McKinney Statement); Mem. of Law in Opp'n to Pl.'s Mot. in Limine to Exclude the Gray Document, Huntley Statement, and Smith Report ("Gray Opp'n Mem.") [Dkt. No. 262] at 4-5, 7, 8, 9-10 (relying on Rules 901(b)(8) and 803(16) to authenticate and admit for the truth the Gray Documents, Gray Statements, Huntley Statement, and Smith Report); Mem. of Law in Opp'n to Pl.'s Mot. in Limine to Exclude Dutchess County's Exhibit YY ("Certified" Copies of City of Poughkeepsie Police Reports) ("Ex. YY Opp'n Mem.") [Dkt. No. 260] at 6-7 (relying on Rule 901(b)(8) to authenticate the County's Exhibit YY).

created decades ago.  Accordingly, none of the Suspect Evidence is admissible and the Court should grant Mr. Bozella's motions in limine.[3]

## ARGUMENT

**I.     THE ANCIENT DOCUMENT RULES DO NOT SUPPORT ADMISSION OF ANY OF THE SUSPECT EVIDENCE IN THIS CASE**

The ancient document rules do not support admission of any of the Suspect Evidence. Certain ancient documents can be deemed authentic if they are over 20 years old because of the "unlikeliness of a still viable fraud after the lapse of time."  See Fed. R. Evid. 901(b)(8) Advisory Committee Notes; see also 5 Weinstein's Federal Evidence § 901.11[4][a] ("Rule 901(b)(8) is designed not so much as a mode of admitting evidence when no attesting witnesses are available, but as a method for admitting evidence of apparent authenticity when there is little likelihood of a long-standing fraud.").  Similarly, certain ancient documents are exempt from the rule against hearsay where "age affords assurance that the writing antedates the present controversy."  Fed. R. Evid. 803(16) Advisory Committee Notes; see 5 Weinstein's Federal Evidence § 803.18 ("Even if the document is of the requisite age and meets authentication requirements, the judge may exclude it if, at the time the document was written, a motive for misrepresentation already existed, so that the possibility of prejudice or confusion outweighs any probative value the document may have."); see also Columbia First Bank, F.S.B. v. United States, 58 Fed. Cl. 333, 336 (Fed. Cl. 2003) ("[u]nless the opponent can show that the proffered document is tainted by the anticipation of future litigation, the twenty-year period established by the rule gives a threshold assurance of trustworthiness in the circumstances of this case." (emphasis added)).

---

[3] This reply memorandum is limited to addressing the County's invocation of the ancient document rules in its memoranda opposing Mr. Bozella's motion in limine.  Mr. Bozella disagrees with other statements made in the County's opposition memoranda and will be prepared to address other flaws in the County's arguments at the January 8, 2015 pre-trial conference.

2

These rationales for allowing certain ancient documents into evidence have no application here. The County readily admits that all of the Suspect Evidence was created in anticipation of Mr. Bozella's criminal trials for the Crapser Murder. *See* Pl.'s Mem. of Law in Supp. of Mot. in Limine to Exclude the McKinney Doc. and the McKinney Statement ("Pl.'s McKinney Mem.") [Dkt. No. 215] at 1, 4-5 (McKinney Document and McKinney Statement purportedly created and/or collected in July 1983 as part of DCDAO's preparation for trial); Pl.'s Mem. of Law in Supp. of Mot. in Limine to Exclude the Gray Documents, Gray Statements, Huntley Statement, and Smith Report ("Pl.'s Gray Mem.") [Dkt. No. 235] at 4-5, 7-8 (Gray Documents and Statements purportedly created and/or collected in 1977 and Smith Report created in April 1983 as part of DCDAO's initial investigation); Firsenbaum Decl. [Dkt. No. 241] Exs. 29, 30, 50 (Huntley Notices issued in May and June 1983 in anticipation of the 1983 trial); Pl.'s Mem. of Law in Supp. of Mot. in Limine to Exclude Dutchess County's Exhibit YY ("Pl.'s Exhibit YY Mem.") [Dkt. No. 205] at 3 (certified police reports allegedly produced on November 16, 1990 in anticipation of Mr. Bozella's 1990 trial). And each was created and/or collected by the DCDAO *on the precise issues on which the County would seek to introduce them in this case*: (i) the County seeks to introduce the McKinney Statement, McKinney Document, Gray Documents, Gray Statements, and Smith Report to prove Mr. Bozella's supposed culpability for the Crapser Murder to rebut his claim of innocence;[4] and (ii) the County

---

[4] The County contends that it seeks to introduce certain evidence not for its truth, but to show what the police and prosecution knew prior to Mr. Bozella's trials in order to rebut Mr. Bozella's purported claim that ADA O'Neill "railroaded" Mr. Bozella. *See, e.g.*, McKinney Opp'n Mem. at 9 ("[T]he County can offer Bozella's confession to show what information about Bozella's involvement in the Crapser Murder ADA O'Neill knew prior to Bozella's criminal trials."); Gray Opp'n Mem. at 6 ("[T]he Gray [Documents] are admissible for a non-hearsay use—not to prove that what is stated in the transcripts is true but to show what was known by the police and prosecution and by Plaintiff's trial counsel before his criminal trials."). But the County cannot admit the evidence for such purpose. Mr. Bozella has no claim pending against

3

seeks to rely on Exhibit YY and the Huntley Notices to demonstrate that the DCDAO satisfied its disclosure obligations.  Each document was created and/or collected with the very purpose of demonstrating the fact of consequence that the County now seeks to demonstrate through the introduction of these documents (innocence and disclosure).  As such, at the time these documents were created, there already existed a significant motive for misrepresentation; each was "tainted by the anticipation of future litigation," *see Columbia First Bank, F.S.B.*, 58 Fed. Cl. at 336, and the evidence does not predate the current controversy in such a way that it is "less likely that the declarant had a motive to falsify," or that "the statements are almost certainly uninfluenced by partisanship," *see* 2 Kenneth S. Broun et al., McCormick On Evid. § 323 (7th ed. 2013).

     The McKinney Document and McKinney Statement are the most tainted of all.  The supposed involvement of the "wheeler and dealer" jailhouse informant McKinney, *see* Pl.'s McKinney Mem. [Dkt. No. 215] at 2, casts significant doubt on the reliability of those documents:  McKinney would have had a significant self-interest in implicating Mr. Bozella in his oral statement to ADA James O'Neil to demonstrate his willingness to cooperate and in falsifying the McKinney Document to corroborate his oral statement to demonstrate that he was a reliable informant.  *See, e.g.*, *Maxwell v. Roe*, 628 F.3d 486, 504 (9th Cir. 2010) ("we have recognized the unreliability of jailhouse informants—who are themselves incarcerated criminals with significant motivation to garner favor—and on occasion have granted habeas or other relief

---

ADA O'Neill and is not asserting a malicious prosecution claim against the County.  Rather, Mr. Bozella's § 1983 claim to be tried is that his *Brady* rights were violated pursuant to Dutchess County's *Brady* disclosure policy, custom, or practice.  *See* Am. Compl. [Dkt. No. 80] ¶¶ 205-213.  Whether the DCDAO or ADA O'Neill intended to "railroad" Mr. Bozella is not relevant to any element of that claim.

where a defendant was convicted as a result of fabricated or potentially fabricated testimony."), *cert. denied*, 132 S. Ct. 611 (2012).

The Gray Documents are also particularly tainted.  The DCDAO has never produced the underlying tape recording because the City of Poughkeepsie Police *destroyed* it in 1980.  Pl.'s Gray Mem. [Dkt. No. 235] at 5.  Admitting these documents into evidence after Judge Hillery determined that they were unreliable for the very purpose the County seeks to admit them simply because decades have passed would border on the absurd.  *See* Firsenbaum Decl. Ex. 10 (1990 Trial Tr.) at 875:23-904:17, 945:8-21 (excluding Gray Documents from evidence).

## II.    THE HEARSAY EXCEPTION FOR STATEMENTS IN ANCIENT DOCUMENTS DOES NOT CURE MULTIPLE LEVELS OF HEARSAY PRESENT IN NEARLY ALL OF THE SUSPECT EVIDENCE

The County argues incorrectly that the ancient document rule cures multiple levels of hearsay to justify admission of (i) hearsay statements within the hearsay McKinney Statement, *see* McKinney Opp'n Mem. [Dkt. No. 261] at 13-14; and (ii) hearsay statements within the hearsay Gray Documents, Gray Statements, Huntley Notices, and Smith Report, *see* Gray Opp'n Mem. [Dkt. No. 262] at 7-10.  But the County's argument is contrary to the plain text of the Federal Rules of Evidence and the overwhelming weight of authority holding that each level of hearsay in an ancient document must independently meet an exception to the rule against hearsay.

For hearsay statements within hearsay statements, Federal Rule of Evidence 805 requires that a court examine each level of hearsay independently and conclude that each level is subject to an exception before admitting the hearsay within hearsay into evidence.  *See* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay *if each part of the combined statements conforms with an exception to the rule*." (emphasis added)); *see, e.g.*, *Agric. Ins. Co. v. Ace Hardware Corp.*, 214 F. Supp. 2d 413, 416 n.3 (S.D.N.Y. 2002) ("Double hearsay is not

5

admissible unless each level of hearsay is covered by an exception to the hearsay rule."). The plain text of Rule 805 does not include an exception for ancient documents and the plain text of the ancient document exception to the hearsay rule does not include an exception to Rule 805. *See* Fed. R. Evid. 805; Fed. R. Evid. 803(16). Consistent with the plain meaning of these rules, every court except one (to this firm's knowledge) that has directly addressed the issue of whether Rule 805 applies to putative ancient documents has concluded that Rule 805 applies with full force. *See, e.g.*, *United States v. Hajda*, 135 F.3d 439, 444 (7th Cir. 1998) ("If the [ancient] document contains more than one level of hearsay, an appropriate exception must be found for each level."); *Columbia First Bank, F.S.B.*, 58 Fed. Cl. at 338 (Rule 805 applies to documents admitted under Rule 803(16), noting that "the weight of authority distinguishes between single hearsay and double hearsay in ancient documents" and that if hearsay within documents admitted pursuant to Rule 803(16) were not subject to the hearsay within hearsay rule, "Rule 805 would be superfluous"); *United States v. Stelmokas*, No. 92-3440, 1995 U.S. Dist. LEXIS 11240, at *17-18 (E.D. Pa. Aug. 2, 1995) ("As a general matter, evidence admitted under the hearsay exceptions in Rule 803 remains subject to the multiple hearsay requirement of Rule 805. If the law were otherwise, Rule 805 would be rendered superfluous.").

The County relies on the clear minority view—a single district court case from Pennsylvania—to argue that each level of hearsay need not be independently admissible. McKinney Opp'n Mem. at 13-14 (citing *Langbord v. U.S. Dep't of Treasury*, No. CIV.A. 06-5315, 2011 WL 2623315, at *17 (E.D. Pa. July 5, 2011)); *see* Gray Opp'n Mem. at 7 (same).[5]

---

[5] The County also argues incorrectly that "[p]rior applications of the ancient documentation exception by courts in this District indicate, without expressly discussing the 'hearsay within hearsay rule,' that once a document is authenticated, all statements in it are admissible." McKinney Opp'n Mem. at 14 (citing *Arasimowicz v. Bestfoods, Inc.*, 81 F. Supp. 2d 526, 528 (S.D.N.Y. 2000); *United States v. Portrait of Wally*, 663 F. Supp. 2d 232, 253

But the overwhelming majority view is the better one, as it is consistent with the plain text of the Federal Rules of Evidence and the underlying justifications of the ancient document hearsay exception and the rule regarding multiple hearsay. As one court explained:

> The crucial issue . . . is whether Rule 803(16) inoculates all assertive statements contained within an ancient document, including double hearsay, against application of the general prohibition against hearsay contained in Rule 802. The rationale of Rule 803(16) in permitting the admission of statements in ancient documents where the author is the declarant does not justify the admission of double hearsay merely because of its presence in an ancient document. The danger of faulty perception persists unabated because a narrator, such as a reporter, may not properly record the remarks of the speaker. More generally, the risk of deception or mistake is compounded with each additional layer of hearsay, as any error will inevitably be passed on regardless of the accuracy or sincerity of the author of the ancient document or prior relators.
>
> . . .
>
> Better reasoned authority indicates that the ancient documents exception permits the introduction of statements only where the declarant is the author of the document. Even if a document qualifies as ancient under Rule 803(16), other hearsay exceptions must be used to render each individual layer of hearsay admissible. This interpretation best reconciles the underlying justifications of Rule 803(16) with the limitations of Rule 805. Rule 805 provides that "hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule. . ." Fed. R. Evid. 805. As long as there is no positive repugnancy' between two laws . . . a court must give effect to both." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) (citing *Wood v. United States*, 41 U.S. 342 (1842)). Rule 805 would be superfluous if the explicit hearsay exceptions excused double hearsay. Therefore, the canons of statutory interpretation compel this court to give effect to Rule 805 as well as Rule 803(16), rendering the newspaper articles

---

(S.D.N.Y. 2009). In *Arasimowicz*, there was only one level of hearsay. *See Arasimowicz*, 81 F. Supp. 2d at 531. In *United States v. Portrait of Wally*, the court did not address the hearsay within hearsay issue (and there was no question that the documents at issue predated the litigation and had assurances of trustworthiness). *See* 663 F. Supp. 2d at 255-57.

>   inadmissible under the ancient documents exception to the hearsay
>   rule.

*Hicks v. Charles Pfizer & Co.*, 466 F. Supp. 2d 799, 805-07 (E.D. Tex. 2005) (most internal citations and quotations omitted); *see also* Gregg Kettles, *Ancient Documents and the Rule Against Multiple Hearsay*, 39 Santa Clara L. Rev. 719 (1999) (noting that the legislative history of Rule 803(16) confirms that statements within ancient documents are subject to the rule against multiple hearsay; statements in ancient documents were subject to the rule against multiple hearsay under the common law; the few decisions that had (at the time the article was written) addressed the issue concluded that statements in ancient documents were subject to the rule against multiple hearsay; and making statements in ancient documents subject to the rule against multiple hearsay is good policy).

### III.  THE ANCIENT DOCUMENT AUTHENTICATION RULE DOES NOT CURE CONDITIONAL RELEVANCY PROBLEMS WITH COUNTY TRIAL EXHIBIT YY

The County improperly relies on the ancient documents authentication rule to authenticate County Exhibit YY as certified police reports that were supposedly delivered to the Court during Mr. Bozella's 1990 trial.  Ex. YY Opp'n Mem. at 6-7.

Even if the County *could* authenticate evidence via the ancient documents rule—here Exhibit YY—(and it cannot, *see supra*), the evidence must still be *relevant*.  Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *See* Fed. R. Evid. 401.  And "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."  Fed. R. Evid. 104(b).

The County's proffered evidence—that the 20-year old document "was found bound together with the certification stamp that was dated the return date of the subpoena on the back

8

of the first page" and that the document was "found bound together in the District Attorney's files for the prosecution in which the Subpoena was served," Exhibit YY Opp'n Mem. at 6-7—would, *at most*, authenticate the documents as files of the DCDAO. Such evidence does not speak at all to whether such records were actually delivered to Judge Hillery's courtroom in response to any subpoena. The relevance of these records "depend[] on whether [they were *delivered*]," and the County has not offered *any* proof "sufficient to support a finding" that these records were actually delivered to the court in 1990. *See* Fed. R. Evid. 104(b).[6]

## CONCLUSION

For these reasons, the Court should reject the County's reliance on the ancient documents rules and grant Mr. Bozella's motions in limine.

Dated: December 29, 2014

Respectfully submitted,

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By:  /s/ Peter J. Macdonald
Peter J. Macdonald
Ross E. Firsenbaum
Shauna K. Friedman
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiff Dewey R. Bozella*

---

[6] The only witness that the County identifies as able to lay foundation to authenticate Exhibit YY as a document from the DCDAO's files is ADA Edward Whitesell. *See* Ex. YY Opp'n Mem. at 5-7. But Mr. Whitesell cannot lay an appropriate foundation for the County's contention that Exhibit YY was actually delivered to the Court in 1990, since he had nothing to do with Mr. Bozella's 1990 trial. *See* Affirmation of Patrick T. Burke in Support of Mot. Summ. J. Ex. KK [Dkt. No. 152] at 44:14-45:2 ("Q: But you said you recall some discussion about this case. Are you referring to the second criminal prosecution of Mr. Bozella? A: Yes, the 1990 trial. Q: Okay. But you did not participate in that trial, I take it? A: No. Q: Okay. Not even in some procedural respect on a pre-trial basis? A: No.").