UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

DEWEY R. BOZELLA,                                    10 CV 4917

                              Plaintiff,

       v.

THE COUNTY OF DUTCHESS,

                              Defendant.

------------------------------------------------------------------

---

## DEFENDANT COUNTY OF DUTCHESS SUR REPLY MEMORANDUM IN RESPONSE TO (DKT. NO. 275) IN FURTHER SUPPORT OF ITS MOTIONS IN LIMINE (DKT. NOS. 204, 214 AND 236)

---

Michael K. Burke
Burke, Miele, & Golden LLP
*Attorneys for the Defendant*
*County of Dutchess*
40 Matthews Street, Suite 209
P. O. Box 216
Goshen, New York 10924
845-294-4080

Defendant County of Dutchess (hereinafter "County") submits the within memorandum to address Plaintiff's discussion of Fed. 803 (16) in its reply memorandum (Dkt No. 275) in support of its motions in limine (Dkt Nos. 204, 214, and 236) seeking the preclusion of various documents that Defendant seeks to offer at trial.  The County will not endeavor to answer here the multiple misstatements of fact contained in Dkt  No. 275, but its silence on the those points should not be construed as acquiescence in or acknowledgement of the factual misstatements contained in Dkt No. 275 and Plaintiff's other submissions.   Instead, we demonstrate how Plaintiff's interpretation of Fed. R. Evid. 803(16) ignores the plain language of the Fed. R. Evid. 806 (13) and Second Circuit precedent.

*1. The Text of Fed. R. Evid. 803 (16) Supports Defendant's Reading of the Rule*

The Court must interpret the Federal Rules of Evidence as it would any statute.  *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 587 (1993). See also *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 511 (1989). While Plaintiff and the cases he cites rely on the Notes of the Advisory Committee to Rule 803, traditional canons of statutory interpretation require that legal analysis begin with the language of the statute. The general rule is that a statute should be interpreted according to its clear and plain meaning. *Cf. United Air Lines, Inc. v. McMann,* 434 U.S. 192, 199 (U.S. 1977)(noting that legislative history is irrelevant if the language of a statute is unambiguous).

Fed. R. Evid. 803(16), states in pertinent part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> (16) Statements in Ancient Documents. A statement in a document that is at least 20 years old and whose authenticity is established.

Obviously, the plain language of the Rule 803(16) exempts all statements within an ancient document from the prohibition against the admission of hearsay.   Or as one scholar noted:

> The text, underlying purpose, and rationale of Rule 803(16) each supports a broad interpretation. Rule 80[3](16) simply says, "statements in a document," not "statements in a document made on personal knowledge of the documents creator." Thus, a newspaper article over twenty years old reporting any event is admissible even if the article states that information was received from third parties, i.e., the context of the article is not solely within the personal knowledge of the creator or creators of the document.

*Langbord, v. U.S. Dept. of Treasury*, v. Ten 1933 *Double Eagle Gold Pieces*, Civ. No. 06-5315 2011 U.S. Dist. LEXIS 71779 (E.D. Pa. 2011) *55-*56, quoting. Professor Michael H. Graham, Wright & Miller's Federal Prac. & Proc. § 7057, *Rule 803(6)*: Statements in Ancient Documents (2010).[1]

Rule 805's general prohibition against "hearsay within hearsay" does not mandate the narrower construction of Rule 803 (16) that Plaintiff advocates and some courts have adopted. *See, e.g.*, *Hicks v. Charles Pfizer & Co. Inc.*, 466 F. Supp. 2d 799, 806 (E.D. Tex. 2005)(a separate hearsay exception must apply to each layer of hearsay contained within the ancient document to warrant admission of the specific statement into evidence.") (citing *United States v.*

---

[1] Indeed, even those who espouse a narrower reading of Fed. R. Evid. 803(16) acknowledge:

> Based on the text of the Rules of Evidence and the plain language of Rule 803(16), a compelling argument can be made that statements in ancient documents are not subject to the rule against multiple hearsay." Rule 803(16) is not limited to non-hearsay statements or statements about which the author has personal knowledge. Because Rule 803(16) does not contain additional qualifications, it suggests that all statements in ancient documents are admissible for the truth of the matters asserted, regardless of the number of levels of hearsay present.

Gregg Kettles, Ancient Documents and the Rule Against Multiple Hearsay, (hereinafter "KETTLES") 39 Santa Clara L. Rev. 719, 725 (1999). Available at: http://digitalcommons.law.scu.edu/lawreview/vol39/iss3/2.

*Bronislaw Hajda*, 135 F.3d 439, 444 (7th Cir. 1998).  To the contrary, as the District Court noted in *Langbord*:

> The arguments made in favor of requiring a different hearsay exception for all but the document itself--primarily focused on the danger of reading Rule 805's multiple-hearsay rule out of existence--miss the mark. Rule 803(16) provides a broad hearsay exception that applies to any level of hearsay within an ancient document. That is, even following Rule 805's mandate that a court examine each level of hearsay independently, Rule 803(16) supplies the grounds by which each level within an ancient document becomes admissible. Accordingly, the Court rejects the Langbords' contention that any but the first level of hearsay within an ancient document requires its own hearsay exception. The Government need only authenticate a document under Rule 901(b)(8) in order for the statements therein to be admissible to prove the truth of the matter asserted.

*Langbord*, 2011 U.S. Dist. LEXIS 71779 at *57.

*See also*, KETTLES, 39 Santa Clara L. Rev. at 725 (acknowledging that it can be argued "Rule 805's exclusion of double hearsay is a rule of general applicability that cannot be interpreted to apply to statements in ancient documents. The admissibility of such statements would be specifically addressed by Rule 803(16)." The author, however, argues for a more restrictive reading of Rule 803(16).).

The two reported Second Circuit decisions that the County has found share the *Langbord* court's plain language approach to Fed. R. Evid. 803 (16), and have rejected the same or similar arguments that Plaintiff makes here.

*2. Second Circuit Precedent Adheres to the Plain Meaning of Fed. R. Evid. 803 (16)*

The Second Circuit has consistently declined to graft onto the plain language of Rule 803(16) the restrictions that Plaintiff urges this Court to adopt.   For example, in *George v. Celotex Corporation*, 914 F.2d 26, 30 (2d Cir. 1990), the Second Circuit rejected defendant Celotex's assertion that a study -- which questioned  the scientific validity of the method used to

monitor asbestos at manufacturing plants -- was " improperly admitted as it is hearsay not within any of the exceptions to the hearsay rule." 914 F.2d at 30.   The Second Circuit noted that it could find no case law or commentary:

> that limit the scope and application of the ancient documents exception to the hearsay rule in the manner suggested by the defendant. Accordingly, we conclude that the report was properly admitted as an ancient document pursuant to Fed. R. Evid. 803(16).

*Id.*

In *Martha Graham School and Dance Foundation, Inc., v. Martha Graham Center Of Contemporary Dance, Inc.*, 380 F.3d 624, 643 (2d Cir. 2004), a dispute over ownership of the copyright for dances created by Martha Graham, the Second Circuit rejected an argument that statements in two  letters admitted under Rule 803(16)'s exception for ancient documents were inadmissible hearsay.   The Second Circuit found:

> . . . the only evidence that Graham had assigned the entire group of her pre-1956 dances (non-commissioned and unpublished) to the Center are two letters from Lee Leatherman, the Center's Executive Administrator at that time, written in 1968 and 1971. These letters indicated that "recently Miss Graham assigned performing rights to all of her works to the Martha Graham Center of Contemporary Dance, Inc.," and that "Martha has assigned all rights to all: of her works to the Martha Graham Center, Inc." The Appellants contend that these letters are hearsay and were impermissibly considered.  These two letters, both "in existence 20 years or more at the time [they were] offered" as evidence, see Fed. R. Evid. 901(b)(8)(C), were authenticated as ancient documents. There was no reason to suspect authenticity. See id. 901(b)(8)(A). Moreover, Linda Hodes, a witness with relevant knowledge, testified that the letters were what they purported to be. See id. at 901(b)(1). The letters were therefore exceptions to the hearsay rule. See id. at 803(16); see also id. at 807. The District Court did not err in admitting and relying on these letters.

380 F.3d at 643.

Given Plaintiff's allegations that the documents it seeks to exclude were created or collected for the express purpose of prosecuting Plaintiff for the murder of Ms. Crapser, the

4

opinion in *Graham* is especially persuasive.  The author of the letters admitted under Fed. R. Evid. 803 (16) was, at the time the letters were written, employed by the Martha Graham Center, an entity which had an economic interest in claiming ownership of the copyright for the Martha Graham dances.   Indeed, the Martha Graham Center was a party to the litigation in the dispute over ownership of copyrights that resulted in the opinion quoted above.   Consequently, the author of the letters had every reason to tailor to the truth to support the Graham Center's claim of ownership.  Yet the Second Circuit had no qualms about the admission of the letter without demanding that the statements the letter writer attributed to Ms. Graham meet some additional exception to the hearsay rule, even though these letters were the only evidence supporting the Graham Center's claim of ownership of copyrights for Ms. Graham's pre-1956 dances.

The County does not "admit" that all of the evidence that Plaintiff seeks to preclude was created by law enforcement in anticipation of  prosecuting Plaintiff for the murder of Ms. Crapser.  For the purposes of this sur-reply, it suffices to say that all of the arguments that Plaintiff raises regarding the alleged unreliability of the evidence that he seeks to exclude go to the weight of such evidence and not its admissibility. *See, e.g., United States v. Portrait of Wally*, 663 F. Supp. 2d 232, 254 (S.D.N.Y. 2009) (Museum's evidentiary objections were without merit because authenticity of challenged documents was established pursuant to Fed. R. Evid. 901 and "any objections to the trustworthiness of these documents go to their weight, not their admissibility, and (3) the documents fit within the ancient documents exception to the hearsay rule provided in Federal Rule of Evidence 803(16)").  Indeed, that is the law in this Circuit as the *Celotex* and *Graham* opinions and Chief Judge Preska's decision in *Portrait of Wally* demonstrate.

   3.  *Statements within Challenged Documents Are not Hearsay*
       *Or Will Qualify for Admission under An Additional*

*Exception to the Hearsay Rule*

Plaintiff's digression on Fed. R. Evid. 803(16) is largely an academic exercise because assuming *arguendo* that statements in an ancient document admitted pursuant to 803(16) must meet some additional exception to the hearsay rule, the County has already demonstrated that the documents Plaintiff seeks to preclude qualify for admission in this action as nonhearsay or fall within an additional exception to the hearsay rule.

For example, County's Exhibit YY, copies of City of Poughkeespie Police reports are relevant and admissible to prove that the Dutchess County District Attorney's office complied with its constitutional duty to provide exculpatory evidence as required by *Brady*, *Giglio* and *Bagley* . See Dkt. No. 260 Memorandum Of Law In Opposition To Plaintiff's Motion In Limine To Exclude Dutchess County's Exhibit YY ("Certified" Copies Of City Of Poughkeepsie Police Reports) [Dkt No. 204].

The Gray Transcripts are admissible for a non-hearsay use – not to prove that what is stated in the transcripts is true but to show what was known by the police and prosecution and by Plaintiff's trial counsel before his criminal trials. See Dkt No. 262, Memorandum Of Law In Opposition To Plaintiff's Motion In Limine To Exclude The Gray Document, Huntley Statement, And Smith Report [Dkt No. 234].   In addition, the Gray Transcripts memorialize statements from Wayne Moseley that are not hearsay because they "rebut an express or implied charge" Moseley's testimony at Plaintiff's criminal trials "was recently fabricated it" or the product of "a recent improper influence or motive in so testifying" [Fed. R. Evid. 801(d)1](B)(ii)] and they also fall within Fed. R. Evid. 804's exception to the hearsay rule for statements against penal interest [Fed. R. Evid. 804(b)(3)].

6

Plaintiff's statements[2] memorialized in the typed document provided by Mr. McKinney qualify for admission as the statement of a party opponent and/or could be used to impeach Plaintiff should he choose to testify in this action. See Dkt No. 261, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE MCKINNEY DOCUMENT AND THE MCKINNEY STATEMENT at 9.

In short, the Plaintiff's attempt to graft additional restrictions onto Fed. R. Evid. 803(16) ignores the plain text of Rule 803(16), contravenes Second Circuit interpretations and applications of the rule, and would, even if accepted by the Court, present no valid grounds for precluding the documents that he seeks to keep from the jury because all of the documents Defendant seeks to introduce are either nonhearsay or are admissible under an exception to the hearsay rule.

## CONCLUSION

For the above stated reasons, the Court should deny Plaintiff's in limine [Dkt Nos. 204, 214, and 236].

Dated: January 2, 2015
      Goshen, New York


                      /s/ Michael K. Burke

                      Michael K. Burke (MB 7554)
                      BURKE, MIELE & GOLDEN, LLP
                      Attorneys for Defendant
                      40 Matthews Street, Suite 209
                      P.O. Box 216
                      Goshen, New York 10924
                      (845) 294-4080

---

[2] Although Plaintiff continues to disavow this document, Jackie Richardson who was incarcerated with Bozella in July of 1983, will testify that he witnessed Bozella and McKinney draft the typed confession and he saw this signed confession.