# BURKE, MIELE & GOLDEN, LLP

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

KELLY M. NAUGHTON **
PHYLLIS A. INGRAM ***
ASHLEY N. TORRE *

JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS
*** ADMITTED IN NEW YORK & CONNECTICUT

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

ROCKLAND COUNTY OFFICE:

499 ROUTE 304
NEW CITY NY 10956

PLEASE REPLY TO
GOSHEN OFFICE

December 23, 2014

Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Via facsimile (914) 390-4278**

Re:   Bozella v. County of Dutchess
      10 CIV 4917 (CS)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-5-2015

Dear Judge Seibel:

    I am writing on behalf of our client, County of Dutchess ("County"), to respectfully request that the Court deny Plaintiff's request for leave to submit a short reply memorandum to address arguments asserted in three of the County's opposition memoranda of law related to the ancient document hearsay exception.

    First, the parties understood that this Court's Order did not allow for reply memoranda of law on motions *in limine*. Plaintiff is now seeking to submit replies on three of their motions. Plaintiff had the County's opposition memoranda of law since December 17, 2014 but has waited until 5:37 p.m. on December 22, 2014 to request leave to submit replies. Plaintiff's request is improper and should be denied. If the Court is inclined to permit Plaintiff to submit the requested replies, the County should be permitted to also submit replies to Plaintiff's opposition to its motions *in limine* and respectfully requests an opportunity to do so after the holidays.

    Second, Plaintiff had previously objected to the County's reliance on these documents in its Rule 56.1 Statement and, in responding to Plaintiff's hearsay objection at the end of last year, the County expressly relied upon the ancient document hearsay exception. *See* Defendants' Response to Plaintiff's Counter-Statement of Material Facts [Dkt. No. 175] at 2-3, ¶¶ 3-4 (Introductory Procedural Statement Concerning Plaintiff's Response to Defendants' Rule 56.1 Statement) and ¶ 578. *See also* Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment [Dkt. No. 176] at 4. There is no surprise to Plaintiff's counsel that

the County would be relying in part, on the ancient document hearsay exception now. Additionally, based upon this Court's scheduling Order, Plaintiff was well aware that the parties would not have an opportunity to submit replies on their motions *in limine*. Nevertheless, despite having almost a year's notice that the County would rely on the ancient document hearsay exception, and despite its knowledge of this Court's scheduling Order, Plaintiff failed to address this argument in moving to exclude these documents. Plaintiff had an ample opportunity to argue against the ancient document hearsay exception in its initial motion papers and its inexcusable failure to do so does not warrant the submission of a reply under these circumstances.

Third, Plaintiff made no attempt to seek the County's consent prior to requesting leave for such a reply. As Plaintiff is aware, this Court's Individual Practices require a party requesting an adjournment or extension of time to state whether or not the adversary party has consented. *See* Individual Practices of Judge Cathy Seibel, (I)(E). Plaintiff's current request seeks, in part, an adjournment of this Court's original return date for the motions *in limine* – December 17, 2014. Plaintiff failed to seek the County's consent prior to making its request in accordance with your Honor's Individual Practices.

There is no basis for allowing Plaintiff to circumvent this schedule to reply to an argument his counsel has known of since the end of last year. Accordingly, the County respectfully requests that Plaintiff be denied leave to submit a reply. Alternatively, if the Court grants Plaintiff leave to reply, the County respectfully requests an opportunity to similarly submit reply memoranda of law on each of its motions *in limine* after the holidays.

Respectfully,

MICHAEL K. BURKE

cc: Peter J. Macdonald (via facsimile (212) 230-8888)
Ross Firsenbaum (via facsimile (212) 230-8888)
Louis M. Freeman, Esq. (via email)