```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DEWEY R. BOZELLA,

           Plaintiff,

      v.                            10 Civ. 4917(CS)
                                       Settlement
THE COUNTY OF DUTCHESS,

           Defendant.

------------------------------x
                                    White Plains, N.Y.
                                    January 12, 2015
                                    9:30 a.m.
Before:

               THE HONORABLE CATHY SEIBEL,

                       District Judge

                      APPEARANCES

WILMER CUTLER PICKERING HALE and DORR LLP (NYC)
     Attorneys for Plaintiff
PETER J. MACDONALD
ROSS E. FIRSENBAUM
SHAUNA K. FRIEDMAN


BURKE, MIELE & GOLDEN, LLP
     Attorneys for Defendant
MICHAEL K. BURKE
PATRICK T. BURKE
PHYLLIS A. INGRAM

FREEMAN NOOTER & GINSBERG
     Attorneys for Defendant
LOUIS M. FREEMAN


Also Present:   JAMES M. FEDORCHAK, County Attorney
                County of Dutchess
```

151CBOZms

1     THE COURT:  Have at seat, everyone.

2     I guess some stuff has happened since we were last

3  here.  I guess for the record I should state that one of the

4  lawyers e-mailed my law clerk Saturday evening on behalf of

5  everybody, saying an agreement in principle had been reached,

6  subject to some conditions.

7     So who wants to update me?

8     MR. M. BURKE:  Your Honor, if we may go off the record

9  just to have a discussion at the sidebar as to -- everything

10 that's set forth in the e-mails that the Court received is

11 correct, but as far as what's being said on the record, until

12 that secondary condition is met --

13    THE COURT:  Come on up.

14    MR. M. BURKE:  Thank you.

15    (Discussion off the record at the sidebar)

16    THE COURT:  I'm trying to get into my e-mail but my

17 computer is not cooperating, so why don't you, Mr. Macdonald --

18 I think the e-mail was from you.  Why don't you summarize the

19 salient terms of what you said in the e-mail.  And actually,

20 there were two e-mails, one simply regarding the fact that the

21 parties had reached an agreement, and the other discussing the

22 condition of legislative approval.  So why don't go ahead.

23    MR. MACDONALD:  Thank you, your Honor.

24    After the session on Thursday and during the course of

25 the day late Friday and into Saturday, I had a number of

discussions with Mr. Burke, Mr. Michael Burke, and we continued to work on efforts to see if we could reach a resolution while we were, of course, preparing for trial. That agreement was reached. And as reflected in the joint e-mail that was sent from my e-mail account, but over the signature of Mr. Burke, Mr. Michael Burke, and myself on Saturday evening to your law clerk, Mr. Fresco, and it set forth the amount of the settlement agreement and the contingency which, as you've noted, is legislative approval. We were then working to determine the relationship between the timing and process for that legislative approval and the commencement of trial.

        Mr. Fedorchak and I had a number of discussions during the course of the day, Saturday and Sunday, on that topic. And I think he will speak shortly to describe his views on where things stand with that and his assessment of the probability that information was obviously relevant to us, and ultimately agreeing to adjourn this case and proceed, subject to the efforts by the County to obtain approval for the settlement.

        The amount of the settlement is set forth in the e-mail to Mr. Fresco on Saturday. There is no dispute about that. The parties have also agreed that they will exchange general releases in connection with the settlement, and that there is no admission of liability on either side on any issue. The agreement is silent on that.

        THE COURT: And the amount you've agreed to is all in,

1   in other words, inclusive of fees.

2            MR. MACDONALD: That is correct, your Honor. That's
3   the total amount.

4            THE COURT: And costs.

5            MR. MACDONALD: Correct.

6            There would not be any further requests for fees or
7   costs or any other associated amounts in connection with the
8   case.

9            And on that basis, we're prepared to join in the
10  request the County has put forth to adjourn the case, subject
11  to the legislative approval process. Mr. Fedorchak has
12  indicated, as set forth in the e-mail from Mr. Burke to
13  Mr. Fresco on Sunday afternoon, his assessment of that. And we
14  noted, in communications with Mr. Burke that are reflected in
15  that e-mail, that subject to Mr. Fedorchak endorsing all of
16  that today -- and I know he's here to do that -- we then join
17  in the request to adjourn the case, and will await the
18  resolution of the legislative process, and remain hopeful and
19  optimistic that that will move swiftly and expeditiously, and
20  we will then not need to be back before this Court to seek a
21  further trial date.

22           THE COURT: All right. Thank you, Mr. Macdonald.

23           Obviously, in terms of case management, I don't want
24  to put off a trial only to have things go bad and have to have
25  everybody, including the Court, gear up for it again. On the

1 other hand, settlement is almost always better for everybody.

2 So Mr. Fedorchak, I am, as my law clerk indicated,
3 interested in your assessment of what's going to happen next.

4 MR. FEDORCHAK: First of all, I subscribe to
5 everything that Mr. McDonald has said before the Court.

6 Secondly, I subscribe to everything that's contained
7 in the e-mail that was -- several e-mails that were sent to
8 chambers, both on Saturday and last night, and report that the
9 parties have, indeed, reached an agreement in principle to
10 settle this case. It requires legislative approval.

11 The County requests a 60-day order in which to
12 finalize that approval. The legislation bill will be
13 introduced through the Legislature of Dutchess County at the
14 February meeting. We ask for the allowance of 60 days, just in
15 case we need to go into the March meeting for any reasons
16 whatsoever.

17 Based upon conversations I have had with County
18 officials over the course of the weekend, I believe there is a
19 high probability of success of the settlement being ratified by
20 the County.

21 THE COURT: High probability.

22 MR. FEDORCHAK: Exactly.

23 THE COURT: I know you can't be any more definitive,
24 because it's the legislators' call. But I am relying on your
25 assessment, which I'm sure is in good faith. All right.

1     MR. MACDONALD: Your Honor, if I may, I had one other
2 thing. And I don't think this is a controversial point that
3 Mr. Fedorchak and Mr. Burke both emphasized this today. In our
4 discussions, we were obviously struggling with the same issue
5 that they both firmly support, strongly support, as the e-mail
6 indicates, the settlement as a reasonable and fair outcome
7 under the circumstances, and will so indicate as they provide
8 support in connection with the legislative assessment of this.
9 And I don't think that's in dispute, and I think that is also a
10 factor that we took into account that this is going to get
11 support from the County Attorney, we believe from the County
12 Executive, based on what Mr. Fedorchak has indicated to us.
13     THE COURT: Well, I take it, to the extent that any of
14 the people who need to approve the settlement are going to ask
15 any of you folks what you think, you're going to be advising
16 that you think it's in the County's best interest.
17     MR. M. BURKE: That's correct, your Honor.
18     MR. FEDORCHAK: That's correct, your Honor.
19     THE COURT: Well, I don't like to do it this way, but
20 as I said, I think a settlement is almost invariably in
21 everybody's interest. And when you're dealing with a
22 municipality, the approval process always delays the moment of
23 making it official.
24     So I will adjourn the trial without date. I will
25 enter a 60-day order. In what sounds like the unlikely event,

1 but the conceivable event, that the Legislature doesn't approve
2 the settlement, you folks will let me know, and we'll set a new
3 trial date.  But let's hope that that doesn't happen.
4     Anything else anybody thinks the record should reflect
5 at this time?
6     MR. M. BURKE:  Not from the defense, your Honor.
7     MR. MACDONALD:  Nothing for the plaintiff, your Honor.
8     THE COURT:  All right.  Let me say to both sides, I
9 was looking forward to the trial and seeing you guys and women
10 slug it out, because this case, to my mind, has been handled
11 quite professionally on both sides.  And as a judge, it's
12 always a pleasure to deal with excellent lawyers.
13     However, as I have now said twice, it's better for
14 everyone to get to an agreement.  So I'm sure I'll see you
15 folks on another case.
16     And thank you for your hard work on this one.
17     ALL COUNSEL:  Thank you, your Honor.
18                         - - -